1   DAVID T. BIDERMAN, Bar No. 101577
    JUDITH B. GITTERMAN, Bar No. 115661
2   M. CHRISTOPHER JHANG, Bar No. 211463
    **PERKINS COIE LLP**
3   180 Townsend Street, 3rd Floor
    San Francisco, California 94107-1909
4   Telephone: (415) 344-7000
    Facsimile: (415) 344-7050
5   Email: DBiderman@perkinscoie.com
    Email: JGitterman@perkinscoie.com
6   Email: CJhang@perkinscoie.com

7   Attorneys for Defendant Google, Inc.

8

9                    **UNITED STATES DISTRICT COURT**

10        **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  CLRB HANSON INDUSTRIES, LLC d/b/a        CASE NO. C 05-03649 JW
    INDUSTRIAL PRINTING, and HOWARD
13  STERN, on behalf of themselves and all others   **DEFENDANT GOOGLE, INC.'S**
    similarly situated,                          **NOTICE OF MOTION AND MOTION**
14                                               **TO DISMISS PLAINTIFFS'**
                                                 **COMPLAINT FOR FAILURE TO**
15                    Plaintiffs,                **STATE A CLAIM**

16        v.                                     Fed. R. Civ. P. 12(b)(6), 9(b)

17  GOOGLE, INC.,                                Date:    December 5, 2005
                                                 Time:    9:00 a.m.
18                    Defendant.                 Place:   Courtroom 8
                                                 Judge:   Honorable James Ware
19

20

21

22

23

24

25

26

27

28
    DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION AND MOTION
    TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
    CLAIM
    **CASE NO. C 05-03649 JW**                    [41063-0023-000000/LA052850.016]

    Dockets.Justia.com

1    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on December 5, 2005, at 9:00 a.m., or as soon thereafter as

3    the matter may be heard, in Courtroom 8 of the United States District Court for the Northern

4    District of California, San Jose Division, defendant Google, Inc. ("Google") will, and hereby does,

5    move the Court to enter an order dismissing plaintiffs CLRB Hanson Industries LLC d/b/a

6    Industrial Printing and Howard Stern's ("Plaintiffs") claims against it pursuant to Federal Rules of

7    Civil Procedure 12(b)(6) and 9(b).

8          This motion is based on Plaintiffs' failure to state a cause of action for each of the claims

9    they allege in their Complaint against Google.  The documents Plaintiffs attach and refer to in

10   their Complaint directly contradict the central allegations in their Complaint and undercut their

11   ability to state a claim.  Moreover, they have failed to allege the requisite elements of each of their

12   claims.  The defects in Plaintiffs' Complaint cannot be cured by amendment.  In addition, the

13   allegations in Plaintiffs' fraud and negligent misrepresentation causes of action fail to meet the

14   requisite particularity standard.  Thus, each of Plaintiffs' claims must be dismissed, without leave

15   to amend.

16         Google's motion to dismiss is based on this Notice of Motion, the Memorandum of Points

17   and Authorities, the Declaration of M. Christopher Jhang, and such other matters and arguments as

18   may be presented to the Court prior to or at the hearing on the motion.

19   Dated: October 12, 2005                    **PERKINS COIE LLP**

20                                              By: _____/s/_____
21                                                         David T. Biderman

22                                              Attorneys for Defendant
                                                GOOGLE, INC.
23

24

25

26

27

28

# TABLE OF CONTENTS

PAGE

I.      INTRODUCTION .................................................................................................. 1

II.     PLAINTIFFS' ALLEGATIONS AND FACTUAL BACKGROUND .................. 2

III.    ARGUMENT........................................................................................................ 7

        A.    Legal Standard For Rule 12(b)(6) Dismissals.......................................... 7

        B.    Plaintiffs Fail To State A Cause Of Action For Breach Of Contract. ........ 8

        C.    Plaintiffs Fail To State A Cause Of Action For Breach Of Implied Covenant Of
              Good Faith And Fair Dealing.................................................................... 9

        D.    Plaintiffs Fail To State Causes Of Action For Fraud And Negligent
              Misrepresentation. ................................................................................... 10

        E.    Plaintiffs' Fraud And Negligent Misrepresentation Claims Must Be Dismissed
              Because They Are Not Pled With The Requisite Specificity. ................... 12

        F.    Plaintiffs Fail To State A Cause Of Action Under Bus. And Prof. Code
              Section 17200............................................................................................ 13

              1.    Plaintiffs Lack Standing To Bring a 17200 Cause of Action. ...... 14

              2.    Plaintiffs Fail to Allege Unfair Business Practices Which Would Support a
                    17200 Cause of Action....................................................................... 15

              3.    Plaintiffs' Allegations of Violations Of Civil Code Section 1770(a) Do
                    Not Provide A Basis For Plaintiffs' Section 17200 Claim. ........... 15

              4.    Plaintiffs Fail to Allege Deceptive Business Practices Which Would
                    Support a Section 17200 Claim. ....................................................... 17

        G.    Plaintiffs Fail To State A Cause Of Action For Unjust Enrichment. ....... 17

        H.    Because All Underlying Claims Must Be Dismissed, Plaintiff's Claims For
              Imposition Of A Constructive Trust And Injunctive And/Or Declaratory Relief
              Must Also Be Dismissed............................................................................ 18

IV.     CONCLUSION.................................................................................................... 19

i

1

## TABLE OF AUTHORITIES

2

3    **Cases**                                                                                        **Page**

4    *B.L.M. v. Sabo & Deitsch*, 55 Cal.App.4[th] 823, 834 (1997) ................................................... 10

5    *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990)................................... 7

6    *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002)........................................................ 17

7    *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) .......................................................7, 8, 9

8    *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1394 (1990)............ 9

