1　KEKER & VAN NEST, LLP
　　DARALYN J. DURIE - #169825
2　DAVID J. SILBERT - #173128
　　710 Sansome Street
3　San Francisco, CA 94111-1704
　　Telephone: (415) 391-5400
4　Facsimile: (415) 397-7188
　　ddurie@kvn.com
5　dsilbert@kvn.com

6　Attorneys for Defendant
　　COMCAST CABLE COMMUNICATIONS LLC
7

8　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

9　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

10

| | |
|---|---|
| 11　ACACIA MEDIA TECHNOLOGIES CORPORATION, | Case No. C-05-01114 JW |
| 12　　　　　　　　　　　　　　Plaintiff, | MOTION TO CLARIFY JUNE 21, 2005 ORDER FOLLOWING CASE MANAGEMENT CONFERENCE (CIVIL L.R. 7-11) |
| 13　　　v. | |
| 14　NEW DESTINY INTERNET GROUP, et al. | Judge:　　Honorable James Ware |
| 15　　　　　　　　　　　　　　Defendants. | |
| 16 | |
| 17　AND ALL RELATED AND/OR CONSOLIDATED CASE ACTIONS | |

18

19

20

21

22

23

24

25

26

27

28

354179.01　　　　　　　　　　　　　　　MOTION TO CLARIFY JUNE 21, 2005 ORDER
　　　　　　　　　　　　　　　　　　　　　　CASE NO. C-05-01114 JW

Dockets.Justia.com

Defendants[1] bring this motion to clarify one statement in the Court's Order Following Case Management Conference. That Order invites the parties to bring a "Motion for Reconsideration of the Court's Markman Order issued on July 12, 2004[.]"[2] In the next sentence, however, the Order directs the parties to identify in the Motion not just terms to be reconsidered from the July 12, 2004 Markman Order, but also "any *additional* terms in the 992 and 702 patents that should be defined."[3]

This is inconsistent with what defendants' counsel recall the Court's saying during the June 14 Case Management Conference, and with what counsel understood in agreeing to the September 8 and 9 hearing date. Counsel recall the Court's saying that the Motion for Reconsideration specifically should *not* address any additional terms in the 992 and 702 patents. Instead, those terms would be addressed in separate proceedings, once the Motion for Reconsideration was resolved. After that, terms in the three other patents-in-suit would be addressed.[4]

The Minute Order that the Court issued immediately after the Case Management Conference seemed to confirm defendants' understanding. It identified the September 8 and 9 hearing dates as being for "the Motion for Reconsideration of the July 2004 Claim Construction Order," with no indication that the parties should also address new claim-construction issues.[5] The June 21 Order Following Case Management Conference has created some ambiguity, however. On the one hand, it continues to refer to the upcoming proceedings as a "Motion for

---

[1] The following defendants have notified Comcast's counsel that they join in this motion: The DirecTV Group, Inc.; Echostar Satellite LLC; Echostar Technologies Corporation; Echostar Communications Corporation; Coxcom, Inc.; Mediacom Communications, Corp.; Charter Communications, Inc.; Armstrong Group; Wide Open West Ohio LLC; East Cleveland Cable TV and Communications, LLC; Massillon Cable TV, Inc.; Mid-Continent Media, Inc.; US Cable Holdings LP; Sjoberg's Cablevision, Inc.; Loretel Cablevision; Arvig Commuinications Systems; Cannon Valley Communications, Inc.; NPG Cable, Inc.; AP Net Marketing, Inc.; and ICS, Inc. *See* Declaration of David J. Silbert ("Silbert Decl.") ¶ 5.

[2] Silbert Decl. Ex. 1 (Order Following Case Management Conference dated June 21, 2005) at 2:5-7.

[3] *Id.* at 2:7-8 (emphasis added).

[4] Silbert Decl. ¶ 2.

[5] Silbert Decl. Ex. 2 (Minute Order).

Reconsideration of the Court's Markman Order issued on July 12, 2004[.]"  But it also directs the parties to address new claim-construction issues as well.

     As noted, when defendants agreed to the September 8 and 9 hearing dates, counsel understood that the issues would be limited to reconsideration of the July 12, 2004 Markman Order.  We respectfully ask the Court to clarify now that this is all that the parties should address.  Defendants believe that addressing these issues alone will require a considerable effort under the current schedule.

     For these reasons, defendants respectfully request that the Court enter the accompanying [Proposed] Order Clarifying Order Following Case Management Conference.  Defendants' counsel have asked Acacia to stipulate to this clarification, but Acacia has declined to do so.[6]

Dated:  June 24, 2005                KEKER & VAN NEST, LLP

By: _____/s/_____
    DAVID J. SILBERT
    Attorneys for Defendant
    COMCAST CABLE COMMUNICATIONS, LLC

---

[6] Silbert Decl. ¶ 6.