1  KEKER & VAN NEST, LLP
   DARALYN J. DURIE - #169825
2  DAVID J. SILBERT - #173128
   710 Sansome Street
3  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
4  Facsimile:  (415) 397-7188
   ddurie@kvn.com
5  dsilbert@kvn.com

6  Attorneys for Defendant
   COMCAST CABLE COMMUNICATIONS LLC
7

8                      UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

10

11 | ACACIA MEDIA TECHNOLOGIES       | Case No. C-05-01114 JW
   | CORPORATION,                    |
12 |                                 | DECLARATION OF DAVID J. SILBERT
   |                      Plaintiff, |
13 |                                 | Judge:    Honorable James Ware
   |        v.                       |
14 |                                 |
   | NEW DESTINY INTERNET GROUP, et al. |
15 |                                 |
   |                    Defendants.  |
16 |                                 |
17 | AND ALL RELATED AND/OR          |
   | CONSOLIDATED CASE ACTIONS       |
18

354204.01                    SILBERT DECLARATION
                          CASE NO. C-05-01114 JW

1    I, David J. Silbert, declare that the following is true:

2    1.    I am an attorney licensed to practice in the State of California and before this
3 Court. I am a partner in the law firm of Keker & Van Nest, LLP, counsel for defendant Comcast
4 Cable Communications, LLC in these coordinated actions. I make this declaration of my own
5 personal knowledge, and if called to do so, I would testify to these facts under oath.

6    2.    I attended the June 14, 2005 Case Management Conference. I understood the
7 Court to state during that Conference that it preferred to address claim construction in three
8 phases. First, the parties would address reconsideration of terms that the Court construed in the
9 July 12, 2004 Markman Order. Second, the parties would address any additional terms to be
10 construed in the '992 and '702 patents. And finally, the parties would address terms in the
11 remaining three patents-in-suit. I recall specifically that the Court stated that the upcoming
12 Motion for Reconsideration should be limited to reconsideration of the July 12, 2004 Order, and
13 should *not* address terms that have not already been construed. I have spoken to counsel for
14 other defendants who attended the hearing, who told me that they had the same understanding.

15    3.    Attached as Exhibit 1 to this Declaration is a true and correct copy of the Court's
16 Order Following Case Management Conference dated June 21, 2005.

17    4.    Attached as Exhibit 2 to this Declaration is a true and correct copy of the Court's
18 Minute Order filed on June 15, 2005.

19    5.    Counsel for the following defendants have notified me that they join in the motion
20 to clarify that the upcoming Motion for Reconsideration will address only reconsideration of the
21 July 12, 2004 Markman Order: The DirecTV Group, Inc.; Echostar Satellite LLC; Echostar
22 Technologies Corporation; Echostar Communications Corporation; Coxcom, Inc.; Mediacom
23 Communications, Corp.; Charter Communications, Inc.; Armstrong Group; Wide Open West
24 Ohio LLC; East Cleveland Cable TV and Communications, LLC; Massillon Cable TV, Inc.;
25 Mid-Continent Media, Inc.; US Cable Holdings LP; Sjoberg's Cablevision, Inc.; Loretel
26 Cablevision; Arvig Commuinications Systems; Cannon Valley Communications, Inc.; NPG
27 Cable, Inc.; AP Net Marketing, Inc.; and ICS, Inc.

28

6. I have asked counsel for Acacia to stipulate to a clarification that the upcoming Motion for Reconsideration will address only reconsideration of the July 12, 2004 Markman Order.  Attached as Exhibit 3 to this Declaration is a true and correct copy of an email message dated June 23, 2005 from me to Alan Block, Esq., with copies to Rod Dorman, Esq. and Kevin Shenkman, Esq., confirming this request.  On June 24, 2005, Mr. Shenkman notified me by telephone that Acacia would not agree to stipulate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 24, 2005 in San Francisco, California.

/s/
DAVID J. SILBERT