| | |
|---|---|
| 1 | DAVID T. BIDERMAN, Bar No. 101577<br>JUDITH B. GITTERMAN, Bar No. 115661 |
| 2 | M. CHRISTOPHER JHANG, Bar No. 211463<br>**PERKINS COIE LLP** |
| 3 | 180 Townsend Street, 3rd Floor<br>San Francisco, California 94107-1909 |
| 4 | Telephone: (415) 344-7000<br>Facsimile: (415) 344-7050 |
| 5 | Email: DBiderman@perkinscoie.com<br>Email: JGitterman@perkinscoie.com |
| 6 | Email: CJhang@perkinscoie.com |
| 7 | Attorneys for Defendant Google, Inc. |

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>  v.<br><br>GOOGLE, INC.,<br><br>           Defendant. | CASE NO. C O5-03649 JW<br><br>**DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' UNJUST ENRICHMENT CLAIM**<br><br>Fed. R. Civ. P. 12(b)(6)<br><br>Date:      March 6, 2006<br>Time:     9:00 a.m.<br>Place:     Courtroom 8<br>Judge:    Honorable James Ware |

DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' UNJUST
ENRICHMENT CLAIM
CASE NO. 05-03649

[41063-0023/BY053610.078]

Dockets.Justia.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2006, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, defendant Google, Inc. ("Google") will, and hereby does, move the Court to dismiss plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern's ("Plaintiffs") claim for unjust enrichment pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiffs have failed to state a claim upon which relief can be granted.

This motion is supported by the following memorandum of points and authorities and such other matters and arguments as may be presented to the Court prior to or at the hearing on the motion.

Dated: January 3, 2006          **PERKINS COIE LLP**

By:  /S/
David T. Biderman
Attorneys for Defendant GOOGLE, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This Court should dismiss plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern's ("Plaintiffs") unjust enrichment claim.  In this action, Plaintiffs allege that Google, Inc. ("Google") violated its agreement with advertisers by charging advertisers in excess of the "daily budgets" they set for their ad campaigns and by "misleadingly" committing advertisers to an average daily budget based upon a 30 or 31 day basis, with no exception for days that the ad campaign was paused.  Based on these allegations, Plaintiffs assert in their First Amended Complaint ("FAC") causes of action for unjust enrichment, breach of contract, breach of implied covenant of good faith and fair dealing, violation of California Bus. & Prof. Code §§17200 et seq., and violation of California Bus. & Prof. Code §§17500 et seq.

Taking the facts pled by Plaintiffs as true, however, the law bars Plaintiffs' unjust enrichment claim.  An unjust enrichment claim implies contractual rights where no contract exists.  But where, as here, plaintiffs have pled that an actual contract exists and governs a particular dispute, the court need not and cannot imply a contract under Ninth Circuit law. Plaintiffs allege in their FAC that the parties entered into a legally binding contract that governs the parties' respective rights.  Plaintiffs also allege that all other Google advertisers, who would be members of the putative class, enter the same agreement with Google.  Plaintiffs have failed to plead and cannot plead in the alternative, that there is no legally binding contract that governs the parties' respective rights because Rule 11 requires a good faith basis for the allegations asserted in Plaintiffs' pleadings.  Here, Plaintiffs' repeated allegations of an agreement in both their Complaint and FAC belie any allegation to the contrary.  Thus, any amendment would be futile, and this Court should dismiss Plaintiffs' unjust enrichment claim without leave to amend.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case is premised on the allegation that Google overcharged advertisers for advertising services by charging them in excess of their "daily budgets" and by "misleadingly"

committing advertisers to an average daily budget based upon a 30 or 31 day basis, with no exception for days that the ad campaign is paused. *See* Plaintiffs' FAC, ¶¶ 1, 45. Plaintiffs assert these claims despite Google's disclosure to advertisers that its advertising system may exceed advertisers' daily budgets "on a given day to make up for potential shortfalls later in the month," due to its goal of fully satisfying advertisers' "daily budget[s] over the course of each month. (That is, [advertisers'] daily budget[s] times the total number of days in the month.)" *See* FAC, Exhibit A1, p. 49.

