| | |
|---|---|
| 1 | DAVID T. BIDERMAN, Bar No. 101577 |
| 2 | JUDITH B. GITTERMAN, Bar No. 115661 |
|   | M. CHRISTOPHER JHANG, Bar No. 211463 |
| 3 | **PERKINS COIE LLP** |
|   | 180 Townsend Street, 3rd Floor |
| 4 | San Francisco, California 94107-1909 |
|   | Telephone: (415) 344-7000 |
| 5 | Facsimile: (415) 344-7050 |
|   | Email: DBiderman@perkinscoie.com |
| 6 | Email: JGitterman@perkinscoie.com |
|   | Email: CJhang@perkinscoie.com |
| 7 | Attorneys for Defendant Google, Inc. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant. | CASE NO. C O5-03649 JW <br><br> **DEFENDANT GOOGLE, INC.'S REPLY TO PLAINTIFFS' OPPOSITION** <br><br> Fed. R. Civ. P. 12(b)(6) <br><br> Date:   April 3, 2006 <br> Time:   9:00 a.m. <br> Place:  Courtroom 8 <br> Judge:  Honorable James Ware |

Defendant's Reply to Plaintiffs' Opposition

[41063-0023/LA060760.058]

Dockets.Justia.com

## I. INTRODUCTION

In their Opposition, plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern ("plaintiffs") do not dispute that a plaintiff must allege the nonexistence of a valid contract in order to state a cause of action for unjust enrichment. Plaintiffs admit that nowhere in the First Amended Complaint ("FAC") do they allege that they did not have a valid agreement with Google. They acknowledge that the FAC repeatedly alleges the parties entered into an express agreement and that this agreement was breached by Google.

Plaintiffs contend that they are entitled to maintain their unjust enrichment claim, despite their failure to allege that the parties' agreement is not valid. Plaintiffs are incorrect. California law provides not only that an unjust enrichment claim must include an allegation that an asserted agreement between the parties is invalid, it further provides that the cause of action cannot incorporate allegations that an express, valid agreement exists between the parties. Plaintiffs' FAC violates both of these pleading requirements. Moreover, plaintiffs' reliance on the existence of a valid agreement compounded with their repeated failure to allege that the agreement is invalid, despite receiving notice of this defect in Google's initial motion to dismiss, demonstrates that plaintiffs are unable to include such an allegation in their complaint in good faith. Accordingly, this Court should grant this motion and dismiss plaintiffs' unjust enrichment claim, without leave to amend.

Nor do plaintiffs' gratuitous efforts to argue the merits of their claim add anything to their Opposition. Google is not in any way admitting the validity of plaintiffs' allegations for purposes of this motion, and the facts will show that plaintiffs were appropriately billed for all advertising they placed on Google.

## II. FACTUAL AND PROCEDURAL BACKGROUND

**A. Factual Background**

Plaintiffs allege claims for breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition, untrue and misleading advertising, and unjust enrichment. *See* FAC, ¶¶76-121. They purport to sue on behalf of a class of persons "that advertise pursuant

- 2 -
Defendant's Reply to Plaintiffs' Opposition                                [41063-0023/LA060760.058]

to Google's AdWords program ("AdWords") and have been charged more than their 'daily budget' for their advertising campaign." FAC, ¶1.

Plaintiffs' assert in their Opposition that "without denying or otherwise disputing said practice [of allegedly overcharging advertisers], Google has moved to dismiss only the unjust enrichment claim . . . ." However, Google is not required in its Rule 12(b)(6) motion to deny or dispute plaintiffs' allegations, because a motion to dismiss is properly made as to the pleading, not the merits of a plaintiff's claims. Additionally, Google does not respond in this reply to the long recitation of purported facts in the Opposition—these are not relevant to the infirmity of the unjust enrichment claim. Google notes, however, that the terms and conditions and Frequently Asked Questions ("FAQs") attached to the FAC supercede all contrary allegations in the body of the complaint. *Thompson v. Illinois Dept. of Prof. Reg.,* 300 F.3d 750, 754 (7th Cir. 2002) ("[W]hen a written instrument contradicts allegations in a compliant to which it is attached, the exhibit trumps the allegations.")

