United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC, et al.,<br><br>             Plaintiffs,<br>  v.<br>GOOGLE, INC.,<br><br>             Defendant. | NO. C 05-03649 JW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' UNJUST ENRICHMENT CLAIM WITH LEAVE TO AMEND** |

## I. INTRODUCTION

CLRB Hanson Industries, LLC, d/b/a Industrial Printing and Howard Stern ("Plaintiffs") brought this class action against Google, Inc. ("Defendant"). Plaintiffs are advertisers who have entered into an agreement with Defendant to advertise pursuant to Defendant's AdWords program. They allege that Defendant has charged them in excess of the "daily budget" they set for their advertising campaigns, and have thereby asserted claims on behalf of themselves and all others similarly situated for breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., untrue and misleading advertising in violation of Cal. Bus. & Prof. Code §§ 17500 et seq., and unjust enrichment. The action was originally filed in the Superior Court of Santa Clara County. Defendant removed the action to the Northern District of California pursuant to 28 U.S.C. § 1441(d). Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim. A hearing on

Defendant's Motion was set for April 3, 2006.  However, the Court finds it appropriate to take the matter under submission, without oral argument, pursuant to Civ. L.R. 7-1(b).  For the reasons set forth below, Defendant's Motion is GRANTED with leave to amend.

## II.  BACKGROUND

Defendant owns and operates an Internet search engine.  AdWords is an advertising program offered by Defendant which allows advertisers to target their advertising campaigns and to limit the appearance of their advertisements.  Specifically, advertisers may select keywords which trigger the advertisement to appear; select the geographic locations they want the advertisement to appear; set maximum "cost-per-clicks" they want to spend each time an Internet user clicks on an advertisement; and set a "daily budget" which limits the amount of money that Defendant may charge advertisers per day.  (First Am. Compl., "FAC," Docket Item No. 18, ¶¶ 11, 14, 18, 34.)

To advertise on AdWords, advertisers enter into an online form agreement with Defendant (the "Agreement") which consists of a two-page document entitled "Google Inc. AdWords Program Terms" ("Terms") and 142 pages of "Frequently Asked Questions" ("FAQs").  The Agreement states that the daily budget feature allows an advertiser to control his or her daily budget by specifying how much he or she is willing to pay.  The Agreement also states that an advertiser will "never pay more than [his or her] daily budget multiplied by the number of days in a month [his or her] campaign was active."  Similarly, the Agreement gives an advertiser the right to "pause" an advertisement campaign, and states that the advertiser "won't accrue charges while [his or her] ads are paused."  (FAC ¶¶ 19, 36-38.)

Plaintiffs are advertisers who entered into the Agreement with Defendant and specified daily budgets.  They allege that despite the set daily budgets, Defendant has routinely charged them in excess of the set amount and has not credited them for all such overages.  For example, Plaintiff Stern has consistently set his daily budget at $10.  Nonetheless, Defendant charged him $16.78, $19.34, $11.59, and $16.15, respectively, for four days in April.  When Plaintiff Stern complained to Defendant, Defendant responded by saying that it only provides credit for charges above 30 or 31 times an advertiser's daily budget in a monthly billing cycle.  (FAC ¶¶ 56-57, 62-68.)

Plaintiffs thereby allege that Defendant "wrongfully and misleadingly commits advertisers to a monthly budget, in an amount up to their daily budget times 30 or 31, with no exception made for days their ad is paused," and that Defendant "will not provide credits for charging advertisers more than their daily budget on any given day as long as those overages do not cumulatively exceed the calculated 'monthly' budget (daily budget times 30 [or] 31) in any given month." (FAC ¶¶ 45, 54.) Based on these allegations, Plaintiffs brought this class action against Defendant on behalf of themselves and all others similarly situated (the "Class"), asserting claims for claims for breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., untrue and misleading advertising in violation of Cal. Bus. & Prof. Code §§ 17500 et seq., and unjust enrichment. (See FAC ¶¶ 45, 54)

### III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts stated under a cognizable theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citing Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985) cert. denied, 474 U.S. 1056 (1986)). However, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981)).

3

## IV.  DISCUSSION

Defendant contends that California law bars Plaintiffs' claim for unjust enrichment because an express contract defines the rights of the parties.  (Defendant's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim, "Mot.," Docket Item No. 30, 3:1-2.)  Under California law, unjust enrichment is an action in quasi-contract, Paracor Fin. v. Gen. Elec., 96 F.3d 1151, 1167 (9th Cir. 1996), "synonymous with restitution."  McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004).  A claim for unjust enrichment is generally precluded "when an enforceable, binding agreement exists defining the rights of the parties."  Paracor Fin., 96 F.3d at 1167.  The reason for the rule is that "there cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time."  Wal-Noon Corp v. Hill, 45 Cal. App. 3d 605, 119 (1975); accord Hedging Concepts, Inc. v. First Alliance Mortgage Co., 41 Cal. App. 4th 1410, 1419 (1996).  However, "[r]estitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." McBride, 123 Cal. App. 4th at 121 (citing 3 Witkin, Cal. Procedure, Actions §§ 148-50 (4th ed. 1996); 1 Witkin, Summary of Cal. Law, Contracts §§ 112, 118 (9th ed. 1987)).

