1    DAVID T. BIDERMAN, Bar No. 101577
     JUDITH B. GITTERMAN, Bar No. 115661
2    M. CHRISTOPHER JHANG, Bar No. 211463
     **PERKINS COIE LLP**
3    180 Townsend Street, 3rd Floor
     San Francisco, CA 94107-1909
4    Telephone:  (415) 344-7000
     Facsimile:  (415) 344-7050
5    Email: DBiderman@perkinscoie.com
     Email: JGitterman@perkinscoie.com
6    Email: CJhang@perkinscoie.com

7    Attorneys for Defendant Google, Inc.

8                    **UNITED STATES DISTRICT COURT**

9

10        **NORTHERN DISTRICT** OF CALIFORNIA, SAN JOSE DIVISION

11
     CLRB HANSON INDUSTRIES, LLC d/b/a          CASE NO.  C O5-03649 JW
12   INDUSTRIAL PRINTING, and HOWARD
     STERN, on behalf of themselves and all others   **DEFENDANT GOOGLE, INC.'S**
13   similarly situated,                       **NOTICE OF MOTION AND MOTION
                                                TO DISMISS PLAINTIFFS' UNJUST
14                    Plaintiffs,               ENRICHMENT CLAIM IN THE
                                                SECOND AMENDED COMPLAINT**
15        v.
                                                Fed. R. Civ. P. 12(b)(6)
16   GOOGLE, INC.,
                                                Date:      June 26, 2006
17                    Defendant.                Time:      9:00 a.m.
                                                Place:     Courtroom 8
18                                              Judge:     Honorable James Ware

19

20

21

22

23

24

25

26

27

28   DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
     AND MOTION TO DISMISS PLAINTIFFS' UNJUST
     ENRICHMENT CLAIM IN THE SECOND AMENDED
     COMPLAINT
     CASE NO. 05-03649

[41063-0023/BY061350.200]

Dockets.Justia.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2006, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, defendant Google, Inc. ("Google") will, and hereby does, move the Court to dismiss plaintiffs CLRB Hanson Industries LLC d/b/a Industrial Printing and Howard Stern's ("plaintiffs") claim for unjust enrichment pursuant to Federal Rules of Civil Procedure 12(b)(6).  Plaintiffs have failed to adequately plead an essential element of the unjust enrichment claim.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the Court's record, and such other matters and arguments as may be presented to the Court prior to or at the hearing on the motion.

Dated:  May 18, 2006                    **PERKINS COIE LLP**

By: _____*/S/*_____
                 David T. Biderman
            Attorneys for Defendant GOOGLE, INC.

- 2 -
DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' UNJUST
ENRICHMENT CLAIM IN THE SECOND AMENDED
COMPLAINT
CASE NO. 05-03649                                          [41063-0023/BY061350.200]

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3   Plaintiffs CLRB Hanson Industries LLC d/b/a Industrial Printing and Howard Stern

4   ("plaintiffs") have improperly pled, for the third time, their unjust enrichment claim against

5   defendant Google, Inc. ("Google").  This Court dismissed plaintiffs' prior unjust enrichment

6   claim due to plaintiffs' failure to allege that their contract with Google "was procured by fraud or

7   is unenforceable or ineffective for some other reason."  In response, plaintiffs amended their

8   claim to include an allegation that their contract is "voidable or otherwise unenforceable" due to

9   "material misrepresentations" that they claim were made by Google.

10   The amended allegations are inadequate as a matter of law to support plaintiffs' unjust

11   enrichment claim.  Plaintiffs have failed to include any allegation that the purported

12   misrepresentations induced plaintiffs to assent to the contract or that the contract was procured as

13   a result of fraud.  In order for a contract to be *void* as a result of fraud, it must be alleged that the

14   fraud induced the plaintiff to enter into the contract.  Plaintiffs, however, are unable to properly

15   allege fraudulent inducement.  Indeed, they withdrew their fraud claims in the original complaint

16   as a result of Google's motion to dismiss for failure to adequately plead that cause of action and

17   failure to plead with specificity.

