Lester L. Levy (Admitted Pro Hac Vice)
Michele F. Raphael (Admitted Pro Hac Vice)
WOLF POPPER LLP
845 Third Avenue
New York NY 10022
Telephone: 212.759.4600
Facsimile: 212.486.2093
e-mail: llevy@wolfpopper.com
e-mail: mraphael@wolfpopper.com

William M. Audet (SBN 117456)
Jason Baker (SBN 212380)
ALEXANDER, HAWES & AUDET, LLP
152 North Third Street, Suite 600
San Jose, CA 95112
Telephone: 408.289.1776
Facsimile: 408.287.1776
e-mail: waudet@alexanderlaw.com
e-mail: jbaker@alexanderlaw.com

*Attorneys for Plaintiffs and the
Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE, INC., <br><br> Defendant. | CASE NO: C05-03649 JW <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' UNJUST ENRICHMENT CLAIM IN THE SECOND AMENDED COMPLAINT** <br><br> Date:  June 26, 2006 <br> Time:  9:00 a.m. <br> Place:  Courtroom 8 <br> Judge:   Honorable James Ware |

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'
Unjust Enrichment Claim in the Second Amended Complaint
Case No: C05-03649 JW**

Doc. 153073

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum in opposition to defendant Google Inc.'s ("Google")

motion to dismiss the unjust enrichment claim in the Second Amended Complaint ("SAC").

Plaintiffs amended their pleading in full compliance with this Court's <u>Order Granting</u>

<u>Defendant's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim with Leave to Amend</u>, dated

April 12, 2006 (the "Order").  Accordingly, Plaintiffs' unjust enrichment claim in the SAC no

longer includes allegations that an express contract governs the parties' rights and it alleges, in

the alternative, that if an express contract between the parties governing this dispute is found to

exist, then such contract is unenforceable as a result of defendant's material misrepresentations.

Ignoring both the law and Plaintiffs' amended allegations, defendant wrongfully argues

that the unjust enrichment claim should be dismissed because Plaintiffs do not adequately plead

fraud in the procurement of a contract.  Admittedly, Plaintiffs do not plead fraud.  As clearly

explained by this Court - a plaintiff need not allege procurement by fraud <u>unless</u> she repeats and

realleges the contract allegations in the unjust enrichment claim, <u>and even then</u>, a plaintiff does

not have to allege fraudulent procurement, but may plead that the contract is "unenforceable or

ineffective for some other reason."  <u>Order</u>, p. 5.

In the SAC, Plaintiffs do not repeat and reallege the contract allegations in the unjust

enrichment claim.  They are otherwise allowed to plead alternative claims for both breach of

contract and unjust enrichment, <u>Order</u>, p.4.  The allegations as to the unjust enrichment claim,

which this Court has already deemed "sufficient to state a claim for unjust enrichment," <u>Order</u>, p.

5, have not changed.  Hence, defendant's motion should be denied in its entirety  and

adjudication of the merits of all claims should proceed.

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

Doc. 153073                    1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROCEDURAL HISTORY

The facts were fully set forth in Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss the Unjust Enrichment Claim, in the First Amended Complaint. Briefly, this case concerns how Google, Inc. ("Google") bills advertisers who pay to have their websites listed as sponsored links on search results pages. While Google touts that it allows advertisers to set and control their own daily advertising costs and that advertisers only pay up to their daily budget on days they run their ad, in actuality, Google converts each advertiser's daily budget into a monthly budget (by multiplying it by 30 or 31) and charges up to said amount, irrespective of how many days the ad ran. For example, an advertiser who sets a daily budget of $100 and runs her ad only 10 days in a 30 day month, has incurred authorized charges of only $1000, but Google will charge any amount up to $3000. Google will overdeliver the ad on the days it runs, but will not provide credit for overage as long as the total charge is within the "monthly" charge of $3000 - even though the ad only ran 10 days. Plaintiffs allege that such conduct constitutes breach of contract, breach of the implied covenant of good faith and fair dealing, a violation of Cal. Bus. & Prof. Code § 17200 et seq., a violation of Cal. Bus. & Prof. Code § 17500 et seq., and unjust enrichment.

