| | |
|---|---|
| 1 | DAVID T. BIDERMAN, Bar No. 101577 |
| 2 | JUDITH B. GITTERMAN, Bar No. 115661<br>M. CHRISTOPHER JHANG, Bar No. 211463 |
| 3 | **PERKINS COIE LLP**<br>180 Townsend Street, 3rd Floor |
| 4 | San Francisco, CA 94107-1909<br>Telephone: (415) 344-7000 |
| 5 | Facsimile: (415) 344-7050<br>Email: DBiderman@perkinscoie.com |
| 6 | Email: JGitterman@perkinscoie.com<br>Email: CJhang@perkinscoie.com |
| 7 | Attorneys for Defendant Google, Inc. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>GOOGLE, INC.,<br><br>                Defendant. | CASE NO. C O5-03649 JW<br><br>**DEFENDANT GOOGLE, INC.'S REPLY TO PLAINTIFFS' OPPOSITION**<br><br>Fed. R. Civ. P. 12(b)(6)<br><br>Date:     June 26, 2006<br>Time:    9:00 a.m.<br>Place:    Courtroom 8<br>Judge:   Honorable James Ware |

## I.   INTRODUCTION

In the Opposition, plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern ("plaintiffs") claim that they have not alleged an express contract in their unjust enrichment cause of action and that they are not required to allege in the alternative that their contract is unenforceable. These contentions are without merit. Plaintiffs repeatedly allege the existence of an "Agreement" with defendant Google, Inc. ("Google") throughout their Second Amended Complaint ("SAC") and incorporate these allegations into their unjust enrichment claim. Plaintiffs' attempt to ignore their contract allegations results in inconsistent factual claims that compel the dismissal of the unjust enrichment claim.

Plaintiffs also contend that if they have alleged a contract in their unjust enrichment claim, that their alternative claim of "material misrepresentations," in itself, supports the unenforceability of this contract. Plaintiffs' contention is again meritless. Under California law, plaintiffs' "material misrepresentations" amount to allegations of "actual fraud." Plaintiffs' failure to allege that these misrepresentations <u>induced</u> them to assent to the contract or that the contract was <u>procured</u> as a result of fraud undercuts the basis of their alternative allegation. Without a proper alternative allegation, the unjust enrichment cause of action cannot stand.

Further, plaintiffs have failed to contest in their Opposition Google's entitlement to a dismissal without leave to amend. Accordingly, plaintiffs' unjust enrichment claim should be dismissed without leave to amend.

## II.   ARGUMENT

**A.   Legal Standard For Rule 12(b)(6) Dismissals.**

Under Rule 12(b)(6), dismissal is appropriate where the complaint shows either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In making that determination, the court should accept as true "all material allegations of the complaint," along with "all reasonable inferences to be drawn from them." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

**B.   Plaintiffs' Unjust Enrichment Claim Does Allege The Existence Of A Contract.**

Plaintiffs contend that their unjust enrichment claim does not allege an express contract between the parties, and as a result, they need not allege in the alternative that their Agreement with Google was procured by fraud or is otherwise unenforceable.  These contentions are factually and legally unsupported.

Plaintiffs' unjust enrichment claim in the SAC incorporates allegations of a valid contract between the parties.  The unjust enrichment claim at paragraph 116 incorporates by reference the "Substantive Allegations" in paragraphs 14 through 55.  SAC, ¶ 116.  In paragraph 19, plaintiffs claim that advertisers sign up for the AdWords program by entering into an "Agreement" with Google, consisting of documents entitled Google Inc. AdWords Program Terms and Frequently Asked Questions.  *Id.*, at ¶ 19.  Plaintiffs even attach a copy of this alleged "Agreement" as an exhibit to their SAC.  *Id.*, at ¶ 19, Exhibit A.  In paragraph 32, plaintiffs allege that the "AdWords Agreement gives advertisers the right to set their own daily budgets."  *Id.*, at ¶ 32 (emphasis added).  In paragraph 34, plaintiffs claim that "[i]n the AdWords Agreement, Google represents, offers and agrees to the following [terms]."  *Id.*, at ¶ 34 (emphasis added). Paragraphs 35, 36, 38, 45, 47, 48, 54, and 55 similarly allege various rights, obligations, or terms and conditions of plaintiffs', and other advertisers', Agreement with Google.  *See id.*, at ¶¶ 35, 36, 38, 45, 47, 48, 54, 55.

Plaintiffs attempt to avoid their contract allegations by claiming that their use of the term "Agreement" was solely to "define[] the document through which defendant disseminated most, but not all, of its material misrepresentations."  *See* Opposition, p. 7 n. 1.  Plaintiffs' argument that the "Agreement" is not an agreement but is simply a "document" defies the obvious nature of their allegations concerning the Agreement.  Plaintiffs devote a substantial portion of their complaint asserting the terms and their purported rights under the "Agreement," and have incorporated these paragraphs into the unjust enrichment claim.  Thus, plaintiffs' argument ignores both the factual allegations of an agreement that are part of the unjust enrichment claim

and the Agreement documents they chose to attach to their complaint. *See* SAC, ¶¶ 32, 34, 35, 36, 38, 45, 47, 48, 54, 55, Exhibit A.

