United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB Hanson Industries, LLC d/b/a Industrial Printing, and Howard Stern, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Google Inc.,<br><br>Defendant._____/ | NO. C 05-03649 JW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' UNJUST ENRICHMENT CLAIM** |

## I. INTRODUCTION

CLRB Hanson Industries, LLC d/b/a Industrial Printing, and Howard Stern (collectively "Plaintiffs") filed this class action suit against Google, Inc. ("Defendant"). Plaintiffs are advertisers who paid Defendant to have their websites listed as sponsored links on search results pages. They allege Defendant has charged them in excess of the "daily budget" they set for their advertising campaigns. Plaintiffs assert claims on behalf of themselves and all others similarly situated for breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., untrue and misleading advertising in violation of Cal. Bus. & Prof. Code §§ 17500 et seq., and unjust enrichment.

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim in the Second Amended Complaint. The Court finds it appropriate to take the matter under

submission, without oral argument, pursuant to Civ. L.R. 7-1(b). Based upon the parties' submissions to date, Defendant's Motion is DENIED.

## II. BACKGROUND

Defendant owns and operates an Internet search engine called "Google" and offers a global advertising program known as "AdWords." (Second Am. Compl., "SAC," Docket Item No. 18, ¶¶ 11, 14.) Defendant's AdWords program allows advertisers to target their advertising campaigns and to limit the appearance of their advertisements. (SAC ¶ 18.) Specifically, advertisers may select keywords which trigger the advertisement to appear; select the geographic locations where they want the advertisement to appear; set maximum "cost-per-clicks" they want to spend each time an Internet user clicks on an advertisement; and set a "daily budget" which limits the amount of money that Defendant may charge advertisers per day. (SAC ¶¶ 11, 34.)

Plaintiffs allege they entered into an agreement with Defendant to advertise through the AdWords program (the "Agreement").[1] (SAC ¶¶ 56, 62.) The Agreement is an online form agreement which consists of a two-page document entitled "Google Inc. AdWords Program Terms" ("Terms") and 142 pages of "Frequently Asked Questions" ("FAQs"). (SAC ¶ 19.) The Agreement states that the daily budget feature allows an advertiser to control his or her daily budget by specifying how much he or she is willing to pay. (SAC ¶¶ 36.) The Agreement also states that an advertiser will "never pay more than [his or her] daily budget multiplied by the number of days in a month [his or her] campaign was active." (SAC ¶ 37.) Similarly, the Agreement gives an advertiser the right to "pause" an advertising campaign, and states that the advertiser "won't accrue charges while [his or her] ads are paused." (SAC ¶ 38.)

Plaintiffs allege they set daily advertising budgets and that Defendant routinely charged them in excess of the set amount and failed to credit Plaintiffs for all such overages. (SAC ¶¶ 57, 63-64.) For example, Plaintiff Stern has consistently set his daily budget at $10. Nonetheless, Defendant

---

[1] This specific allegation is not realleged or incorporated by reference in Plaintiffs' claim for unjust enrichment. (See SAC ¶¶ 116-25.)

2

charged him $16.78, $19.34, $11.59, and $16.15, respectively, for four days in April. When Plaintiff Stern complained to Defendant, Defendant responded by saying that it only provides credit for charges above 30 or 31 times an advertiser's daily budget in a monthly billing cycle. (FAC ¶¶ 63-68.)

Plaintiffs thereby allege Defendant "wrongfully and misleadingly commits advertisers to a monthly budget, in an amount up to their daily budget times 30 or 31, with no exception made for days their ad is paused," and that Defendant "will not provide credits for charging advertisers more than their daily budget on any given day as long as those overages do not cumulatively exceed the calculated 'monthly' budget (daily budget times 30 [or] 31) in any given month." (SAC ¶¶ 45, 54.) Based on these allegations, Plaintiffs filed this class action suit against Defendant on behalf of themselves and all others similarly situated, asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., untrue and misleading advertising in violation of Cal. Bus. & Prof. Code §§ 17500 et seq., and unjust enrichment. Plaintiffs originally filed this action in the Superior Court of Santa Clara County; Defendant removed to the Northern District of California pursuant to 28 U.S.C. § 1441(a).

