1  DAVID T. BIDERMAN, Bar No. 101577
   JUDITH B. GITTERMAN, Bar No. 115661
2  M. CHRISTOPHER JHANG, Bar No. 211463
   **PERKINS COIE LLP**
3  Four Embarcadero Center, Suite 2400
   San Francisco, California 94111
4  Telephone: (415) 344-7000
   Facsimile: (415) 344-7050
5  Email: DBiderman@perkinscoie.com
   Email: JGitterman@perkinscoie.com
6  Email: CJhang@perkinscoie.com

7  Attorneys for Defendant Google, Inc.

8

9                    UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12 | CLRB HANSON INDUSTRIES, LLC d/b/a | CASE NO. C O5-03649 JW
   | INDUSTRIAL PRINTING, and HOWARD   |
13 | STERN, on behalf of themselves and all others | **DEFENDANT GOOGLE, INC.'S**
   | similarly situated,                | **ANSWER TO PLAINTIFFS' SECOND**
14 |                                    | **AMENDED CLASS ACTION**
   |         Plaintiffs,                | **COMPLAINT**
15 |                                    |
   |    v.                              |
16 |                                    |
   | GOOGLE, INC.,                      |
17 |                                    |
   |         Defendant.                 |
18

19

20      Defendant Google, Inc. ("Defendant" or "Google") answers plaintiffs CLRB Hanson

21 Industries, LLC, d/b/a Industrial Printing, and Howard Stern's ("Plaintiffs") Second Amended

22 Class Action Complaint ("SAC") as follows:

23      1.   Defendant admits the allegation in Paragraph 1 that Plaintiffs are attempting to

24 bring a putative class action against it for alleged advertising overcharges.

25      2.   Defendant admits the allegation in Paragraph 2 that Plaintiffs seek injunctive

26 relief and the recovery of damages. Defendant denies that it has "wrongful[ly] overbill[ed]" its

27 advertisers.

28

Defendant Google, Inc.'s Answer to Plaintiffs' Second
Amended Complaint
CASE NO. 05-03649                                             [41063-0023/BY061930.123]

Dockets.Justia.com

3. Defendant admits the allegation in Paragraph 3 that this Court has jurisdiction over this action.

4. The first two sentences of Paragraph 4 are statements of law requiring legal conclusions, and do not contain any factual allegations. Defendant therefore cannot admit or deny the statements of law contained in the first two sentences of this Paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis denies those allegations.

5. Defendant admits the allegations in Paragraph 5.

6. The venue allegation in Paragraph 6 is a statement of law requiring a legal conclusion, and does not contain any factual allegations. Defendant therefore cannot admit or deny the statement of law contained in this Paragraph. Defendant admits that it does business and maintains its principle offices in Santa Clara County.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegation in Paragraph 8 that plaintiff Industrial Printing advertises on the AdWords system. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies those allegations.

9. Defendant admits the allegation in Paragraph 9 that plaintiff Stern advertises on the AdWords system. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies those allegations.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant denies that it "purports" any information in its Form S-1. Defendant admits that the language cited from the Form S-1 is accurate, and that Google states that it is a global technology leader focused on improving the ways people connect with information. Defendant on that basis admits the remaining allegations in Paragraph 13.

14. Defendant admits the allegation in Paragraph 14.

15. Defendant denies the allegation in Paragraph 15.

16. Defendant denies the allegation in Paragraph 16 that it "touts" any information on its AdWords homepage. Defendant denies that the alleged statements are made on the AdWords homepage. Defendant admits that the quoted language exists on an AdWords webpage entitled "AdWords Advantages."

17. Defendant denies the allegations in Paragraph 17.

18. Defendant admits the allegation in Paragraph 18 that advertisers may target their ads under certain parameters, as set forth in the "Targeting My Ads" section of the AdWords Help Center (https://adwords.google.com/support/?hl=en_US). Defendant denies any remaining allegations in this Paragraph.

19. Defendant admits the allegations in Paragraph 19 that advertisers sign up for AdWords over the Internet, that the form agreement, found on-line, consists of the Google Inc. AdWords Program Terms ("Terms") and Frequently Asked Questions ("FAQs"), and that the Terms incorporate the FAQs into the Agreement. Defendant denies any remaining allegations in this Paragraph.

