DAVID T. BIDERMAN, Bar No. 101577
JUDITH B. GITTERMAN, Bar No. 115661
M. CHRISTOPHER JHANG, Bar No. 211463
**PERKINS COIE LLP**
180 Townsend Street, 3rd Floor
San Francisco, CA 94107-1909
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
Email: DBiderman@perkinscoie.com
Email: JGitterman@perkinscoie.com
Email: CJhang@perkinscoie.com

Attorneys for Defendant Google, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GOOGLE, INC.,<br><br>                    Defendant. | CASE NO.  C O5-03649 JW<br><br>**DEFENDANT GOOGLE, INC.'S MOTION TO ENLARGE TIME AND CLARIFY COURT ORDER**<br><br>Civil Local Rule 6-3 |

///

///

///

///

///

///

///

///

///

Motion to Enlarge Time and Clarify Court Order
CASE NO. 05-03649

## I.    INTRODUCTION

On June 26, 2006, the initial Case Management Conference in this action was held.  On the following day, the Court issued its Order Following Case Management Conference ("Order"), which provided in part that the scope of discovery, prior to the filing of the parties' partial summary judgment motions, "shall be limited to discerning (i) the terms and conditions of the agreement, if any, that existed between the parties. . . and (ii) the parties' understanding of those terms and conditions."  The Order provided that defendant Google, Inc. ("Google") would have an opportunity to depose "a representative from [plaintiffs] CLRB Hanson Industries and/or Howard Stern" within 40 days of the date of the Order and scheduled an October 6, 2006 hearing date for the partial summary judgment motions.

Since this conference, Google has attempted in good faith to arrange the depositions of plaintiffs but has been unsuccessful due to the parties' conflicting schedules and plaintiffs' refusal to produce both plaintiffs for deposition.  Among other things, plaintiffs claim that the representative for plaintiff CLRB Hanson Industries is unavailable from August 12 to 26 and refuse to make him available after these dates.  Google also attempted to reach a stipulation with plaintiffs to continue the corresponding hearing date for the summary judgment motion, based on plaintiff CLRB Hanson Industries' unavailability in August, but was again met with plaintiffs' refusal.

Accordingly, Google requests that the Court continue the deposition deadline set in the Order to allow Google the opportunity to depose both plaintiffs prior to the filing of its motion for partial summary judgment, and that the Court clarify Google's entitlement to depose both representative plaintiffs in this action.  Google further requests a corresponding continuance of the summary judgment hearing date so that the parties will have sufficient time following the depositions of plaintiffs to prepare their moving papers.

## II.    ARGUMENT

### A.    Legal Standard For Motions Enlarging Time.

Civil Local Rule 6-1(b) provides, in part, that "[a] request for a Court order enlarging. . . time may be made by. . . motion pursuant to Civil L.R. 6-3."  Civil Local Rule 6-3(a) provides,

1  in part, that "[a] motion to enlarge. . . time may be no more than 5 pages in length and must be

2  accompanied by a proposed order and by a declaration" that addresses the reasons for the

3  requested enlargement, describes the efforts the party has made to obtain a stipulation to the time

4  change, identifies the substantial harm or prejudice that would occur if the Court did not change

5  the time, discloses all previous time modifications in the case, whether by stipulation of Court

6  order, and describes the effect the requested time modification would have on the schedule for

7  the case.

8  **B.    A Continuance Of The Deposition Deadline Set In The Order Is Needed So That
   Google May Depose Both Plaintiffs.**

9

10  The Order provides that "[w]ithin forty (40) days of this Order, at a time and place agreed

11  on by the parties, Defendant shall have the opportunity to depose a representative from CLRB

12  Hanson Industries and/or Howard Stern."  August 6, 2006 is the 40th day from the date of the

13  Order.

14  On July 11, Google requested that plaintiffs stipulate to an extension of the Court's

15  deadline, due to lead counsel's unavailability during the two weeks preceding the August 6

16  deadline.  Declaration of M. Christopher Jhang ("Jhang Decl."), ¶ 2, Exhibit A.  Plaintiffs agreed

17  to make plaintiff Stern available for deposition between August 14 to 16, conditioned on the

18  deposition taking place in New York.  Jhang Decl., ¶¶ 3, 4, 5, Exhibits B, C, D.  Google readily

19  agreed to the deposition location requested by plaintiffs.  Jhang Decl., ¶ 4, Exhibit C.  Plaintiffs,

20  however, disputed Google's right to depose both plaintiffs and claimed that the representative for

21  plaintiff CLRB Hanson would be unavailable from August 12 to 26.  Jhang Decl., ¶ 5, Exhibit D.

