1  DAVID T. BIDERMAN, Bar No. 101577
   JUDITH B. GITTERMAN, Bar No. 115661
2  M. CHRISTOPHER JHANG, Bar No. 211463
   **PERKINS COIE LLP**
3  180 Townsend Street, 3rd Floor
   San Francisco, CA 94107-1909
4  Telephone: (415) 344-7000
   Facsimile: (415) 344-7050
5  Email: DBiderman@perkinscoie.com
   Email: JGitterman@perkinscoie.com
6  Email: CJhang@perkinscoie.com

7  Attorneys for Defendant Google, Inc.

8
                    **UNITED STATES DISTRICT COURT**
9
          **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
10

11
   CLRB HANSON INDUSTRIES, LLC d/b/a         CASE NO. C O5-03649 JW
12 INDUSTRIAL PRINTING, and HOWARD
   STERN, on behalf of themselves and all others   **DECLARATION OF M.**
13 similarly situated,                             **CHRISTOPHER JHANG IN SUPPORT**
                                                   **OF DEFENDANT'S MOTION TO**
14                Plaintiffs,                      **ENLARGE TIME AND CLARIFY**
                                                   **COURT ORDER**
15        v.

16 GOOGLE, INC.,

17                Defendant.

18

Declaration of M. Christopher Jhang in Support of
Defendant's Motion to Enlarge Time and Clarify Court Order
CASE NO. 05-03649

[41063-0023/BY062060.131]
Dockets.Justia.com

I, M. Christopher Jhang, declare as follows:

1. I am an attorney duly licensed to practice law in all of the courts of the State of California and this Court, and am an attorney with the law firm of Perkins Coie LLP, attorneys of record herein for defendant Google, Inc. ("Google"). If called upon to testify to the truth of the matters stated in this declaration, I could and would be able to do so competently of my own personal knowledge.

2. On July 11, 2006, I sent plaintiffs' counsel an email explaining that the attorney who will be taking the depositions of plaintiffs, David Biderman (lead counsel), will be unavailable the last week of July and the first week of August. Because the Court's Order Following Case Management Conference ("Order") entered on June 27, 2006 sets August 6, 2006 as the deadline by which Google "shall have the opportunity to depose a representative from [plaintiffs] CLRB Hanson Industries and/or Howard Stern," I requested that plaintiffs stipulate to an extension of the deadline imposed by the Order. A true and correct copy of my email to plaintiffs' counsel is attached hereto as Exhibit A.

3. On July 13, 2006, plaintiffs' counsel Michele Raphael sent an email agreeing to make plaintiff Howard Stern available between August 9 to 11, 2006, conditioned on the deposition taking place in New York. Plaintiffs did not provide dates for plaintiff CLRB Hanson Industries' deposition. A true and correct copy of plaintiffs' counsel's email is attached hereto as Exhibit B.

4. On July 13, 2006, I informed plaintiffs' counsel by email that Google is willing to travel to New York to take the depositions, but that the depositions would have to occur the following week, between August 14 to 16, 2006. I also reminded plaintiffs' counsel that Google is entitled to, and seeks to, depose both plaintiffs. A true and correct copy of my email is attached hereto as Exhibit C.

5. On July 13, 2006, plaintiffs' counsel sent an email disputing Google's right to depose both plaintiffs and stating that the representative of plaintiff CLRB Hanson Industries is unavailable from August 12 through 26, 2006. Plaintiffs' counsel agreed to make plaintiff

- 1 -

Declaration of M. Christopher Jhang in Support of
Defendant's Motion to Enlarge Time and Clarify Court Order
CASE NO. 05-03649                                    [41063-0023/BY062060.131]

1  Howard Stern available between August 14 to 16, 2006.  A true and correct copy of this email is
2  attached hereto as Exhibit D.
3        6.    On July 17, 2006, in order to preserve its right to depose both plaintiffs and to
4  receive requested documents, Google served deposition notices for plaintiffs Howard Stern and
5  CLRB Hanson Industries, noticed for August 16 and 17, 2006, respectively, at plaintiffs'
6  counsel's offices in New York.  A true and correct copy of these deposition notices are attached
7  hereto as Exhibits E and F.
8        7.    On July 19, 2006, I sent plaintiffs' counsel an email in response to a letter that she
9  had sent directly to Judge Ware of this Court.  In my email, I notified plaintiffs' counsel that
10 Google had recently served deposition notices for both plaintiffs, with accompanying requests
11 for documents, in order to preserve its right to the requested discovery and its right to depose
12 both plaintiffs.  I also informed plaintiffs' counsel that I was "of course more than willing to
13 work with you on acceptable dates," given that plaintiffs had previously stated that the
14 representative for plaintiff CLRB Hanson Industries would be unavailable for deposition from
15 August 12 to 26, 2006.  In addition, I reminded plaintiffs' counsel that Google has "the option of
16 deposing both plaintiffs under the court's order" and requested that plaintiffs "agree to stipulate
17 to the continuance of the summary judgment hearing date to allow for the deposition of both
18 plaintiffs to occur prior to any briefing deadlines."  A true and correct copy of my email is
19 attached hereto as Exhibit G.
20       8.    By email on July 20, 2006, plaintiffs' counsel indicated that the representative of
21 plaintiff CLRB Hanson Industries would not be made available for deposition after August 26,
22 2006, and instead, stated that he was available only during the time period which I had
23 previously informed plaintiffs that Google's counsel would be unavailable (i.e., the last week of
24 July and first week of August).  Plaintiffs' counsel also failed to acknowledge Google's
25 entitlement to depose **both** plaintiffs and failed to respond to my request for a stipulation to the
26 continuance of the summary judgment hearing date.  A true and correct copy of plaintiffs'
27 counsel's email is attached hereto as Exhibit H.
28

