# EXHIBIT A

## TO THE DECLARATION OF M. CHRISTOPHER JHANG

Dockets.Justia.com

**Jhang, M. Christopher  (Perkins Coie)**

| | |
|---|---|
| **From:** | Jhang, M. Christopher  (Perkins Coie) |
| **Sent:** | Tuesday, July 11, 2006 7:42 PM |
| **To:** | 'Michele F. Raphael' |
| **Cc:** | Biderman, David  (Perkins Coie); Gitterman, Judith  (Perkins Coie) |
| **Subject:** | Extension of deadline - Hanson v. Google |

Michele, David Biderman, who will be taking the depositions of plaintiffs, will be unavailable the last week of July and the first week of August.  The deadline for defendant to have an opportunity to depose plaintiffs, pursuant to the court's June 27 order, falls on August 6.  We would like to extend the deadline imposed by the court so that the depositions can be taken in the following week (between August 9-11).  Please let us know if you are willing to stipulate to the extension of this deadline.  If so, we will take care of preparing the stipulation requesting an order changing time fixed by court order. Thanks.

Chris

# EXHIBIT B

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

**Jhang, M. Christopher (Perkins Coie)**

| | |
|---|---|
| **From:** | Michele F. Raphael [MRaphael@wolfpopper.com] |
| **Sent:** | Thursday, July 13, 2006 9:53 AM |
| **To:** | Jhang, M. Christopher (Perkins Coie) |
| **Cc:** | Lester L. Levy |
| **Subject:** | Google |

Chris:

We are in receipt of your request to extend the dates in paragraph 3 of Judge Ware's Order Following Case Management Conference, which calls for defendant to have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern. In the spirit of cooperation, we will present Howard Stern for deposition in the period you suggest (August 9 through August 11) in New York.  Mr. Stern, during this summer, is the caregiver for young children and being away from them would present a hardship.  If you prefer, we can set up a video conference deposition so you can take it from San Francisco and we will pay for the extra cost of a video conference deposition.

Michele

**************************************************
The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093

# EXHIBIT C

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

## Jhang, M. Christopher (Perkins Coie)

**From:** Jhang, M. Christopher (Perkins Coie)
**Sent:** Thursday, July 13, 2006 11:36 AM
**To:** 'Michele F. Raphael'
**Cc:** Lester L. Levy; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Subject:** RE: Google

Michele,

We will take the depositions of plaintiffs in person. We are willing to travel to New York to take the depositions, but this will have to occur on the following week, August 14-16.

Also, the Court's June 27 Order provides that the scope of discovery includes "the parties' understanding of [the AdWords] terms and conditions." Further, the order states Google shall take the deposition of both plaintiffs if it so chooses. Google is entitled to explore the understanding of both plaintiffs, and we seek to depose both in the August 14-16 time period unless one of the plaintiffs is dismissed.

Chris

-----Original Message-----
**From:** Michele F. Raphael [mailto:MRaphael@wolfpopper.com]
**Sent:** Thursday, July 13, 2006 9:53 AM
**To:** Jhang, M. Christopher (Perkins Coie)
**Cc:** Lester L. Levy
**Subject:** Google

Chris:

We are in receipt of your request to extend the dates in paragraph 3 of Judge Ware's Order Following Case Management Conference, which calls for defendant to have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern. In the spirit of cooperation, we will present Howard Stern for deposition in the period you suggest (August 9 through August 11) in New York. Mr. Stern, during this summer, is the caregiver for young children and being away from them would present a hardship. If you prefer, we can set up a video conference deposition so you can take it from San Francisco and we will pay for the extra cost of a video conference deposition.

Michele

*************************************************
The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093

# EXHIBIT D

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

## Jhang, M. Christopher (Perkins Coie)

**From:**     Michele F. Raphael [MRaphael@wolfpopper.com]
**Sent:**     Thursday, July 13, 2006 12:39 PM
**To:**     Jhang, M. Christopher (Perkins Coie)
**Cc:**     Lester L. Levy; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Subject:** RE: Google

Chris:

     The term "parties' understanding" relates to the competing understandings between plaintiffs, on one hand, and defendant, on the other. Also, the Court's Order states that the defendants shall have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern. The Court did not say defendant had the opportunity to depose CLRB Hanson Industries <u>and</u> Howard Stern. Nevertheless, we have asked Mr. Hanson about his availability and he is not available August 12 through August 26. Mr. Stern will be available August 14 through August 16. - - Michele

---

**From:** Jhang, M. Christopher (Perkins Coie) [mailto:CJhang@perkinscoie.com]
**Sent:** Thursday, July 13, 2006 2:36 PM
**To:** Michele F. Raphael
**Cc:** Lester L. Levy; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Subject:** RE: Google

Michele,

We will take the depositions of plaintiffs in person. We are willing to travel to New York to take the depositions, but this will have to occur on the following week, August 14-16.

