1  Lester L. Levy (Admitted Pro Hac Vice)
   Michele F. Raphael (Admitted Pro Hac Vice)
2  WOLF POPPER LLP
   845 Third Avenue
3  New York NY 10022
   Telephone: 212.759.4600
4  Facsimile: 212.486.2093
   e-mail: llevy@wolfpopper.com
5  e-mail: mraphael@wolfpopper.com

6  William M. Audet (SBN 117456)
   Jason Baker (SBN 212380)
7  ALEXANDER, HAWES & AUDET, LLP
   152 North Third Street, Suite 600
8  San Jose, CA 95112
   Telephone: 408.289.1776
9  Facsimile: 408.287.1776
   e-mail: waudet@alexanderlaw.com
10 e-mail: jbaker@alexanderlaw.com

11 *Attorneys for Plaintiffs and the
   Proposed Class*

13 UNITED STATES DISTRICT COURT

14 NORTHERN DISTRICT OF CALIFORNIA

15 SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>Defendant. | CASE NO: C05-03649 JW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT GOOGLE, INC.'S MOTION TO ENLARGE TIME AND CLARIFY COURT ORDER** |

**Plaintiffs' Response to Defendant Google, Inc.'s Motion
to Enlarge Time and Clarify Court Order**
Case No: C05-03649 JW

Doc. 153896

Dockets.Justia.com

## PRELIMINARY STATEMENT

Defendant, via its Motion to Enlarge Time and Clarify Court Order, is trying to do precisely what Judge Ware would not let it do at the Case Management Conference on June 26, 2006 (the "CMC"), namely, extend the partial summary judgment motion past October 6, 2006. Faced with the schedule, Defendant is creating issues as to the Plaintiffs' depositions in order to delay the motion. More importantly, by filing this motion and focusing on the depositions of the Plaintiffs, Defendant is attempting to distract the Court from Defendant's brazen violation of this Court's Order Following Case Management Conference dated June 27, 2006 (the "CMC Order"). Indeed, notably absent from Defendant's motion papers, including Mr. M. Christopher Jhang, Esq,. declaration ("Jhang Decl."), is the fact that Google chose not to file a certification of completeness of production on July 17, 2006, as explicitly ordered by this Court, CMC Order, ¶ 2, but instead, filed a self-serving declaration saying that it will produce documents when they are ready. Since that filing necessarily affects the schedule set forth in the CMC, Plaintiffs' counsel tried to bring this issue to this Court's immediate attention for guidance, but were informed that Judge Ware was unavailable. A copy of the letter from Plaintiffs' counsel to the Court, dated July 18, 2006, is annexed to the Declaration of Michele F. Raphael in Response to Defendant Google, Inc.'s Motion to Enlarge Time and Clarify Court Order dated July 28, 2006 (the "Raphael Decl.").

## BACKGROUND

### The CMC Order

At the CMC, Judge Ware sat with counsel for both parties and, based upon the parties' respective positions as set forth in, *inter alia*, the Joint Case Management Statement, determined that it would be in the interest of justice for Plaintiffs to make a prompt motion for partial summary judgment. Then, together with counsel for both parties, he set the hearing date for Friday, October 6, 2006, as reflected in the CMC Order. During the CMC, Defendant had unsuccessfully sought to have the motion heard at some later date.

Plaintiffs' Response to Defendant Google, Inc.'s Motion
to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW
Doc. 153896
2

The CMC Order further provided that by July 17, 2006, Defendant was to "submit a sworn statement to plaintiffs that it has turned over all documents describing the terms and conditions of the AdWords agreement." CMC Order, ¶ 2.

**Defendant Violated the CMC**

It appears that Defendant knowingly and wilfully violated paragraph 2 of Judge Ware's Order.

On July 17, 2006, instead of submitting the required statement, Defendant e-filed (after 5 p.m., pacific standard time), a document labeled "Declaration Pursuant to Court's June 27, 2006 Order Following Case Management Conference." The declaration was of a paralegal at Google saying that she "anticipate[s]" completing her review of documents concerning the AdWords program Terms and Conditions by July 21, 2006, and that she will then forward the documents to outside counsel who will produce them to plaintiffs within 5 business days. Thus, Google self-servingly, unilaterally, and indefinitely extended its own discovery deadline, in disregard of the schedule set by this Court.

At no time prior to July 17, 2006, did Defendant alert Plaintiffs, nor to Plaintiffs' knowledge, this Court, about its intended failure to comply with the Court's directive.

Any relevant documents concerning the terms of its own AdWords agreement, could have, and should have, been produced by Google, an information company, in March when the parties exchanged initial disclosures.

## ARGUMENT

**I. Defendant Should Not Be Permitted to Force the Court to Extend the Partial Summary Judgment and Should be Sanctioned for its Attempt to do So**

**A. There is no Justiciable Issue Concerning Plaintiffs' Depositions**

Defendant's current focus on the depositions of one or both Plaintiffs, as a reason to put off the partial summary judgment motion, or is a red herring. First, as evidenced in the exhibits to the Jhang Declaration, Plaintiffs readily agreed to Defendant's request to go beyond the August 6, 2006, Court ordered date in order to accommodate David Biderman's schedule. The dates originally provided by defense counsel, August 9-11,

Plaintiffs' Response to Defendant Google, Inc.'s Motion
to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW

Doc. 153896                           3

2006, were well in advance of Defendant's opposition papers, and would not affect the schedule set forth in the CMC Order. See Jhang Decl., Exhs. A and B. The subsequent dates proposed by Defendant, August 14-16, 2006, likewise will not affect the schedule set forth in the CMC.

