1  Lester L. Levy (Admitted Pro Hac Vice)
2  Michele F. Raphael (Admitted Pro Hac Vice)
   WOLF POPPER LLP
3  845 Third Avenue
   New York NY 10022
4  Telephone: 212.759.4600
5  Facsimile: 212.486.2093
   e-mail: llevy@wolfpopper.com
6  e-mail: mraphael@wolfpopper.com
7
   William M. Audet (SBN 117456)
8  Jason Baker (SBN 212380)
   ALEXANDER, HAWES & AUDET, LLP
9  152 North Third Street, Suite 600
10 San Jose, CA 95112
   Telephone: 408.289.1776
11 Facsimile: 408.287.1776
12 e-mail: waudet@alexanderlaw.com
   e-mail: jbaker@alexanderlaw.com
13

14 *Attorneys for Plaintiffs and the
   Proposed Class*

15
16                    UNITED STATES DISTRICT COURT
17                    NORTHERN DISTRICT OF CALIFORNIA
18                            SAN JOSE DIVISION

19 | CLRB HANSON INDUSTRIES, LLC d/b/a ) | CASE NO: C05-03649 JW
20 | INDUSTRIAL PRINTING, and HOWARD )   |
21 | STERN, on behalf of themselves and all ) | **DECLARATION OF MICHELE F.**
   | others similarly situated, )             | **RAPHAEL IN RESPONSE TO**
22 |                                      )   | **DEFENDANT GOOGLE, INC.'S**
   |            Plaintiffs, )                 | **MOTION TO ENLARGE TIME AND**
23 |                                      )   | **CLARIFY COURT ORDER**
24 | vs. )                                    |
25 | GOOGLE, INC., )                          |
26 |            Defendant. )                  |
27 |                                      )   |
28

**Declaration of Michele F. Raphael in Response to Defendant Google, Inc.'s**
Motion to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW

Dockets.Justia.com

I, **MICHELE F. RAPHAEL**, declare as follow:

1. I am a member of Wolf Popper LLP ("Wolf Popper"), counsel for Plaintiffs CLRB Hanson Industries, LLC d/b/a Industrial Printing and Howard Stern ("Plaintiffs") in this action against Google, Inc. I have personal knowledge of the facts stated herein. I submit this declaration in response to Defendant Google, Inc.'s Motion to Enlarge Time and Clarify Court Order.

2. At the Case Management Conference on June 26, 2006 (the "CMC"), Judge Ware sat with counsel for both parties and determined that Plaintiffs should make a prompt motion for partial summary judgment. Then, together with counsel for both parties, Judge Ware set the hearing date for Friday, October 6, 2006 as reflected in the Order Following Case Management Conference dated June 27, 2006 (the "CMC Order").

3. During the CMC, Defendant had unsuccessfully sought to have the motion heard at some later date.

4. On July 17, 2006, instead of submitting the certification of completeness of production required by paragraph 2 of the CMC Order, Defendant e-filed (after 5 p.m., pacific standard time), a document labeled "Declaration Pursuant to Court's June 27, 2006 Order Following Case Management Conference." The declaration was of a paralegal at Google saying that she "anticipate[s]" completing her review of documents concerning the AdWords program Terms and Conditions by July 21, 2006, and that she will then, forward the documents to outside counsel who will then produce them to plaintiffs within 5 business days.

**Declaration of Michele F. Raphael in Response to Defendant Google, Inc.'s
Motion to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW**

5. At no time prior to July 17, 2006, did Defendant alert Plaintiffs, nor to Plaintiffs' knowledge, this Court, that it was not going to comply with the Court's directive.

6. Initial disclosures were exchanged between the parties in March, 2006.

7. By letter dated July 18, 2006 Plaintiffs' counsel sought guidance from the Court with respect to Defendant's failure to follow the CMC Order. For the Court's convenience, a copy of the letter is annexed hereto as Exhibit A.

8. Exhibit H to the Declaration of M. Christopher Jhang in Support of Defendant's Motion to Enlarge Time and Clarify Court Order ("Jhang Decl."), is an e-mail from myself to Mr. Jhang, dated July 20, 2006 which also sets forth Plaintiff's position and why we immediately sought the Court's assistance.

9. With respect to the depositions of Plaintiffs, as evidenced in the exhibits to the Jhang Declaration, Plaintiffs readily agreed to Defendant's request to go beyond the August 6, 2006 Court ordered date in order to accommodate David Biderman, Esq.'s schedule. The three dates originally provided by defense counsel, August 9-11, 2006, were well in advance of Defendant's opposition papers, as scheduled in the CMC Order. Jhang Decl., Exhs. A and B. The subsequent dates for depositions in New York offered by Defendant, August 14-16, 2006 are also sufficiently in advance of Defendant's opposition papers as scheduled in the CMC Order.

10. Plaintiffs offered Howard Stern for deposition and never refused to produce CLRB Hanson Industries, LLC d/b/a Industrial Printing ("CLRB Hanson"). As evidenced in Exh. D to the Jhang Decl., an e-mail dated July 13, 2006, Plaintiffs' counsel

Declaration of Michele F. Raphael in Response to Defendant Google, Inc.'s
Motion to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW                                2

advised defense counsel that, although it disagreed with Defendant's interpretation of the CMC, "[n]evertheless, we have asked Mr. Hanson about his availability . . ."

