**United States District Court**

**For the Northern District of California**

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                    NORTHERN DISTRICT OF CALIFORNIA
9                         SAN JOSE DIVISION

10  CLRB HANSON INDUSTRIES dba       )   Case No.: C 05-3649 JW PVT
    INDUSTRIAL PRINTING, et al.,     )
11                                   )   **ORDER RE DEFENDANT GOOGLE,**
                       Plaintiffs,   )   **INC.'S MOTION TO ENLARGE TIME**
12                                   )   **AND CLARIFY COURT ORDER**
            v.                       )
13                                   )
    GOOGLE, INC.,                    )
14                                   )
                       Defendant.    )
15  _____  )

16      On July 26, 2006, Defendant filed a Motion to Enlarge Time and Clarify Court Order.[1]

17  Plaintiffs opposed the motion. Having reviewed the papers submitted by the parties, this court[2] finds

18  it appropriate to issue this order without oral argument. Based on the moving and opposition papers,

19      IT IS HEREBY ORDERED that Defendant's motion is GRANTED IN PART and DENIED

20  IN PART. For good cause shown, the deadline for Defendant to depose both Plaintiffs[3] is extended

21  to and including August 17, 2006. Defendant adequately showed that an extension of time is

22

---

23    [1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.
24
25    [2] As this court explained in its prior order, pursuant to the San Jose Division's Standing Order Regarding Case Management in Civil Cases, "All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a)." Because the present motion primarily relates to a dispute regarding the timing of depositions, the motion falls within that referral.
26
27
28    [3] The parties apparently disagree regarding whether Judge Ware's order allows Defendant to depose both Plaintiffs. By using the term "and/or," the order authorizes Defendant to take one *or both* depositions. Nothing in the order allows Plaintiffs to unilaterally limit Defendant to just one deposition.

ORDER, *page 1*

warranted because, due to scheduling conflicts, the parties could not agree to deposition dates within the time originally allowed by the court. Defendant indicates that it has now noticed the depositions for August 16 and 17, 2006, and Plaintiffs did not object to those dates in their opposition brief.[4] Thus, an extension of the deadline to and including August 17, 2006 in order to allow those depositions to proceed as noticed is warranted.

IT IS FURTHER ORDERED that Defendant's motion to continue the hearing date for the motion(s) for partial summary judgment is DENIED. The purported need for the continuance was the inability of counsel to reach an agreement on the dates for the depositions of each Plaintiff. In light of the schedule set herein, Defendant will have two weeks after Plaintiffs' deposition before any moving papers must be filed under the current schedule. This order is without prejudice to a renewed motion under Civil Local Rule 6-3 to continue the hearing date for the motion(s) for partial summary judgment if, after the depositions scheduled herein are concluded, Defendant still believes such a continuance is necessary. Because any such renewed motion would presumably not be based on a discovery dispute, and would affect Judge Ware's calendar, it should be directed to District Judge Ware. (Any further disputes regarding the depositions, however, should be directed to Judge Trumbull.)

IT IS FURTHER ORDERED that Plaintiffs' request that Defendant be precluded from relying on any document produced after July 17, 2006, is DENIED. Requests for judicial relief in connection with any claimed failure to produce documents must be made pursuant to Rule 37 of the Federal Rules of Civil Procedure and noticed pursuant to Civil Local Rule 7. Plaintiffs' inclusion of their request for such relief in a response to Defendant's unrelated motion was wholly improper.

Dated: *8/1/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[4] Defendant's brief indicates it was under the impression that Mr. Hanson would not be available for the noticed deposition on August 17, 2006, and thus it had offered to work with Plaintiffs on an acceptable date. However, according to Plaintiffs' response, the only dates on which Mr. Hanson is not available are August 14-16, 2006. Thus, it appears CLRB Hanson *is* available for the noticed deposition on August 17, 2006.