Lester L. Levy (Admitted Pro Hac Vice)
Michele F. Raphael (Admitted Pro Hac Vice)
WOLF POPPER LLP
845 Third Avenue
New York NY 10022
Telephone: 212.759.4600
Facsimile: 212.486.2093
e-mail: llevy@wolfpopper.com
e-mail: mraphael@wolfpopper.com

William M. Audet (SBN 117456)
Jason Baker (SBN 212380)
ALEXANDER, HAWES & AUDET, LLP
152 North Third Street, Suite 600
San Jose, CA 95112
Telephone: 408.289.1776
Facsimile: 408.287.1776
e-mail:  waudet@alexanderlaw.com
e-mail:  jbaker@alexanderlaw.com

*Attorneys for Plaintiffs and the
Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE, INC., <br><br> Defendant. | CASE NO: C05-03649 JW <br><br> **PLAINTIFFS' MOTION TO ENLARGE TIME** <br><br> **Local Civil Rule 6-3** |

**PRELIMINARY STATEMENT**

Plaintiffs reluctantly request that the Court reschedule Plaintiffs' motion for partial summary judgment from October 6, 2006 to November 6, 2006.  The October 6, 2006 hearing was set as part of the schedule in the Order Following Case Management Conference (the "CMC Order") which required to Defendant to certify by July 17, 2006 that it had completed production of all documents describing the terms and conditions of the AdWords agreement and that depositions of Plaintiffs would be completed by August 7, 2006.  Defendants violated both provisions of the Order by belatedly producing over 20,000 pages of documents and delaying Plaintiffs' depositions to mid-August.

**BACKGROUND**

**The CMC Order**

At the CMC, Judge Ware sat with counsel for both parties and, based upon the parties' respective positions as set forth in, *inter alia*, the Joint Case Management Statement, determined that it would be in the interest of justice for Plaintiffs to make a prompt motion for partial summary judgment.  Then, together with counsel for both parties, he set the hearing date for Friday, October 6, 2006 as reflected in the CMC Order.  During the CMC, Defendant had unsuccessfully sought to have the motion heard at some later date.

The CMC Order further provided that by July 17, 2006, Defendant was to "submit a sworn statement to plaintiffs that it has turned over all documents describing the terms and conditions of the AdWords agreement."  CMC Order, ¶ 2.

Defendant did not comply with the Court's Order.

On July 17, 2006, instead of submitting the required statement and otherwise completing production of documents which should, pursuant to F. R. Civ. P. 26(a), have been provided by Defendant months ago, Defendant e-filed a document labeled "Declaration Pursuant to Court's June 27, 2006 Order Following Case Management Conference."  The declaration was of a paralegal at Google saying that she "anticipate[s]" completing her review of documents concerning the AdWords program

Terms and Conditions by July 21, 2006, and that she would then, forward the documents to outside counsel who would then produce them to Plaintiffs within 5 business days. Thus, Google unilaterally, and indefinitely, extended its own discovery deadline, in disregard of the schedule set by this Court.

At no time prior to July 17, 2006, did Defendant alert Plaintiffs, nor this Court, about its intended failure to comply with the Court's directive.

On July 31, 2006, Plaintiff received over 20,000 pages from Defendant in hard copy. See Declaration of Michele F. Raphael in Support of Plaintiffs' Motion to Enlarge Time, (the "Raphael Decl."). Defendant failed to produce, and subsequently refused to produce, the documents in electronic format, although that is how they were undoubtedly created and maintained by Google.

As noted, any relevant documents concerning the terms of its own AdWords agreement should have been produced by Google in March, when the parties exchanged initial disclosures.

Also detailed in the Raphael Decl. is how Defendant unilaterally extended the deposition schedule. On July 11, 2006, Defense counsel advised Plaintiffs' counsel that the attorney it chose to depose Plaintiffs was unavailable in the period of time (by August 7) the Court provided for depositions of Plaintiffs.

## ARGUMENT

### Plaintiffs Will Be Prejudiced if they Must File their Motion for Partial Summary Judgement by  September 1, 2006

As detailed in the Raphael Decl., by ignoring the Court-ordered deadlines and its obligations under Rule 26, Defendant is compelling Plaintiff to request an adjournment of the partial summary judgment motion. On Monday, July 31, 2006, Plaintiffs received seven (7) boxes of documents containing more than 20,000 pages in hard copy. Nowhere in those seven (7) boxes, nor submitted to this Court, is a declaration as to the completeness of production - - although one was required to be filed no later than July 17, 2006.

Also as detailed in the Raphael Decl., Defendant has succeeded in delaying the

1  deposition of one, or both, Plaintiffs.  More than one month has elapsed since the CMC

2  Order directing said depositions and no deposition has been taken.  Both Plaintiffs have

3  been fully available during the Court-appointed time.

4      At this point, Plaintiffs will be prejudiced if they have to proceed with the motion

5  as scheduled.  Indeed, Defendant was well aware that its belated document production

6  would prejudice Plaintiffs absent an extension of the partial summary judgment.  See

7  Raphael Decl., para. 33 and Exhibit B thereto.  Plaintiffs' counsel have to review the

8  documents and prepare for and defend Plaintiffs' depositions.  Moreover, Plaintiffs'

9  counsel adjusted their schedule in accordance with the deadlines set forth in the CMC,

10  not the schedule as unilaterally reset by Defendant.

11      Given the events in this case, Plaintiffs request that the partial summary judgment

12  motion be adjourned until Monday, November 6.

13  **CONCLUSION**

14      Based upon the foregoing and the events in this case, Plaintiffs request that the

15  hearing on the partial summary judgment motion be adjourned until Monday, November

16  6, 2006.

17  Dated: August 8, 2006

18                                        WOLF POPPER LLP

19

20                                        By: _____/s/_____

21                                            Lester L. Levy

                                    Attorneys for Plaintiffs

22

23

24

25

26

27

28