1   Lester L. Levy (Admitted Pro Hac Vice)
2   Michele F. Raphael (Admitted Pro Hac Vice)
    WOLF POPPER LLP
3   845 Third Avenue
    New York NY 10022
4   Telephone: 212.759.4600
5   Facsimile: 212.486.2093
    e-mail: llevy@wolfpopper.com
6   e-mail: mraphael@wolfpopper.com

7
    William M. Audet (SBN 117456)
8   Jason Baker (SBN 212380)
    ALEXANDER, HAWES & AUDET, LLP
9   152 North Third Street, Suite 600
10  San Jose, CA 95112
    Telephone: 408.289.1776
11  Facsimile: 408.287.1776
12  e-mail: waudet@alexanderlaw.com
    e-mail: jbaker@alexanderlaw.com
13

14  *Attorneys for Plaintiffs and the
    Proposed Class*

15
                    UNITED STATES DISTRICT COURT
16               NORTHERN DISTRICT OF CALIFORNIA
17                      SAN JOSE DIVISION

18

19  CLRB HANSON INDUSTRIES, LLC d/b/a  )   CASE NO: C05-03649 JW
    INDUSTRIAL PRINTING, and HOWARD    )
20  STERN, on behalf of themselves and all )   **DECLARATION OF MICHELE F.**
    others similarly situated,          )   **RAPHAEL IN SUPPORT OF**
21                                       )   **PLAINTIFFS' MOTION TO ENLARGE**
22                       Plaintiffs,     )   **TIME**
                                         )
23  vs.                                  )
                                         )
24  GOOGLE, INC.,                        )
                                         )
25                       Defendant.      )
26                                       )

27

28
    **Declaration of Michele F. Raphael in Support of**
    **Plaintiffs' Motion to Enlarge Time**
    **Case No: C05-03649 JW**

    Doc. 153972

I, **MICHELE F. RAPHAEL**, declare as follow:

1.    I am a member of Wolf Popper LLP ("Wolf Popper"), counsel for Plaintiffs CLRB Hanson Industries, LLC d/b/a Industrial Printing ("CLRB Hanson") and Howard Stern (collectively, "Plaintiffs") in this action against Google, Inc.  I have personal knowledge of the facts stated herein.  I submit this declaration in support of Plaintiffs' Motion to Enlarge Time.

2.    Plaintiffs are prejudiced by the existing schedule for the motion for partial summary judgment given Defendant's failure to comply with this Court's CMC Order, defined below, forcing Plaintiffs to make this motion.

3.    Plaintiffs request that the new hearing date be set for Monday, November 6 and have advised Defendant of our request.

The Partial Summary Judgment Motion Scheduled to be Heard on Oct. 6, 2006

4.    At the initial Case Management Conference on June 26, 2006 (the "CMC"), Judge Ware sat with both parties and determined that Plaintiffs should make a prompt motion for partial summary judgment and set the hearing date for Friday, October 6, 2006 as reflected in the Order Following Case Management Conference dated June 27, 2006 (the "CMC Order").

5.    During the CMC, Defendant had tried to extend the motion date.

6.    The Court set the hearing for a Friday, rather than on a Monday.

7.    Plaintiffs' moving papers are due to be filed by September 1, 2006.

8.    This Court ordered that by July 17, 2006, Defendant was to "submit a sworn statement to Plaintiffs that it has turned over all documents describing the terms and conditions of the AdWords agreement."  CMC Order, ¶ 2.

**Declaration of Michele F. Raphael in Support of**
**Plaintiffs' Motion to Enlarge Time**
**Case No: C05-03649 JW**

Doc. 153972

9.    This Court further ordered that by August 7, 2006, "at a time and place agreed on by the parties, Defendant shall have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern." CMC Order, ¶ 3.

Plaintiffs will be Prejudiced if they Must File Their Motion By September 1, 2006

10.    Defendant did not submit the Court ordered certification as to completeness of production on July 17, 2006 and has still failed to file a certification in compliance with paragraph 2 of the CMC Order.

11.    On July 17, 2006, Defendant e-filed a document labeled "Declaration Pursuant to Court's June 27, 2006 Order Following Case Management Conference." The declaration was of a paralegal at Google saying that she "anticipate[s]" completing her review of documents concerning the AdWords program Terms and Conditions by July 21, 2006, and that she will then, forward the documents to outside counsel who will then produce them to plaintiffs within 5 business days.

