CLRB Hanson Industries, LLC et al v. Google Inc.
Case 5:05-cv-03649-JW   Document 78-2   Filed 08/11/2006   Page 1 of 10
Doc. 78 Att. 1

# EXHIBIT A

## TO THE DECLARATION OF M. CHRISTOPHER JHANG

## Jhang, M. Christopher (Perkins Coie)

**From:** Jhang, M. Christopher (Perkins Coie)
**Sent:** Wednesday, August 02, 2006 3:47 PM
**To:** 'Michele F. Raphael'
**Cc:** Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Subject:** Hanson v. Google

Michele,

The Court's Order Following Case Management Conference ("Order") provides that Google shall submit a sworn statement that it has turned over all documents describing the terms and conditions of the AdWords agreement. We have satisfied this requirement through the filing of Google's declaration, the amended declaration, and our production of documents. We have produced all documents called for under this Order.

With respect to our recent production, we have satisfied our document production obligations. The documents were produced in the same manner in which they are stored in our offices, and in the same manner in which our previous productions to plaintiffs were made. We would incur an additional cost to provide these documents in the format which plaintiffs request and are not required to do so. Plaintiffs are equally able to have the documents converted into the format they seek.

Also, the documents produced were clearly labeled with file names which included dates; thus, there can be no confusion as to the dates of the documents. If you are looking for documents from a specific time period, they can be located by reviewing the file names.

In addition, we will proceed with the depositions of plaintiffs Stern and Hanson as noticed on August 16 and 17, respectively, in accordance with Court's Order Re Defendant Google, Inc.'s Motion To Enlarge Time And Clarify Court Order. However, we would like to take these depositions at Thacher Proffitt's New York offices. Please let us know if plaintiffs have any problems with this location.

Chris

> -----Original Message-----
> **From:** Michele F. Raphael [mailto:MRaphael@wolfpopper.com]
> **Sent:** Wednesday, August 02, 2006 6:43 AM
> **To:** Jhang, M. Christopher (Perkins Coie); Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
> **Cc:** Bill Audet; Jason Baker; Lester L. Levy
> **Subject:** FW: Google
>
> Chris, I would also like to discuss the deposition of CLRB Hanson. - Michele
>
> ---
>
> **From:** Michele F. Raphael
> **Sent:** Tuesday, August 01, 2006 2:47 PM
> **To:** 'Jhang, M. Christopher (Perkins Coie)'; Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
> **Cc:** 'Bill Audet'; 'Jason Baker'; Lester L. Levy
> **Subject:** Google
>
> Chris,
>     We received your recent document production of over 20,000 pages. Your cover letter does not indicate whether the production is complete and I note that you still have not filed the certification of completeness as required by paragraph 2 of the case management order. Is the production now complete? If not, when will it be?

      Also, are you going to provide the documents in electronic format?  They were undoubtedly kept and retrieved in electronic format.   We would like them in electronic format, with OCR data and a corresponding load file for Summation.  Will you so provide and, if so, when?  Any questions, please call.
      Lastly, to ensure that there is no confusion, please provide the bates numbers of the AdWords agreement in effect when each of the named plaintiffs signed up with AdWords.
      With respect to the depositions, please confirm that the deposition of Mr. Howard Stern will proceed as noticed on August 16, 2006.  Thank you.  - Michele

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093

# EXHIBIT B

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

## Jhang, M. Christopher (Perkins Coie)

**From:** Jhang, M. Christopher (Perkins Coie)
**Sent:** Friday, August 04, 2006 2:50 PM
**To:** 'Michele F. Raphael'
**Cc:** Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Subject:** RE: Google

Michele,

David is unavailable today (he is on a plane flying back into the country). I will discuss with him the scheduling issues you reference below when he returns and will respond to your email early next week.

Chris

-----Original Message-----
**From:** Michele F. Raphael [mailto:MRaphael@wolfpopper.com]
**Sent:** Thursday, August 03, 2006 10:53 AM
**To:** Jhang, M. Christopher (Perkins Coie); Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Cc:** Lester L. Levy; Bill Audet; Jason Baker
**Subject:** Google

Chris,

In order to avoid additional delay, Mr. Hanson offered to alter his schedule to be available in New York. The morning of August 18th is preferable for him. If you cannot accommodate Mr. Hanson on the 18th, he can be available the afternoon of August 17. As you are aware, I advised you early on that Mr. Hanson was unavailable from August 12 to 26. We would also like to start Mr. Stern's deposition at 11:00a.m. In exchange for these date/time accommodations, we will agree that the depositions take place at Thacher Proffitt.

