Lester L. Levy (*Admitted Pro Hac Vice*)
Michele F. Raphael (*Admitted Pro Hac Vice*)
WOLF POPPER LLP
845 Third Avenue
New York NY 10022
Telephone: 212.759.4600
Facsimile: 212.486.2093
e-mail: llevy@wolfpopper.com
e-mail: mraphael@wolfpopper.com

William M. Audet (SBN 117456)
Jason Baker (SBN 212380)
ALEXANDER, HAWES & AUDET, LLP
152 North Third Street, Suite 600
San Jose, CA 95112
Telephone: 408.289.1776
Facsimile: 408.287.1776
e-mail: waudet@alexanderlaw.com
e-mail: jbaker@alexanderlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE, INC., <br><br> Defendant. | CASE NO: C05-03649 JW <br><br> **DECLARATION OF LESTER L. LEVY IN OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION** |

**DECLARATION OF LESTER L. LEVY IN OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION**
Case No: C05-03649 JW

I, LESTER L. LEVY, declare as follow:

1.  I am an attorney at Wolf Popper LLP ("Wolf Popper"), counsel for Plaintiffs CLRB Hanson Industries, LLC d/b/a Industrial Printing ("CLRB Hanson") and Howard Stern (collectively, "Plaintiffs") in this action against Google, Inc ("Google"). I have personal knowledge of the facts stated herein. I submit this declaration in opposition to Defendant Google Inc.'s motion for summary judgment, or in the alternative, for summary adjudication.

**Google Refused to Produce Michael Schulman for his Deposition but Submits his Declaration in Support of its Motion for Summary Judgment, or in the Alternative, for Summary Adjudication**

2.  In Defendant's Initial Disclosures Google named only Michael Schulman as having knowledge about this case. No other person at Google was identified.

3.  On June 27, 2006, this court issued the Order Following Case Management Conference limiting the scope of discovery prior to the filing of the anticipated summary judgment motion(s) to (i) the terms and conditions of the agreement, if any, that existed between the parties relating to the AdWords advertising program and (ii) the parties' understanding of those terms and conditions. A copy of the Order Following Case Management Conference is annexed hereto as Exhibit A.

4.  On or about July 31, 2006, Google produced seven (7) boxes of documents (production was in hard copy form only) containing disjointed portions of its Frequently Asked Questions ("FAQs") in effect since 2002. Google did not produce any documents evidencing the sign-up process for that period of time.

5.  On August 24, 2006, Plaintiffs noticed the deposition of Google by Michael Schulman, to be examined about (i) terms and conditions of the agreement, if any, that existed

between the parties relating to the AdWords advertising program and (ii) the parties' understanding of those terms and conditions, including, how Google bills Plaintiffs under those terms and conditions. The deposition was noticed for September 13, 2006. A copy of Plaintiffs' Notice of Deposition of Google, Inc. ("Notice of Deposition") is annexed hereto as Exhibit B.

6. On September 5, 2006, I requested confirmation of the noticed date and David Biderman responded that the deposition should not go forward. Annexed hereto as Exhibit C is a true and correct copy of this e-mail correspondence.

7. Google refused to produce Mr. Schulman for his examination under oath by Plaintiffs' counsel. On or about September 7, 2006 Google served objections to the Notice of Deposition, arguing that this Court's Case Management Order did not allow for Google's deposition. Google's objections also stated that the Notice of Deposition failed to describe with reasonable particularity the matters on which examination is requested (even though the deposition notice mirrored the scope of discovery expressly allowed by the Court). A true and correct copy of Defendant Google Inc.'s Objections to Plaintiffs' Notice of Deposition is annexed hereto as Exhibit D.

8. Google submits a Declaration by Mr. Schulman in support of its motion for summary judgment. If the Court finds any of Mr. Schulman's assertions necessary for its determination of the competing motions for summary judgment, it is respectfully requested that the Court direct Mr. Schulman to appear in Court at the hearing on November 6, 2006, to be questioned by the Court (with Plaintiffs' counsel having an opportunity to question Mr. Schulman) with respect to the statements in his Declaration.

**DECLARATION OF LESTER L. LEVY IN OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION**
Case No: C05-03649 JW

Doc. 154774                         3

**Google Argues for a 60 Day Prior to August 3, 2005 Cut Off for Claims Against Google**

9. Google, in its motion for summary judgment, argues that Plaintiffs (and the other class members) are barred from asserting claims occurring more than 60 days prior to the date the original complaint was filed (on August 3, 2005). As evidenced by documents produced by Google in this litigation, Plaintiffs often complained to Google about being overcharged. For example, Howard Stern emailed to Google on October 9, 2003, complaining that, though he had a $10 a day budget, his cost on October 8, 2003, was over that budget and that he thought the listing would go off once the budget was reached. CLRB Hanson Industries, LLC also complained often to Google about the overcharges. For example, on January 13, 2005, it requested Google to examine their charges in excess of the daily budget. The next day, not having received a satisfactory reply, CLRB Hanson stated if it were not credited for charges over the daily budget then Google would be forcing CLRB Hanson to get attorneys involved. True and correct copies of this email correspondence is annexed hereto as Exhibit E.

10. Annexed hereto as Exhibit F are true and correct copies of pages from the transcript of the deposition of Howard Stern taken under oath on August 16, 2006.

11. Annexed hereto as Exhibit G are true and correct copies of pages from the transcript of CLRB Hanson Industries, LLC by Brett Hanson, taken under oath on August 18, 2006.

Dated: October 16, 2006

                                              /s/
                                      Lester L. Levy