United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB Hanson Industries, LLC d/b/a Industrial Printing, and Howard Stern, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>Google Inc.,<br><br>    Defendant. | NO. C 05-03649 JW<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |

On September 12, 2005, Defendant Google, Inc. ("Defendant") removed this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Under CAFA, a district court has "'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [the action] is a class action in which' the parties satisfy, among other requirements, minimal diversity." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(d)(2)). CAFA expressly provides that the claims of individual members shall be aggregated to determine the amount in controversy. 28 U.S.C. § 1332(d)(6). Plaintiffs have not challenged removal and concede in their Second Amended Class Action Complaint that the Court has jurisdiction under CAFA. (See Docket Item No. 47.)

Having reviewed the papers and evidence submitted in conjunction with the parties' motions for summary judgment, the Court is doubtful as to whether the amount of damages sought by

Plaintiffs exceeds the jurisdictional threshold of $5,000,000. Of particular concern to the Court are the relatively small amounts by which each of the named Plaintiffs alleges to have been overcharged by Defendant. For example, named Plaintiff Howard Stern testifies by declaration that in certain months he was only overcharged by a couple of dollars:

> [M]y AdWords campaign ran for 4 days in the month of September 2005. During that time my daily budget was set at $10. Google should have charged me at most, $40. In fact, it charged me over 8% more ($43.25). In December 2005 my AdWords campaign ran for 2 days and my daily budget was $10. I should have been charged $20 by Google. In fact, it charged me over 6% more ($21.28).

(Declaration of Howard Stern in Support of Plaintiffs' Motion for Partial Summary Judgment, Docket Item No. 83, ¶ 6.) If such claims are typical of other class members, even with a class comprised of thousands, the amount in controversy requirement is not satisfied.

Accordingly, the Court orders the parties to show cause why the case should not be remanded for lack of jurisdiction. A hearing on this matter is set for **November 20, 2006 at 9:00 a.m.** The parties shall submit opening briefs no later than November 8, 2006. Any reply briefs shall be filed no later than November 13, 2006. The hearing on the parties' motions for summary judgment is continued to **January 22, 2007 at 9:00 a.m.** Additionally, the case management conference currently scheduled for November 6, 2006 is continued to **January 22, 2007 at 10:00 a.m.**

Dated: October 30, 2006

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Christopher M. Jhang cjhang@perkinscoie.com
David T. Biderman dbiderman@perkinscoie.com
Judith B. Gitterman gittj@perkinscoie.com
Lester L Levy llevy@wolfpopper.com
Lisa Delehunt ldelehunt@perkinscoie.com
Michele Fried Raphael mraphael@wolfpopper.com
Ryan M. Hagan rhagan@alexanderlaw.com
William M. Audet waudet@alexanderlaw.com

**Dated: October 30, 2006**                               **Richard W. Wieking, Clerk**

                                                          **By:  /s/ JW Chambers**
                                                               **Elizabeth Garcia**
                                                               **Courtroom Deputy**

**United States District Court**
For the Northern District of California