1   DAVID T. BIDERMAN, Bar No. 101577
    JUDITH B. GITTERMAN, Bar No. 115661
2   M. CHRISTOPHER JHANG, Bar No. 211463
    **PERKINS COIE LLP**
3   Four Embarcadero Center, Suite 2400
    San Francisco, California 94111
4   Telephone: (415) 344-7000
    Facsimile: (415) 344-7050
5   Email: DBiderman@perkinscoie.com
    Email: JGitterman@perkinscoie.com
6   Email: CJhang@perkinscoie.com

7   Attorneys for Defendant Google Inc.

8

9                    **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT** OF CALIFORNIA, SAN JOSE DIVISION

11

12  CLRB HANSON INDUSTRIES, LLC d/b/a          CASE NO. C 05-03649 JW
    INDUSTRIAL PRINTING, and HOWARD
13  STERN, on behalf of themselves and all others   **GOOGLE INC'S OPENING BRIEF IN**
    similarly situated,                         **RESPONSE TO COURT'S ORDER TO**
14                                              **SHOW CAUSE WHY THE CASE**
                    Plaintiffs,                 **SHOULD NOT BE REMANDED FOR**
15                                              **LACK OF JURISDICTION**
16          v.
                                                Date:   November 20, 2006
17  GOOGLE, INC.,                               Time:   9:00 a.m.
                                                Dept.:  Courtroom 8
18                  Defendant.                  Judge:  Honorable James Ware

19

20

21

22

23

24

25

26

27

28

GOOGLE INC.'S OPENING BRIEF IN RESPONSE TO COURT'S ORDER
TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED FOR
LACK OF JURISDICTION
Case No. 05-03649

Dockets.Justia.com

1

OPENING BRIEF IN RESPONSE TO COURT'S ORDER

2

Defendant Google Inc. ("Google") denies that plaintiffs CLRB Hanson Industries, LLC,

3

d/b/a Industrial Printing, and Howard Stern ("Plaintiffs") are entitled to any recovery for their

4

claims. However, this Court should retain jurisdiction over this action because the jurisdictional

5

amount in controversy is facially apparent from Plaintiffs' Second Amended Complaint ("SAC").

6

The Class Action Fairness Act ("CAFA") vests the district court with "original jurisdiction

7

of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000,

8

exclusive of interest and costs, and is a class action in which [the parties satisfy, among other

9

requirements, minimal diversity]." 28 U.S.C. § 1332(d); *see also Davis v. Chase Bank U.S.A.,*

10

*N.A.*, --- F. Supp. 2d ---, 2006 WL 2812343, *2 (C.D. Cal. 2006). CAFA expressly requires that

11

the claims of individual members shall be aggregated to determine the amount in controversy. 28

12

U.S.C. § 1332(d)(6).

13

The procedure in the Ninth Circuit for determining the amount in controversy on removal

14

"requires a district court to first consider whether it is 'facially apparent' from the complaint that

15

the jurisdictional amount is in controversy." *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982,

16

984 (S.D. Cal. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th

17

Cir. 1997)). "If it is not, the court may consider facts in the removal petition as well as evidence

18

submitted by the parties." *Id.*

19

As set forth in Google's summary judgment papers, the undisputed facts in this case

20

demonstrate that Plaintiffs' claims are unsupported by the express terms of the parties' advertising

21

agreement, Google billed Plaintiffs consistently with the terms of their agreement, and Plaintiffs'

22

claims are barred in part by the limitations period in the parties' agreement. However, the

23

jurisdictional amount in controversy is determined from the allegations or prayer of the complaint,

24

and "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does

25

not . . . oust jurisdiction." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90

26

(1938); *see also Singer,* 116 F.3d at 375.

