IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB Hanson Industries, LLC d/b/a Industrial Printing, and Howard Stern, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>Google Inc.,<br><br>    Defendant. | NO. C 05-03649 JW<br><br>**ORDER VACATING ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |

On October 30, 2006, the Court ordered the parties to show cause why the case should not be remanded for lack of subject matter jurisdiction. (See Docket Item No. 101.) Certain evidence that the parties had submitted in conjunction with their motions for summary judgment indicated that the amount in controversy did not meet the jurisdictional threshold. The Class Action Fairness Act ("CAFA"), pursuant to which Defendant removed this case, requires that the claims of the individual class members aggregate to more than $5,000,000 in order for a federal district court to have jurisdiction over a class action. See 28 U.S.C. 1332(d).

In cases removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including any amount in controversy requirement. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006). If the complaint does not specify the amount of damages sought, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Id. at 683. Under this standard, "the defendant

must provide evidence that it is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." Id. (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996)).

Plaintiffs' Second Amended Complaint, (hereafter "SAC," Docket Item No. 47), lacked detail as to what the claims of the individual class members–who alleged they had been overcharged through their participation in Defendant's advertising scheme–could potentially amount to.  The Second Amended Complaint only indicated that (i) "thousands of people" have been damaged by Defendant's conduct, (SAC ¶ 70); (ii) "U.S. sales from advertiser-paid search results are expected to grow 25 percent this year to $3.2 billion," (SAC ¶ 39); and (iii) "[p]aid-search advertising generates about 98 percent of [Defendant's] revenues," (SAC ¶ 41).  These allegations provided no indication that the amount of damages exceeds $5,000,000.

In response to the order to show cause, the parties have provided additional information that establishes it is more likely than not that the amount in controversy requirement is met.  According to the parties' recent submissions, Defendant has "hundreds of thousands of advertisers," (see Declaration of Heather Wilburn, Docket Item No. 103, ¶ 2), that generate billions of dollars in revenue for Defendant annually, (see Declaration of Michele F. Raphael, Docket Item No. 105, Ex. C).  In light of the substantial number of advertisers and the substantial revenue that is derived from advertising, the Court finds that the amount in controversy is sufficiently alleged.  Accordingly, the hearing on the order to show cause is VACATED.

The hearing on Defendant's Motion for Summary Judgment is set for **January 22, 2006 at 9 AM.**

Dated: November 14, 2006

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Christopher M. Jhang cjhang@perkinscoie.com
David T. Biderman dbiderman@perkinscoie.com
Judith B. Gitterman gittj@perkinscoie.com
Lester L Levy llevy@wolfpopper.com
Lisa Delehunt ldelehunt@perkinscoie.com
Michele Fried Raphael mraphael@wolfpopper.com
Ryan M. Hagan rhagan@alexanderlaw.com
William M. Audet waudet@alexanderlaw.com

Dated: November 14, 2006            Richard W. Wieking, Clerk

                                    By: /s/ JW Chambers
                                        Elizabeth Garcia
                                        Courtroom Deputy

**United States District Court**
For the Northern District of California