DAVID T. BIDERMAN, Bar No. 101577
JUDITH B. GITTERMAN, Bar No. 115661
M. CHRISTOPHER JHANG, Bar No. 211463
**PERKINS COIE LLP**
4 Embarcadero Center, 24th Floor
San Francisco, CA 94111-3162
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
Email: DBiderman@perkinscoie.com
Email: JGitterman@perkinscoie.com
Email: CJhang@perkinscoie.com

Attorneys for Defendant Google Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE, INC.,

Defendant.

CASE NO. C O5-03649 JW

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

1. PURPOSES AND LIMITATIONS.

This Stipulated Protective Order Regarding Confidential Information ("Stipulated Protective Order") is entered into by and among plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern, on behalf of themselves and all others similarly situated ("Plaintiffs") and defendant Google Inc. ("Google").

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

Dockets.Justia.com

following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in paragraph 5, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. Effective upon entry as an order of the Court, this Stipulated Protective Order shall govern, and shall be applied to protect alleged trade secrets, source code, programs, documents, materials, items, or information that consist of information that is lawfully entitled to confidential treatment under California law and that qualifies for protection under standards developed under Fed.R.Civ.P. 26(c) (hereinafter "Confidential Information"), including without limitation, confidential, proprietary, commercially sensitive, and/or privileged information, or information the disclosure of which would violate a personal, financial or other privacy interest protected by law (including any trade secret), or information the disclosure of which threatens to cause serious harm that outweighs the public interest in disclosure of such information.

2. DEFINITIONS:

(a) Party. "Party" means any of the parties in this action including officers, directors, and agents (but not Counsel).

(b) Confidential Information. "Confidential Information" refers collectively to discovery material designated as either "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only" by any party or third party, including any copies, abstracts, summaries, compilations, any note or other record concerning the contents, or other such record derived from such discovery material.

(c) Counsel. "Counsel" means outside counsel and their secretarial and support personnel and other assistants and to whom it is necessary to disclose Confidential Information for the purpose of this action.

3. The terms of this Stipulated Protective Order shall govern the use of all Confidential Information produced in discovery and all pre-trial proceedings in this case. Confidential Information produced by any party or non-party as part of discovery in this litigation may be designated by such party or non-party as "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only."

4. Blanket-designation of documents or information as "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only," en masse and/or without regard to the specific contents of each document or piece of information, is prohibited. As a general guideline, documents or information designated as "Confidential" shall be those things that may be disclosed to the parties or their counsel for the purposes of the litigation, but which must be protected against disclosure to third parties. As a further general guideline, information or materials designated as "Confidential – Trade Secret/Attorneys' Eyes Only" shall be those information or materials which are of a proprietary, business or technical nature that might reasonably be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto or might reasonably pose a commercial disadvantage to the producing party and must be protected from disclosure. Absent a specific order by the Court or written agreement of the parties, once designated as either "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only", such Confidential Information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. To the extent that a party or nonparty believes it necessary to submit with the pleadings or as evidence Confidential Information comprised of materials including documents, interrogatory responses, responses to requests for admission, deposition transcripts, or other information, the parties shall comply with Civil Local Rule 79-5.

A Party making an Administrative Motion to File Under Seal, shall file the motion electronically, but shall file the actual documents to be sealed conventionally on paper, in accordance with Local Rule 79-5. If the Administrative Motion to File Under Seal itself contains

confidential information, the movant shall electronically file and serve a redacted version of the motion and deliver paper copies of the documents to be sealed to the Clerk's Office in accordance with Local Rule 79-5.

Any party submitting to the Court Confidential Information designated by another party or third party shall comply with Civil Local Rule 79-5(d). The designating party shall then bear the burden to file and serve a declaration establishing that the designated information is sealable, and lodge and serve a narrowly tailored proposed sealing order, as required by Civil Local Rule 79-5(d). Any Confidential Information lodged with the Court shall be placed in a sealed envelope or other appropriate container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil Local Rule 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." To the extent that any party or nonparty believes it necessary to submit Confidential Information as part of any discovery motion, such Confidential Information shall be placed in a sealed envelope or other appropriate container labeled: "THIS DECLARATION AND THE EXHIBITS ATTACHED HERETO CONTAIN CONFIDENTIAL INFORMATION THAT HAVE BEEN LODGED WITH THE COURT BUT WHICH ARE NOT TO BE FILED WITH THE CLERK OF THE COURT PURSUANT TO THE COURT'S ORDER."

