1  DAVID T. BIDERMAN, Bar No. 101577
   JUDITH B. GITTERMAN, Bar No. 115661
2  M. CHRISTOPHER JHANG, Bar No. 211463
   **PERKINS COIE LLP**
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA 94111-4131
4  Telephone: (415) 344-7000
   Facsimile: (415) 344-7050
5  Email: DBiderman@perkinscoie.com
   Email: JGitterman@perkinscoie.com
6  Email: CJhang@perkinscoie.com

7  Attorneys for Defendant Google Inc.

8

9                    UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | CASE NO. C 05-03649 JW<br><br>**DECLARATION OF M. CHRISTOPHER JHANG IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO CIV. L.R. 79-5(D) TO FILE UNDER SEAL PORTIONS OF DOCUMENTS**<br><br>Date: June 11, 2007<br>Time: 9:00 a.m.<br>Dept.: Courtroom 8<br>Judge: Honorable James Ware |

Jhang Declaration in Response to Plaintiffs' Administrative Motion
41063-0023/LEGAL13232718.1

I, M. Christopher Jhang, hereby declare as follows:

1. I am an attorney duly licensed to practice law in all of the courts of the State of California and this Court, and am an attorney with the law firm of Perkins Coie LLP, counsel for defendant Google Inc. ("Google") in this action. Pursuant to Civil Local Rule 79-5(d), I submit this declaration in response to Plaintiffs' Administrative Motion Pursuant To Civ. L.R. 79-5(d) To File Under Seal Portions Of Documents Due To Confidential Designations By Defendant Google Inc. ("Plaintiffs' Motion to Seal Documents"), filed with this Court on May 7, 2007. I have personal knowledge of the facts set forth below except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called upon to testify, I could and would testify competently as to the matters set forth herein.

## BASIS FOR SEALING OF GOOGLE'S CONFIDENTIAL INFORMATION

2. On or about March 2, 2007, Google and plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern ("Plaintiffs") executed and filed with the Court their [Proposed] Stipulated Protective Order Regarding Confidential Information ("Stipulated Protective Order"). A true and correct copy of the Stipulated Protective Order is attached hereto as Exhibit A.

3. The Stipulated Protective Order provides two tiers of confidential designations. The first tier covers information designated "Confidential," which the Stipulated Protective Order generally describes as "those things that may be disclosed to the parties or their counsel for the purposes of the litigation, but which must be protected against disclosure to third parties." Stipulated Protective Order, ¶ 4. The second tier covers information designated "Confidential – Trade Secret/Attorneys' Eyes Only," which the protective order generally describes as "those information or materials which are of a proprietary, business or technical nature that might reasonably be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto or might reasonably pose a commercial disadvantage to the producing party and must be protected from disclosure." *Id.*

4.     On April 26, 2007, I sent Plaintiffs' counsel, Lester Levy and Michele Raphael, a letter providing Google's tailored confidentiality designations for the deposition transcripts of Google employees Heather Wilburn, Shivakumar Venkataraman, and Michael Schulman. A true and correct copy of this letter is attached hereto as Exhibit B.

5.     Google considers portions of Ms. Wilburn's deposition transcript to be "Confidential" because they discuss, describe, or refer to Google's internal training materials or internal guidelines used by Google's customer service representatives to respond to client inquiries. None of these materials are available to the public. Except for these "Confidential" portions, Ms. Wilburn's transcript has been designated by Google as non-confidential.

6.     Google considers Mr. Venkataraman's deposition transcript to be "Confidential" in its entirety because Mr. Venkataraman is a Google software engineer who primarily discussed in his deposition Google's internal processes and information not available to the public. Mr. Venkataraman discussed Google's proprietary technology related to its AdWords program, the development of new technology, and the content of confidential documents Google produced to Plaintiffs. No portions of his transcript have been designated "Confidential – Trade Secret/Attorneys' Eyes Only."

7.     Google considers most of Mr. Schulman's deposition transcript to be "Confidential." Mr. Schulman is a Google software engineer who primarily discussed in his deposition Google's internal processes and information not available to the public. For example, Mr. Schulman discussed Google's proprietary technology related to its AdWords program, including the computer programming of the system for serving ads, and the content of confidential documents Google produced to Plaintiffs. Google also considers a small portion of Mr. Schulman's transcript to be "Confidential – Trade Secret/Attorneys' Eyes Only" because this portion pertains to Google's highly sensitive algorithms used for the AdWords program.

