# EXHIBIT C

Dockets.Justia.com

LAW OFFICES
## WOLF POPPER LLP
845 THIRD AVENUE
NEW YORK, N.Y. 10022-6601

(212) 759-4600

FACSIMILE: (212) 486-2093
WWW.WOLFPOPPER.COM

DIRECT DIAL: (212) 451-9630

May 7, 2007

<u>Via Facsimile</u>

M. Christopher Jhang, Esq.
Perkins Coie LLP
Four Embarcadero Center
Suite 2400
San Francisco, California 94111-4131

    Re:    <u>CLRB Hanson Industries, Inc. et al. v. Google Inc.
United States District Court Case No. C 05-03649 JW</u>

Dear Mr. Jhang,

    Plaintiffs are in receipt of your letter, dated April 26, 2007, designating portions, and/or the entirety of the transcripts of Ms. Wilburn, Mr. Schulman and Mr. Venkataraman Confidential, Confidential-Trade Secret/Attorneys' Eyes Only, and Non-Confidential.

    Plaintiffs object to your blanket designation of the entire transcript of the deposition of Mr. Venkataraman as confidential. Defendant's designation of the entire transcript as "Confidential" is a blanket-designation en masse without regard to the specific contents of each piece of information, and is expressly prohibited by paragraph 4 of the parties' stipulated protective order ("Protective Order"). For example, you seek to treat as confidential such pieces of information as: whether he did anything in preparation for his deposition; whether he discussed the deposition with anyone other than counsel; from what university he graduated; what degree he obtained; where he worked before his employment at Google; the location where he works; how many floors are in the building; whether he knows what a billing period is; and whether he has taught classes at a university. Such information is clearly not "Confidential" as defined in paragraph 4 of the Protective Order (nor under any other authority). These are not

Doc. 157113

WOLF POPPER LLP

M. Christopher Jhang, Esq.
May 7, 2007
Page 2

"things that may be disclosed to the parties or their counsel for the purposes of the litigation, but which must be protected against disclosure to third parties."

Plaintiffs similarly object to the en-masse, blanket designation of Mr. Schulman's transcript as "Confidential" as a violation of paragraph 4 of the Protective Order. For example, you seek to treat as confidential: whether he understands that he has to respond orally at his deposition; whether he read anyone else's deposition transcript; whether he was asked to provide documents with respect to the case; whether he searched his files for documents; what university he graduated from; what degree he obtained; what year he graduated; what is his title at Google; and where does he work. Such information is clearly not confidential. The discussions concerning Mr. Schulman's Declaration which Defendant chose to file with the Court, as well as the discussions concerning Mr. Stern's declaration which was also filed with the Court, similarly fail to satisfy any confidential criteria.

The above are only examples (and are not intended to be exhaustive of all instances) where you have failed to make good faith designations of confidentiality.

Very truly yours,

/s/ Michele Raphael
Michele F. Raphael

MFR:sm

Doc. 157113