# EXHIBIT E


# Perkins Coie

Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
415-344-7000
415-344-7050
www.perkinscoie.com

M. Christopher Jhang
PHONE: (415) 344-7126
EMAIL: CJhang@perkinscoie.com

May 14, 2007

**VIA FACSIMILE**

Lester Levy, Esquire
Michele Raphael, Esquire
Wolf Popper LLP
845 Third Avenue
New York, NY 10022-6601

RE:   *CLRB Hanson Industries, LLC, et al. v. Google, Inc.*
      Case No. C 05-03649 JW

Dear Mr. Levy and Ms. Raphael:

Plaintiffs' Administrative Motion Pursuant to Civ. L.R. 79-5(d) To File Under Seal Portions Of Documents Due To Confidential Designations By Defendant Google Inc. provides that Plaintiffs seek "to file under seal those portions of Plaintiffs' Supplemental Memorandum and the Supplemental Raphael Declaration which annex, cite and/or refer to material designated by Defendant as Confidential," and that Plaintiffs have lodged with the Clerk of the Court a redacted version of these documents based on Google's confidential designations. Our recent review of Plaintiffs' redacted documents revealed that Plaintiffs have failed to redact portions of their Supplemental Memorandum and Supplemental Raphael Declaration in accordance with Google's confidential designations. Plaintiffs have also redacted (i.e., submitted as confidential) portions of their papers that refer to documents or information that Google has not designated confidential.

Specifically, in Plaintiffs' Supplemental Memorandum (redacted version), Plaintiffs failed to redact the complete sentence on page 1, lines 14-17 ("These Google employees admitted [in their depositions] that Google used paused days to absorb overdelivery from other days by creating, and billing advertisers up to, a monthly budget (daily budget times number of days in a month) irrespective of whether their ad was paused during that month."); and the complete sentences on page 5, lines 22-23 ("The [internal Google] documents cited above contradict this as well. Likewise, the witnesses testified that it was possible to go above a daily budget on the first day an ad ran."). In the Supplemental Raphael Declaration, Plaintiffs failed to redact Exhibit B

41063-0023/LEGAL13234052.1

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.

Perkins Coie LLP and Affiliates

Lester Levy
Michele Raphael
May 14, 2007
Page 2

(Wilburn transcript), page 51, lines 1-4; and Exhibit B, page 69, lines 8-25. These portions clearly "annex, cite and/or refer to material designated by [Google] as Confidential."

In addition, in Plaintiffs' Supplemental Memorandum (redacted version), beginning on page 8, line 23, and ending on page 9, line 3, Plaintiffs redacted a reference to Ms. Wilburn's deposition testimony that was not designated confidential by Google.

Plaintiffs must immediately re-file their papers with amended redactions, so that any confidential information referenced in Plaintiffs' Supplemental Memorandum and the Supplemental Raphael Declaration is not made available to the public.

Very truly yours,

M. Christopher Jhang