1  DAVID T. BIDERMAN, Bar No. 101577
   JUDITH B. GITTERMAN, Bar No. 115661
2  M. CHRISTOPHER JHANG, Bar No. 211463
   **PERKINS COIE LLP**
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA  94111-4131
4  Telephone:  (415) 344-7000
   Facsimile:  (415) 344-7050
5  Email: DBiderman@perkinscoie.com
   Email: JGitterman@perkinscoie.com
6  Email: CJhang@perkinscoie.com

7  Attorneys for Defendant Google Inc.

8

9                       UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12 | CLRB HANSON INDUSTRIES, LLC d/b/a | CASE NO.  C O5-03649 JW
   | INDUSTRIAL PRINTING, and HOWARD
13 | STERN, on behalf of themselves and all others | **DECLARATION OF M.
   | similarly situated, | CHRISTOPHER JHANG IN SUPPORT
14 |                             Plaintiffs, | OF GOOGLE INC.'S MOTION FOR
   |                              | LEAVE TO FILE DOCUMENTS
15 |                              | UNDER SEAL IN CONNECTION
   | v. | WITH GOOGLE INC.'S OPPOSITION
16 |                              | TO PLAINTIFFS' SUPPLEMENTAL
   | GOOGLE, INC., | MEMORANDUM IN SUPPORT OF
17 |                             Defendant. | PARTIAL SUMMARY JUDGMENT**
18 |                              | Date:  June 11, 2007
   |                              | Time:  9:00 a.m.
19 |                              | Dept.:  Courtroom 8
   |                              | Judge:  Honorable James Ware
20

21

22

23

24         I, M. Christopher Jhang, hereby declare as follows:

25         1.     I am an attorney duly licensed to practice law in all of the courts of the State of

26 California and this Court, and am an attorney with the law firm of Perkins Coie LLP, counsel for

27 defendant Google Inc. ("Google") in this action.  I submit this declaration in support of Google's

28

Jhang Declaration in Support of Google Inc.'s Motion for Leave to File Documents Under Seal
CASE NO. 05-03649 JW
41063-0023/LEGAL13253558.1

Motion for Leave to File Documents Under Seal In Connection With Google Inc.'s Opposition to Plaintiffs' Supplemental Memorandum In Support of Partial Summary Judgment. I have personal knowledge of the facts set forth below except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called upon to testify, I could and would testify competently as to the matters set forth herein.

### BASIS FOR SEALING OF GOOGLE'S CONFIDENTIAL INFORMATION

2. On or about March 2, 2007, Google and plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern ("Plaintiffs") executed and filed with the Court their [Proposed] Stipulated Protective Order Regarding Confidential Information. On May 15, 2007, the Court executed the parties Stipulated Protective Order (with amendments). A true and correct copy of the Court-executed Stipulated Protective Order is attached hereto as Exhibit A.

3. The Stipulated Protective Order provides two tiers of confidential designations. The first tier covers information designated "Confidential," which the Stipulated Protective Order generally describes as "those things that may be disclosed to the parties or their counsel for the purposes of the litigation, but which must be protected against disclosure to third parties." Stipulated Protective Order, ¶ 4. The second tier covers information designated "Confidential – Trade Secret/Attorneys' Eyes Only," which the protective order generally describes as "those information or materials which are of a proprietary, business or technical nature that might reasonably be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto or might reasonably pose a commercial disadvantage to the producing party and must be protected from disclosure." *Id.*

4. On April 26, 2007, I sent Plaintiffs' counsel, Lester Levy and Michele Raphael, a letter providing Google's tailored confidentiality designations for the deposition transcripts of Google employees Heather Wilburn, Shivakumar Venkataraman, and Michael Schulman. A true and correct copy of this letter is attached hereto as Exhibit B.

5. Google considers portions of Ms. Wilburn's deposition transcript to be "Confidential" because they discuss, describe, or refer to Google's internal training materials or

-2-

1  internal guidelines used by Google's customer service representatives to respond to client
2  inquiries. None of these materials are available to the public. Except for these "Confidential"
3  portions, Ms. Wilburn's transcript has been designated by Google as non-confidential.

4        6.     Google considers Mr. Venkataraman's deposition transcript to be "Confidential"
5  in its entirety because Mr. Venkataraman is a Google software engineer who primarily discussed
6  in his deposition Google's internal processes and information not available to the public. Mr.
7  Venkataraman discussed Google's proprietary technology related to its AdWords program, the
8  development of new technology, and the content of confidential documents Google produced to
9  Plaintiffs. No portions of his transcript have been designated "Confidential – Trade
10 Secret/Attorneys' Eyes Only."

11       7.     Google considers most of Mr. Schulman's deposition transcript to be
12 "Confidential." Mr. Schulman is a Google software engineer who primarily discussed in his
13 deposition Google's internal processes and information not available to the public. For example,
14 Mr. Schulman discussed Google's proprietary technology related to its AdWords program,
15 including the computer programming of the system for serving ads, and the content of
16 confidential documents Google produced to Plaintiffs. Google also considers a small portion of
17 Mr. Schulman's transcript to be "Confidential – Trade Secret/Attorneys' Eyes Only" because
18 this portion pertains to Google's highly sensitive algorithms used for the AdWords program.

### GOOGLE'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS

20       8.     I have reviewed the following documents and determined that they contain,
21 discuss, or refer to information or documents that Google considers to be confidential,
22 proprietary, or trade secret information:

    1.    **GOOGLE INC.'S OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PARTIAL SUMMARY JUDGMENT;**

    2.    **EXHIBITS A, B, C, F, G, TO THE SUPPLEMENTAL DECLARATION OF M. CHRISTOPHER JHANG IN SUPPORT OF GOOGLE INC.'S OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PARTIAL SUMMARY JUDGMENT.**

-3-

1  I declare under penalty of perjury under the laws of the State of California and the United
2  States that each of the above statements is true and correct.
3  Executed on May 21, 2007, in San Francisco, California.

**PERKINS COIE LLP**


By: _____/S/_____
     M. Christopher Jhang

-4-

Jhang Declaration in Support of Google Inc.'s Motion for Leave to File Documents Under Seal
CASE NO. 05-03649 JW
41063-0023/LEGAL13253558.1