1  Lester L. Levy *(Admitted Pro Hac Vice)*
   Michele F. Raphael *(Admitted Pro Hac Vice)*
2  WOLF POPPER LLP
   845 Third Avenue
3  New York NY 10022
   Telephone: 212.759.4600
4  Facsimile: 212.486.2093
   e-mail: llevy@wolfpopper.com
5  e-mail: mraphael@wolfpopper.com

6  William M. Audet (SBN 117456)
   AUDET & PARTNERS, LLP
7  221 Main Street, Suite 1460
   San Francisco, CA  94105-1938
8  Telephone: 415.568.2555
   Facsimile: 415.568.2556
9  e-mail: waudet@audetlaw.com

10  *Attorneys for Plaintiffs and the Proposed Class*

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14

| | |
|---|---|
| 15  CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, | CASE NO: C05-03649 JW |
| 16  | **DECLARATION OF MICHELE F. RAPHAEL IN OPPOSITION TO DEFENDANT GOOGLE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PARTIAL SUMMARY JUDGMENT** |
| 17                      Plaintiffs, | |
| 18  vs. | |
| 19  GOOGLE, INC., | |
| 20                      Defendant. | |
| 21  | Civ. L.R. 7-11 |
| 22  | Civ. L.R. 79-5 |
|     | Courtroom: 8 |
|     | Judge:  Hon. James W. Ware |

23

24

25

26

27

28  **RAPHAEL DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**
Doc. 157450

1  I, **MICHELE F. RAPHAEL**, declare as follow:

2  1. I am a member of Wolf Popper LLP, counsel for Plaintiffs CLRB Hanson Industries, LLC d/b/a Industrial Printing and Howard Stern (collectively, "Plaintiffs") in this action against Google, Inc ("Google"). I have personal knowledge of the facts stated herein. I submit this declaration in opposition to Defendant Google Inc.'s Administrative Motion for Leave to File Documents Under Seal in Connection with Google Inc.'s Opposition to Plaintiff.

3  2. Defendant seeks to file its Opposition to Plaintiffs' Supplemental Memorandum in Support of Partial Summary Judgment ("Defs. Supp. Opp. Mem.") entirely under seal and Exhibits A, B, C, F and G to the Supplemental Declaration of M. Christopher Jhang in Support of Google Inc.'s Opposition to Plaintiffs' Supplemental Memorandum in Support of Partial Summary Judgment ("Supp. Opp. Jhang Decl.") (collectively, "Supp. Opp. Filings") under seal, largely because those documents and exhibits contain, or refer to the deposition transcripts of Messrs. Schulman and Venkataraman which Defendant has improperly designated as confidential in their entirety.

4  3. Plaintiffs have objected to Defendant's blanket designation of the transcripts of Messrs. Schulman and Venkataraman as improper and contrary to the Protective Order entered on May 15, 2007. Paragraph 4 thereof explicitly prohibits blanket, en masse designations without regard to the specific contents of each document or piece of information. Illustrative of the impropriety of Defendant's blanket confidential designation is that testimony of the witnesses concerning their preparation for their deposition, whether they were asked to provide documents with respect to this case, their educational background, their employment history, their titles and physical location of their offices at Google, and questions concerning Ms. Schulman's Declaration which was publicly filed, have all been marked confidential. This is just illustrative, and not an exhaustive reiteration of the testimony that has been improperly designated confidential. Plaintiffs have requested that Defendant provide good faith designations, which it has not done.

5  4. Defendant has failed to demonstrate good cause to justify the filing of the

**RAPHAEL DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**
Doc. 157450

1 aforementioned documents under seal.  Little, if any, information qualifies as confidential

2 material as per the Protective Order.  Defs. Supp. Opp. Mem. discusses/argues what the sign-up

3 process was when Plaintiffs' enrolled, whether the terms of the purported Adwords Agreement

4 excludes paused days from the calculation of daily budget times the number of days in a month

5 and whether Plaintiffs are legally entitled to recover on an unjust enrichment theory.  Indeed,

6 much of the brief concerns the publicly available Frequently Asked Questions ("FAQs").  There

7 is little (if anything), in Defs. Supp. Opp. Mem. which may be properly withheld from the public

8 record.

9    5.    The same holds true for the exhibits to the Supp. Opp. Jhang Decl. which

10 Defendant wants to keep from the public.  Exhibit A are excerpts from the transcript of Mr.

11 Schulman.  The first pages thereof discuss Mr. Schulman's educational and employment history

12 and little, if anything, on the remaining pages may be properly sealed.  Defendant likewise

13 requests that Exhibit B, excerpts from the transcript of Mr. Venkataraman, be filed under seal,

14 again, because it improperly designated the entire transcript as confidential - not because it

15 contains confidential material as per the Protective Order nor Fed. R Civ. Pro. 26.  Defendant's

16 request to file under seal the excerpts from the deposition transcript of Ms. Wilburn, Exhibit C,

17 is extremely troubling.  Of the 7(seven) pages of testimony attached, only 2(two) even contain

18 any lines designated by Defendant as confidential.  The few lines on those 2 pages (whether

19 properly designated or not) need only be redacted.  Also annexed in Exhibit C is the page which

20 Defendant claims evidences the click to accept screen on its site when Plaintiffs enrolled.  That

21 is clearly not confidential.   As for the two remaining exhibits, F and G, those contain documents

22 produced by Google prior to Ms. Wilburn's deposition and have been represented to be internal

23 training documents.  While not admitting that they deserve a confidential designation, Plaintiffs

24 do not object to those documents being filed under seal.

25    6.    Defendant should make a good faith effort to designate as confidential only those

26 portions of Defs. Supp. Opp. Mem. and only those exhibits, or portions of exhibits, annexed to

27 the Supp. Opp. Jhang Decl. which properly qualify as confidential pursuant to the Protective

28 **RAPHAEL DECLARATION IN OPPOSITION TO DEFENDANT 'S  MOTION  TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**
Doc. 157450                                            2

1  Order and Fed. R. Civ. Pro. 26 (c). Then, if, and to the extent, Defendant continues to maintain
2  that it is necessary to file under seal any portion of Defs. Supp. Opp. Filings, such request should
3  be narrowly tailored to keep from the public record only those portions which constitute trade
4  secrets, proprietary information, and/or confidential information, which, if not sealed and
5  permitted in the public record, would prejudice Google or cause Google to suffer irreparable
6  harm.

8  Dated: May 24, 2007

10                                             /s/
                                        Michele F. Raphael

28  **RAPHAEL DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**
Doc. 157450                                 3