9    *Celador Int'l Ltd. v. Waltz Disney Co.*, 347 F.Supp.2d 846, 852 (C.D. Cal. 2004)............9, 10

10   *Cel-Tech Communs., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4[th] 163, 183
11      (1999) ................................................................................................................................. 13

12   *City Solutions, Inc. v. Clear Channels Communications, Inc.*, 365 F.3d 835, 839
       (9th Cir. 2004) .................................................................................................................... 10
13
     *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986)................................................................. 11
14
15   *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201, n.2 (9th Cir. 2001) ............................... 11

16   *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, fn.19
       (9th Cir. 1989) .................................................................................................................... 7
17
     *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4[th] 1410 (1996).......... 17
18
19   *Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D. Cal.
       1999).................................................................................................................................... 12
20   *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)............................................................. 12

21   *Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4[th] 164, 178 (2001)..............................13, 16

22   *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) ................................ 18

23   *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1987) ...................... 12

24   *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141-42 (C.D. Cal.
25      2003) ................................................................................................................................. 11

26   *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir.
       1996) .................................................................................................................................. 17
27

28

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
CLAIM
**CASE NO. C 05-03649 JW**                                    [41063-0023-000000/LA052850.016]

*Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830 (1968) ........................................................ 8

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) ........................................................................................................................................ 14

*South Tahoe Gas Co. v. Hofmann Land Improvement Co., Inc.*, 25 Cal.App.3d 750, 765 (1972) .............................................................................................................................. 13

*Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d 750, 754 (7th Cir. 2002)...................... 7, 9

*U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1058 (N.D. Cal. 1991) .................................................................................................................................... 12

*Wal-Noon Corp. v. Hill*, 45 Cal.App.3d 605 (1975) ............................................................. 17

*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn.1 (9th Cir. 1997).......................... 7

*Whiteside v. Tenet Healthcare Corp.*, 101 Cal.App.4[th] 693, 706 (2002) .............................. 14

*Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).............................. 12

**DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**
**CASE NO. C 05-03649 JW**

[41063-0023-000000/LA052850.016]

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3    Plaintiffs CLRB Hanson Industries LLC d/b/a Industrial Printing and Howard Stern

4    ("Plaintiffs") allege that they and the putative class they represent are or were advertisers in

5    defendant Google, Inc.'s ("Google") AdWords program, an advertising program where Google

6    posts advertisers' sponsored ads on  Internet search result pages and websites accessed through the

7    Google search engine or on Google's advertising partners' sites, based upon search terms entered

8    by the Internet user.[1]  Plaintiffs purport to bring a class action against Google for breach of

9    contract, fraud, unfair business practices, and related causes of action.  While the Complaint is far

10    from a model of clarity, each of its causes of action appears to be based upon Plaintiffs' claim that

11    AdWords advertisers were misled by Google because it allowed advertising charges to go beyond

12    daily budgets that the advertisers set for their ad campaigns.  Plaintiffs claim that Google exceeded

13    the advertisers' specified "daily budgets" because it "misleadingly" calculated an average daily

14    budget based upon a 30 or 31 day basis.

15    The Complaint is a morass of contradictions.  The allegations of misleading statements and

16    conduct by Google are belied by the plain language of the AdWords Terms and Conditions and

17    Frequently Asked Questions ("FAQs") from which Plaintiffs quote, identify as their "agreement"

18    with Google, and attach to their Complaint.  Plaintiffs appear to allege that, despite *full disclosure*

19    by Google that calculations of their average daily budget were made on a monthly basis, Google

20    could not charge them based on their average daily budget for the month, and could only charge

21    them an amount calculated on a daily basis which does not exceed the exact amount of their daily

22    budget on each day.  They also appear to allege that their accounts could not accrue charges in

23    excess of their daily budget on any given day, despite the fact that the Agreement explicitly states

24    the amount of ads delivered and resulting charges in any given day could exceed the daily budget

25

26

27    [1] For purposes of this motion only, Google accepts as true those allegations in the
Complaint which are well-pleaded.

- 1 -

28
DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
CLAIM
CASE NO. C 05-03649 JW                                    [41063-0023-000000/LA052850.016]

1  by 20%, and that advertisers would be credited for any excess of the average daily budget at the

2  end of the monthly billing period.  Plaintiffs simply cannot state a claim for relief because their

3  Complaint and attachments demonstrate that there was full disclosure of the method for

4  calculating advertising charges, and thus, contradict their assertion that they were misled.

5      In addition to failing to allege actionable conduct by Google, the Complaint does not even

6  allege that Plaintiffs suffered any cognizable damages resulting from Google's method of

7  calculating an average daily budget.  Plaintiffs have not alleged that they were *ever charged more*

8  *than* their average daily budget as calculated on a 30 or 31 day basis in any billing period.  Nor

9  have they alleged that they ever paid for advertisements they did not receive.  In short, Plaintiffs

10  have no grounds for asserting any claim based upon monetary damage.

11      Plaintiffs' claims for fraud and negligent misrepresentation must fail for the additional

12  reason that Plaintiffs have failed to plead the specific representations they claim were deceptive,

13  why their alleged reliance on such representations was reasonable, and the extent of any damages

14  purportedly suffered.

15  ## II.   PLAINTIFFS' ALLEGATIONS AND FACTUAL BACKGROUND

16      Plaintiffs allege claims for breach of contract, breach of implied covenant of good faith

17  and fair dealing, negligent misrepresentation, fraud-promise without intent to perform, unfair

18  competition, unjust enrichment, for imposition of a constructive trust, and injunctive and/or

19  declaratory relief.  *See* Complaint, ¶¶57-109.  They purport to sue on behalf of a class of persons

20  "who were or are being charged more than their set daily budgets for advertising clicks calculated

21  daily."  Complaint, ¶18.