Plaintiffs' initial Complaint, filed on August 3, 2005, alleged causes of action for unjust enrichment, breach of contract, breach of implied covenant of good faith and fair dealing, violation of California Bus. & Prof. Code §§17200 et seq., negligent misrepresentation, imposition of a constructive trust, fraud-promise without intent to perform, and injunctive and/or declaratory relief. On October 12, 2005, Google filed a motion to dismiss Plaintiffs' Complaint for failure to state a cause of action. In response to the motion, on November 14, 2005, Plaintiffs filed their FAC, which alleged causes of action for unjust enrichment, breach of contract, breach of implied covenant of good faith and fair dealing, violation of California Bus. & Prof. Code §§17200 et seq., and violation of California Bus. & Prof. Code §§17500 et seq. Throughout both the Complaint and FAC, Plaintiffs repeatedly alleged that they entered into a legally binding contract with Google that governed the parties' respective rights in Google's advertising program. *See* Complaint, ¶¶31, 53, 55; FAC, ¶¶19, 56, 62.

### III.   ARGUMENT

Plaintiffs have failed to state a claim for unjust enrichment. Pursuant to Rule 12(b)(6), dismissal is appropriate where the complaint shows either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In making that determination, the court should accept as true "all material allegations of the complaint," along with "all reasonable inferences to be drawn from them." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

California law precludes a plaintiff from asserting an implied contract cause of action where an express contract defines the rights of the parties. As the Ninth Circuit explained, "[u]nder both California and New York law, unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). "'There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time.'" *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002) (*quoting Wal-Noon Corp. v. Hill*, 45 Cal.App.3d 605 (1975)); *see also Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410 (1996).

Here, Plaintiffs allege that the parties entered into a legally binding contract that governs the parties' respective rights. *See* FAC, ¶19. Indeed, Plaintiffs admit on the face of their FAC that "plaintiff Industrial Printing entered into a contract with Google to advertise," and that "Plaintiff Stern entered into a contract with Google to advertise." FAC, ¶¶56, 62. Nowhere do Plaintiffs plead in the alternative that a contract does not govern the parties' respective rights. Thus, Plaintiffs admit to a binding agreement between the parties, and their unjust enrichment claim "does not lie." *See Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d at 1167.

Moreover, Plaintiffs cannot plead, even in the alternative, that there is no legally binding contract that governs the parties' respective rights. Rule 11 requires Plaintiffs to have a good faith basis for allegations made in their pleadings, including allegations pled in the alternative. Fed. Rules Civ. P. 8(e)(2), 11(b). Here, Plaintiffs repeatedly allege in their FAC the terms of their "AdWords Agreement" with Google; thus, demonstrating that an agreement between the parties exists. *See* FAC, ¶¶ 32, 34-36, 38. Plaintiffs further allege that all other Google advertisers enter into an agreement with Google. *See* FAC ¶¶ 19, 32. Plaintiffs' failure to allege that a contract does not exist, in both the Complaint and FAC, indicates that such an allegation cannot be pled in good faith. Any amendment to the contrary would lack a "good faith basis," and thus, would be futile. Courts may deny leave to amend where an amendment would be

1  futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). Accordingly,
2  this Court should dismiss Plaintiffs' unjust enrichment claim without leave to amend.

### IV. CONCLUSION

For the above stated reasons, Google respectfully requests that the Court dismiss Plaintiffs' unjust enrichment cause of action.

Dated: January 3, 2006                    **PERKINS COIE LLP**

By: _____/S/_____
David T. Biderman
Attorneys for Defendant GOOGLE, INC.

# PROOF OF SERVICE

I, Susan E. Daniels, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action. My business address is Perkins Coie LLP, 180 Townsend Street, 3rd Floor, San Francisco, California 94107-1909. I am personally familiar with the business practice of Perkins Coie LLP. On January 3, 2006, I served the following document(s):

**DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' UNJUST ENRICHMENT CLAIM**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

| | |
|---|---|
| William M. Audet, Esq.<br>Ryan M. Hagan, Esq.<br>Jason Baker, Esq.<br>ALEXANDER, HAWES & AUDET, LLP<br>152 North Third Street, Suite 600<br>San Jose, CA 95112<br>Tel: (408) 289-1776; Fax: (408) 287-1776 | Attorney for Plaintiffs and<br>the Proposed Class |
| Lester L. Levy, Esq.<br>Michele F. Raphael, Esq.<br>Renee L. Karalian, Esq.<br>WOLF POPPER LLP<br>845 Third Avenue<br>New York, NY 10022<br>Tel: (212) 759-4600; Fax: (212) 486-2093 | Attorney for Plaintiffs and<br>the Proposed Class |

<u>XXX</u>   (By Mail)  I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Perkins Coie LLP.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed at San Francisco, California.

DATED: January 3, 2006.                    /S/
                                           Susan E. Daniels

---