**B.     Procedural Background**

On August 3, 2005, plaintiffs filed their initial Complaint against Google, alleging unjust enrichment and contract, unfair competition, and misrepresentation claims. On October 12, 2005, Google filed a motion to dismiss plaintiffs' Complaint for failure to state a cause of action. Google's motion specifically asserted that the unjust enrichment claim should be dismissed because plaintiffs had failed to allege that their purported agreement with Google was not valid.

In response to the motion, on November 14, 2005, plaintiffs filed their FAC. The allegations of the FAC are substantially revised, four claims from the original complaint have been omitted and one claim has been added. Yet plaintiffs re-alleged their claim for unjust enrichment unchanged and without any allegation that plaintiffs' purported agreement with Google was not valid. In fact, throughout the FAC, plaintiffs have alleged that they entered into an express, legally binding contract with Google that governed the parties' respective rights in Google's advertising program. *See* FAC, ¶¶19, 56, 62. Plaintiffs attach the referenced agreement in Exhibit A and cite from it extensively in paragraphs 30-39 and 45-56 of the FAC.

Moreover, plaintiffs incorporate these allegations into their unjust enrichment cause of action. FAC, ¶116.

### III.   ARGUMENT

**A.   Legal Standard For Rule 12(b)(6) Dismissals.**

Under Rule 12(b)(6), dismissal is appropriate where the complaint shows either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In making that determination, the court should accept as true "all material allegations of the complaint," along with "all reasonable inferences to be drawn from them." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

**B.   Plaintiffs' Failure To Allege The Invalidity Of The Parties' Contract Is Fatal To Their Unjust Enrichment Claim.**

An unjust enrichment claim is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties. *See Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002). Plaintiffs do not dispute that they have failed to plead that a contract does not govern the parties' respective rights in this action. Indeed, plaintiffs have repeatedly alleged throughout the FAC that the parties entered into a legally binding contract that governs the parties' respective rights. *See* FAC, ¶¶19, 56, 62. Plaintiffs also attach and incorporate as Exhibit A to the FAC the documents they allege constitute the Agreement:

> The form agreement, found on-line, consists of a two-page document entitled Google Inc. AdWords Program Terms ("Terms") and 142 pages of "Frequently Asked Questions" ("FAQs") which further explains the program and can be accessed from Google's AdWords site (collectively the "agreement.") The Terms incorporate the FAQs into the Agreement. A copy of the Agreement . . . is annexed hereto as Exhibit A.

FAC, ¶ 19. In paragraphs 30 through 38 and 45 through 55 of the FAC, plaintiffs cite FAQs from Exhibit A which they contend constitute terms of the Agreement.

Nowhere in the FAC do plaintiffs allege *that the parties' contract is invalid*. California law provides that in complaints asserting unjust enrichment, where the plaintiff has alleged the

- 4 -

existence and validity of an agreement between the parties, the plaintiff "must allege that the express contract is void or was rescinded in order to proceed with its quasi-contract claim." *Lance Camper Manufacturing Corp. v. Republic Indemnity Co. of America*, 44 Cal.App.4th 194 (1996) (finding inconsistency in the complaint between plaintiff's claim of unjust enrichment and plaintiff's allegation of validity of enforceable contract); *see also Lloyd v. Williams*, 227 Cal.App.2d 646, 649 (1964) ("Until an express contract is avoided, an implied contract, essential to an action on a common count cannot arise, and it necessarily follows that until an express contract is avoided an action on an implied contract cannot be maintained.")

Plaintiffs assert that the cases cited by Google are distinguishable because they were not decided at the pleading stage. (Opposition, p. 7). Plaintiffs are incorrect. *See Lance Camper Manufacturing*, *supra*, 44 Cal.App.4th at 203, in which the court of appeal on review of a motion for judgment on the pleadings held that the unjust enrichment claim was "internally inconsistent" where the plaintiff alleged the existence and validity of an enforceable written contract in its first two causes of action and realleged the existence of the written contract in its claim of a quasi-contract. The rule that an unjust enrichment claim does not lie when an enforceable, binding agreement exists between the parties does not turn on the procedural posture of the case.