In this case, Plaintiffs allege the existence and validity of a written contract between Plaintiffs and Defendant.  (See FAC ¶¶ 19, 56, 62.)  Plaintiffs then reallege and incorporate by reference the existence and validity of the written contract in its claim for unjust enrichment.  (Id. ¶ 109.)  Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs are entitled to plead the alternative claims of breach of contract and unjust enrichment, despite the inconsistency between those claims.  See Fed. R. Civ. P. 8(e)(2) (stating that "[a] party may state as many separate claims or defenses as the party has regardless of consistency"); Berkla v. Corel Corp, 302 F.3d 909, 918 n.9 (9th Cir. 2002) (noting that while plaintiff was not permitted to recover under both breach of contract and breach of confidence, which is a claim grounded on a quasi-contractual theory, "a party will not necessarily plead itself out of court, if in the face of a breach of an express [agreement], it elects also to assert a breach of confidence claim arising out of a common nucleus of fact"). However, Plaintiffs' unjust enrichment claim cannot include allegations that an express contract

4

governs the parties' rights, unless it also alleges that the express contract was procured by fraud or is otherwise unenforceable or ineffective. See Lance Camper Mfg., 44 Cal. App. 4th 194, 203 (holding that where allegations for breach of contract were incorporated by reference under allegations for unjust enrichment, the plaintiff must have alleged that the express contract was void or rescinded to proceed with its unjust enrichment claim); see also SMC Corp v. PeopleSoft U.S.A. Inc., 2004 WL 2538641, at *3 (S.D. Ind. Oct. 12, 2004) (holding that dismissal of a claim for unjust enrichment was appropriate where allegations for breach of contract were incorporated by reference under allegations for unjust enrichment and where the allegations for unjust enrichment did not allege that the contract was void or otherwise enforceable). Plaintiffs' unjust enrichment claim does not allege that the express contract between Plaintiffs and Defendant was procured by fraud or is unenforceable or ineffective for some other reason. Accordingly, Plaintiff's unjust enrichment claim is dismissed without prejudice.

Plaintiff's allegations are otherwise sufficient to state a claim for unjust enrichment. The elements for a claim of unjust enrichment under California law are: receipt of a benefit and unjust retention of the benefit at the expense of another. Accuimage Diagnostics Corp v. Terarecon, Inc., 260 F. Supp. 2d 947, 958 (N. D. Cal. 2003) (citing Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000)). The term "benefit" has been interpreted to "denote any form of advantage." Id. Here, Plaintiffs allege that Defendant "has been unjust enriched through unlawful overcharging and collecting advertising fees in excess of advertiser's daily budget times the number of days their ads runs." (FAC ¶ 117.) Plaintiffs further allege that Defendant "has unjustly benefitted through its unlawful overcharging and continues to benefit, at the expense of, and to the detriment of, Plaintiffs and each member of the Class," and that Defendant "has voluntarily accepted and retained these profits and benefits which it derived from Plaintiffs and Class Members with the full knowledge and awareness that they result from its own wrongful, routine and systematic overcharging for advertising." (Id. ¶¶ 118, 119.)

5

## V.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim, with leave to amend.  Should Plaintiffs wish to assert a claim for unjust enrichment, Plaintiffs shall file and an amended complaint consistent with this Order on or before May 17, 2006.  The parties shall appear for a case management conference on June 26, 2006 at 10:00 a.m.

Dated:  April 12, 2006                                               /s/ James Ware
05cv3649mtd                                                             JAMES WARE
                                                                                United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David T. Biderman Dbiderman@perkinscoie.com
Judith B. Gitterman Jgitterman@perkinscoie.com
M. Christopher Jhang Cjhang@perkinscoie.com
Lester L. Levy llevy@wolfpopper.com
Michele F. Raphael mraphael@wolfpopper.com
William M. Audet waudet@alexanderlaw.com
Ryan M. Hagan rhagen@alexanderlaw.com

**Dated: April 12, 2006**              **Richard W. Wieking, Clerk**

                                       **By:** /s/ JW Chambers
                                           Melissa Peralta
                                           Courtroom Deputy

**United States District Court**
For the Northern District of California