18   Plaintiffs' repeated failure to properly plead their unjust enrichment claim should

19   preclude them from further asserting this claim.  Accordingly, their unjust enrichment claim

20   should be dismissed without leave to amend.

21

### II.    PROCEDURAL HISTORY

22   Plaintiffs' initial Complaint, filed on August 3, 2005, alleged causes of action for unjust

23   enrichment, breach of contract, breach of implied covenant of good faith and fair dealing,

24   violation of California Bus. & Prof. Code §17200 et seq., negligent misrepresentation,

25   imposition of a constructive trust, fraud-promise without intent to perform, and injunctive and/or

26   declaratory relief.  On October 12, 2005, Google filed a motion to dismiss plaintiffs' Complaint

27

28   DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' UNJUST
ENRICHMENT CLAIM IN THE SECOND AMENDED
COMPLAINT
CASE NO. 05-03649                                              [41063-0023/BY061350.200]

1    based, among other grounds, on plaintiffs' failure to alternatively plead in their unjust

2    enrichment claim the non-existence of a binding contract between the parties, plaintiffs' inability

3    to establish in their fraud and misrepresentation claims that Google made false representations or

4    concealments, and their failure to plead the fraud and misrepresentation claims with specificity.

5            In response to this motion, on November 14, 2005, plaintiffs filed their First Amended

6    Complaint ("FAC"), which withdrew their claims based on fraud and misrepresentation and

7    included a new claim for violation of California Bus. & Prof. Code §17500 et seq.  In addition,

8    plaintiffs re-alleged their claim for unjust enrichment unchanged and without any allegation that

9    their purported agreement with Google was not valid.  On January 3, 2006, Google filed a

10   motion to dismiss the unjust enrichment claim based on plaintiffs' failure to allege that the

11   parties' agreement is not valid and their incorporation of allegations in this claim that an express,

12   valid agreement exists between the parties.

13           On April 12, 2006, the Court granted Google's motion to dismiss, with leave to amend,

14   holding that the unjust enrichment claim "cannot include allegations that an express contract

15   governs the parties' rights, unless it also alleges that the express contract was procured by fraud

16   or is otherwise unenforceable or ineffective."  Court's April 12, 2006 Order Granting

17   Defendant's Motion to Dismiss Plaintiff's Unjust Enrichment Claim with Leave to Amend

18   ("Order"), p. 5.

19           On May 4, 2006, plaintiffs filed their Second Amended Complaint ("SAC"), alleging

20   claims for breach of contract, breach of implied covenant of good faith and fair dealing, violation

21   of California Bus. & Prof. Code §17200 et seq., violation of California Bus. & Prof. Code

22   §17500 et seq., and unjust enrichment.  Their amended unjust enrichment claim alleges in the

23   alternative that if the parties have entered into an express contract, "plaintiffs are still entitled to

24   restitution benefits" and that "[s]uch contract is voidable and otherwise unenforceable given

25   Google's material misrepresentations that advertisers may pause their ad without being charged

26   for those days, and that advertisers would not be billed more than their daily budget for those

27
                                                    - 2 -
28   DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
     AND MOTION TO DISMISS PLAINTIFFS' UNJUST
     ENRICHMENT CLAIM IN THE SECOND AMENDED
     COMPLAINT
     CASE NO. 05-03649                                              [41063-0023/BY061350.200]

1    days that their ad runs." SAC, ¶123. Nowhere in this claim do plaintiffs allege that the

2    misrepresentations induced them to assent to the parties' agreement, which is defined by

3    plaintiffs in the SAC at ¶ 19 as a form agreement consisting of "Google Inc. AdWords Program

4    Terms" and the "Frequently Asked Questions. . . which further explains the program and can be

5    accessed from Google's AdWords site."

6                                    III.     ARGUMENT

7    **A.      Plaintiffs' Failure To Allege Inducement And Plead With Specificity Is Fatal to
             Their Unjust Enrichment Claim.**

8

9          Under Rule 12(b)(6), dismissal is appropriate as a matter of law where the complaint

10   shows either a "(1) lack of a cognizable legal theory or (2) insufficient facts stated under a

11   cognizable theory." *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.