Plaintiffs filed their original complaint on August 3, 2005, in the Superior Court of the State of California, County of Santa Clara, alleging causes of action for violation of Cal. Bus. & Prof. Code§ 17200 et seq., breach of contract, negligent misrepresentation, unjust enrichment, imposition of a constructive trust, breach of the implied covenant of good faith and fair dealing, fraud - promise without intent to perform, and injunctive and/or declaratory relief. Service upon Defendant was effected on August 11, 2005. Defendant requested additional time to respond

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

Doc. 153073                                    2

and, as per a Stipulation entered into between counsel for the parties on or about September 13, 2005, Plaintiffs granted Google its request for a 30 day extension, or until October 12, 2005. A couple of days after the stipulation was signed, on or about September 16, 2005, Plaintiff received Google's Notice of Removal of Action to Federal Court which, according to Defendant's affidavit, had been served by mail on September 9, 2005.

On or about October 12, 2005, Google purportedly served its Motion to Dismiss Plaintiffs' Complaint and supporting documents, via mail. On November 14, 2005, Plaintiffs filed and served their First Amended Complaint ("FAC"). Google again requested additional time to respond to the pleading and Plaintiffs again granted Google's request. On November 22, 2005, the parties stipulated that any answer to the FAC was to filed and served by December 16, 2005, and that any responsive motion was to filed and served by January 3, 2006. The parties further agreed to meet and confer in December 2005 and to file their Joint Case Management Statement on or before January 9, 2006, in accordance with the Court's Case Management Order dated September 12, 2005. By December 22, 2005, Google stated that it would be filing a motion to dismiss. The parties stipulated to adjourn the-then January 9, 2006 Joint Case Management Statement deadline to April 21, 2006, and the January 23, 2006 Case Management Conference to May 1, 2006.

On January 3, 2006, Google filed its Motion to Dismiss Plaintiffs' Unjust Enrichment Claim returnable March 6, 2006. (Had Plaintiffs been advised that defendant's motion would be directed at only one claim, they would not have agreed to adjourn the CMC for more than three months.) Plaintiffs submitted their Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss Unjust Enrichment Claim on February 2, 2006.

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

Doc. 153073                                                    3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On January 31, 2006, the Court *sua sponte* adjourned the return date of defendant's motion to March 13, 2006.  Plaintiffs' counsel was unable to appear on that date and the next date agreeable to both counsel and the Court was April 3, 2006.  Thereafter, the parties stipulated, and the Court ordered, that both the hearing on defendant's motion and the initial Case Management Conference be held on April 3, 2006.

On or about March 9, 2006, the parties, unable to select an ADR process, submitted a Notice of Need for ADR Phone Conference.  Pursuant to a call held on March 29, 2006, the parties decided that mediation would be the most advantageous process, when appropriate.   The parties submitted a list of five mediators on May 3, 2006.

On March 20, 2006, defendant filed their reply papers in further support of their motion to dismiss the unjust enrichment claim.

On March 23, 2006, the parties submitted their Joint Case Management Statement and on or about March 29, 2006, the parties exchanged their initial disclosures.

On or about March 30, 2006, the Court advised the parties that it would not have a hearing on defendant's motion to dismiss, and subsequently advised counsel that the Initial Case Management Conference scheduled for April 3, 2006  would be adjourned until June 26, 2006.

On  April 12, 2006, the Court dismissed Plaintiffs' unjust enrichment claim as pled in the FAC and granted Plaintiffs leave to replead by May 17, 2006 (which left time for Defendant  to answer the amended pleading prior to the initial conference).

Plaintiffs promptly filed their SAC on May 4, 2006.

On May 18, 2006, Defendant filed this motion to dismiss the unjust enrichment claim as amended in the SAC.

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

1   Thus, this case was filed nearly one year ago and Defendant has not yet filed a responsive

2   pleading and the Initial Case Management Conference has not yet been held.

3   **ARGUMENT**

4   **I.    The Standards Of Proof On Defendant's Motion
        To Dismiss Plaintiffs' Unjust Enrichment Claim**

5

6   '"The [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with

7   disfavor and is rarely granted.'" <u>Moulton v. AmeriCredit Financial Services</u>, No. C 04-02485

8   JW, 2005 U.S. Dist. LEXIS 32185, at *6 (N.D. Cal. June 28, 2005) quoting <u>Gilligan v. Jamco</u>

9   <u>Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997); <u>Paulsen v. CNF, Inc.</u>, 391 F. Supp. 2d 804, 807

10  (N.D. Cal. 2005).  Such a motion must not be granted "'unless it appears beyond doubt that the

11  plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

12  <u>Gilligan</u>, 108 F.3d at 248 (citation omitted);  <u>Gorman v. Wolpoff & Abramson, LLP</u>, 370 F.