Plaintiffs also fail to support their contention that their unjust enrichment claim can stand without alleging the unenforceability of the contract. Plaintiffs misstate this Court's Order and the holding in *Lance Camper Manufacturing Corp. v. Republic Indemnity Co. of America*, 44 Cal. App. 4th 194 (1996). The Court Order provides that where plaintiffs' unjust enrichment claim includes allegations that an express contract governs the parties' rights, it must also "allege[] that the express contract was procured by fraud or is otherwise unenforceable or ineffective." Court Order, pp. 4-5. The holding in *Lance Camper* comports with this legal principle. *Lance Camper*, at 203. Neither the Order nor *Lance Camper* supports the position that an allegation of the unenforceability of the contract is not needed in unjust enrichment claims, where an express contract is alleged in the action.

**C.  Plaintiffs Have Failed To Properly Allege The Unenforceability Of Their Agreement In The Unjust Enrichment Claim.**

Plaintiffs contend that they have properly alleged the unenforceability of the express contract in their unjust enrichment claim. They claim that their "material misrepresentations" do not constitute allegations of fraud, and that these alleged "material misrepresentations" alone, without allegations of inducement, are sufficient to support their unjust enrichment claim. Plaintiffs' contentions are unfounded.

Plaintiffs apparently seek to draw a distinction between material misrepresentations and fraudulent misrepresentations where such a distinction does not exist. *See, e.g., Reed v. King*, 145 Cal. App. 3d 261, 264 (1983) (analyzing materiality of nondisclosure under elements of actual fraud); *see also Wilke v. Coinway, Inc.*, 257 Cal. App. 2d 126, 137 (1967) (a false expression of opinion that is material may constitute fraud).

Plaintiffs' actual fraud allegations are improperly alleged and fail to support their alternative claim because they fail to allege that the misrepresentation <u>induced</u> them to assent to the contract or that the contract was <u>procured</u> as a result of fraud. Moreover, plaintiffs admit that

- 4 -
DEFENDANT GOOGLE, INC.'S REPLY TO PLAINTIFFS'
OPPOSITION
CASE NO. 05-03649

they have failed to allege fraud. Opposition, p. 1, 9 ("Admittedly, Plaintiffs do not plead fraud."). As a result, the unjust enrichment claim does not adequately allege that the express contract is not valid as a result of fraudulent inducement or other legally cognizable grounds for unenforceability of a contract.

### D. Plaintiffs' Unjust Enrichment Claim Should Be Dismissed Without Leave To Amend.

Courts may deny leave to amend where the plaintiff has previously amended the complaint and where the amendment is sought in bad faith, would be futile, would cause undue delay, or would prejudice the opposing party. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160-61 (9th Cir. 1989). The moving papers detailed the applicability of each of these factors to plaintiffs. Plaintiffs failed to contest in their papers Google's entitlement to a dismissal without leave to amend. Accordingly, the unjust enrichment claim should be dismissed without leave to amend.

### III. CONCLUSION

For all of the reasons stated in its motion to dismiss and this reply, Google respectfully requests that pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court dismiss plaintiffs' unjust enrichment cause of action without leave to amend.

Dated: June 12, 2006        **PERKINS COIE LLP**

By: _____/S/_____
David T. Biderman
Attorneys for Defendant GOOGLE, INC.

# PROOF OF SERVICE

I, Susan E. Daniels, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action. My business address is Perkins Coie LLP, 180 Townsend Street, 3rd Floor, San Francisco, California 94107-1909. I am personally familiar with the business practice of Perkins Coie LLP. On June 12, 2006, I served the following document(s):

**DEFENDANT GOOGLE, INC.'S REPLY TO PLAINTIFFS' OPPOSITION**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

| | |
|---|---|
| William M. Audet, Esq.<br>Ryan M. Hagan, Esq.<br>Jason Baker, Esq.<br>ALEXANDER, HAWES & AUDET, LLP<br>152 North Third Street, Suite 600<br>San Jose, CA 95112<br>Tel: (408) 289-1776; Fax: (408) 287-1776 | Attorney for Plaintiffs |
| Lester L. Levy, Esq.<br>Michele F. Raphael, Esq.<br>Renee L. Karalian, Esq.<br>WOLF POPPER LLP<br>845 Third Avenue<br>New York, NY 10022<br>Tel: (212) 759-4600; Fax: (212) 486-2093 | Attorney for Plaintiffs |

<u>XXX</u>   (By Mail)  I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Perkins Coie LLP.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed at San Francisco, California.

DATED: June 12, 2006.                    /S/
                                         Susan E. Daniels