On January 3, 2006, Defendant filed a motion to dismiss Plaintiffs' unjust enrichment claim in the FAC. (Docket Item No. 30.) On April 12, 2006, the Court granted Defendant's motion because Plaintiffs (i) realleged and incorporated by reference the existence and validity of a written contract in their claim for unjust enrichment but (ii) did not allege the contract was procured by fraud or was unenforceable or ineffective for some other reason. (Order Granting Defendant's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim with Leave to Amend, "Order," Docket Item No. 46, at 4-5.) The Court gave Plaintiffs leave to amend the FAC. (Order at 5-6.) On May 5, 2006, Plaintiffs filed a SAC in which they assert the same causes of action that appear in the FAC. (Docket Item No. 47.)

3

### III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts stated under a cognizable theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citing Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985) cert. denied, 474 U.S. 1056 (1986)). Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981)).

### IV. DISCUSSION

The Court previously analyzed Plaintiffs' unjust enrichment claim in the FAC under California law. (See Order at 4-5.) As the Court explained, unjust enrichment is an action in quasi-contract, Paracor Fin. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir.1996), "synonymous with restitution," McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004). A claim for unjust enrichment is generally precluded "when an enforceable, binding agreement exists defining the rights of the parties." Paracor Fin., 96 F.3d at 1167. Nevertheless, "[r]estitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." McBride, 123 Cal. App. 4th at 121 (citing 3 Witkin, Cal. Procedure, Actions §§ 148-50 (4th ed. 1996); 1 Witkin, Summary of Cal. Law, Contracts §§ 112, 118 (9th ed. 1987)). The Court granted Defendant's motion to dismiss

4

the unjust enrichment claim in the FAC because Plaintiffs (i) realleged and incorporated by reference the existence and validity of an express contract in their claim for unjust enrichment but (ii) did not allege the contract was procured by fraud or was unenforceable or ineffective for some other reason. (Order at 4-5.)

In the SAC, Plaintiffs assert the same causes of action that appear in the FAC, including the claim for unjust enrichment. Unlike in the FAC, Plaintiffs do not appear to reallege or incorporate by reference the existence and validity of an express contract in their claim for unjust enrichment in the SAC. (See SAC ¶ 116.) The Court recognizes, as Defendant correctly points out, that Plaintiffs reallege and incorporate by reference in their claim for unjust enrichment certain paragraphs of the SAC that not only explain how advertisers sign up for the AdWords program but also discuss specific terms of the Agreement. (See Defendant's Reply to Plaintiffs' Opposition, Docket Item No. 56, at 3). None of these paragraphs, however, contains an allegation that Plaintiffs entered into an express contract with Defendant. Even paragraph 123 of the SAC, which falls under Plaintiffs' unjust enrichment claim heading and addresses the possibility of an express contract being found to exist between the parties, cannot be construed as an allegation that an express contract actually existed between the parties.[2]

Absent an allegation in the unjust enrichment claim that an express contract existed between the parties, Plaintiffs' allegations are otherwise sufficient to state a claim for this particular cause of action. To state a claim for unjust enrichment under California law, a plaintiff must allege: (i) receipt of a benefit and (ii) unjust retention of a benefit at the expense of another. Accuimage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 947, 958 (N.D. Cal. 2003) (citing Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000)). The Court noted in its previous Order that Plaintiffs sufficiently alleged these elements in the FAC. (See Order at 5.) Since Plaintiffs repeat

---

[2] In paragraph 123, Plaintiffs allege that if an express contract is found to exist between the parties, "[s]uch contract is voidable or otherwise unenforceable given Google's material misrepresentations . . . ." (SAC ¶ 123.)

5

the same allegations in the SAC (see SAC ¶¶ 118-120), the Court finds these allegations are sufficient to state a claim for unjust enrichment.

## V. CONCLUSION

The Court DENIES Defendant's Motion to Dismiss Plaintiffs' Unjust Enrichment Claim in the Second Amended Complaint.

Dated: June 27, 2006

/s/ James Ware
JAMES WARE
United States District Judge

6

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Christopher M. Jhang cjhang@perkinscoie.com
David T. Biderman dbiderman@perkinscoie.com
Judith B. Gitterman gittj@perkinscoie.com
Lester L Levy llevy@wolfpopper.com
Lisa Delehunt ldelehunt@perkinscoie.com
Michele Fried Raphael mraphael@wolfpopper.com
Ryan M. Hagan rhagan@alexanderlaw.com
William M. Audet waudet@alexanderlaw.com

**Dated: June 27, 2006**                              **Richard W. Wieking, Clerk**

                                                      **By:   /s/ JW Chambers**
                                                             **Melissa Peralta**
                                                             **Courtroom Deputy**