20. Defendant admits the allegation in Paragraph 20 that an advertiser can access the FAQs by clicking on the "Program Details and FAQ" link. Defendant denies any remaining allegations in this Paragraph.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant admits the allegations in Paragraph 22 that an advertiser, during the sign up process, can create an ad and select keywords, choose a geographic location to target, set a maximum cost-per-click, and set a daily budget. Defendant denies any remaining allegations in this Paragraph.

23. Defendant admits the allegations in Paragraph 23.

24. Defendant admits the allegation in Paragraph 24 that in order to activate an advertiser's account, the advertiser logs into the account and enters his/her/its billing

information. Defendant denies that these are the only steps needed to complete the account activation process.

25. Defendant denies the allegation in Paragraph 25.

26. Defendant admits the allegations in Paragraph 26.

27. Defendant denies the allegation in Paragraph 27.

28. Defendant denies the allegation in Paragraph 28 that it "touts" any information in its 2004 Form 10-K. Defendant admits the remaining allegations in this Paragraph.

29. Defendant denies the allegation in Paragraph 29 that it "emphasizes" any information in its 2004 Form 10-K. Defendant admits that the language cited from the Form 10-K is accurate and on that basis admits the remaining allegations in this Paragraph.

30. Defendant admits the allegation in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant admits the allegation in Paragraph 32.

33. Defendant denies the allegation in the first sentence of Paragraph 33. Defendant admits the allegation in the second sentence that an advertiser may change a daily budget for an ad campaign a maximum of ten times over the course of a single day.

34. The allegations in Paragraph 34 regarding Defendant's "represent[ations], offers and agree[ments]" are statements of law requiring legal conclusions. Defendant therefore cannot admit or deny the statements of law contained in this Paragraph. Defendant admits that Plaintiffs have accurately quoted the portions of the AdWords FAQs they cite in this Paragraph from the exhibit they attached to their SAC.

35. Defendant denies the allegation in Paragraph 35. Defendant admits that Plaintiffs have accurately quoted the portion of the AdWords FAQs that they cite in this Paragraph from the exhibit they attached to their SAC.

36. Defendant denies the allegations in Paragraph 36. Defendant admits that Plaintiffs have accurately quoted the portions of the AdWords FAQs that they cite in this Paragraph from the exhibit they attached to their SAC.

- 4 -

37. Defendant denies the allegation in Paragraph 37.

38. Defendant denies the allegation in Paragraph 38 that advertisers have the right to pause their ad campaign at any time without limit. Defendant admits that the exhibit Plaintiffs attached to their SAC states that an ad campaign won't accrue charges while an advertiser's ads are paused. Defendant admits that Plaintiffs have accurately quoted the portions of the AdWords FAQs that they cite in this Paragraph from the exhibit they attached to their SAC.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies those allegations.

40. Defendant admits it receives revenue from its AdWords program. Defendant denies the remainder of the allegations in Paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies those allegations.

42. Defendant admits the allegation in Paragraph 42.

43. Defendant denies the allegation in Paragraph 43 that it "boasts" any information in its 2004 SEC filings. Defendant admits that the quoted language is accurate as to what is stated in the Form 10-K and 10-Q, and on that basis admits the remaining allegations in this Paragraph.

44. Defendant admits the allegation in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies that it "converts" the daily budget into monthly budgets. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and on that basis denies those allegations.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant admits the allegation in Paragraph 48 that the exhibit Plaintiffs attached to their SAC refers to monthly budgets in the context of the Jumpstart and Budget Optimizer programs. Defendant denies any remaining allegations in this Paragraph.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegation in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegation in Paragraph 52.

53. Defendant denies the allegation in Paragraph 53.

54. Defendant admits that Plaintiffs have, in Paragraph 54, accurately quoted from the exhibit they attached to their SAC.

55. Defendant admits that Plaintiffs have, in Paragraph 55, accurately quoted from the exhibit they attached to their SAC.

56. Defendant admits the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant admits the allegations in Paragraph 62.

63. Defendant denies the allegation in Paragraph 63.

64. Defendant denies the allegation in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant admits the allegation in Paragraph 66 that plaintiff Stern complained about what he perceived to be overbilling. Defendant denies that plaintiff Stern was overbilled.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 67 and on that basis denies the allegation.

68. Defendant denies the allegation in Paragraph 68.

69. Defendant admits the allegation in Paragraph 69 that Plaintiffs are attempting to bring a class action.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

Defendant Google, Inc.'s Answer to Plaintiffs' Second
Amended Complaint
CASE NO. 05-03649                                                                                     [41063-0023/BY061930.123]

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Answering the allegations in Paragraph 76, Defendant incorporates the preceding Paragraphs 1 through 75 of this Answer by reference as if fully set forth herein.