22  In order to preserve its right to depose both plaintiffs and to obtain relevant documents in

23  their possession, Google served deposition notices for plaintiffs Stern and CLRB Hanson,

24  noticed for August 16 and 17, respectively, at plaintiffs' counsel's offices in New York.  Jhang

25  Decl., ¶ 6, Exhibits E, F.  Recognizing that plaintiff CLRB Hanson would be unavailable on

26  August 17, Google informed plaintiffs that it was "more than willing to work with [plaintiffs] on

27  acceptable dates."  Jhang Decl., ¶ 7, Exhibit G.  Plaintiffs, however, continued in their refusal to

28  offer plaintiff CLRB Hanson on mutually agreeable dates even though Google had, in the past,

-2-

1  agreed with plaintiffs to move hearing and conference dates at plaintiffs' request.  Jhang Decl., ¶

2  11.  After claiming that plaintiff CLRB Hanson would be unavailable for a large portion of

3  August, plaintiffs offered plaintiff CLRB Hanson only on dates which they were fully aware that

4  Google's counsel would be unavailable.  Jhang Decl., ¶¶ 2, 8, Exhibits A, H.

5      Continuance of the deposition deadline is needed so that Google can depose both

6  plaintiffs.  The Order specifies that the scope of discovery includes "the parties' understanding of

7  [the] terms and conditions [of the AdWords Agreement]."  Google should be permitted to

8  explore the understanding of both plaintiffs since they may possess different understandings of

9  the Agreement and because both plaintiffs have cast themselves as class representatives in this

10  action.  Further, the Order provides Google, as the defendant, with the option of deposing a

11  representative from either one or both plaintiffs.

12      Google met and conferred with plaintiffs, pursuant to Civil Local Rules 6-3 and 37-1, to

13  attempt to obtain a stipulation to continue the deposition deadlines.[1]  Google's requests,

14  however, have been refused or ignored by plaintiffs.  Jhang Decl., ¶¶ 7, 8, Exhibits G, H.  In

15  addition, plaintiffs have yet to acknowledge Google's entitlement to depose both plaintiffs.

16  Jhang Decl., ¶¶ 5, 7, 8, Exhibits D, G, H.

17      Accordingly, Google respectfully requests that the Court continue the deposition deadline

18  imposed by the Order to the end of the first full week of September (September 8), which would

19  provide two weeks for the parties to reach mutually acceptable dates for the depositions of

20  plaintiffs.  Google further requests that the Court clarify Google's entitlement to depose both

21  representative plaintiffs in this action.

22

23

24

---

25      [1]  Civil Local Rule 6-3 provides that "[a] motion to enlarge or shorten time. . . must be
    accompanied by a proposed order and a declaration that. . . (2) Describes the efforts the party has
26  made to obtain a stipulation to the time change."

27      Civil Local Rule 37-1 provides that "[t]he Court will not entertain a request or a motion
    to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have
28  previously conferred for the purpose of attempting to resolve all disputed issues."

Motion to Enlarge Time and Clarify Court Order
CASE NO. 05-03649                                                    [41063-0023/BY062060.052]

**C.    A Continuance Of The Summary Judgment Hearing Date Set In The Order Is Also Needed.**

In conjunction with its request for the continuance of the deposition deadline in the Order, Google further requests that the Court continue the associated summary judgment hearing date.  The Court's Order provides that "[a] hearing on a motion for partial summary judgment is set for October 6, 2006 at 9:00 a.m."  Under this hearing date, the parties' moving summary judgment papers would be due on September 1st.  Given that the deposition of plaintiff CLRB Hanson Industries would not occur until late August or early September, Google requests an appropriate continuance of the current hearing date to allow the parties additional time to analyze the deposition testimony and prepare their moving papers.

Accordingly, Google respectfully requests that this hearing date be continued to November 20, thereby setting the briefing deadline for the moving papers on October 16 (approximately one month after the depositions of both plaintiffs have occurred).

### III.    CONCLUSION

For the above stated reasons, Google respectfully requests that the Court continue the deposition deadline set in the Order, clarify Google's entitlement to depose both representative plaintiffs, and continue the corresponding partial summary judgment hearing date set in the Order.

Dated: July 26, 2006                    **PERKINS COIE LLP**

By: _____/S/_____
                M. Christopher Jhang
                Attorneys for Defendant GOOGLE, INC.

**PROOF OF SERVICE**

I, Susan E. Daniels, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action. My business address is Perkins Coie LLP, Four Embarcadero Center, Suite 2400, San Francisco, California 94111. I am personally familiar with the business practice of Perkins Coie LLP. On July 26, 2006, I served the following document(s):

**DEFENDANT GOOGLE, INC.'S MOTION TO ENLARGE TIME AND CLARIFY COURT ORDER**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

William M. Audet, Esq.
Ryan M. Hagan, Esq.
Jason Baker, Esq.
ALEXANDER, HAWES & AUDET, LLP
152 North Third Street, Suite 600
San Jose, CA 95112
Tel: (408) 289-1776; Fax: (408) 287-1776

XXX   (By Hand)  I caused each envelope
to be delivered by hand to the offices listed
above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed at San Francisco, California.

DATED: July 26, 2006                          _____/S/_____
                                                        Susan E. Daniels