- 2 -

Declaration of M. Christopher Jhang in Support of
Defendant's Motion to Enlarge Time and Clarify Court Order
CASE NO. 05-03649                   [41063-0023/BY062060.131]

9.   There is good cause for this Court to grant a continuance of the deposition deadline set in the Order.  A continuance will allow Google the opportunity to depose both plaintiffs regarding their understanding of the Agreement prior to the filing of its motion for partial summary judgment.  In addition, Google requests clarification of Google's entitlement to depose both representative plaintiffs because plaintiffs have disputed this right.  Google will be substantially prejudiced if the deadline is not continued and Google is not permitted to depose both plaintiffs prior to briefing partial summary judgment, because plaintiffs may possess different understandings of the parties' alleged Agreement which Google will not have an opportunity to explore, and because both plaintiffs have cast themselves as class representatives in this action.

10.   In conjunction with the request for continuance of the deposition deadline, there is good cause for a continuance of the associated partial summary judgment hearing date because it will provide the parties with sufficient time following the depositions of plaintiffs to prepare their moving papers.  Google will be substantially prejudiced if the hearing date is not continued because it will not have sufficient time to analyze plaintiff CLRB Hanson Industries' deposition testimony prior to the filing of its moving papers.

11.   All previous time modifications in this case, whether by stipulation or Court order, are as follows:

- On or about September 15, 2005, the parties filed a stipulation to extend the time for Google to respond to the Complaint by 30 days.
- On November 22, 2005, the parties filed a stipulation for extension of time for Google to respond to plaintiffs' First Amended Complaint.
- On December 22, 2005, the parties filed a stipulation continuing the parties' January 9, 2006 Joint Case Management Statement deadline to April 21, 2006, and continuing the January 23, 2006 Initial Case Management Conference to May 1, 2006.
- On January 31, 2006, the Court on its own motion continued the hearing on Google's Motion to Dismiss from March 6, 2006 to March 13, 2006.

Declaration of M. Christopher Jhang in Support of
Defendant's Motion to Enlarge Time and Clarify Court Order
CASE NO. 05-03649                                                                                          [41063-0023/BY062060.131]

1  
2  
3  
4  
5  
6  

- On February 17, 2006, the parties filed a stipulation continuing the March 13, 2006 hearing date for Google's Motion to Dismiss to April 3, 2006, advancing the April 21, 2006 Joint Case Management Statement deadline to March 24, 2006, and advancing the May 1, 2006 Case Management Conference to April 3, 2006.  Google's counsel agreed to the April 3, 2006 hearing and conference dates to accommodate plaintiffs' counsel's request for this date.

7   12. The requested continuances (and requested clarification of Order) would have no impact on the schedule for the case since no other dates or deadlines have been set, and are not likely to be set until the partial summary judgment motions are heard, in this matter.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 26th day of July, 2006, at San Francisco, California.

                                           /S/  
                                  M. Christopher Jhang

Declaration of M. Christopher Jhang in Support of  
Defendant's Motion to Enlarge Time and Clarify Court Order  
CASE NO. 05-03649

[41063-0023/BY062060.131]

# PROOF OF SERVICE

I, Susan E. Daniels, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action. My business address is Perkins Coie LLP, Four Embarcadero Center, Suite 2400, San Francisco, California 94111. I am personally familiar with the business practice of Perkins Coie LLP. On July 26, 2006, I served the following document(s):

**DECLARATION OF M. CHRISTOPHER JHANG IN SUPPORT OF DEFENDANT GOOGLE, INC.'S MOTION TO ENLARGE TIME AND CLARIFY COURT ORDER**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

William M. Audet, Esq.
Ryan M. Hagan, Esq.
Jason Baker, Esq.
ALEXANDER, HAWES & AUDET, LLP
152 North Third Street, Suite 600
San Jose, CA 95112
Tel: (408) 289-1776; Fax: (408) 287-1776

XXX   (By Hand)  I caused each envelope to be delivered by hand to the offices listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed at San Francisco, California.

DATED: July 26, 2006                          /S/
                                        Susan E. Daniels

- 1 -
Declaration of M. Christopher Jhang in Support of
Defendant's Motion to Enlarge Time and Clarify Court Order
CASE NO. 05-03649                                      [41063-0023/BY062060.131]