Also, the Court's June 27 Order provides that the scope of discovery includes "the parties' understanding of [the AdWords] terms and conditions." Further, the order states Google shall take the deposition of both plaintiffs if it so chooses. Google is entitled to explore the understanding of both plaintiffs, and we seek to depose both in the August 14-16 time period unless one of the plaintiffs is dismissed.

Chris

     -----Original Message-----
     **From:** Michele F. Raphael [mailto:MRaphael@wolfpopper.com]
     **Sent:** Thursday, July 13, 2006 9:53 AM
     **To:** Jhang, M. Christopher (Perkins Coie)
     **Cc:** Lester L. Levy
     **Subject:** Google

     Chris:

          We are in receipt of your request to extend the dates in paragraph 3 of Judge Ware's Order Following Case Management Conference, which calls for defendant to have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern. In the spirit of cooperation, we will present Howard Stern for deposition in the period you suggest (August 9 through August 11) in New York. Mr. Stern, during this summer, is the caregiver for young children and being away from them would present a hardship. If you prefer, we can set up a video conference deposition so you can take it from San Francisco and we will pay for the extra cost of a

video conference deposition.

Michele

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT E

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

1  DAVID T. BIDERMAN, Bar No. 101577
   JUDITH B. GITTERMAN, Bar No. 115661
2  M. CHRISTOPHER JHANG, Bar No. 211463
   **PERKINS COIE LLP**
3  180 Townsend Street, 3rd Floor
   San Francisco, CA 94107-1909
4  Telephone: (415) 344-7000
   Facsimile: (415) 344-7050
5  Email: DBiderman@perkinscoie.com
   Email: JGitterman@perkinscoie.com
6  Email: CJhang@perkinscoie.com

7  Attorneys for Defendant Google, Inc.

8

9                    **UNITED STATES DISTRICT COURT**

10         **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  CLRB HANSON INDUSTRIES, LLC d/b/a          CASE NO.  C 05-03649 JW
    INDUSTRIAL PRINTING, and HOWARD
    STERN, on behalf of themselves and all others   **NOTICE OF DEPOSITION OF PLAINTIFF**
13  similarly situated,                         **HOWARD STERN; REQUEST FOR**
                                                **PRODUCTION OF DOCUMENTS, SET**
14                      Plaintiffs,             **ONE**

15          v.

16  GOOGLE, INC.,

17                      Defendant.

18

19

20  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

21          PLEASE TAKE NOTICE that pursuant to Rules 30 and 34 of the Federal Rules of Civil

22  Procedure, defendant Google, Inc. ("Google") will take the deposition of plaintiff Howard Stern

23  ("Stern") on August 16, 2006, at 9:30 a.m. at the offices of Wolf Popper LLP, 845 Third

24  Avenue, New York, New York 10022.  This deposition will be taken before a duly certified

25  notary public, and will continue from day-to-day until completed.  This deposition will be

26  recorded stenographically, may also be recorded by videotape and/or audiotape, and may be

27  recorded in real time.

28

1    NOTICE IS FURTHER GIVEN that, pursuant to Federal Rule of Civil Procedure 34,

2  Google hereby requests that plaintiff Stern provide responses to the following requests for

3  production of documents and produce all responsive documents within plaintiff Stern's

4  possession, custody or control at this above-noticed deposition, in accordance with the

5  Definitions and Instructions set forth below.

6                                    **DEFINITIONS**

7    The terms "YOU" and "YOUR" refer to plaintiff Howard Stern, and include any of his

8  agents, representatives, attorneys, or any other person or entity acting on his behalf or subject to

9  his control.