Secondly, although the CMC Order is ambiguous as to whether Defendant may depose both Plaintiffs, Plaintiffs both offered Howard Stern and never refused to produce CLRB Hanson Industries, LLC d/b/a Industrial Printing ("CLRB Hanson"). To the contrary, as evidenced in Exh. D to the Jhang Decl., in an e-mail dated July 13, 2006, Plaintiffs' counsel clearly stated that although it disagreed with Defendant's interpretation of the CMC, "[n]evertheless, we have asked Mr. Hanson about his availability . . ." Also as evidenced in Exh. D. to the Jhang Decl., Plaintiffs had promptly informed Mr. Jhang that Mr. Hanson was unavailable August 14-16, 2006, the days during which Mr. Biderman could be in New York., but that he was otherwise available throughout the Court-ordered dates. Another attorney at Perkins Coie, including Mr. Jhang, or Ms. Gitterman, both of whom have been involved in this case from the beginning, could have taken the deposition of CLRB Hanson within the CMC framework. Hence, the Plaintiffs' depositions is a non-issue and certainly not a basis for allowing Defendant to delay the summary judgment motion.

### B. Defendant and its Counsel Should be Sanctioned for Violating the CMC Order and Attempting to Mislead this Court

Defendant and its counsel's improper and dilatory conduct in failing to produce relevant documents as part of the initial disclosures, their blatant failure to comply with the dictates of the CMC Order, their attempt to prejudice Plaintiff by belatedly producing documents, and their overriding failure to address this issue in its current motion, is sanctionable pursuant to the Court's inherent authority and discretion. District courts may impose sanctions as part of their inherent power to manage their own affairs and see that their orders are not violated. The schedule for the partial summary judgment motion should remain intact, and Defendant should be precluded from producing any further

Plaintiffs' Response to Defendant Google, Inc.'s Motion
to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW
Doc. 153896

4

documents in order to prevent any prejudice to Plaintiffs. Only information provided to Plaintiffs prior to July 17, 2006, should be considered on the motion for partial summary judgment. However, if any change to the schedule is forced by Defendant's conduct, it should be minimal, and with consequences to Defendant. Defendant should still be precluded from relying on any document produced after July 17, 2006, and the time within which Defendant may prepare a response should be shortened so as to ensure a prompt hearing date, close to, if not on, October 6, 2006. Defendant should not be allowed to reset the dates. Moreover, the assistance of the Court is necessary if there is to be any rescheduling. In addition to the fact that the Court's schedule is necessarily a factor in any amendment, the Court has already shown its willingness to set a date other than a Monday and Defendant has made its quest to delay this motion, by any means, quite clear.

## CONCLUSION

Based upon the foregoing, Plaintiffs request that the schedule remain intact, as ordered, and that Defendant be precluded from relying upon any document produced subsequent to July 17, 2006. Alternatively, if, and to the extent, this Court grants Defendant's motion, any change in scheduling forced by Defendant's failure to timely produce documents concerning the Adwords agreement and their refusal to depose Plaintiffs until after the Court-ordered deadline, should not be without consequence. The Court should impose sanctions it deems appropriate.

Dated: July 28, 2006

                WOLF POPPER LLP

                By: _____/s/_____
                      Michele F. Raphael
                Attorneys for Plaintiffs

Plaintiffs' Response to Defendant Google, Inc.'s Motion
to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW

Doc. 153896

5

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

I am employed in the County of Santa Clara, State of California; my business address is 152 North Third Street, Suite 600, San Jose, California 95112; I am over the age of 18 and not a party to the within action. On this date I served the following document(s):

**PLAINTIFFS' RESPONSE TO DEFENDANT GOOGLE, INC.'S MOTION TO ENLARGE TIME AND CLARIFY COURT ORDER**

on the interested parties in this action addressed as follows:

David T. Biderman
Judith B. Gitterman
M. Christopher Jhang
PERKINS COIE LLP
Facsimile: 415.344.7050
Email: DBiderman@perkinscoie.com
Email: JGlitterman@perkinscoie.com
Email: CJhang@perkinscoie.com

[X] (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the above-referenced documents were transmitted, the transmission was reported as complete and without error and the report was properly issued.

[ ] (BY MAIL) I am readily familiar with the firm's practice for the processing of mail; on this date, the above-referenced documents were placed for collection and delivery by the U.S. Postal Service following ordinary business practices.

[ ] (BY OVERNIGHT DELIVERY) I am readily familiar with the firm's practice for the processing of documents for delivery services; on this date, the above-referenced documents were placed for collection and delivery following ordinary business practices.

[X] (BY ELECTRONIC FILING) On this date I provided the documents(s) listed above electronically through the Court's electronic filing service provider pursuant to the instructions on that website.

[X] (BY E-MAIL) On this date, the above-referenced documents were converted to electronic files and e-mailed to the addresses shown.

[ ] (BY PERSONAL SERVICE) I caused the above documents to be delivered by hand pursuant to CCP § 1011.

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[ ] State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 28th day of July, 2006, at San Jose, California.

_[signature]_

Plaintiffs' Response to Defendant Google, Inc.'s Motion
to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW

Doc. 153896                            6