11. Also as evidenced in Exh. D. to the Jhang Decl., Plaintiffs promptly informed Mr. Jhang that Mr. Hanson was unavailable August 14-16, 2006, the days during which Mr. Biderman could be in New York and that Mr. Hanson has been available throughout the Court-ordered dates.

Dated: July 28, 2006

/s/
Michele F. Raphael

Declaration of Michele F. Raphael in Response to Defendant Google, Inc.'s Motion to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW       3

# Exhibit A

LAW OFFICES
# WOLF POPPER LLP
845 THIRD AVENUE
NEW YORK, N.Y. 10022-6601

(212) 759-4600

FACSIMILE: (212) 486-2093
WWW.WOLFPOPPER.COM

DIRECT DIAL: (212) 451-9630

July 18, 2006

Via Federal Express

Honorable James Ware
United States District Court
Northern District of California
280 South First Street
San Jose, CA 95113

    Re:    CLRB Hanson Industries d/b/a Industrial Printing and
             Howard Stern v. Google, Inc.   C 05-03649

Dear Judge Ware:

       I represent plaintiffs in the above-referenced action. As you recall, on June 26, 2006, your Honor sat with counsel for both parties at which time it was determined that plaintiffs were to make a motion for partial summary judgment. A schedule was set and is reflected in the Order Following Case Management Conference, dated June 27, 2006 (the "June 27 Order"). Defense counsel had unsuccessfully argued to put off the motion.

       Faced with the Order and the dates therein, Defendant has simply chosen to ignore same and has unilaterally extended its deadline for producing documents identifying the terms and conditions of the AdWords Agreement. Defendant's conduct is especially egregious considering that such documents should have been produced as part of the initial disclosures which were exchanged in March, 2006.

       Paragraph 2 of the June 27 Order requires: "Within (20) days of this Order, Defendant shall submit a sworn statement to Plaintiffs that it has turned over the documents describing the terms and conditions of the AdWords agreement."

       In blatant disregard of the Order, on July 17, 2006, and after 5 p.m. (pacific standard time), defendant filed a "Declaration Pursuant to Court's June 27, 2006 Order Following Case Management Conference." The declaration was of a paralegal at Google saying that she "anticipate[s]" completing her review of documents concerning the AdWords program Terms and Conditions by July 21, 2006, and that she will <u>then</u>, forward the documents to outside

Doc. 153701

WOLF POPPER LLP

Honorable James Ware
July 18, 2006
Page 2

counsel who will <u>then</u> produce them to plaintiffs within 5 business days - - placing service (not even receipt) no earlier than Friday, July 28, 2006 - when the Court ordered July 17, 2006 and based the briefing and argument dates thereon. Google's behavior is impermissible (and possibly sanctionable).

    The Court should not allow Google to disregard Court deadlines nor to unilaterally reset same. A schedule was discussed and set. Moreover, the documents in question should have been produced back in March, 2006. Documents evidencing the terms of the AdWords program are clearly covered by Federal. Rule 26(a).

    Given its improper behavior, it is plaintiff's position that Google should be foreclosed from producing any further documents. We await the advice of the Court.

    Respectfully submitted,

*Michele Raphael (sm)*
Michele F. Raphael

cc: David T. Biderman, Esq. (Via Federal Express)
    Jason Baker, Esq. (Via Facsimile)

Doc. 153701

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I am employed in the County of Santa Clara, State of California; my business address is 152 North Third Street, Suite 600, San Jose, California 95112; I am over the age of 18 and not a party to the within action. On this date I served the following document(s):

**DECLARATION OF MICHELE F. RAPHAEL IN RESPONSE TO DEFENDANT GOOGLE, INC.'S MOTION TO ENLARGE TIME AND CLARIFY COURT ORDER**

on the interested parties in this action addressed as follows:

David T. Biderman
Judith B. Gitterman
M. Christopher Jhang
PERKINS COIE LLP
Facsimile: 415.344.7050
Email: DBiderman@perkinscoie.com
Email: JGlitterman@perkinscoie.com
Email: CJhang@perkinscoie.com

[X] (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the above-referenced documents were transmitted, the transmission was reported as complete and without error and the report was properly issued.

[ ] (BY MAIL) I am readily familiar with the firm's practice for the processing of mail; on this date, the above-referenced documents were placed for collection and delivery by the U.S. Postal Service following ordinary business practices.

[ ] (BY OVERNIGHT DELIVERY) I am readily familiar with the firm's practice for the processing of documents for delivery services; on this date, the above-referenced documents were placed for collection and delivery following ordinary business practices.

[X] (BY ELECTRONIC FILING) On this date I provided the documents(s) listed above electronically through the Court's electronic filing service provider pursuant to the instructions on that website.

[X] (BY E-MAIL) On this date, the above-referenced documents were converted to electronic files and e-mailed to the addresses shown.

[ ] (BY PERSONAL SERVICE) I caused the above documents to be delivered by hand pursuant to CCP § 1011.

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[ ] State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 28th day of July, 2006, at San Jose, California.

Declaration of Michele F. Raphael in Response to Defendant Google, Inc.'s
Motion to Enlarge Time and Clarify Court Order
Case No: C05-03649 JW                               4