12.    At no time prior to July 17, 2006, did Defendant alert Plaintiffs, nor to Plaintiffs' knowledge, this Court, that it was not going to comply with the Court's directive.

13.    Initial disclosures, which should have included the versions of the AdWords agreement when the Plaintiffs entered the program, were exchanged between the parties in March, 2006.

14.    By letter dated July 18, 2006, Plaintiffs' counsel, concerned about the violation of the Court's Order by Defendant and the ensuing schedule, sought guidance from the Court. For the Court's convenience, a copy of the letter is annexed hereto as Exhibit A.

**Declaration of Michele F. Raphael in Support of**
**Plaintiffs' Motion to Enlarge Time**
**Case No: C05-03649 JW**

15.    In the Court's absence the letter was interpreted as a discovery dispute and Magistrate Judge Trumbull  ordered that any discovery dispute should be resolved by  motion addressed to her.

16.    On July 19, 2006, Mr. Jhang advised Plaintiff's counsel that  "[w]e anticipate that [the historical versions of the AdWords Terms and FAQs] will be available on or before July 28." See Exhibit B, annexed hereto.

17.    Defendant delayed taking the depositions of Plaintiffs.

18.    On July 11, 2006, two weeks after the CMC Order, Mr. Jhang stated that "David Biderman, who will be taking the depositions of plaintiffs, will be unavailable, the last week of July and the first week of August. . . We would like to extend the deadline imposed by the court so that the depositions can be taken in the following week (between August 9-11)."  See Exhibit C, annexed hereto.

19.    Plaintiffs agreed to accommodate defense counsel's schedule and offered Plaintiff Howard Stern during that time period in New York and offered to pay for a video conference deposition.  See Exhibit D, annexed hereto.  Defendant responded that they will take the depositions, in New York, August 14-16, 2006.  See Exhibit E, attached hereto.  Plaintiffs, however, advised defense counsel that the deponent from CLRB Hanson Industries "is not available August 12 through 26."  See Exhibit F, annexed hereto.

20.    Plaintiffs advised Defendant that Brett Hanson, the appropriate deponent from CLRB Hanson, was available at any time through August 7, 2006.  See Exhibit G, annexed hereto.

**Declaration of Michele F. Raphael in Support of**
**Plaintiffs' Motion to Enlarge Time**
**Case No: C05-03649 JW**

Doc. 153972                                            3

1    21.    By notices dated July 17, 2006, defense counsel noticed the deposition of CLRB

2  Hanson Industries for August 17, 2006 and  Mr. Stern for August 16, 2006.

3

4  Defendant Moved to Extend the Summary Judgment Motion

5    22.    On July 26, 2006, Defendant moved this Court to enlarge time and clarify the

6  Court's order.  Specifically, Defendant sought to extend the deposition deadline until September

7  8, 2006 and to reset the summary judgment hearing date to November 20, 2006, and to clarify that

8  it could take the deposition of both Plaintiffs.

9

10    23.    Defendant based its motion to enlarge on the fact that the depositions were going to

11  be taken later than the Court-appointed time, albeit well before the time for them to submit

12  opposition papers.

13

14    24.    On July 28, 2006, Plaintiffs submitted the Declaration of Michele F. Raphael in

15  Response to Defendant Google, Inc.'s Motion to Enlarge time and Clarify Court Order and

16  Plaintiffs Response to Defendant Google, Inc.'s Motion to Enlarge Time and Clarify Court Order

17  (collectively, "Plaintiffs' Response").

18

19    25.    In Plaintiffs' Response, Plaintiffs explained that because Defendant had violated

20  deadlines set forth in the CMC Order and had, itself, delayed Plaintiffs' depositions, the hearing

21  on the partial summary judgment motion should not be put off.  Accordingly, Plaintiffs

22  responsively requested that Defendant be precluded from offering any documents produced after

23

24  July 17, 2006 in its opposition to Plaintiffs' Motion for Summary Judgment as a sanction for its

25  violation of the CMC Order and to prevent prejudice to Plaintiffs.

26

27

28

**Declaration of Michele F. Raphael in Support of**
**Plaintiffs' Motion to Enlarge Time**
**Case No: C05-03649 JW**

26.     On Monday, July 31, 2006, Plaintiffs received seven (7) boxes of documents, containing over twenty thousand (20,000) pages of documents.