With respect to the summary judgment motion, given the delays, we are going to ask the Court to enlarge the time. We are going to ask that the adjourned hearing date be Monday, November 6.
- Michele

*****************************************************
The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093

# EXHIBIT C
TO THE DECLARATION OF M. CHRISTOPHER JHANG

# Jhang, M. Christopher  (Perkins Coie)

| | |
|---|---|
| **From:** | Jhang, M. Christopher  (Perkins Coie) |
| **Sent:** | Tuesday, August 08, 2006 4:57 PM |
| **To:** | 'Michele F. Raphael' |
| **Cc:** | Biderman, David  (Perkins Coie); Gitterman, Judith  (Perkins Coie) |
| **Subject:** | Plaintiffs' motion to enlarge time - Hanson v. Google |

Michele,

We are surprised that plaintiffs have filed a motion to continue the partial summary judgment hearing date. Civil Local Rule 6-3 requires that a motion to enlarge time be accompanied by a declaration that "[d]escribes the efforts the party has made to obtain a stipulation to the time change." No such description is included in the declaration accompanying plaintiffs' motion.

As explained to you in my email of last Friday, August 4, 2006, David Biderman was flying back into the country and not reachable at the time you sent your email concerning the deposition dates and the proposed summary judgment hearing date. I told you we would get back to you early this week. Rather than allow us time to respond, you filed a motion to enlarge time which could easily have been avoided.

Moreover, in your motion you raise previously decided issues. As you know, Google did not unilaterally change the deposition date deadline as represented in your motion. Google brought and was granted its motion to enlarge time. We request that plaintiffs withdraw their motion and prepare a stipulation and proposed order to file with the Court in its place. Otherwise, Google will incur unnecessary time and expense in responding to the motion and to the irrelevant issues you raised therein. There is no reason to burden the Court with a request for an order to which both parties can stipulate. Given the short time Google has to respond to your motion, please reply promptly to this email and let us know whether you will be withdrawing the motion.

Chris

# EXHIBIT D

**TO THE DECLARATION OF M. CHRISTOPHER JHANG**

## Jhang, M. Christopher (Perkins Coie)

**From:** Michele F. Raphael [MRaphael@wolfpopper.com]
**Sent:** Wednesday, August 09, 2006 7:55 AM
**To:** Jhang, M. Christopher (Perkins Coie); Biderman, David (Perkins Coie); Gitterman, Judith (Perkins Coie)
**Cc:** Lester L. Levy; Bill Audet; Jason Baker
**Subject:** Google

Chris,

    Notably, your e-mail in response to our motion to enlarge time still does not say that you have agreed to the November 6 date. Hence, we cannot withdraw our motion and prepare a stipulation. If you agree to the date, and, as required, the stipulation fully informs Judge Ware as to the reasons for the adjournment, we will withdraw the motion. However, we can not wait until the 11th hour to get an extension. We advised you of the requested date nearly a week before we made our motion. Clearly, you had ample time to get back to us.

    It is ironic that you raise this issue of an attempt to have a stipulation, given your failure to attempt to reach a stipulated date before filing your motion to enlarge. Clearly, plaintiffs had no notice of the November 20 date you unilaterally proposed. Nor were we aware that you were going to try to extend the deposition deadline to September 8.

    With respect to Mr. Hanson's deposition, we continue to request that it be Friday morning. Again, you noticed the deposition for the 17th of August knowing full well that he was unavailable. Nevertheless, as I previously said, he is willing to rearrange his schedule. We accommodated David's schedule from the beginning and expect you to do the same for Mr. Hanson. Please advise. Mr. Hanson has also been waiting for your response for almost one week.

    Lastly, please keep in mind that it is you who have chosen to litigate by: ignoring the mandates of Rule 26, violating the Court's Order on July 17, providing belatedly over 20,000 pages of documents in hard copy when Google created them and maintains them in electronic format, etc. Indeed, it is your litigation tactics that have caused us to incur unnecessary time and expense.

                                                            Michele

*******************************************************
The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. WOLF POPPER LLP will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.

WOLF POPPER LLP

845 Third Avenue, 12th Floor
New York, NY, 10022
TEL: (212) 759-4600
FAX: (212) 486-2093

8/11/2006