27

28

GOOGLE INC.'S OPENING BRIEF IN RESPONSE TO COURT'S
ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE
REMANDED FOR LACK OF JURISDICTION
Case No. 05-03649

1    Here, it is facially apparent from Plaintiffs' SAC that based on their allegations the
2   jurisdictional amount is in controversy.  Plaintiffs seek to bring a nationwide class action on behalf
3   of "all persons who were charged by Google more than their set daily budgets for their advertising
4   campaign(s)" and contend that "thousands of people have been damaged by Google's conduct."
5   SAC, ¶¶ 69, 70.  They allege that "Google routinely overdelivers ads to allow advertisers'
6   accounts to go over their daily budget."  *Id.*, ¶ 49.

7    Plaintiffs further allege that the "Google network is the largest online advertising network
8   in the United States and includes thousands of third-party web sites."  *Id.*, ¶ 12.  They claim that
9   "U.S. sales from advertiser-paid search results are expected to grow 25 percent this year to $3.2
10  billion" and that "[p]aid-search advertising generates about 98 percent of Google's revenues."  *Id.*,
11  ¶¶ 39, 41.  They allege that "Google's revenue is largely dependent upon its AdWords program."
12  *Id.*, ¶ 40.  Plaintiffs seek general, compensatory, and consequential damages, attorneys' fees and
13  prejudgment interest, preliminary and permanent injunctive relief, and the imposition of a
14  constructive trust on all advertising fees Plaintiffs claim they, and the class they seek to represent,
15  were improperly charged.  *See id.*, Prayer for Relief.

16   Google has hundreds of thousands of advertisers in its advertising network.  *See*
17  Declaration of Heather Wilburn ("Wilburn Decl."), ¶ 2.  Google does not concede that any of
18  Plaintiffs' claims have merit or that Plaintiffs could ever certify as a class Google advertisers or
19  even some subset of them.  However, in view of the large number of Google advertisers, all of
20  whom Plaintiffs allege are affected by Plaintiffs' claims, even the very small amount of damages
21  Plaintiffs argue were suffered by each advertiser could in the aggregate exceed $5 million.

22   Based on Plaintiffs' allegations, the jurisdictional amount in controversy requirement is
23  satisfied.  *See, e.g., Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp. 2d 502, 516 (W.D. La. 2001)
24  (jurisdictional amount "facially apparent" in 28 U.S.C. § 1332(a) case, involving putative class
25  action brought by consumers against sellers, manufacturers, distributors, and promoters of treated
26  wood product, where plaintiffs sought to bring action on behalf of all persons in the United States
27  who have a legally enforceable interest in the treated wood product and sought recovery for

28

- 3 -

damages including return of the purchase price, costs of removal and replacement of the material, cost of soil testing, cost of remediation, injunctive relief, and the establishment of an educational fund); *see also, e.g., Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006) (jurisdictional amount in controversy "facially apparent" where plaintiffs did not contest satisfaction of the general requirements of CAFA and petition sought damages for personal injuries of at least 500 people and attorneys' fees).

The jurisdictional amount is also satisfied because Plaintiffs concede in their SAC that "[t]his Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005" and that "[t]he matter in controversy exceeds the jurisdictional amount." SAC, ¶ 3. Courts may properly accept a judicial admission from the plaintiff that the jurisdictional amount in controversy is satisfied as establishing it, particularly where the plaintiff initially chose to file in a state rather than federal forum since this creates a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.  *See Singer,* 116 F.3d at 375-76 (within district court's discretion to accept plaintiff's admission, made in plaintiff's motion to remand, that the amount in controversy exceeded the jurisdictional requirement); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690-91 (9th Cir. 2006).

The jurisdictional amount in controversy requirement of CAFA is satisfied by Plaintiffs' pleadings.  Accordingly, Google respectfully requests that this Court retain jurisdiction over this action.

DATED: November 8, 2006          **PERKINS COIE LLP**


By: */S/ David T. Biderman*
    David T. Biderman
    Attorneys for Defendant Google Inc.

LEGAL12086467.1

GOOGLE INC.'S OPENING BRIEF IN RESPONSE TO COURT'S
ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE
REMANDED FOR LACK OF JURISDICTION
Case No. 05-03649