6. Parties submitting Confidential Information to the Court shall endeavor in good faith to restrict their filings or other submissions to Confidential Information that is reasonably necessary for the Court to consider in connection with the issue or matter for which the Confidential Information is submitted. If the Court denies a request to file under seal in part or in full, the provisions of Civil Local Rule 79-5(e) shall apply. The Court shall stay any order to declassify purportedly Confidential Information upon notice by any party that said party is pursuing an interlocutory appeal of such an order, and the stay shall remain in effect (and the purportedly Confidential Information shall remain sealed by or lodged with the Court) until the appeal has been finally determined, or until further order of the Court.

7. The designation of information or material as "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only" for purposes of this Stipulated Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL – TRADE SECRET/ATTORNEYS' EYES ONLY" to any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only" hereunder; or (ii) by written notice of such designation hand-delivered by counsel to counsel for all other parties within fifteen (15) calendar days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Stipulated Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential" or "Confidential — Trade Secret/Attorneys' Eyes Only." Unless so designated, any confidentiality is waived after the expiration of the 15 calendar day period unless designated in writing as set forth above or otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Confidential — Trade Secret/Attorneys' Eyes Only" is used during the course of a deposition, that portion of the

deposition record reflecting such Confidential Information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the terms of this Stipulated Protective Order.

8. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' counsel (including without limitation, in-house counsel) and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) parties and employees of the parties whose assistance is needed by counsel for the purposes of this litigation.

(c) any independent expert and/or independent consultant or contractor and necessary secretarial, clerical, and support personnel and other assistants, subject to and conditioned upon the requirements of Paragraph 10 herein;

(d) any potential witness only if that person agrees to sign the Acknowledgement (Exhibit A) described in Paragraph 10 before being shown Confidential Information. Such persons shown Confidential Information shall not be allowed to retain copies;

(e) the Court, or Court personnel;

(f) court reporters employed in connection with this action;

(g) graphics or design services, and/or copy services retained by counsel for a party for purposes of preparing paper or electronic copies for only those uses permitted by this Stipulated Protective Order, or demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 10;

(h) non-technical jury or trial consulting services retained by counsel for a party who is retained or employed as a bona fide jury or trial consultant for purposes of this

litigation, whether full or part time, by or at the direction of counsel for a party, subject to and conditioned upon execution of the Acknowledgement attached hereto as Exhibit A; and

(i) any other person only upon order of the Court or upon prior written consent of the party or non-party producing the Confidential Information.

9. Information or material designated as "Confidential – Trade Secret/Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to persons listed Paragraphs 8(a), (e), (f), and (i), unless authorized by express order of the Court or by written consent of the party producing the Confidential – Trade Secret/Attorneys' Eyes Only information or material.

10. To obtain approval of disclosure of Confidential – Trade Secret/Attorneys' Eyes Only information or material to independent experts or consultants, a Party will follow the following procedure:

(a) Unless otherwise ordered by the court or agreed in writing by the designating party, a Party that seeks to disclose to Confidential – Trade Secret/Attorneys' Eyes Only information or material to independent experts or consultants first must make a written request to the designating party that (1) identifies the specifics of Confidential – Trade Secret/Attorneys' Eyes Only information that the receiving party seeks permission to disclose to the expert or consultant, (2) sets forth the full name of the expert or consultant and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the expert has provided any professional services during the preceding five years. The request and information must be served on the designating party by email or telefax.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Confidential – Trade Secret/Attorneys' Eyes Only Information to the identified expert or consultant unless, within seven court days of delivering the request, the Party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the expert or consultant may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the expert or consultant is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the designating party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the expert or consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Confidential-Trade Secret/Attorneys' Eyes Only information to its expert or consultant.

11. Except for those persons identified in Paragraphs 8(a), (e), and (f), above, before obtaining access to any Confidential Information, the persons identified in Paragraph 8 must signify assent to the terms of this Stipulated Protective Order by executing the undertaking attached hereto as Exhibit "A" ("Undertaking").

12. For purposes of this Stipulated Protective Order, "court day" shall mean days of the week that are not Saturdays, Sundays, or legal holidays. The term "legal holiday" shall be applied to this provision as defined in Rule 6 of the Federal Rules of Civil Procedure.

13. A party may challenge the other party's designation of information or materials produced herein as "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within fifteen (15) court days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) court days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the producing party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil local Rule 79-5, if applicable) within twenty (20) court days after conferring with the objecting party, with confidential portions thereof to be lodged under seal, requesting that the Court determine the documents, information, and/or deposition testimony are appropriately designated under the provisions of this Stipulated Protective Order. In any such proceeding, the producing party shall bear the burden of demonstrating that the disputed confidential designation(s) is/are legally warranted. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only" per the designation being challenged.