## CONFIDENTIAL DESIGNATION DISPUTE

8.     On May 7, 2007, I received a letter from Plaintiffs' counsel objecting to Google's "Confidential" designation of the transcripts of Mssrs. Venkataraman and Schulman. Absent

-3-

1 from this letter was any objection to the tailored designations for Ms. Wilburn's transcript or to
2 the "Confidential – Trade Secret/Attorneys' Eyes Only" designation in Mr. Schulman's
3 transcript. In addition, Plaintiffs' counsel's letter provided only "examples" of designated
4 testimony that they dispute, rather than a complete list. Attached hereto as Exhibit C is a true
5 and correct copy of the May 7, 2007 letter.

6       9. On May 14, 2007, I sent Plaintiffs' counsel a letter setting forth the basis for
7 Google's designations (described in paragraphs 5-7 above). I requested that Plaintiffs provide a
8 complete list, by page and line reference, of the portions of the transcripts where they dispute
9 Google's "Confidential" designation. I stated that Google would confer with Plaintiffs in good
10 faith as to the validity of the designations, as required under paragraph 13 of the Stipulated
11 Protective Order, and seeks to resolve this dispute without the need for judicial intervention.
12 Attached hereto as Exhibit D is a true and correct copy of my May 14, 2007 letter to Plaintiffs.

### PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS

14       10. On May 7, 2007, Plaintiffs filed their Motion to Seal Documents, requesting to
15 seal portions of Plaintiffs' Supplemental Memorandum In Support Of Plaintiffs' Motion For
16 Partial Summary Judgment ("Plaintiffs' Supplemental Memorandum") and the Supplemental
17 Declaration of Michele F. Raphael ("Supplemental Raphael Declaration") because they
18 "incorporate, refer to, and/or cite documents" that Google has designated "Confidential."

19       11. Plaintiffs' Supplemental Memorandum and the Supplemental Raphael
20 Declaration should be sealed in accordance with Google's tailored confidential designations.
21 Plaintiffs have failed to redact portions of their Supplemental Memorandum and Supplemental
22 Raphael Declaration in accordance with Google's confidential designations. Plaintiffs have also
23 redacted (i.e., submitted as confidential) portions of their papers that refer to documents or
24 information that Google has not designated confidential.

25       12. Specifically, in Plaintiffs' Supplemental Memorandum (redacted version),
26 Plaintiffs failed to redact the complete sentence on page 1, lines 14-17; and the complete

-4-

1  sentences on page 5, lines 22-23.  In the Supplemental Raphael Declaration, Plaintiffs failed to
2  redact Exhibit B (Wilburn transcript), page 51, lines 1-4; and Exhibit B, page 69, lines 8-25.
3       13.   In Plaintiffs' Supplemental Memorandum (redacted version), beginning on page
4  8, line 23, and ending on page 9, line 3, Plaintiffs redacted a reference to Ms. Wilburn's
5  deposition testimony that was not designated confidential by Google.
6       14.   On May 14, 2007, I sent Plaintiffs' counsel a letter demanding that Plaintiffs
7  immediately re-file their papers with amended redactions, so that any confidential information
8  referenced in Plaintiffs' Supplemental Memorandum and Supplemental Raphael Declaration is
9  not made available to the public.  A true and correct copy of this letter is attached hereto as
10 Exhibit E.
11      15.   Aside from the exceptions stated above, the remaining redactions (i.e., sealing as
12 confidential documents) requested in Plaintiffs' Motion to Seal Documents, in connection with
13 Plaintiffs' Supplemental Memorandum and the Supplemental Raphael Declaration, are consistent
14 with Google's confidentiality designations.
15      I declare under penalty of perjury under the laws of the State of California and the United
16 States that each of the above statements is true and correct.
17      Executed May 14, 2007, in San Francisco, California.

**PERKINS COIE LLP**

By: _____/S/_____
       M. Christopher Jhang

-5-

Jhang Declaration in Response to Plaintiffs' Administrative Motion
CASE NO. 05-03649
41063-0023/LEGAL13232718.1