22      Under the AdWords program, as described in the Terms and Conditions and FAQs,

23  advertisers' ads (sponsored links) appear on a computer user's Internet search page depending

24  upon the search term typed in by the user.  The advertiser specifies the search terms (the AdWords

25  or key words) which will trigger the display of the advertisers' ads.  An advertiser is only charged

26  when an Internet user clicks on the sponsored link and visits the advertiser's site.

27

- 2 -

28

1     The advertiser specifies the cost (the "Cost Per Click" or "CPC") that it is willing to pay.

2    An advertiser's charges are wholly dependent upon the number of Internet users who click on an

3    advertiser's sponsored links ("click throughs").  Complaint, ¶¶3-4.  Accordingly, advertising

4    charges can vary from day to day depending on the usage patterns of the Internet users.  An

5    advertiser could receive very few click throughs one day, and a large number of click throughs the

6    next.  To make sure that an advertiser's ads obtain the maximum available click throughs in a

7    monthly billing period, Google will deliver advertisements in excess of a specified daily budget,

8    so long as the monthly total does not exceed the daily budget times the number of days in the

9    month.  Google does not conceal this practice of maximizing an advertiser's potential click

10   throughs per month. In fact, this practice is fully disclosed.  Complaint, ¶44 ("In general, we try to

11   keep your daily cost fluctuation to no more than 20% above your daily budget, and we make sure

12   that within the 30/31 day billing period (a month), you are never charged more than the number of

13   days in that billing period times your daily budget.  This ensures that over time, you maximize

14   your advertising budget."); Declaration of M. Christopher Jhang ("Jhang Decl."), ¶2, Exh. A,

15   p.0049 ("Because page views fluctuate from day to day, we may overdeliver ads on a given day to

16   make up for potential shortfalls later in the month.  For instance, if you budget US$100 per day in

17   a 30-day month, you may receive more than US$100 in clicks on a given day, but the maximum

18   you would pay is US$3,000 for that month.  At the end of the month our system automatically

19   recognizes any charges in excess of your total monthly budget.  When this happens, you won't be

20   billed for those excess charges.  Instead, you'll see an overdelivery credit for those charges on

21   your Advertising Costs page. . . Over time, this system ensures that you maximize your

22   advertising opportunities while protecting you from being billed in excess of your daily budget.")[2]

23   .

24

25

26     [2] Plaintiffs failed to page-number Exhibit A of their Complaint.  For the Court's convenience, a page-numbered version of Plaintiffs' Exhibit A is attached as the first exhibit to the

27   Jhang Declaration.  Aside from the page numbers, these two exhibits are identical.

- 3 -

28   DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
CLAIM
**CASE NO. C 05-03649 JW**            [41063-0023-000000/LA052850.016]

1    Plaintiffs base each cause of action on their claim that advertisers who use the AdWords

2    program, "were or are being charged in excess of their set 'daily budgets' for their advertising

3    campaigns." *See* Complaint, ¶1. They claim that Google "promised that it would not exceed

4    Plaintiffs' and the Class members' set daily budgets," (Complaint, ¶70), that Google "was

5    prohibited from exceeding Plaintiffs' and the Class members' set daily budgets," (Complaint, ¶72),

6    and that Google "explicitly represented that [it] would deliver Plaintiffs' and the Class members'

7    ads at or below their daily budgets," (Complaint, ¶72).

8    Plaintiffs also claim that Google violated these promises and representations because it

9    "misleadingly commits advertisers to a monthly budget, that is, the daily budget times 30 or 31,"

10    (Complaint, ¶45), and because it "routinely allows advertisers to run in excess of the daily

11    budget," (Complaint, ¶47). To support their claims, Plaintiffs attach copies of Google's Standard

12    Terms and Condition for the AdWords program and the FAQs Google uses to describe the

13    AdWords program. Complaint, ¶31, Exh. A. Plaintiffs acknowledge that these Terms and

14    Conditions and FAQs constitute the "agreement" they entered with Google. Complaint, ¶31.

15    The documents Plaintiffs attach to their Complaint describe how Google will calculate

16    "daily budgets" and disclose that an advertiser can be charged in a given day for more than the

17    advertiser's daily budget. In fact, a section of the FAQs expressly addresses the very method of

18    showing ads and calculating charges that Plaintiffs claim was concealed from them. In "Why am

19    I being charged for more than my daily budget on some days?" advertisers are told:

20       "Though it may sometimes appear that your daily budget is being exceeded,
         that usually isn't the case. Here's why: Our system works to deliver
21       enough ads to fully satisfy your daily budget over the course of each month.
         (That is, your daily budget times the total number of days in the month.)
22       Because page views fluctuate from day to day, <u>we may over-deliver ads on</u>
         <u>a given day to make up for potential shortfalls later in the month.</u> For
23       instance, if you budget US$100 per day in a 30-day month, you may
         receive more than US$100 in clicks on a given day, but the maximum you
24       would pay is US$3,000 for that month.

25       "At the end of the month our system automatically recognizes any charges
26       in excess of your total monthly budget. When this happens, you won't be

27

                                                    - 4 -

billed for those excess charges.  Instead, you'll see an over-delivery credit for those charges on your Advertising Costs page. . .

"Over time, this system ensures that you maximize your advertising opportunities while protecting you from being billed in excess of your daily budget."

Jhang Decl., ¶2, Exh. A, p.0049 (emphasis added).

Plaintiffs also refer, in their Complaint, to AdWords' definition of the term "daily budget." Complaint, ¶3.  Plaintiffs do not, however, attach the full definition of this term, which specifically provides that Google may exceed advertisers' daily budgets.  The full definition of "daily budget" reads:

"The amount you're willing to spend on a specific AdWords campaign each day.