Plaintiffs have cited no authority for the position that a plaintiff may state a claim for unjust enrichment without alleging that no valid express contract exists. Plaintiffs' cases are inapposite. In *Rader Co. v. Stone*, 178 Cal.App.3d 10, 29 (1986), the court held that a plaintiff may plead alternative theories where the exact nature of the facts is in doubt or where the exact legal nature of plaintiff's right and defendant's liability depend on facts not well known to the plaintiff. Here, plaintiffs do not allege the facts are in doubt nor that they are uncertain about the exact legal nature of plaintiffs' rights and defendant's liability. Rather, they repeatedly allege that the parties entered into an express contractual agreement.

In neither *Cognitum, Inc.v. Obayashi Corp.*, 2005 WL 3095934 (N.D. Cal. November 15, 2005) nor in *All World Professional Travel Services, Inc.*, 282 F.Supp.2d 1161 (C.D. Cal. 2003), did the court address the question of whether an unjust enrichment claim could stand where there is no allegation that either no contract exists or that the contract between the parties is invalid.

Plaintiffs fail to understand both the concept of unjust enrichment (or quantum meruit) and the holding of *Hedging Concepts, Inc. v. First Alliance Mortgage Co.,* 41 Cal.App.4th 1410, 1419-1420 (1996). In *Hedging Concepts*, the trial court had made factual findings that there was an existing contract and that the contract had *not* been breached. On appeal, these findings were affirmed, and the award of quantum meruit was reversed. The appellate court held:

> Quantum meruit is an equitable theory which supplies, by implication and in furtherance of equity, implicitly missing contractual terms. Contractual terms regarding a subject are not implicitly missing when the parties have agreed on express terms regarding that subject. A quantum meruit analysis cannot supply "missing" terms that are not missing. "The reason for the rule is simply that where the parties have freely, fairly and voluntarily bargained for certain benefits in exchange for undertaking certain obligations, it would be inequitable to imply a different liability...." (citations omitted) . . . *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 688, 700, footnote 42 [254 Cal.Rptr. 211, 765 P.2d 373] (there cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results). . . .
>
> The trial court violated the rule that equitable entitlement to a quantum meruit payment is not implied where the parties have actual contract terms covering payment. . . . .*When parties have an actual contract covering a subject, a court cannot-not even under the guise of equity jurisprudence-substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract.*   (Emphasis added).

Contrary to plaintiffs' assertion in their Opposition, they do not have the right to maintain their defectively pled claim for unjust enrichment and then decide whether they want to dismiss it "if and when" the court rules there has been a breach of contract. (Opp. at 8). The significance of *Hedgings* is that the trial court had found there was a contract but *no breach*. It was error for that court to use an equitable theory to allow plaintiff recovery of money he contended was owed under contract.

The terms of the agreement alleged in the FAC govern the very subject of the unjust enrichment claim, namely, whether Google overcharged the plaintiffs and purported class members in the AdWords program. Nowhere in the FAC do plaintiffs allege the agreement is void. Accordingly, if this court ultimately finds that Google has not breached the agreement and

plaintiffs are therefore not due compensation on the contract, plaintiffs will not then be entitled to ask the court for "restitution" on an unjust enrichment theory.  *See* FAC, ¶ 120.

### C. Plaintiffs' Unjust Enrichment Claim Incorporates By Reference Allegations Of A Valid Contract Between the Parties.