12   1984). Plaintiffs' amended unjust enrichment claim falls under both of these categories.

13         In order to claim unjust enrichment, plaintiffs must allege that the express contract was

14   procured by fraud or is otherwise unenforceable or ineffective. *See Lance Camper Mfg. Corp. v.*

15   *Republic Indemnity Co. of Amer.,* 44 Cal. App. 4th 194, 203 (plaintiff must allege that an express

16   contract is void or rescinded to proceed with its unjust enrichment claim); *see also SMC Corp. v.*

17   *PeopleSoft U.S.A. Inc.*, 2004 WL 2538641, at *3 (S.D. Ind. Oct. 12, 2004).

18         Plaintiffs allege that their express contract with Google is "voidable and otherwise

19   unenforceable given Google's material misrepresentations." These purported "material

20   misrepresentations" are allegations of actual fraud, and comprise the entire basis for plaintiffs'

21   claim that their contract with Google is "voidable or otherwise unenforceable." The allegation of

22   fraud is insufficient to allege a voidable contract, because plaintiffs fail to include any allegation

23   that the misrepresentations induced them to enter the Agreement or that the Agreement was

24   "procured" by fraud. *See Wilke v. Coinway, Inc.*, 257 Cal. App. 2d 126, 136 (1967) (plaintiffs

25   must show that they were induced by fraudulent misrepresentations in order to set a contract

26   aside); *McBride v. Boughton*, 123 Cal.App.4th 379, 388 (2004) ("Restitution may be awarded in

27
                                            - 3 -
28   DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
     AND MOTION TO DISMISS PLAINTIFFS' UNJUST
     ENRICHMENT CLAIM IN THE SECOND AMENDED
     COMPLAINT
     CASE NO. 05-03649                                                    [41063-0023/BY061350.200]

1    lieu of breach of contract damages when the parties had an express contract, but it was procured

2    by fraud or is unenforceable or ineffective for some reason.")

3           The allegations of fraud are also insufficient under Federal Rule of Civil Procedure 9(b),

4    which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud

5    or mistake shall be stated with particularity."  To properly plead fraud, the pleading "must state

6    precisely the time, place, and nature of the misleading statements, misrepresentations, and

7    specific acts of fraud."  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *Williams v. WMX*

8    *Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("the who, what, when, and where must be

9    laid before access to the discovery process is granted").  Conclusory allegations are insufficient

10   to meet this heightened pleading requirement and need not be accepted as true absent supporting

11   allegations establishing why it was "fraudulent."  *Moore v. Kayport Package Express, Inc.*, 885

12   F.2d 531, 540 (9th Cir. 1987).

13          Here, plaintiffs' allegations that Google misrepresented the accrual of charges during

14   pauses and misrepresented limits on advertisers' daily budgets fail to meet the requisite

15   specificity.  Plaintiffs provide virtually no information about *which* of their campaigns were

16   purportedly overcharged, *if and when* they paused their advertising campaigns, *how long* they

17   paused their campaigns or *why* the campaigns were paused, *when* their daily budgets were

18   exceeded, and *the amounts* by which the daily budgets were purportedly exceeded.  They provide

19   only a few examples of alleged overcharges in February, March, and April 2005, despite their

20   claim that they have been advertising on AdWords for years.  SAC, ¶¶57-61, 63-68.  In fact,

21   plaintiffs fail to expressly allege whether they even paused any of their campaigns.  *Id*.

22          The new allegations of "material misrepresentations" appear to be an attempt by plaintiffs

23   to re-assert, without properly pleading, the fraud and misrepresentation claims that they

24   previously withdrew from their original Complaint.  If plaintiffs intend to allege claims of fraud

25   and misrepresentation, they must do so in compliance with federal pleading requirements.  As it

26

27

- 4 -

28   DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' UNJUST
ENRICHMENT CLAIM IN THE SECOND AMENDED
COMPLAINT
CASE NO. 05-03649                                                              [41063-0023/BY061350.200]

1    stands, plaintiffs' misrepresentation allegations are improperly pled, and the unjust enrichment

2    claim should be dismissed for failure to state a cause of action.