13  Supp. 2d 1005, 1008 (N.D. Cal. 2005).  Dismissal pursuant to Fed. R. Civ. P.12(b)(6) is proper

14  only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient

15  facts under a cognizable legal theory.  <u>SmileCare Dental Group v. Delta Dental Plan of Cal.,</u>

16  <u>Inc.</u>, 88 F.3d 780, 782-83 (9th Cir. 1996);  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699

17  (9th Cir. 1988);  <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).  A

18  Court should not dismiss any claim for relief unless the plaintiff cannot prove any set of facts in

19  support of the claim that would entitle her to relief.  <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d

20  1293, 1295 (9th Cir. 1998).

21  On a motion to dismiss a complaint for failure to state a claim, all allegations in the

22  complaint are assumed to be true and the complaint is to be liberally construed in favor of the

23  plaintiff.  <u>Paulsen</u>, 391 F. Supp. 2d at 807;  <u>Star Patrol Enters. v. Saban Entertainment</u>, No. 95-

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'
Unjust Enrichment Claim in the Second Amended Complaint
Case No: C05-03649 JW**
Doc. 153073                                                5

56534, 1997 U.S. App. LEXIS 29994, at *2 (9th Cir. Oct. 23, 1997) ("Rule 12(b)(6) does not establish a high threshold for pleadings . . . . 'allegations must be liberally construed and taken as true, and all inferences must be drawn in favor of the plaintiff.'") (citation omitted); Williams v. Vidmar, 367 F. Supp. 2d 1265, 1269 (N.D. Cal. 2005) ("[t]he court 'must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party.'") (citation omitted).  Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal must be denied if, from the pleading's four corners, factual allegations are discerned which taken together manifest any cause of action cognizable at law.  Keiser v. Lake County Superior Court, No. C05-02310 MJJ, 2005 WL 3370006, at *8 (N.D. Cal. 2005).

## II.    THE UNJUST ENRICHMENT CLAIM SET FORTH IN THE SAC STATES A VALID CLAIM AND FULLY COMPLIES WITH THE ORDER OF THIS COURT

As clearly stated by the Court, "Plaintiffs' unjust enrichment claim cannot include allegations that an express contract governs the parties' rights, unless it also alleges that the express contract was procured by fraud or is otherwise unenforceable or ineffective." Order, pp. 4-5, and  "Plaintiff's allegations are otherwise sufficient to state a claim for unjust enrichment." Order, pg. 5.  Thus, the Court granted Plaintiffs leave to amend.

### A.    Plaintiffs' Claim for Unjust Enrichment in the SAC Does Not Include Allegations That an Express Contract Governs the Parties' Rights

Count V of Plaintiff's SAC, setting forth a claim for  unjust enrichment, no longer repeats and realleges, nor otherwise includes, any express contract allegations.  Thus, there is no longer any internal inconsistency preventing this otherwise valid claim from being sustained.  Order, pp. 4-5;  Lance Camper Manufacturing Corp. v. Republic Indemnity Co. of America, 44 Cal. App. 4th 194, 203, 51 Cal. Rptr. 2d 622, 628 (1996).

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

Doc. 153073                                  6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In making its motion, Defendant either ignores the Order and Plaintiffs' amended pleading, or at best, misunderstands that as per both the Order and California law, an unjust enrichment claim can stand <u>without</u> any allegation as to the unenforceability of the contract, provided said claim does not reallege an express contract between the parties - which Count V does not.[1]  Given Plaintiffs' correction of their prior pleading error, their unjust enrichment claim in the SAC is valid and sustainable.  "Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs are entitled to plead the alternative claims of breach of contract and unjust enrichment, despite the inconsistency between those claims."  <u>Order</u>, p. 4 (citations omitted).  Again, the allegations as to the elements of unjust enrichment, namely, receipt of a benefit and unjust retention of the benefit at the expense of another, have already been deemed "sufficient," <u>Order</u>, p. 5, and they have not changed.

**B.      Plaintiffs Alternatively Allege That If The Parties Are Found to Have Entered Into An Express  Contract Said Contract is Unenforceable**

Even though Plaintiffs' removal of the contract allegations in its claim for unjust enrichment, by itself, requires that their unjust enrichment claim be upheld, Plaintiffs alternatively allege:

> 123.      Alternatively, if and to the extent, the parties are found to have entered into an express contract governing the claims herein, plaintiffs are still entitled to restitution benefits.  Such contract is voidable and otherwise unenforceable given Google's material misrepresentations that advertisers may pause their ad without being charged for those days, and that advertisers would not be billed more than their daily budget for those days

---

[1]Plaintiffs have realleged paragraph 19 in Count V of the SAC because it defines "Agreement" the document through which defendant disseminated, most, but not all, of its material misrepresentations.  The paragraph does not allege that the document constitutes a valid contract.