77. Defendant admits the allegations in Paragraph 77.

78. Defendant admits the allegation in Paragraph 78 that advertisers may set their daily budget. Defendant denies any remaining allegations in this Paragraph.

79. Defendant denies the allegation in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant admits the allegation in Paragraph 81 that the exhibit Plaintiffs attached to their SAC states that an ad campaign won't accrue charges while an advertiser's ads are paused.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Answering the allegations in Paragraph 86, Defendant incorporates the preceding Paragraphs 1 through 85 of this Answer by reference as if fully set forth herein.

87. The allegation in Paragraph 87 is a statement of law requiring a legal conclusion. Defendant therefore does not admit or deny the statement of law contained in this Paragraph.

88. The allegation in Paragraph 88 is a statement of law requiring a legal conclusion. Defendant therefore does not admit or deny the statement of law contained in this Paragraph.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

1    92.    Defendant denies the allegations in Paragraph 92.

2    93.    Answering the allegations in Paragraph 93, Defendant incorporates the preceding Paragraphs 1 through 92 of this Answer by reference as if fully set forth herein.

4    94.    Defendant denies the allegations in Paragraph 94.

5    95.    Defendant denies the allegations in Paragraph 95.

6    96.    Defendant denies the allegations in Paragraph 96.

7    97.    Defendant denies the allegations in Paragraph 97.

8    98.    Defendant denies the allegations in Paragraph 98.

9    99.    Defendant denies the allegations in Paragraph 99.

10   100.   Defendant denies the allegations in Paragraph 100.

11   101.   Defendant denies the allegations in Paragraph 101.

12   102.   Defendant denies the allegations in Paragraph 102.

13   103.   Defendant denies the allegation in Paragraph 103.

14   104.   Defendant denies the allegation in Paragraph 104.

15   105.   Defendant denies the allegation in Paragraph 105.

16   106.   Defendant admits that it maintains its headquarters and principle place of business in California. Defendant denies the remaining allegations of Paragraph 106.

18   107.   Defendant denies that Plaintiffs have properly set forth a claim under Business and Professions Code section 17200 and on that basis denies the allegations in Paragraph 107.

20   108.   Defendant denies the allegation in Paragraph 108 that Plaintiffs have been injured in any way.

22   109.   Answering the allegations in Paragraph 109, Defendant incorporates the preceding Paragraphs 1 through 108 of this Answer by reference as if fully set forth herein.

24   110.   Defendant admits that the exhibit Plaintiffs attached to their SAC contains the language Plaintiffs quote in Paragraph 36 of their SAC, but denies any remaining allegations in Paragraph 110.

27   111.   Defendant denies the allegation in Paragraph 111.

- 8 -

112. Defendant denies the allegations in Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies that Plaintiffs have properly set forth a claim under Business and Professions Code section 17500 and on that basis denies the allegations in Paragraph 115.

116. Answering the allegations in Paragraph 116, Defendant incorporates the preceding Paragraphs 1-55, 57-61, 63-70, 71a., b., f.-m., 72-75, 94-98, 100-108, 110-115 of this Answer by reference as if fully set forth herein.

117. Answering the allegation in Paragraph 117, Defendant incorporates the preceding Paragraph 37 of this Answer by reference as if fully set forth herein.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant denies that Plaintiffs are entitled to restitution and on that basis denies the allegations on Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

124. Defendant denies the allegation in Paragraph 124.

125. Defendant denies the allegation in Paragraph 125.

**AFFIRMATIVE DEFENSES**

By way of affirmative defense to the allegations of Plaintiffs' SAC, Google alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. The SAC, and each purported cause of action alleged therein, fails to state a cause of action against Google upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The SAC, and each purported cause of action alleged therein, fails because Plaintiffs are not entitled to the relief they seek.

**THIRD AFFIRMATIVE DEFENSE**

3. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because Google's actions were legally justified.

**FOURTH AFFIRMATIVE DEFENSE**

4. The SAC, and each purported cause of action alleged therein, is barred in whole or in part by the equitable doctrines of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

5. The SAC, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

6. The SAC, and each purported cause of action alleged therein, is barred in whole or in part by Plaintiffs' unclean hands and inequitable conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The SAC, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including without limitation Code of Civil Procedure sections 337 and 338, and Business and Professions Code section 17208.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The SAC, and each purported cause of action alleged therein, is barred in whole or in part pursuant to the Disclaimer and Limitation of Liability and Payment provisions in the parties' Agreement.