10    The term "DOCUMENT" shall mean and include any type of written, recorded,

11  electronic, graphic, or photographic matter of any kind or character, however produced or

12  reproduced, including but not limited to all photographs, sketches, drawings, videotapes,

13  audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, correspondence, brochures,

14  manuals, press releases, transcripts of interviews, transcripts of speeches, product guides,

15  contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers,

16  plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files

17  (and their contents), notes to the files, reports, publications, mechanical and electronic sound

18  recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal

19  conversations or of meetings or conferences, maps, studies, reports, charts, inter-office

20  communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks,

21  receipts, and invoices.

22    The term "PERSON" includes the plural as well as the singular, and includes any natural

23  person, firm, association, partnership, corporation, or other form of legal entity, unless the

24  context indicates otherwise.

25    The term "SECOND AMENDED COMPLAINT" refers to: the Second Amended Class

26  Action Complaint filed by YOU in this action in the United States District Court, Northern

27  District of California, San Jose Division and designated Case Number C 05-03649 JW.

28

-2-

NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649

[41063-0023/BY061940.081]

1    The term "AGREEMENT" refers to the contract YOU claim YOU entered into with

2    Google to advertise on Google's AdWords program, which according to paragraph 19 in YOUR

3    SECOND AMENDED COMPLAINT consists of the Google Inc. AdWords Program Terms and

4    Frequently Asked Questions.

5    The terms "REFER" or "RELATE" as used herein encompass all things and information

6    which constitute, mention, refer, or relate in any way, in whole or in part, to any one or more of

7    the matters described in the discovery request involved.

8    "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the

9    requests more inclusive. The term "all" shall mean "any and all," and the term "any" shall mean

10    "any and all." The singular of any word or phrase shall include the plural of such word or

11    phrase, and the plural of any word or phrase shall include the singular of such word or phrase.

12    **INSTRUCTIONS**

13    1.    In response to the following document requests, Google requests that YOU

14    furnish any documents referred to below that are available to YOU, including without limitation,

15    documents within the possession, custody, or control of YOUR present or former attorneys,

16    accountants, representatives, consultants, agents, investigators, experts, or anyone else acting on

17    YOUR behalf.

18    2.    To the extent YOU withhold any information, documents, or portion thereof,

19    because of a claim of privilege or immunity or otherwise, please provide a privilege log setting

20    forth the general nature of the information, document, or thing or portion thereof withheld, as

21    well as any other information necessary for the Court's analysis of and ruling on YOUR

22    privilege claim, including, without limitation, identifying the document(s) by date, names of

23    author and recipient, subject matter, and the number of each of these Requests with respect to

24    which such information is being withheld.

25    3.    YOU should produce all documents in the same form and order in which they

26    existed prior to production, including without limitation, in the manual, booklet, binder, file,

27    folder, envelope, or other document or container in which YOU ordinarily keep or maintain

28

- 3 -

NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649

[41063-0023/BY061940.081]

1  them. If for any reason YOU cannot produce the container, YOU should produce copies of all

2  labels or other identifying marking(s) thereon.

3        4.      YOU must produce electronic records and computerized information in an

4  intelligible format or together with a description of the system from which they were derived

5  sufficient to permit rendering the records and information intelligible.

6        5.      Any comment, notation, or marking appearing on any document, and not a part of

7  the original, is to be considered a separate document, and any draft, preliminary form, or

8  superseded version of any document is also to be considered a separate document.

9        6.      To the extent that YOU object to any portion of any category of documents called

10  for by any document request, YOU should produce all documents within each category to which

11  YOUR objections do not apply.

12                    **REQUESTS FOR PRODUCTION**

13  **REQUEST NO. 1:**

14        All DOCUMENTS that YOU contend constitute the terms and conditions of YOUR

15  AGREEMENT.

16  **REQUEST NO. 2:**

17        All DOCUMENTS that REFER or RELATE to YOUR AGREEMENT.

18  **REQUEST NO. 3:**

19        All DOCUMENTS that REFER or RELATE to YOUR understanding of the provisions

20  of YOUR AGREEMENT.

21  **REQUEST NO. 4:**

22        All DOCUMENTS that REFER or RELATE to any communications between YOU and

23  any PERSON regarding YOUR AGREEMENT.

24  **REQUEST NO. 5:**

25        All DOCUMENTS including electronic versions on computer hard drives or other media

26  that REFER or RELATE to communications between Google and YOU, including but not

27

28
                                        - 4 -

1    limited to all pages from YOUR AdWords account from the date YOU signed-up for AdWords

2    to the present.