27.     Although the AdWords program was necessarily maintained by Defendant in electronic format, Defendant did not produce it in electronic format, and instead, produced more than 20,000 hard copy pages.

28.     The production did not contain any certification of completeness of production.

29.     On Tuesday, August 1, 2006, Magistrate Judge Trumbull issued an Order Re Defendant Google Inc's Motion to Enlarge Time and Clarify Court Order granting Defendant's request to extend the deposition deadline, setting it at August 17, 2006. (The documents annexed to Mr. Jhang's Declaration in support of Google's motion indicated that Mr. Hanson was unavailable from August 12-26, 2006.)

30.     Magistrate Judge Trumbull denied Defendant's request to enlarge the time for the summary judgment motion without prejudice, leaving the October 6, 2006 hearing date, and therefore, the September 1, 2006 filing date, intact.

31.     Magistrate Judge Trumbull denied Plaintiffs' request for preclusion, viewing it as unrelated to Defendant's motion to enlarge time and requiring a separate motion pursuant to Rule 37 and Civil Local Rule 7.

32.     On Tuesday, August 1, 2006, Plaintiffs requested, via e-mail addressed to each David Biderman, Christopher Jhang, and Judy Gitterman, all of Perkins Coie, that Defendant provide the more than 20,000 pages it recently produced, in electronic format, that Defendant provide a certification of completeness of production, and that Defendant provide the bates

**Declaration of Michele F. Raphael in Support of**
**Plaintiffs' Motion to Enlarge Time**
**Case No: C05-03649 JW**

numbers for the historical AdWords agreement that was in effect at the time Plaintiffs joined the AdWords program. See Exhibit H, annexed hereto. Defendant's response, refusing, *inter alia*, to provide the documents in electronic form because "the documents were produced in the same manner in which they are stored in our [Perkins Coie's] offices," is annexed hereto as Exhibit I.

33. Defendant is aware that its late document production is prejudicial to Plaintiffs in filing their motion as scheduled. On July 19, 2006, when Mr. Jhang advised Plaintiffs that he "anticipated" the "availab[ility]" of the documents on July 28, he acknowledged that "Plaintiffs will not be prejudiced by the future receipt of historical AdWords documents. This is particularly so because we will need to continue the scheduled summary judgment hearing date, and associated briefing deadlines, based on [plaintiffs' depositions]." See Exhibit B, annexed hereto.

34. As Plaintiffs responded, "The briefing schedule was set. . . Plaintiff's 'future receipt' of AdWords documents that should have been produced months ago (as the initial disclosures), is as prejudicial as it is improper." See Exhibit G, annexed hereto.

35. Given Defendant's belated and extensive production, its continued failure to file a certification of completeness of production, and the fact that Plaintiffs' counsel still needs to defend the depositions of Plaintiffs, in August, Plaintiffs will be prejudiced if they must also file their motion for summary judgment by September 1. Plaintiffs need sufficient time to review the more than 20,000 pages of documents belatedly produced.

36. Defendant's failure and refusal to produce the documents in electronic format (as they are undoubtedly maintained by Google) has caused additional delay.

**Declaration of Michele F. Raphael in Support of
Plaintiffs' Motion to Enlarge Time
Case No: C05-03649 JW**

37.    The previous time modifications are as follows: on or about September 13, 2005, Plaintiffs granted Google its requested 30 day extension to respond to the Complaint; on November 22, 2005, Plaintiffs agreed to extend Defendant's time to respond to the First Amended Complaint, stipulating that any answer was to filed and served by December 16, 2005 and any responsive motion was to filed and served by January 3, 2006;  On December 22, 2005, the parties stipulated to adjourn the-then January 9, 2006 Joint Case Management Statement deadline to April 21, 2006 and the January 23, 2006 Case Management Conference to May 1, 2006  (had Plaintiffs been advised that Defendant's motion would be directed at only one claim, they would not have agreed to adjourn the CMC);  On January 31, 2006, the Court *sua sponte* adjourned the return date of Defendant's motion to dismiss to March 13, 2006 from March 6, 2006; On February 17, 2006, the parties filed a stipulation continuing the March 13, 2006 hearing date for Google's Motion to Dismiss to April 3, 2006 and advancing the then May 1, 2006  Case Management Conference to that date as well. On or about March 30, 2006, the Court advised the parties that it would not have a hearing on defendant's motion to dismiss, and subsequently advised counsel that the Initial Case Management Conference scheduled for April 3, 2006  would be adjourned until June 26, 2006.