14. All Confidential Information covered by this Stipulated Protective Order shall be kept such that access shall be permitted only to those designated persons set forth in Paragraphs 8 or 9 above as persons properly having access thereto.

15. All counsel for the parties who have access to information or material designated as Confidential Information under this Stipulated Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for Purposes of enforcing this Order.

16. Entering into, agreeing to, and/or producing or receiving information or material designated as Confidential Information or otherwise complying with the terms of this Stipulated Protective Order shall not:

   (a) operate as an admission by any party that any particular information or material designated as Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

   (b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential Information;

   (c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

   (d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulated Protective Order;

   (e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Stipulated Protective Order;

   (f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

   (g) prevent the parties to this Stipulated Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material; or

   (h) limit a party's ability to grant nonparties access to its own documents and/or information.

17. This Stipulated Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained

herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as Confidential Information obtained lawfully by such party independently of any proceedings in this action, or which:

    (a)    was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

    (b)    is or becomes publicly known through no fault or act of such party; or

    (c)    is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

18.    In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The burden of seeking an order of the Court preventing the disclosure of the information or materials in question shall lie with either the party upon whom the discovery request was made or the non-party. If no motion to quash has been filed with the Court within ten (10) business days of notice that the consent of the non-party could not be obtained then the information and/or materials in question shall be produced to the requesting party.

19.    It is the present intention of the parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other party hereto for good cause.

20.    The provisions of this Stipulated Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after

the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as Confidential Information hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. Counsel described in Paragraphs 8(a) and 9 above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as Confidential Information) provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information and material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

21. In the event that any Confidential Information or material hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as Confidential Information through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

22. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) court days of receipt of such subpoena, demand or legal process, to those who produced or designated the Confidential Information or material and shall object to its production to the extent permitted by law. Should the person

seeking access to the information or material take action against the party of anyone else covered by this Stipulated Protective Order to enforce such a subpoena, demand or other legal process, the designating party shall bear the burden to oppose or otherwise respond to any such action, and will indemnify and reimburse the subpoenaed party for any sanctions imposed. Nothing herein shall be construed as requiring the party or anyone else covered by this Stipulated Protective Order to oppose any motion to compel or to challenge or appeal any order requiring production of information or material covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

23. In the case of documents where only a portion of the document contains Confidential Information the party producing the document shall also produce a redacted version without the Confidential Information.

24. If timely corrected, an inadvertent failure to designate qualified information or materials as "Confidential" or "Confidential – Trade Secret/Attorneys' Eyes Only" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or or "Confidential – Trade Secret/Attorneys' Eyes Only" after the material was initially produced, the receiving party on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

//
//
//
//
//
//
//
//

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

Dated: March 2, 2007

**PERKINS COIE LLP**

By: [signature]
Judith B. Gitterman
Attorneys for Defendant GOOGLE INC.

Dated: March __, 2007

**AUDET & PARTNERS, LLP**

By: ______________________
William M. Audet
Attorneys for Plaintiff

Dated: March __, 2007

**WOLF POPPER LLP**

By: ______________________
Lester L. Levy
Attorneys for Plaintiff

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated: ____________________

______________________
James Ware
United States District Judge
Northern District of California

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

Dated: March __, 2007

**PERKINS COIE LLP**

By: ______________________
Judith B. Gitterman
Attorneys for Defendant GOOGLE INC.

Dated: March 01, 2007

**AUDET & PARTNERS, LLP**

By: ______________________
William M. Audet
Attorneys for Plaintiff

Dated: March __, 2007

**WOLF POPPER LLP**

By: ______________________
Lester L. Levy
Attorneys for Plaintiff

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated: ______________

______________________
James Ware
United States District Judge
Northern District of California

**IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

Dated: March __, 2007

**PERKINS COIE LLP**

By: ______________________________
Judith B. Gitterman
Attorneys for Defendant GOOGLE INC.

Dated: March __, 2007

**AUDET & PARTNERS, LLP**

By: ______________________________
William M. Audet
Attorneys for Plaintiff

Dated: March 2, 2007

**WOLF POPPER LLP**

By: S/ Lester L. Levy
Lester L. Levy
Attorneys for Plaintiff

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

Dated: ____________________

______________________________
James Ware
United States District Judge
Northern District of California