"AdWords displays your ad as often as possible while staying within your daily budget.  When the budget limit is reached, you ads will typically stop showing for that day.

"On any single day, the AdWords system <u>may deliver up to 20% more ads than your daily budget calls for</u>.  This helps make up for other days in which your daily budget is not reached.  However, you'll never be charged more than your average daily budget over the course of a month.  For example: if your daily budget is $10 and the month has 30 days, you might be charged up to $12 on any single day but your monthly charges will never exceed $300."

Jhang Decl., Exh. B (emphasis added).[4]

Plaintiffs further allege that Google improperly exceeded the budgets of advertisers who "pause[d] their ads."  Complaint, ¶48.  Using an example, they allege that when an advertiser

---

[4] The definition of "Daily Budget" may be obtained from Google's AdWords home webpage by clicking on the link entitled "Program Details and FAQ," then clicking on the link entitled "Glossary," and then clicking on the link entitled "Daily Budget."  Jhang Decl., ¶3.

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
CLAIM
CASE NO. C 05-03649 JW

[41063-0023-000000/LA052850.016]

1  pauses an ad campaign within a month, the advertiser is charged based on a 30 or 31 day period,

2  even though the ad campaign did not run for the full 30 or 31 days.  Complaint, ¶49.  Thus, they

3  contend that advertisers are "misleadingly commit[ted] [] to a monthly budget," resulting in

4  charges in excess of their daily budgets.  Complaint, ¶¶45, 49.

5          Again, Plaintiffs' own documents disclose that advertisers' daily budgets are based on a 30

6  or 31 day calculation and that advertisers may be charged up to 30 or 31 times their daily budgets

7  in a billing period.  In their Complaint, Plaintiffs acknowledge Google's disclosure to advertisers

8  that:

9          "In general, we try to keep your daily cost fluctuation to no more than 20%
           above your daily budget, and we make sure that within the 30/31 day billing
10         period (a month), you are never charged more than <u>the number of days in that</u>
           <u>billing period times your daily budget</u>.  This ensures that over time, you
11         maximize your advertising budget."

12 Complaint, ¶44 (emphasis added).

13         The examples provided in the FAQs and "daily budget" definition demonstrate that

14 advertisers' budgets are based on a 30 or 31 day calculation.  Jhang Decl., ¶2, Exh. A, p.0049

15 ("For instance, if you budget US$100 per day in a 30-day month, you may receive more than

16 US$100 in clicks on a given day, but the maximum you would pay is US$3,000 for that month.");

17 Exh. B ("For example: if your daily budget is $10 and the month has 30 days, you might be

18 charged up to $12 on any single day but your monthly charges will never exceed $300.").

19         Additionally, the FAQs Plaintiffs attach to their Complaint disclose that "[Google's]

20 system works to deliver enough ads to fully satisfy your daily budget over the course of each

21 month.  (That is, your <u>daily budget times the total number of days in the month</u>.)"  Jhang Decl.,

22 ¶2, Exh. A, p.0049 (emphasis added).  Likewise, the definition of "daily budget" provides that

23 advertisers will "never be charged more than [their] average daily budget <u>over the course of a</u>

24 <u>month</u>."  Jhang Decl., Exh. B (emphasis added).

25         Nowhere in these documents is an exception made for advertisers who have paused their

26 ad campaign.  Indeed, the FAQs, the "daily budget" definition, and the allegation in Plaintiffs'

27                                                - 6 -

1    Complaint, all state that monthly bills are based on the number of days in the month, not the

2    number of advertised days in a month.  *See id.*; *see also* Complaint, ¶44.

3        In summary, Plaintiffs' key allegations are each contradicted by the documents they attach

4    or refer to in their Complaint, or the allegations they assert in their Complaint.  These documents

5    fully disclose each of the AdWords terms Plaintiffs allege are misleading.  For this reason, their

6    claims are each without merit and should be dismissed by this Court.

7                                    **III.    ARGUMENT**

8    **A.      Legal Standard For Rule 12(b)(6) Dismissals.**

9        Dismissal under Rule 12(b)(6) is appropriate where the complaint shows either a "lack of a

10   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

11   theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).  "If the pleadings

12   establish facts compelling a decision one way, that is as good as if depositions and other

13   expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v.*

14   *County of Los Angeles*, 119 F.3d 778, 783, fn.1 (9th Cir. 1997).

15       Material submitted with the complaint may be considered a part of the complaint in a Rule

16   12(b)(6) motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d

17   1542, 1555, fn.19 (9th Cir. 1989).  In addition, documents referred to in the complaint, but which

18   the plaintiff failed to attach, may properly be attached to the defendant's Rule 12(b)(6) motion to

19   demonstrate that the document does not support the plaintiff's claim.  *See Branch v. Tunnell*, 14

20   F.3d 449, 454 (9th Cir. 1994).  The Court's consideration of such documents does not convert the

21   Rule 12(b)(6) motion into a motion for summary judgment.  *Id.*

22       "[W]hen a written instrument contradicts allegations in a complaint to which it is attached,

23   the exhibit trumps the allegations." *Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d 750, 754

24   (7th Cir. 2002) (emphasis in original).  In other words, the court may disregard allegations in the

25   complaint if contradicted by facts established by reference to documents attached as exhibits to

26   the complaint.  *See id.*

27                                          - 7 -

28   DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION
     TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
     CLAIM
     CASE NO. C 05-03649 JW                                        [41063-0023-000000/LA052850.016]

**B.      Plaintiffs Fail To State A Cause Of Action For Breach Of Contract.**

The essential elements of a cause of action for breach of contract are: an enforceable contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach of the contract, and resulting damages to the plaintiff. *Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830 (1968).