Plaintiffs' unjust enrichment claim should also be dismissed because the claim affirmatively incorporates by reference allegations of a valid contract between the parties.  *See Mike Nelson Co., Inc. v. Hathaway*, 2005 WL 2179310, *3, fn.4 (E.D. Cal. 2005) (citing *SMC Corp. v. Peoplesoft USA, Inc.*, 2004 WL 2538641, *3 (S.D. Ind. 2004) and *Canadian Pac. Ry. Co. v. Williams-Hayward Protective Coatings, Inc.*, 2003 WL 1907943, *5 (N.D. Ill. 2003)).  Plaintiffs affirmatively allege that they entered into an express, legally binding contract with Google that governed the parties' respective rights in Google's advertising program.  *See* FAC, ¶¶19, 56, 62.  In paragraph 116 of the FAC, plaintiffs "incorporate by reference all preceding paragraphs as if fully set forth herein."  Plaintiffs even incorporate their claim for breach of contract, contained in paragraphs 76 through 85, wherein they allege that "[p]laintiffs and Google entered into the Agreement that included Google's Standard Terms and Conditions for participation in Google's AdWords program."  FAC, ¶77.  The incorporation of these provisions renders plaintiffs' unjust enrichment claim internally inconsistent, and it violates the requirement that an express contract must be avoided in an unjust enrichment claim.

### D. Plaintiffs Cannot Amend Their Defect In Good Faith; Thus, Their Unjust Enrichment Claim Should Be Dismissed Without Leave To Amend.

Plaintiffs had two opportunities to plead the non-existence of a valid agreement between the parties.  Even after Google alerted plaintiffs to the deficiency in their pleading (in the first motion to dismiss) plaintiffs chose not to amend.  Without the allegation that there is no valid express contract, the unjust enrichment claim is defective.  No amendment adding that allegation is possible, however, if the plaintiffs have no good faith basis to deny the existence of an agreement.  Rule 11 requires plaintiffs to have a good faith basis for allegations made in their pleadings, including allegations pled in the alternative.  Fed. Rules Civ. P. 8(e)(2), 11(b); *Cognitum, Inc.v. Obayashi Corp.*, 2005 WL 3095934 (N.D. Cal. November 15, 2005) at *5 ( a

party may set forth inconsistent theories and inconsistent factual allegations *subject to the requirements of Rule 11.*)

Plaintiffs cannot offer a good faith basis for denying that express contracts govern their rights, since the liability they claim against Google appears to be entirely predicated on the existence of a valid contract between the parties, which they contend was breached or misleading. Accordingly, amendment would be futile. *See, McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

## IV.   CONCLUSION

For all of the reasons stated in its motion to dismiss and this reply, Google respectfully requests that pursuant to Cal. Code of Civ. Proc. § 12(b)(6), the Court dismiss plaintiffs' unjust enrichment cause of action without leave to amend.

DATED: March 20, 2006    **PERKINS COIE LLP**

By _____/S/_____
David T. Biderman
Attorneys for Defendant,
Google, Inc.

Defendant's Reply to Plaintiffs' Opposition                           [41063-0023/LA060760.058]

**PROOF OF SERVICE**

I, Susan E. Daniels, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action. My business address is Perkins Coie LLP, 180 Townsend Street, 3rd Floor, San Francisco, California 94107-1909. I am personally familiar with the business practice of Perkins Coie LLP. On March 20, 2006, I served the following document(s):

**DEFENDANT GOOGLE, INC.'S REPLY TO PLAINTIFFS' OPPOSITION**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

| | |
|---|---|
| William M. Audet, Esq.<br>Ryan M. Hagan, Esq.<br>Jason Baker, Esq.<br>ALEXANDER, HAWES & AUDET, LLP<br>152 North Third Street, Suite 600<br>San Jose, CA 95112<br>Tel: (408) 289-1776; Fax: (408) 287-1776 | Attorney for Plaintiffs and<br>the Proposed Class |
| Lester L. Levy, Esq.<br>Michele F. Raphael, Esq.<br>Renee L. Karalian, Esq.<br>WOLF POPPER LLP<br>845 Third Avenue<br>New York, NY 10022<br>Tel: (212) 759-4600; Fax: (212) 486-2093 | Attorney for Plaintiffs and<br>the Proposed Class |

<u>XXX</u>   (By Mail) I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Perkins Coie LLP.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed at San Francisco, California.

DATED: March 20, 2006.                              /S/
                                                                    Susan E. Daniels

Defendant's Reply to Plaintiffs' Opposition                    [41063-0023/LA060760.058]