3    **B.**      **Plaintiffs' Unjust Enrichment Claim Should Be Dismissed Without Leave To Amend.**

4

5        A court's discretion to deny leave to amend is particularly broad where plaintiff has

6    previously amended the complaint. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,

7    1160 (9th Cir. 1989). Courts may deny leave to amend where the plaintiff has previously

8    amended the complaint and where the amendment is sought in bad faith, would be futile, would

9    cause undue delay, or would prejudice the opposing party. *Id*., at 1160-61. Each of these factors

10    is present here. Plaintiffs cannot offer a good faith basis for denying that express contracts

11    govern their rights, since the liability they claim against Google appears to be entirely predicated

12    on the existence of a valid contract between the parties, which they contend was breached or

13    misleading. Moreover, their attempt to re-assert, without properly pleading, misrepresentation

14    claims that they had previously withdrawn appears to be in bad faith. Plaintiffs' repeated

15    inability to allege their unjust enrichment claim indicates that the claim is futile. Accordingly,

16    the unjust enrichment claim should be dismissed without leave to amend.

17                        **IV.**      **CONCLUSION**

18        For the above stated reasons, Google respectfully requests that pursuant to Federal Rules

19    of Civil Procedure 12(b)(6), the Court dismiss plaintiffs' unjust enrichment cause of action

20    without leave to amend.

21    Dated: May 18, 2006        **PERKINS COIE LLP**

22                      By:_____*/S/*_____

23                        David T. Biderman
                       Attorneys for Defendant GOOGLE, INC.

24

25

26

27

                                  - 5 -

28    DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS PLAINTIFFS' UNJUST
ENRICHMENT CLAIM IN THE SECOND AMENDED
COMPLAINT
CASE NO. 05-03649                          [41063-0023/BY061350.200]

1

**PROOF OF SERVICE**

2  I, Susan E. Daniels, declare:

3      I am a citizen of the United States and am employed in the County of San Francisco,

4  State of California.  I am over the age of 18 years and am not a party to the within action.  My

5  business address is Perkins Coie LLP, 180 Townsend Street, 3rd Floor, San Francisco, California

6  94107-1909.  I am personally familiar with the business practice of Perkins Coie LLP.  On May

7  18, 2006, I served the following document(s):

8      **DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO**
   **DISMISS PLAINTIFF'S UNJUST ENRICHMENT CLAIM IN THE SECOND**
9      **AMENDED COMPLAINT**

10

11  by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

12      William M. Audet, Esq.                    Attorney for Plaintiffs
       Ryan M. Hagan,  Esq.
       Jason Baker, Esq.
13      ALEXANDER, HAWES & AUDET, LLP
       152 North Third Street, Suite 600
14      San Jose, CA 95112
       Tel:  (408) 289-1776; Fax: (408) 287-1776
15

16      Lester L. Levy, Esq.                      Attorney for Plaintiffs
       Michele F. Raphael, Esq.
17      Renee L. Karalian, Esq.
       WOLF POPPER LLP
18      845 Third Avenue
       New York, NY 10022
19      Tel:  (212) 759-4600; Fax: (212) 486-2093

20  XXX  (By Mail)  I caused each envelope with postage fully prepaid to be placed for
       collection and mailing following the ordinary business practices of Perkins Coie LLP.
21

22      I declare under penalty of perjury under the laws of the State of California that the above

23  is true and correct and that this declaration was executed at San Francisco, California.

24

25  DATED: May 18, 2006.                    _____/S/_____

26                                          Susan E. Daniels

27

28  DEFENDANT GOOGLE, INC.'S NOTICE OF MOTION
   AND MOTION TO DISMISS PLAINTIFFS' UNJUST
   ENRICHMENT CLAIM IN THE SECOND AMENDED
   COMPLAINT
   CASE NO. 05-03649                                    [41063-0023/BY061350.200]