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

that their ad runs.  The material misrepresentations were, and are, contrary to Google's billing practices.

This allegation preserves the unjust enrichment claim if the fact-finder finds an express contract between the parties governing the within dispute.[2]  It also eliminates any possible inconsistency within the unjust enrichment claim by explicitly alleging that any contract is unenforceable by reason of Google's material misrepresentations.  See Order, p. 5 (An unjust enrichment claim can be pled even if it incorporates allegations as to an express contract provided it is also alleged that said contract was procured by fraud or is otherwise enforceable or ineffective).  As repeated above, Plaintiffs have  pled that the contract is unenforceable or voidable by virtue of defendant's material misrepresentations.  By definition, a material misrepresentation is a misrepresentation that is "likely to induce a reasonable person to manifest his assent", or is a misrepresentation that "the maker knows [ ] would be likely to induce the recipient to do so."  Restatement (Second) Contracts § 162 (1981) (When a Misrepresentation is Fraudulent or Material).  Restatement of the Law, Second.  Indeed, judges have found that it is "'frequently said, by judges and law writers, [    ] that every part of a consideration is to be presumed to have had some effect, in inducing the party recipient of the consideration, to enter into the contract.'"  Hanley v. Savannah Bank & Trust Co., 68 S.E.2d 581, 582-83 (Ga.1952) (citation omitted).  This certainly holds true here, where Google's alleged material misrepresentations concern the essence of the contract, namely, the costs to be borne by the

---

[2]Plaintiffs recognize that they are not entitled to double recovery under both claims.

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

1  advertisers, and the allegations are to be liberally construed in favor of Plaintiffs and all

2  inferences are to be drawn in Plaintiffs' favor.

3        For the reasons set forth above, Defendant's argument that the unjust enrichment claim in

4  the SAC should be dismissed is meritless. Defendant attempts to require and/or create a fraud

5  claim - "[t]hese purported 'material misrepresentations' are allegations of actual fraud,"

6  <u>Defendant Google, Inc.'s. Memorandum of Points and Authorities ("Def.'s Mem.")</u>, p. 3 - just to

7  have something to knock down and move against.[3]  As previously stated, Plaintiffs have not, and

8  need not, allege fraud.

9        Plaintiffs followed this Court's guidance and in so doing, have now properly pled

10 alternative claims for breach of contract and unjust enrichment.

---

[3]*See also* <u>Def.'s Mem.</u>, p. 3 citing and paraphrasing *Wilkie v. Coinway, Inc.,* 257 Cal. App.2d 126, 136, 64 Cal. Rptr. 845, 852 (1967) which concerned fraudulent, as opposed to material, misrepresentations and which did not even discuss pleading standards. Interestingly, the *Wilkie* Court stated, "[O]ne material false statement is sufficient ground for rescission." 257 Cal. App.2d at 138, 64 Cal. Rptr. at 852.

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

1

2

## CONCLUSION

For the reasons set forth herein and the allegations in Plaintiffs' Second Amended

Complaint, Defendant Google Inc.'s Motion to Dismiss Plaintiffs' Unjust Enrichment Claim in

the Second Amended Complaint should be denied in its entirety and this case should proceed to

an adjudication on the merits of all claims.

Dated: June 5, 2006

                                                    **WOLF POPPER LLP**

                                        By: /s/ Michele F. Raphael
                                             Lester L. Levy (Admitted Pro Hac Vice)
                                             Michele F. Raphael (Admitted Pro Hac Vice)
                                             845 Third Avenue
                                             New York NY 10022
                                             Telephone: 212.759.4600
                                             Facsimile: 212.486.2093

                                             ALEXANDER, HAWES & AUDET, LLP
                                             William M. Audet (SBN 117456)
                                             Jason Baker (SBN 212380)
                                             152 North Third Street, Suite 600
                                             San Jose, CA 95112
                                             Telephone: 408.289.1776
                                             Facsimile: 408.287.1776
                                             *Attorneys for Plaintiffs and the Proposed Class*

**Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs'**
**Unjust Enrichment Claim in the Second Amended Complaint**
**Case No: C05-03649 JW**

Doc. 153073                                     10