**NINTH AFFIRMATIVE DEFENSE**

9. The SAC, and each purported cause of action alleged therein, is barred in whole or in part by Plaintiffs' failure to perform and/or comply with the terms and conditions of their agreement with Google.

**TENTH AFFIRMATIVE DEFENSE**

10. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because Google has fully and substantially performed all obligations, if any, owing to Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because Google's performance under the subject contract was not required by virtue of a failure of a condition precedent.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The SAC, and each purported cause of action alleged therein, is barred in whole or in part due to the failure of consideration.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because any alleged breaches of the contract between Plaintiffs and Google are not material.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because of and to the extent of Plaintiffs' failure to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The SAC, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of off-set and Plaintiffs' own negligence, fraud, and/or breach of contract.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. The SAC, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of accord and satisfaction.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because the parties substituted a new obligation, with intent to extinguish the old obligation, under the doctrine of novation.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because the parties modified their written agreement with another written agreement.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. The SAC, and each purported cause of action alleged therein, is barred in whole or in part by reason of Plaintiffs' failure to fulfill each and every condition, or perform or substantially perform each and every obligation, it was bound to fulfill or perform under the subject contract, thereby excusing Google from performance under same.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. The SAC, and each purported cause of action alleged therein, is barred in whole or in part based on the ground of unjustifiable reliance.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. The SAC, and each purported cause of action alleged therein, is barred in whole or in part based on the ground of lack of reliance.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. The SAC, and each purported cause of action alleged therein, is barred in whole or in part based on the ground that Plaintiffs' alleged injuries, if any, were actually and proximately caused by Plaintiffs' contributory negligence.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Any and all damages allegedly incurred by Plaintiffs as set forth in their SAC were proximately caused by, and attributable in whole or in part to the acts of, persons, firms, and entities other than Google, and Google had no responsibility or liability for the alleged damages proximately caused by and attributable to the acts of others.

Defendant Google, Inc.'s Answer to Plaintiffs' Second Amended Complaint
CASE NO. 05-03649                          [41063-0023/BY061930.123]

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiffs and others are comparatively at fault with regard to the injuries claimed by Plaintiffs, and such harm must be apportioned based upon such comparative fault.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because they are vague, ambiguous, and uncertain.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiffs, and those plaintiffs similarly situated, lack standing to sue under Proposition 64, which amended California Business & Professions Code sections 17204 and 17535 to require plaintiffs alleging violations of the Unfair Competition Law to demonstrate that they suffered actual injury.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Plaintiffs' claims, and the claims of those plaintiffs similarly situated, are barred in whole or in part by the *in pari delicto* doctrine.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Without admitting the allegations of the SAC, Google alleges that Plaintiffs' claims are barred in that the alleged practices did not occur and are not unfair in any event, the public would not likely be deceived by the alleged practices, Google would gain no competitive advantage by such alleged practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because Google's business practices are and were not "unlawful."

**THIRTIETH AFFIRMATIVE DEFENSE**

30. The SAC, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiffs had, and currently have, reasonable alternatives available for advertising.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Google's actions were for legitimate business reasons and were not based upon a violation of public policy or other factors protected by law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the SAC because Plaintiffs have suffered no irreparable injury based upon any alleged conduct of Google, and Plaintiffs have an adequate remedy at law for any such conduct.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33. The SAC, and each purported cause of action alleged therein, fails to state a cause or causes of action entitling Plaintiffs to attorneys' fees.

Because Google's investigation is ongoing, it reserves the right to assert additional defenses, if and to the extent it becomes aware of such defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Google requests the following relief:

1. That Plaintiffs take nothing by reason of their SAC;
2. That judgment be rendered in favor of Google;
3. That Google recover its costs, expenses, and attorneys' fees incurred herein; and,
4. For such other and further relief as the Court deems just and proper.

Dated: July 12, 2006                          **PERKINS COIE LLP**

                                              By: _____/s/_____
                                              M. Christopher Jhang
                                              Attorneys for Defendant GOOGLE, INC.

- 14 -

Defendant Google, Inc.'s Answer to Plaintiffs' Second
Amended Complaint
CASE NO. 05-03649

[41063-0023/BY061930.123]