3    **REQUEST NO. 6:**

4        All DOCUMENTS that REFER or RELATE to any communications between YOU and

5    any PERSON regarding YOUR understanding of the provisions of YOUR AGREEMENT.

6    **REQUEST NO. 7:**

7        All DOCUMENTS that YOU reviewed, at the time YOU first signed-up to advertise on

8    Google's AdWords program, which REFER or RELATE to Google's AdWords program.

9    **REQUEST NO. 8:**

10        All DOCUMENTS that YOU reviewed, subsequent to signing-up to advertise on

11    Google's AdWords program, which REFER or RELATE to Google's AdWords program.

12    **REQUEST NO. 9:**

13        All correspondence between YOU and plaintiff CLRB Hanson Industries, LLC, d/b/a/

14    Industrial Printing ("CLRB Hanson Industries"), Brett Hanson, Cindy Hanson, or any other

15    representative of CLRB Hanson Industries, that REFER or RELATE to Google's AdWords

16    program.

17    **REQUEST NO. 10:**

18        All DOCUMENTS that support YOUR claim that YOU were charged by Google in

19    excess of amounts YOU should have been charged pursuant to YOUR AGREEMENT, including

20    but not limited to all invoices, billing statements, and credit card statements.

21    **REQUEST NO. 11:**

22        All credit card statements relating to YOUR charges by Google or credits YOU received

23    from Google.

24    Dated: July 17, 2006            **PERKINS COIE LLP**

25                                    By: _____

26                                        M. Christopher Jhang
                                        Attorneys for Defendant GOOGLE, INC.

27

28

NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649                                    [41063-0023/BY061940.081]

1

**PROOF OF SERVICE**

2      I, Susan E. Daniels, declare:

3          I am a citizen of the United States and am employed in the County of San Francisco,

4      State of California. I am over the age of 18 years and am not a party to the within action. My

5      business address is Perkins Coie LLP, 180 Townsend Street, 3rd Floor, San Francisco, California

6      94107-1909. I am personally familiar with the business practice of Perkins Coie LLP. On July

7      17, 2006, I served the following document(s):

8          **NOTICE OF DEPOSITION OF PLAINTIFF HOWARD STERN; REQUEST FOR**
           **PRODUCTION OF DOCUMENTS, SET ONE**

9

10     by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

11     William M. Audet, Esq.                          Attorney for Plaintiffs and
       Ryan M. Hagan, Esq.                             the Proposed Class
       Jason Baker, Esq.

12     ALEXANDER, HAWES & AUDET, LLP

13     152 North Third Street, Suite 600
       San Jose, CA 95112

14     Tel: (408) 289-1776; Fax: (408) 287-1776

15     XXX   (By Hand) I caused each envelope
       to be delivered by hand to the offices listed

16     above.

17     Lester L. Levy, Esq.                            Attorney for Plaintiffs and
       Michele F. Raphael, Esq.                        the Proposed Class

18     Renee L. Karalian, Esq.
       WOLF POPPER LLP

19     845 Third Avenue
       New York, NY 10022

20     Tel: (212) 759-4600; Fax: (212) 486-2093

21

22     XXX   (By Mail) I caused each envelope
       with postage fully prepaid to be placed for

23     collection and mailing following the
       ordinary business practices of Perkins Coie
       LLP.

24

25     I declare under penalty of perjury under the laws of the State of California that the above is

26     true and correct and that this declaration was executed at San Francisco, California.

27          DATED: July 17, 2006

28                                                Susan E. Daniels

# EXHIBIT F

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

1   DAVID T. BIDERMAN, Bar No. 101577
    JUDITH B. GITTERMAN, Bar No. 115661
2   M. CHRISTOPHER JHANG, Bar No. 211463
    **PERKINS COIE LLP**
3   180 Townsend Street, 3rd Floor
    San Francisco, CA 94107-1909
4   Telephone: (415) 344-7000
    Facsimile: (415) 344-7050
5   Email: DBiderman@perkinscoie.com
    Email: JGitterman@perkinscoie.com
6   Email: CJhang@perkinscoie.com

7   Attorneys for Defendant Google, Inc.

8                   **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11  CLRB HANSON INDUSTRIES, LLC d/b/a          CASE NO.  C 05-03649 JW
    INDUSTRIAL PRINTING, and HOWARD
12  STERN, on behalf of themselves and all others   **NOTICE OF DEPOSITION OF PLAINTIFF**
    similarly situated,                          **CLRB HANSON INDUSTRIES PURSUANT**
13                                               **TO FED. R. CIV. P. 30(b)(6); REQUEST**
                    Plaintiffs,                   **FOR PRODUCTION OF DOCUMENTS,**
14                                               **SET ONE**

15          v.