Dated: August 8, 2006

_____/s/_____
Michele F. Raphael

**Declaration of Michele F. Raphael in Support of Plaintiffs' Motion to Enlarge Time**
**Case No: C05-03649 JW**

Doc. 153972                                          7

# Exhibit A

LAW OFFICES

# WOLF POPPER LLP

845 THIRD AVENUE

NEW YORK, N.Y. 10022-6601

(212) 759-4600

FACSIMILE: (212) 486-2093

WWW.WOLFPOPPER.COM

DIRECT DIAL: (212) 451-9630

July 18, 2006

Via Federal Express

Honorable James Ware
United States District Court
Northern District of California
280 South First Street
San Jose, CA 95113

           Re:    CLRB Hanson Industries d/b/a Industrial Printing and
                   Howard Stern v. Google, Inc.  C 05-03649

Dear Judge Ware:

      I represent plaintiffs in the above-referenced action. As you recall, on June 26, 2006, your Honor sat with counsel for both parties at which time it was determined that plaintiffs were to make a motion for partial summary judgment. A schedule was set and is reflected in the Order Following Case Management Conference, dated June 27, 2006 (the "June 27 Order"). Defense counsel had unsuccessfully argued to put off the motion.

      Faced with the Order and the dates therein, Defendant has simply chosen to ignore same and has unilaterally extended its deadline for producing documents identifying the terms and conditions of the AdWords Agreement. Defendant's conduct is especially egregious considering that such documents should have been produced as part of the initial disclosures which were exchanged in March, 2006.

      Paragraph 2 of the June 27 Order requires: "Within (20) days of this Order, Defendant shall submit a sworn statement to Plaintiffs that it has turned over the documents describing the terms and conditions of the AdWords agreement."

      In blatant disregard of the Order, on July 17, 2006, and after 5 p.m. (pacific standard time), defendant filed a "Declaration Pursuant to Court's June 27, 2006 Order Following Case Management Conference." The declaration was of a paralegal at Google saying that she "anticipate[s]" completing her review of documents concerning the AdWords program Terms and Conditions by July 21, 2006, and that she will <u>then</u>, forward the documents to outside

Doc. 153701

WOLF POPPER LLP

Honorable James Ware
July 18, 2006
Page 2

counsel who will <u>then</u> produce them to plaintiffs within 5 business days - - placing service (not even receipt) no earlier than Friday, July 28, 2006 - when the Court ordered July 17, 2006 and based the briefing and argument dates thereon. Google's behavior is impermissible (and possibly sanctionable).

   The Court should not allow Google to disregard Court deadlines nor to unilaterally reset same. A schedule was discussed and set. Moreover, the documents in question should have been produced back in March, 2006. Documents evidencing the terms of the AdWords program are clearly covered by Federal. Rule 26(a).

   Given its improper behavior, it is plaintiff's position that Google should be foreclosed from producing any further documents. We await the advice of the Court.


                              Respectfully submitted,

                              Michele Raphael (sm)

                              Michele F. Raphael

cc: David T. Biderman, Esq. (Via Federal Express)
    Jason Baker, Esq.  (Via Facsimile)

Doc. 153701

# Exhibit B

**Michele F. Raphael**

| | |
|---|---|
| **From:** | Jhang, M. Christopher (Perkins Coie) [CJhang@perkinscoie.com] |
| **Sent:** | Wednesday, July 19, 2006 9:19 PM |
| **To:** | Michele F. Raphael |
| **Cc:** | Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie) |
| **Subject:** | Plaintiffs' letter to court - Hanson v. Google |

Michele,

We are in receipt of your letter to Judge Ware and are surprised that you have opted to seek relief from the court without making any attempt to meet and confer with us on the issues you raise in the letter. At the case management conference, we informed Judge Ware that Google will be producing historical versions of the AdWords Terms and FAQs to plaintiffs. Since the conference, we have been diligently and in good faith working with Google to collect these documents for production. Our goal is to be complete in our production and it has simply taken additional time to locate the requested documents. We are working diligently to compile the additional relevant historical documents. We anticipate such documents will be available on or before July 28.