Plaintiffs acknowledge that the contract consists of the Terms and Conditions and the FAQs, and they admit that the FAQs "further explain" the AdWords agreement. Complaint, ¶31. Plaintiffs also refer to, without attaching to their Complaint, a portion of AdWords' definition of the term "daily budget." *See* Complaint, ¶3. The full definition of "daily budget" is included in the glossary section of the FAQs (see section II *supra* and Exh. B to Jhang Decl.), and thus may be considered by the Court. *See Branch v. Tunnell*, 14 F.3d at 454.

In their breach of contract cause of action, Plaintiffs allege that "Google was prohibited from exceeding Plaintiffs' and the Class members' set daily budgets," that Google "explicitly represented that [it] would deliver Plaintiffs' and the Class members' ads at or below their daily budgets," and that Google "breached the Agreement by charging Plaintiffs and the class advertising fees in excess of their daily budgets." Complaint, ¶¶72, 74. But the other terms of the agreement specifically state that "daily budgets" can be exceeded on a daily basis, that the daily budget is calculated on a 30 and 31 day period, and that the Google system may "overdeliver" ads in excess of a daily budget, so long as the daily budget is not exceeded over the course of the month. Jhang Decl., ¶2, Exh. A, p.0049 ("[W]e may overdeliver ads on a given day to make up for potential shortfalls later in the month. For instance, if you budget US$100 per day in a 30-day month, you may receive more than US$100 in clicks on a given day, but the maximum you would pay is US$3,000 for that month."); *see also* Jhang Decl., Exh. B. and Complaint, ¶44.

Plaintiffs also claim that Google "misleadingly commits advertisers to a monthly budget, that is, the daily budget times 30 or 31." Complaint, ¶45. However, their own Complaint specifically acknowledges Google's disclosure to advertisers that the maximum monthly charge is

- 8 -

1    30 or 31 times the daily budget. *See* Complaint, ¶44 ("we make sure that within the 30/31 day

2    billing period (a month), you are never charged more than the number of days in that billing

3    period times your daily budget"); *see also* examples stated in Jhang Decl., Exh. A, p.0049 and

4    Exh. B. These documents affirmatively provide that monthly bills are based on the number of

5    days in the month, not the number of advertised days in a month. *Id.* Moreover, Plaintiffs cannot

6    and do not identify any exception to the "daily budget" definition for "pauses" in ad campaigns.

7        Plaintiffs' claim that Google represented it would never deliver ads in excess of the daily

8    budget for a particular day stands in direct contrast to the documents which Plaintiffs

9    acknowledge constitute their agreement, and in contrast to provisions which are recited in their

10   own Complaint. In such cases, the "exhibits trump the allegations" and this Court may disregard

11   Plaintiffs' conflicting claims. *See Thompson v. Illinois Dept. of Prof. Reg.*, 300 F.3d at 754.

12       For the very same reasons, the cause of action on behalf of Plaintiffs' purported class also

13   fails. Plaintiffs define their class as "all persons who were or are being charged more than their

14   set daily budget for advertising clicks calculated daily." Complaint, ¶18. However, the AdWords

15   agreement Plaintiffs attach to their Complaint shows that Google was authorized to exceed

16   Plaintiffs' daily budgets, as long as advertisers were not charged "more than [their] average daily

17   budget over the course of a month." *See* Jhang Decl., ¶2, Exh. A., p.0049, Exh. B.; *see also*,

18   Complaint, ¶44. Thus, unable to establish that Google breached the written agreement, Plaintiffs

19   and their alleged class cannot state a claim for breach of contract and the Court should dismiss this

20   cause of action.

21   **C.    Plaintiffs Fail To State A Cause Of Action For Breach Of Implied Covenant
            Of Good Faith And Fair Dealing.**

22

23       A breach of the implied covenant of good faith and fair dealing involves unfair dealing in

24   the form of a conscious and deliberate act that unfairly frustrates the agreed common purpose of

25   the contract and disappoints the reasonable expectations of the other party to the contract.

26   *Celador Int'l Ltd. v. Waltz Disney Co.*, 347 F.Supp.2d 846, 852 (C.D. Cal. 2004), citing *Careau &*

27   *Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1394 (1990). If a claim for breach of

                                                     - 9 -

28

1   the implied covenant of good faith and fair dealing does not go beyond the statement of a breach

2   of the express contractual terms and seeks the same relief sought in a breach of contract claim, it

3   is simply superfluous to the contract claim. *Id.*

4        Plaintiffs allege, on behalf of themselves and their purported class, that Google was

5   obligated to "refrain from exceeding Plaintiffs' daily budgets" under its implied duty of good faith

6   and fair dealing. Complaint, ¶98. They claim Google breached this covenant by exceeding their

7   daily budgets. *Id.* The claim does nothing more than reiterate the same basic allegations asserted

8   in their breach of contract claim, and appears to seek the same relief.[5] Thus, this claim is

9   superfluous to their breach of contract claim and fails for the same reason Plaintiffs' breach of

10   contract claim fails. *Celador Int'l Ltd. v. Waltz Disney Co.*, 347 F.Supp.2d at 852.

11        Moreover, given that the agreement expressly provides that Google may exceed Plaintiffs'

12   "daily budgets," as long as the monthly average does not exceed the daily budget amount,

13   Plaintiffs cannot establish any "conscious and deliberate act that unfairly frustrates the agreed

14   common purpose of the contract," nor can they show that their "reasonable" expectations were

15   disappointed. *Id.* Rather, these facts demonstrate that Plaintiffs' expectations were unreasonable.