16  GOOGLE, INC.,

17                  Defendant.

18

19

20  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

21          PLEASE TAKE NOTICE that pursuant to Rules 30 and 34 of the Federal Rules of Civil

22  Procedure, defendant Google, Inc. ("Google") will take the deposition of plaintiff CLRB Hanson

23  Industries, LLC, d/b/a/ Industrial Printing ("CLRB Hanson Industries") on August 17, 2006, at

24  9:30 a.m. at the offices of Wolf Popper LLP, 845 Third Avenue, New York, New York 10022.

25  This deposition will be taken before a duly certified notary public, and will continue from day-

26  to-day until completed.  This deposition will be recorded stenographically, may also be recorded

27  by videotape and/or audiotape, and may be recorded in real time.

28

1    CLRB Hanson Industries shall designate one or more persons to testify regarding the

2    subjects attached to this Notice as Exhibit A, in accordance with the Definitions set forth therein.

3    NOTICE IS FURTHER GIVEN that, pursuant to Federal Rule of Civil Procedure 34,

4    Google requests that CLRB Hanson Industries provide responses to the requests for production

5    of documents attached to this Notice as Exhibit B, in accordance with the Definitions and

6    Instructions set forth therein, and produce all responsive documents within CLRB Hanson

7    Industries' possession, custody or control at this above-noticed deposition.

8    Dated: July 17, 2006              **PERKINS COIE LLP**

9                                      By: _____

10                                         M. Christopher Jhang
                                           Attorneys for Defendant GOOGLE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649

[41063-0023/BY061880.069]

# EXHIBIT A

## Definitions

The terms "YOU" and "YOUR" refer to plaintiff CLRB Hanson Industries, and include any of its predecessors-in-interest, divisions, subsidiaries, officers, directors, trustees, employees, agents, representatives, attorneys, or any other person or entity acting on its behalf or subject to its control.

The term "DOCUMENT" shall mean and include any type of written, recorded, electronic, graphic, or photographic matter of any kind or character, however produced or reproduced, including but not limited to all photographs, sketches, drawings, videotapes, audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, correspondence, brochures, manuals, press releases, transcripts of interviews, transcripts of speeches, product guides, contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers, plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files (and their contents), notes to the files, reports, publications, mechanical and electronic sound recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, maps, studies, reports, charts, inter-office communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, receipts, and invoices.

The term "PERSON" includes the plural as well as the singular, and includes any natural person, firm, association, partnership, corporation, or other form of legal entity, unless the context indicates otherwise.

The term "SECOND AMENDED COMPLAINT" refers to: the Second Amended Class Action Complaint filed by YOU in this action in the United States District Court, Northern District of California, San Jose Division and designated Case Number C 05-03649 JW.

The term "AGREEMENT" refers to the contract YOU claim YOU entered into with Google to advertise on Google's AdWords program, which according to paragraph 19 in YOUR

-3-

1  SECOND AMENDED COMPLAINT consists of the Google Inc. AdWords Program Terms and

2  Frequently Asked Questions.

3       The terms "REFER" or "RELATE" as used herein encompass all things and information

4  which constitute, mention, refer, or relate in any way, in whole or in part, to any one or more of

5  the matters described in the discovery request involved.

6       "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the

7  requests more inclusive.  The term "all" shall mean "any and all," and the term "any" shall mean

8  "any and all."  The singular of any word or phrase shall include the plural of such word or

9  phrase, and the plural of any word or phrase shall include the singular of such word or phrase.

10  **Topics**

11  **DEPOSITION TOPIC NO. 1:**

12       The terms and conditions of YOUR AGREEMENT.

13  **DEPOSITION TOPIC NO. 2:**

14       YOUR understanding of the provisions of YOUR AGREEMENT.

15  **DEPOSITION TOPIC NO. 3:**

16       Communications between YOU and any PERSON regarding YOUR AGREEMENT.

17  **DEPOSITION TOPIC NO. 4:**

18       Communications between YOU and any PERSON regarding YOUR understanding of the

19  provisions of YOUR AGREEMENT.