Plaintiffs will not be prejudiced by the future receipt of historical AdWords documents. This is particularly so because we will need to continue the scheduled summary judgment hearing date, and associated briefing deadlines, based on the unavailability of Brett Hanson for deposition (you stated in an earlier email that Hanson is unavailable from August 12 to 26). We have the option of deposing both plaintiffs under the court's order, and believe both depositions are necessary for the summary judgment motion. Thus, we request that plaintiffs agree to stipulate to the continuance of the summary judgment hearing date to allow for the deposition of both plaintiffs to occur prior to any briefing deadlines.

In addition, we recently served deposition notices for both plaintiffs, with accompanying requests for documents, for August 16 (pursuant to our agreement) and 17. We noticed plaintiff CLRB Hanson's deposition for August 17 in order to preserve our right to the requested discovery, and our right to depose both plaintiffs, but are of course more than willing to work with you on acceptable dates. Please let me know plaintiffs' positions on these issues. Thanks.

Chris

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# Exhibit C

| | |
|---|---|
| **From:** | Jhang, M. Christopher (Perkins Coie) [CJhang@perkinscoie.com] |
| **Sent:** | Tuesday, July 11, 2006 10:42 PM |
| **To:** | Michele F. Raphael |
| **Cc:** | Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie) |
| **Subject:** | Extension of deadline - Hanson v. Google |

Michele, David Biderman, who will be taking the depositions of plaintiffs, will be unavailable the last week of July and the first week of August.  The deadline for defendant to have an opportunity to depose plaintiffs, pursuant to the court's June 27 order, falls on August 6.  We would like to extend the deadline imposed by the court so that the depositions can be taken in the following week (between August 9-11).  Please let us know if you are willing to stipulate to the extension of this deadline.  If so, we will take care of preparing the stipulation requesting an order changing time fixed by court order.  Thanks.

Chris

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# Exhibit D

**Michele F. Raphael**

| | |
|---|---|
| **From:** | Michele F. Raphael |
| **Sent:** | Thursday, July 13, 2006 12:53 PM |
| **To:** | 'Jhang, M. Christopher (Perkins Coie)' |
| **Cc:** | Lester L. Levy |
| **Subject:** | Google |

Chris:

     We are in receipt of your request to extend the dates in paragraph 3 of Judge Ware's Order Following Case Management Conference, which calls for defendant to have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern.  In the spirit of cooperation, we will present Howard Stern for deposition in the period you suggest (August 9 through August 11) in New York. Mr. Stern, during this summer, is the caregiver for young children and being away from them would present a hardship.  If you prefer, we can set up a video conference deposition so you can take it from San Francisco and we will pay for the extra cost of a video conference deposition.

     Michele

# Exhibit E

Michele F. Raphael

| | |
|---|---|
| **From:** | Jhang, M. Christopher (Perkins Coie) [CJhang@perkinscoie.com] |
| **Sent:** | Thursday, July 13, 2006 2:36 PM |
| **To:** | Michele F. Raphael |
| **Cc:** | Lester L. Levy; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie) |
| **Subject:** | RE: Google |

Michele,

We will take the depositions of plaintiffs in person. We are willing to travel to New York to take the depositions, but this will have to occur on the following week, August 14-16.

Also, the Court's June 27 Order provides that the scope of discovery includes "the parties' understanding of [the AdWords] terms and conditions." Further, the order states Google shall take the deposition of both plaintiffs if it so chooses. Google is entitled to explore the understanding of both plaintiffs, and we seek to depose both in the August 14-16 time period unless one of the plaintiffs is dismissed.

Chris

-----Original Message-----
**From:** Michele F. Raphael [mailto:MRaphael@wolfpopper.com]
**Sent:** Thursday, July 13, 2006 9:53 AM
**To:** Jhang, M. Christopher (Perkins Coie)
**Cc:** Lester L. Levy
**Subject:** Google

Chris:

We are in receipt of your request to extend the dates in paragraph 3 of Judge Ware's Order Following Case Management Conference, which calls for defendant to have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern. In the spirit of cooperation, we will present Howard Stern for deposition in the period you suggest (August 9 through August 11) in New York. Mr. Stern, during this summer, is the caregiver for young children and being away from them would present a hardship. If you prefer, we can set up a video conference deposition so you can take it from San Francisco and we will pay for the extra cost of a video conference deposition.