16   Accordingly, their implied covenant claim must be dismissed.

17   **D.     Plaintiffs Fail To State Causes Of Action For Fraud And Negligent
          Misrepresentation.**

18

19        A claim for fraud–promise without an intent to perform, consists of a promise made with a

20   lack of intent to perform the promised event at the time the promise is made. *See* Civ. Code

21   §1710(4). The elements that give rise to a tort action for fraud and deceit in California are (1)

22   misrepresentation, (2) knowledge of falsity or scienter, (3) intent to defraud, (4) justifiable

23   reliance, and (5) resulting damage. *City Solutions, Inc. v. Clear Channels Communications, Inc.*,

24   365 F.3d 835, 839 (9th Cir. 2004).

25   ————————————————

26       [5] Plaintiffs' claim for relief under each cause of action is uncertain because they fail to
27   allege prayers specific to each cause of action in their Complaint.

- 10 -

1   The elements of a cause of action for negligent misrepresentation are the same as those of

2   a claim for fraud, with the exception that the defendant need not actually know the representation

3   is false. *See, B.L.M. v. Sabo & Deitsch*, 55 Cal.App.4th 823, 834 (1997) ("'Negligent

4   misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a

5   past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with

6   intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and

7   justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5)

8   damages,'" citing *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986)); *see also Glenn K. Jackson*

9   *Inc. v. Roe*, 273 F.3d 1192, 1201, n.2 (9th Cir. 2001).

10   Here, Plaintiffs allege, on behalf of themselves and their purported class, that Google both

11   fraudulently and negligently misrepresented its purported promise to not exceed the "daily

12   budget" under the AdWords program. Complaint, ¶¶78, 101-02. Plaintiffs also contend that they

13   reasonably relied on these alleged representations. Complaint, ¶¶79, 104.

14   Plaintiffs' claims fail as a matter of law because the documents attached and referenced in

15   Plaintiffs' Complaint contradict their contentions. These documents indicate that no false

16   representation was made and that Google expressly disclosed that it was entitled to exceed

17   Plaintiffs' daily budgets, as long as advertisers were not charged "more than [their] average daily

18   budget over the course of a month." Jhang Decl., ¶2, Exh. A, p.0049, Exh. B; *see also* Complaint,

19   ¶44. The documents also establish that Plaintiffs may be charged up to 30 or 31 times their daily

20   budgets within a billing period, regardless of any pauses they may have made to their campaigns.

21   *Id.* In fact, these documents list examples of budget calculations, disclose how the calculations

22   are made, and the reasons why Google's billing system is structured this way. *Id.*

23   The foregoing disclosures firmly establish that Google did not make any false

24   representations or concealments, and that any alleged reliance by Plaintiffs was unjustified.

25   Accordingly, Plaintiffs' allegations that Google made "false represent[ations] to Plaintiffs" and

26

27   - 11 -

28

1 | "overcharged for advertising" are wholly unfounded and Plaintiffs' causes of action for fraud and

2 | negligent misrepresentation must be dismissed.

3 | **E.    Plaintiffs' Fraud And Negligent Misrepresentation Claims Must Be Dismissed**
4 | **Because They Are Not Pled With The Requisite Specificity.**

5 | Plaintiffs' claims for fraud and negligent misrepresentation, on behalf of themselves and

6 | their purported class, must also be dismissed because they violate Federal Rule of Civil Procedure

7 | 9(b). "It is well-established in the Ninth Circuit that both claims for fraud and negligent

8 | misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of*

9 | *California, N.A.*, 290 F.Supp.2d 1101, 1141-42 (C.D. Cal. 2003) (citing *Glen Holly*

10 | *Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999) ("Claims for

11 | fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule

12 | 9(b)"); *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1058 (N.D. Cal. 1991)

13 | ("Defendant further asserts that the negligent misrepresentation claim fails to satisfy Rule 9(b)'s

14 | particularity requirements. This point is well-taken. Since the claim is based upon the same

15 | flawed allegations of misrepresentation as the fraud count, it, too, fails for lack of specificity")).

16 | Rule 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting

17 | fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To properly plead fraud,

18 | the pleading "must state precisely the time, place, and nature of the misleading statements,

19 | misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.

20 | 1994); *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("the who, what,

21 | when, and where must be laid before access to the discovery process is granted"). Conclusory

22 | allegations are insufficient to meet this heightened pleading requirement and need not be accepted

23 | as true absent supporting allegations establishing why it was "fraudulent." *Moore v. Kayport*

24 | *Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1987).

25 |

26 |

27 | -12-

1    Here, Plaintiffs fail to provide even the most basic information about the conditions

2 surrounding their agreement with Google, and the alleged misrepresentations that arose in the

3 course of this agreement.  They provide no information about *when* each individual Plaintiff

4 entered into the agreement with Google, what *the amount* was of each plaintiff's daily budget,

5 *when* the daily budgets were purportedly exceeded, *the amounts* by which the daily budgets were

6 purportedly exceeded, *what* precisely constituted their purported misrepresentations, *why* they

7 relied on the purported misrepresentations, and whether any *Google employees* were involved in

8 the alleged misrepresentations.

9    Plaintiffs also fail to specify whether or not they received any credit from Google for their

10 alleged excessive charges.  Fraud without damage furnishes no ground for action.  *South Tahoe*

11 *Gas Co. v. Hofmann Land Improvement Co., Inc.*, 25 Cal.App.3d 750, 765 (1972).  If any credits

12 were received, Plaintiffs must state exactly *when* the credits were received, *the amount* they claim

13 they were owed, and *the amount* of the credit actually received.  As the Complaint currently

14 stands, Plaintiffs have failed to provide sufficient allegations on these issues.

15    Without these allegations, Plaintiffs have failed to state grounds for relief.  Thus, because

16 the allegations in Plaintiffs' fraud and negligent misrepresentation causes of action fail to meet the

17 requisite particularity standard, these claims must be dismissed.