20  **DEPOSITION TOPIC NO. 5:**

21       Communications between YOU and Google regarding YOUR AGREEMENT.

22  **DEPOSITION TOPIC NO. 6:**

23       All DOCUMENTS that YOU reviewed, at the time YOU first signed-up to advertise on

24  Google's AdWords program, which REFER or RELATE to Google's AdWords program.

25  **DEPOSITION TOPIC NO. 7:**

26       All DOCUMENTS that YOU reviewed, subsequent to signing-up to advertise on

27  Google's AdWords program, which REFER or RELATE to Google's AdWords program.

28

NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649

[41063-0023/BY061880.069]

**DEPOSITION TOPIC NO. 8:**

Communications between YOU and plaintiff Howard Stern regarding Google's AdWords program.

**DEPOSITION TOPIC NO. 9:**

Communications between YOU and Brett Hanson, Cindy Hanson, or any other representative of YOURS, regarding Google's AdWords program.

**DEPOSITION TOPIC NO. 10:**

All support for YOUR claim that YOU were charged by Google in excess of amounts YOU should have been charged pursuant to YOUR AGREEMENT.

**DEPOSITION TOPIC NO. 11:**

All of YOUR charges by Google or credits YOU received from Google.

- 5 -

NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649

[41063-0023/BY061880.069]

1

**EXHIBIT B**

2

**Definitions**

3       The terms "YOU" and "YOUR" refer to plaintiff CLRB Hanson Industries, and include

4    any of its predecessors-in-interest, divisions, subsidiaries, officers, directors, trustees, employees,

5    agents, representatives, attorneys, or any other person or entity acting on its behalf or subject to

6    its control.

7       The term "DOCUMENT" shall mean and include any type of written, recorded,

8    electronic, graphic, or photographic matter of any kind or character, however produced or

9    reproduced, including but not limited to all photographs, sketches, drawings, videotapes,

10   audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, correspondence, brochures,

11   manuals, press releases, transcripts of interviews, transcripts of speeches, product guides,

12   contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers,

13   plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files

14   (and their contents), notes to the files, reports, publications, mechanical and electronic sound

15   recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal

16   conversations or of meetings or conferences, maps, studies, reports, charts, inter-office

17   communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks,

18   receipts, and invoices.

19      The term "PERSON" includes the plural as well as the singular, and includes any natural

20   person, firm, association, partnership, corporation, or other form of legal entity, unless the

21   context indicates otherwise.

22      The term "SECOND AMENDED COMPLAINT" refers to: the Second Amended Class

23   Action Complaint filed by YOU in this action in the United States District Court, Northern

24   District of California, San Jose Division and designated Case Number C 05-03649 JW.

25      The term "AGREEMENT" refers to the contract YOU claim YOU entered into with

26   Google to advertise on Google's AdWords program, which according to paragraph 19 in YOUR

27

28
                                        - 6 -
NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649                                    [41063-0023/BY061880.069]

1    SECOND AMENDED COMPLAINT consists of the Google Inc. AdWords Program Terms and

2    Frequently Asked Questions.

3         The terms "REFER" or "RELATE" as used herein encompass all things and information

4    which constitute, mention, refer, or relate in any way, in whole or in part, to any one or more of

5    the matters described in the discovery request involved.

6         "And" and "or" shall be construed conjunctively or disjunctively, whichever makes the

7    requests more inclusive.  The term "all" shall mean "any and all," and the term "any" shall mean

8    "any and all."  The singular of any word or phrase shall include the plural of such word or

9    phrase, and the plural of any word or phrase shall include the singular of such word or phrase.

10                                    **Instructions**

11        1.    In response to the following document requests, Google requests that YOU

12   furnish any documents referred to below that are available to YOU, including without limitation,

13   documents within the possession, custody, or control of YOUR present or former attorneys,

14   accountants, representatives, consultants, agents, investigators, experts, or anyone else acting on

15   YOUR behalf.

16        2.    To the extent YOU withhold any information, documents, or portion thereof,

17   because of a claim of privilege or immunity or otherwise, please provide a privilege log setting

18   forth the general nature of the information, document, or thing or portion thereof withheld, as

19   well as any other information necessary for the Court's analysis of and ruling on YOUR

20   privilege claim, including, without limitation, identifying the document(s) by date, names of

21   author and recipient, subject matter, and the number of each of these Requests with respect to

22   which such information is being withheld.