Michele

**************************************************
The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093

8/2/2006

# Exhibit F

| | |
|---|---|
| **From:** | Michele F. Raphael |
| **Sent:** | Thursday, July 13, 2006 3:39 PM |
| **To:** | 'Jhang, M. Christopher (Perkins Coie)' |
| **Cc:** | Lester L. Levy; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie) |
| **Subject:** | RE: Google |

Chris:

The term "parties' understanding" relates to the competing understandings between plaintiffs, on one hand, and defendant, on the other. Also, the Court's Order states that the defendants shall have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern. The Court did not say defendant had the opportunity to depose CLRB Hanson Industries and Howard Stern. Nevertheless, we have asked Mr. Hanson about his availability and he is not available August 12 through August 26. Mr. Stern will be available August 14 through August 16. - - Michele

---

**From:** Jhang, M. Christopher (Perkins Coie) [mailto:CJhang@perkinscoie.com]
**Sent:** Thursday, July 13, 2006 2:36 PM
**To:** Michele F. Raphael
**Cc:** Lester L. Levy; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Subject:** RE: Google

Michele,

We will take the depositions of plaintiffs in person. We are willing to travel to New York to take the depositions, but this will have to occur on the following week, August 14-16.

Also, the Court's June 27 Order provides that the scope of discovery includes "the parties' understanding of [the AdWords] terms and conditions." Further, the order states Google shall take the deposition of both plaintiffs if it so chooses. Google is entitled to explore the understanding of both plaintiffs, and we seek to depose both in the August 14-16 time period unless one of the plaintiffs is dismissed.

Chris

-----Original Message-----
**From:** Michele F. Raphael [mailto:MRaphael@wolfpopper.com]
**Sent:** Thursday, July 13, 2006 9:53 AM
**To:** Jhang, M. Christopher (Perkins Coie)
**Cc:** Lester L. Levy
**Subject:** Google

Chris:

We are in receipt of your request to extend the dates in paragraph 3 of Judge Ware's Order Following Case Management Conference, which calls for defendant to have the opportunity to depose a representative from CLRB Hanson Industries and/or Howard Stern. In the spirit of cooperation, we will present Howard Stern for deposition in the period you suggest (August 9 through August 11) in New York. Mr. Stern, during this summer, is the caregiver for young children and being away from them would present a hardship. If you prefer, we can set up a video conference deposition so you can take it from San Francisco and we will pay for the extra cost of a video conference deposition.

Michele

*************************************************
The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this

# Exhibit G

**From:**   Michele F. Raphael
**Sent:**   Thursday, July 20, 2006 3:21 PM
**To:**   'Jhang, M. Christopher (Perkins Coie)'; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Cc:**   Lester L. Levy; 'Jason Baker'
**Subject:** Google

Chris,

I do not know why you would be surprised that I sought assistance from the Court, when you blatantly violated the Court's Order and the schedule set forth therein - - the schedule we achieved together with the Court. Think of our surprise when instead of filing the required certification, you filed (late in the day – even your time) a declaration saying that you were first going to produce documents in a couple of weeks. Perhaps you should have consulted us, and the Court, first. Indeed, these documents should have been produced months ago.

As for the depositions, please keep in mind that it was you who wanted to go beyond the Court's schedule because of David's schedule. CLRB Hanson is available during the court-appointed time. Also, perhaps you should have conferred with me before noticing a deposition on a date for which I had already said CLRB would not be available.

It is plaintiffs' position that defendant cannot ignore Court orders. The briefing schedule was set. Defendant's taking the deposition of plaintiff beyond the Court appointed time, for its own convenience, would not have affected the timing of plaintiff's motion for summary judgment, nor defendant's response thereto. On the other hand, Plaintiff's "future receipt" of AdWords documents that should have been produced months ago (as the initial disclosures), is as prejudicial as it is improper.