18 **F.    Plaintiffs Fail To State A Cause Of Action Under Bus. And Prof. Code**
   **Section 17200.**
19

20    Under California law, a business practice violates Business and Professions Code section

21 17200 when it is "unlawful, unfair or fraudulent."  Bus. & Prof. Code §17200.  However, "[a]cts

22 that the Legislature has determined to be lawful may not form the basis for an action under the

23 unfair competition law."  *Cel-Tech Communs., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th

24 163, 183 (1999).  Moreover, where the underlying causes of action for an unfair competition claim

25 fail to state claims for relief, the unfair competition claim is properly dismissed.  *Krantz v. BT*

26 *Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001).

27

28

- 13 -

1    In this case, Plaintiffs base their unfair competition cause of action, on behalf of

2  themselves and their purported class, on three claims: (1) the alleged "knowing sale of a service

3  when contract terms were knowingly dishonored, and without informing purchasers of such fact,"

4  (2) alleged violations of Civil Code section 1770(a), and (3) alleged fraudulent concealment of

5  true facts regarding Google's advertising services.  Complaint, ¶63.  Each of these three claims,

6  however, fails to state a claim for relief.  Moreover, on the face of the Complaint, Plaintiffs lack

7  standing to bring a section 17200 claim.  Thus, Plaintiffs' unfair competition claim must properly

8  be dismissed.

9    **1.    Plaintiffs Lack Standing To Bring a 17200 Cause of Action.**

10    Proposition 64, approved by the California voters in November 2004, amended unfair

11  competition laws to require a transactional nexus between the plaintiff and the defendant's

12  business practice.  Specifically, the law was amended to provide that "[a]ctions for relief pursuant

13  to [the unfair competition] chapter shall be prosecuted . . . by any person who has suffered injury

14  in fact and has lost money or property as a result of such unfair competition."  Cal. Prop. 64, §3;

15  Bus. & Prof. Code §17204.

16    Plaintiffs fail to properly allege that they suffered any injury in fact or that they lost money

17  or property as a result of the purported unfair competition.  The only injury they allege under their

18  unfair competition claim is their conclusory allegation that they have "suffered injury in fact and

19  have lost money or property as a result of such unfair competition."  Complaint, ¶66.  They fail to

20  provide any allegations about how they were injured or the amount of their injury.  Conclusory

21  allegations are insufficient to support an unfair competition claim.  *See Silicon Knights, Inc. v.*

22  *Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997).

23    Moreover, plaintiff CLRB Hanson has alleged that its advertising campaigns are run on

24  behalf of a "client," (Complaint, ¶50), and thus, has failed to allege that it is the "person who has

25  suffered injury in fact" and has lost money or property.  Accordingly, Plaintiffs' unfair

26  competition claim fails.

27
- 14 -

2.    **Plaintiffs Fail to Allege Unfair Business Practices Which Would Support a 17200 Cause of Action.**

Plaintiffs' claim for dishonoring contract terms essentially restates their breach of contract claim. This claim must fail for the exact same reasons that Plaintiffs' breach of contract cause of action fails to state a claim. Because Google's method of calculating average daily budget was fully disclosed and were part of the alleged agreement, no contract terms were "dishonored" and there was nothing "unfair" about Google's actions. As a result, Plaintiffs' claim of unfair practices is without merit, and cannot form the basis for an unfair competition cause of action. *See, e.g., Whiteside v. Tenet Healthcare Corp.*, 101 Cal.App.4th 693, 706 (2002) (upon failure of breach of contract claim, the plaintiff's contention that unfair competition claim survives because contract "misleads" consumers is also denied; thus, unfair competition claim is not stated).

3.    **Plaintiffs' Allegations of Violations Of Civil Code Section 1770(a) Do Not Provide A Basis For Plaintiffs' Section 17200 Claim.**

Plaintiffs rely on various subsections of Civil Code section 1770(a) to support their unfair competition cause of action.[7] Plaintiffs' section 1770 claim fails to provide a basis for their unfair competition claim for two reasons:

_____

[7] The specific subsections Plaintiffs rely on are Civil Code sections 1770(a)(5), (7), (9), (14), and (16). These sections provide:

"(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

"(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

"(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

"(9) Advertising goods or services with intent not to sell them as advertised.

"(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

- 15 -

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
CLAIM
**CASE NO. C 05-03649 JW**

[41063-0023-000000/LA052850.016]

1    First, each of Plaintiffs' asserted section 1770 violations is based on alleged

2   misrepresentations of services (*i.e.*, representing that services have characteristics, uses, or

3   benefits which they do not have, representing that services are of a particular quality if they are of

4   another, etc.).  Plaintiffs basically allege that Google failed to uphold its representation that it

5   would not exceed Plaintiffs' daily budget.  However, as set forth in detail above, the documents

6   attached and referred to in Plaintiffs' Complaint clearly disclose that Google was entitled to

7   exceed Plaintiffs' daily budgets, as long as advertisers were not charged "more than [their]

8   average daily budget over the course of a month."  Jhang Decl., ¶2, Exh. A, p.0049, Exh. B; *see*

9   *also* Complaint, ¶44.  Thus, Plaintiffs' misrepresentation claims are without merit.

10    Second, section 1770 is a part of the Consumer Legal Remedies Act, which applies only to

11   "consumers."  *See* Civ. Code §1760.  The Act defines "consumer" as "an individual who seeks or

12   acquires, by purchase or lease, any goods or services for personal, family, or household purposes."