23        3.    YOU should produce all documents in the same form and order in which they

24   existed prior to production, including without limitation, in the manual, booklet, binder, file,

25   folder, envelope, or other document or container in which YOU ordinarily keep or maintain

26   them.  If for any reason YOU cannot produce the container, YOU should produce copies of all

27   labels or other identifying marking(s) thereon.

28

NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649

[41063-0023/BY061880.069]

1        4.      YOU must produce electronic records and computerized information in an

2    intelligible format or together with a description of the system from which they were derived

3    sufficient to permit rendering the records and information intelligible.

4        5.      Any comment, notation, or marking appearing on any document, and not a part of

5    the original, is to be considered a separate document, and any draft, preliminary form, or

6    superseded version of any document is also to be considered a separate document.

7        6.      To the extent that YOU object to any portion of any category of documents called

8    for by any document request, YOU should produce all documents within each category to which

9    YOUR objections do not apply.

10    **REQUESTS FOR PRODUCTION**

11    **REQUEST NO. 1:**

12        All DOCUMENTS that YOU contend constitute the terms and conditions of YOUR

13    AGREEMENT.

14    **REQUEST NO. 2:**

15        All DOCUMENTS that REFER or RELATE to YOUR AGREEMENT.

16    **REQUEST NO. 3:**

17        All DOCUMENTS that REFER or RELATE to YOUR understanding of the provisions

18    of YOUR AGREEMENT.

19    **REQUEST NO. 4:**

20        All DOCUMENTS that REFER or RELATE to any communications between YOU and

21    any PERSON regarding YOUR AGREEMENT.

22    **REQUEST NO. 5:**

23        All DOCUMENTS including electronic versions on computer hard drives or other media

24    that REFER or RELATE to communications between Google and YOU, including but not

25    limited to all pages from YOUR AdWords account from the date YOU signed-up for AdWords

26    to the present.

27

28

- 8 -

**REQUEST NO. 6:**

All DOCUMENTS that REFER or RELATE to any communications between YOU and any PERSON regarding YOUR understanding of the provisions of YOUR AGREEMENT.

**REQUEST NO. 7:**

All DOCUMENTS that YOU reviewed, at the time YOU first signed-up to advertise on Google's AdWords program, which REFER or RELATE to Google's AdWords program.

**REQUEST NO. 8:**

All DOCUMENTS that YOU reviewed, subsequent to signing-up to advertise on Google's AdWords program, which REFER or RELATE to Google's AdWords program.

**REQUEST NO. 9:**

All correspondence between YOU and plaintiff Howard Stern that REFER or RELATE to Google's AdWords program.

**REQUEST NO. 10:**

All correspondence between YOU and Brett Hanson, Cindy Hanson, or any other representative of YOURS, that REFER or RELATE to Google's AdWords program.

**REQUEST NO. 11:**

All DOCUMENTS that support YOUR claim that YOU were charged by Google in excess of amounts YOU should have been charged pursuant to YOUR AGREEMENT, including but not limited to all invoices, billing statements, and credit card statements.

**REQUEST NO. 12:**

All credit card statements relating to YOUR charges by Google or credits YOU received from Google.

NOTICE OF DEPOSITION OF PLAINTIFF; REQUEST
FOR PRODUCTION OF DOCUMENTS, SET ONE
CASE NO. 05-03649

[41063-0023/BY061880.069]

# PROOF OF SERVICE

I, Susan E. Daniels, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action. My business address is Perkins Coie LLP, 180 Townsend Street, 3rd Floor, San Francisco, California 94107-1909. I am personally familiar with the business practice of Perkins Coie LLP. On July 17, 2006, I served the following document(s):

**NOTICE OF DEPOSITION OF PLAINTIFF CLRB HANSON INDUSTRIES PURSUANT TO FED. R. CIV. P. 30(b)(6); REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE.**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

William M. Audet, Esq.                          Attorney for Plaintiffs and
Ryan M. Hagan, Esq.                             the Proposed Class
Jason Baker, Esq.
ALEXANDER, HAWES & AUDET, LLP
152 North Third Street, Suite 600
San Jose, CA 95112
Tel: (408) 289-1776; Fax: (408) 287-1776

XXX   (By Hand) I caused each envelope
to be delivered by hand to the offices listed
above.