- Michele

8/2/2006

Exhibit H

**Michele F. Raphael**

| | |
|---|---|
| **From:** | Michele F. Raphael |
| **Sent:** | Wednesday, August 02, 2006 9:43 AM |
| **To:** | 'Jhang, M. Christopher (Perkins Coie)'; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie) |
| **Cc:** | 'Bill Audet'; 'Jason Baker'; Lester L. Levy |
| **Subject:** | FW: Google |

Chris, I would also like to discuss the deposition of CLRB Hanson.  - Michele

---

**From:** Michele F. Raphael
**Sent:** Tuesday, August 01, 2006 2:47 PM
**To:** 'Jhang, M. Christopher (Perkins Coie)'; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Cc:** 'Bill Audet'; 'Jason Baker'; Lester L. Levy
**Subject:** Google

Chris,

We received your recent document production of over 20,000 pages.  Your cover letter does not indicate whether the production is complete and I note that you still have not filed the certification of completeness as required by paragraph 2 of the case management order.  Is the production now complete?  If not, when will it be?

Also, are you going to provide the documents in electronic format?  They were undoubtedly kept and retrieved in electronic format.  We would like them in electronic format, with OCR data and a corresponding load file for Summation.  Will you so provide and, if so, when?  Any questions, please call.

Lastly, to ensure that there is no confusion, please provide the bates numbers of the AdWords agreement in effect when each of the named plaintiffs signed up with AdWords.

With respect to the depositions, please confirm that the deposition of Mr. Howard Stern will proceed as noticed on August 16, 2006.  Thank you.  - Michele

# Exhibit I

| | |
|---|---|
| **From:** | Jhang, M. Christopher (Perkins Coie) [CJhang@perkinscoie.com] |
| **Sent:** | Wednesday, August 02, 2006 6:47 PM |
| **To:** | Michele F. Raphael |
| **Cc:** | Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie) |
| **Subject:** | Hanson v. Google |

Michele,

The Court's Order Following Case Management Conference ("Order") provides that Google shall submit a sworn statement that it has turned over all documents describing the terms and conditions of the AdWords agreement. We have satisfied this requirement through the filing of Google's declaration, the amended declaration, and our production of documents. We have produced all documents called for under this Order.

With respect to our recent production, we have satisfied our document production obligations. The documents were produced in the same manner in which they are stored in our offices, and in the same manner in which our previous productions to plaintiffs were made. We would incur an additional cost to provide these documents in the format which plaintiffs request and are not required to do so. Plaintiffs are equally able to have the documents converted into the format they seek.

Also, the documents produced were clearly labeled with file names which included dates; thus, there can be no confusion as to the dates of the documents. If you are looking for documents from a specific time period, they can be located by reviewing the file names.

In addition, we will proceed with the depositions of plaintiffs Stern and Hanson as noticed on August 16 and 17, respectively, in accordance with Court's Order Re Defendant Google, Inc.'s Motion To Enlarge Time And Clarify Court Order. However, we would like to take these depositions at Thacher Proffitt's New York offices. Please let us know if plaintiffs have any problems with this location.

Chris

> -----Original Message-----
> **From:** Michele F. Raphael [mailto:MRaphael@wolfpopper.com]
> **Sent:** Wednesday, August 02, 2006 6:43 AM
> **To:** Jhang, M. Christopher (Perkins Coie); Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
> **Cc:** Bill Audet; Jason Baker; Lester L. Levy
> **Subject:** FW: Google
>
> Chris, I would also like to discuss the deposition of CLRB Hanson.  - Michele

> **From:** Michele F. Raphael
> **Sent:** Tuesday, August 01, 2006 2:47 PM
> **To:** 'Jhang, M. Christopher (Perkins Coie)'; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
> **Cc:** 'Bill Audet'; 'Jason Baker'; Lester L. Levy
> **Subject:** Google
>
> Chris,
>        We received your recent document production of over 20,000 pages.  Your cover letter does not indicate whether the production is complete and I note that you still have not filed the certification of completeness as required by paragraph 2 of the case management order.  Is the production now complete?  If not, when will it be?
>        Also, are you going to provide the documents in electronic format?  They were undoubtedly kept and retrieved in electronic format.  We would like them in electronic format, with OCR data and a corresponding load file for Summation. Will you so provide and, if so, when?  Any questions, please call.
>         Lastly, to ensure that there is no confusion, please provide the bates numbers of the AdWords agreement in effect when each of the named plaintiffs signed up with AdWords.
>        With respect to the depositions, please confirm that the deposition of Mr. Howard Stern will proceed as noticed on August 16, 2006.  Thank you.  - Michele

The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

8/3/2006