13   Civ. Code §1761(d).  Plaintiff CLRB Hanson Industries, LLC is not an "individual," and thus, this

14   plaintiff is precluded from asserting claims under the Consumer Legal Remedies Act.  Moreover,

15   Plaintiffs do not allege that they are consumers, nor do they seek or acquire Google's services for

16   "personal, family, or household purposes."  Rather, they use Google for a business purpose, since

17   they seek to advertise their businesses and in the case of CLRB Hanson, the businesses of

18   "clients," through Google's AdWords program.  In such cases, the Consumer Legal Remedies Act

19   does not apply.  Civ. Code §1755; *see also California Grocers Assoc., Inc. v. Bank of America*, 22

20   Cal.App.4[th] 205, 217 (1994) (finding a grocery trade group is not a "consumer of 'services for

21   personal, family, or household purposes'").

26    "(16) Representing that the subject of a transaction has been supplied in accordance with a
     previous representation when it has not."  Civ. Code §1770(a).

- 16 -

1

**4.    Plaintiffs Fail to Allege Deceptive Business Practices Which Would Support a Section 17200 Claim.**

2

Plaintiffs' claim for misrepresentations and concealed facts essentially restates their fraud

3

and negligent misrepresentation claims.  This claim must also fail for the same reasons that

4

Plaintiffs' fraud and negligent misrepresentation causes of action fail to state a claim.  Plaintiffs'

5

allegations cannot establish that any "false representation" was made by Google, nor can they

6

show that any facts were "concealed."

7

In summary, all three underlying claims asserted by Plaintiffs' in support of their unfair

8

competition cause of action are without merit, and Plaintiffs' unfair competition claim cannot

9

stand.  *See Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4[th] at 178; *see also Van Ness v. Blue*

10

*Cross*, 87 Cal.App.4[th] 364, 376-77 (2001) (contract claim fails because contract is not ambiguous

11

and disputed term is fully disclosed, and subsequently, claims of breach of covenant of good faith

12

and fair dealing, fraud, unfair business practices, and violation of Consumer Legal Remedies Act

13

also fail).  Moreover, Plaintiffs lack standing to bring a section 17200 claim.  The section 17200

14

claim should be dismissed.

15

**G.    Plaintiffs Fail To State A Cause Of Action For Unjust Enrichment.**

16

The Ninth Circuit has held that "[u]nder both California and New York law, unjust

17

enrichment is an action in quasi-contract, which does not lie when an enforceable, binding

18

agreement exists defining the rights of the parties." *Paracor Finance, Inc. v. General Elec.*

19

*Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  "'There cannot be a valid, express contract and

20

an implied contract, each embracing the same subject matter, existing at the same time.'" *Berkla*

21

*v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002) (quoting *Wal-Noon Corp. v. Hill*, 45 Cal.App.3d

22

605 (1975)); *see also Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4[th] 1410

23

(1996).

24

Here, Plaintiffs allege that the parties entered into a legally binding contract that governs

25

the parties' respective rights.  *See* Complaint, ¶31.  Indeed, Plaintiffs admit on the face of their

26

Complaint that "Plaintiff Industrial Printing entered into a contract with Google to advertise," and

27

- 17 -

28

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A
CLAIM
CASE NO. C 05-03649 JW

[41063-0023-000000/LA052850.016]

1    that "Plaintiff Stern entered into a contract with Google to advertise."  Complaint, ¶¶53, 55.

2    Nowhere do Plaintiffs plead in the alternative that a contract does not govern the parties'

3    respective rights.  Thus, Plaintiffs admit to a binding agreement between the parties, and their

4    unjust enrichment claim "does not lie."  *See Paracor Finance, Inc. v. General Elec. Capital Corp.*,

5    96 F.3d at 1167.

6        Moreover, Plaintiffs cannot plead, even in the alternative, that there is no legally binding

7    contract that governs the parties' respective rights.  Rule 11 requires Plaintiffs to have a good faith

8    basis for allegations made in their pleadings.  Fed. Rules Civ. P. 11(b).  Here, Plaintiffs repeatedly

9    allege in their Complaint the terms of their "AdWords Agreement" with Google; thus, indicating

10   that an agreement between the parties exists.  *See* Complaint, ¶¶40, 41, 42, 43, 45.  Plaintiffs

11   should be well aware that each and every advertiser through Google's programs executes an

12   advertising agreement with Google.  Any amendment to the contrary would lack a "good faith

13   basis," and thus, would be futile.  Accordingly, this Court should dismiss Plaintiffs' unjust

14   enrichment claim without leave to amend.  *See McQuillion v. Schwarzenegger*, 369 F.3d 1091,

15   1099 (9th Cir. 2004) (holding a district court may deny leave to amend where an amendment

16   would be futile).

17   **H.    Because All Underlying Claims Must Be Dismissed, Plaintiff's Claims For
18          Imposition Of A Constructive Trust And Injunctive And/Or Declaratory
              Relief Must Also Be Dismissed.**

19       Plaintiffs' remaining claims for imposition of a constructive trust and injunctive and/or

20   declaratory relief, alleged on behalf of themselves and their purported class, are all predicated on

21   their allegations that Google breached their agreement, misrepresented the costs of its advertising

22   service, or violated unfair competition laws.  As discussed *supra*, these underlying claims are

23   without merit.  Without the underlying claims, the subject claims are unsupported and must also

24   be dismissed.

25

26

27

28

- 18 -

1

## IV.  CONCLUSION

2       For the foregoing reasons, Plaintiffs fail to state a cause of action for each of the claims

3   they allege in their Complaint.  Google respectfully requests that this Court dismiss Plaintiff's

4   Complaint in its entirety, without leave to amend, pursuant to Federal Rule of Civil Procedure

5   12(b)(6).  In addition, Google respectfully requests that this Court dismiss Plaintiffs' claims for

6   fraud and negligent misrepresentation, pursuant to Federal Rule of Civil Procedure 9(b).

7

Dated: October 12, 2005                    **PERKINS COIE LLP**

8

9                                          By: _____/s/_____
                                                    David T. Biderman

10                                         Attorneys for Defendant
                                           GOOGLE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                         - 19 -