Lester L. Levy, Esq.                            Attorney for Plaintiffs and
Michele F. Raphael, Esq.                        the Proposed Class
Renee L. Karalian, Esq.
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Tel: (212) 759-4600; Fax: (212) 486-2093

XXX   (By Mail) I caused each envelope
with postage fully prepaid to be placed for
collection and mailing following the
ordinary business practices of Perkins Coie
LLP.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed at San Francisco, California.

DATED: July 17, 2006

Susan E. Daniels

**Error! Reference source not found.**

[/BY061980.086]

# EXHIBIT G

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

**Jhang, M. Christopher  (Perkins Coie)**

| | |
|---|---|
| **From:** | Jhang, M. Christopher  (Perkins Coie) |
| **Sent:** | Wednesday, July 19, 2006 6:19 PM |
| **To:** | 'Michele F. Raphael' |
| **Cc:** | Biderman, David  (Perkins Coie); Gitterman, Judith  (Perkins Coie) |
| **Subject:** | Plaintiffs' letter to court - Hanson v. Google |

Michele,

We are in receipt of your letter to Judge Ware and are surprised that you have opted to seek relief from the court without making any attempt to meet and confer with us on the issues you raise in the letter.  At the case management conference, we informed Judge Ware that Google will be producing historical versions of the AdWords Terms and FAQs to plaintiffs.  Since the conference, we have been diligently and in good faith working with Google to collect these documents for production.  Our goal is to be complete in our production and it has simply taken additional time to locate the requested documents.  We are working diligently to compile the additional relevant historical documents. We anticipate such documents will be available on or before July 28.

Plaintiffs will not be prejudiced by the future receipt of historical AdWords documents.  This is particularly so because we will need to continue the scheduled summary judgment hearing date, and associated briefing deadlines, based on the unavailability of Brett Hanson for deposition (you stated in an earlier email that Hanson is unavailable from August 12 to 26).  We have the option of deposing both plaintiffs under the court's order, and believe both depositions are necessary for the summary judgment motion.  Thus, we request that plaintiffs agree to stipulate to the continuance of the summary judgment hearing date to allow for the deposition of both plaintiffs to occur prior to any briefing deadlines.

In addition, we recently served deposition notices for both plaintiffs, with accompanying requests for documents, for August 16 (pursuant to our agreement) and 17.  We noticed plaintiff CLRB Hanson's deposition for August 17 in order to preserve our right to the requested discovery, and our right to depose both plaintiffs, but are of course more than willing to work with you on acceptable dates.  Please let me know plaintiffs' positions on these issues.  Thanks.

Chris

# EXHIBIT H

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

## Jhang, M. Christopher (Perkins Coie)

| | |
|---|---|
| **From:** | Michele F. Raphael [MRaphael@wolfpopper.com] |
| **Sent:** | Thursday, July 20, 2006 12:21 PM |
| **To:** | Jhang, M. Christopher (Perkins Coie); Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie) |
| **Cc:** | Lester L. Levy; Jason Baker |
| **Subject:** | Google |

Chris,

I do not know why you would be surprised that I sought assistance from the Court, when you blatantly violated the Court's Order and the schedule set forth therein - - the schedule we achieved together with the Court.  Think of our surprise when instead of filing the required certification, you filed (late in the day – even your time) a declaration saying that you were first going to produce documents in a couple of weeks.  Perhaps you should have consulted us, and the Court, first.  Indeed, these documents should have been produced months ago.

As for the depositions, please keep in mind that it was you who wanted to go beyond the Court's schedule because of David's schedule.  CLRB Hanson is available during the court-appointed time.  Also, perhaps you should have conferred with me before noticing a deposition on a date for which I had already said CLRB would not be available.

It is plaintiffs' position that defendant cannot ignore Court orders.  The briefing schedule was set.  Defendant's taking the deposition of plaintiff beyond the Court appointed time, for its own convenience, would not have affected the timing of plaintiff's motion for summary judgment, nor defendant's response thereto.  On the other hand, Plaintiff's "future receipt" of AdWords documents that should have been produced months ago (as the initial disclosures), is as prejudicial as it is improper.

- Michele

**************************************************
The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093