1 DAVID T. BIDERMAN, Bar No. 101577
JUDITH B. GITTERMAN, Bar No. 115661
2 M. CHRISTOPHER JHANG, Bar No. 211463
**PERKINS COIE LLP**
3 Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
4 Telephone: (415) 344-7000
Facsimile: (415) 344-7050
5 Email: DBiderman@perkinscoie.com
Email: JGitterman@perkinscoie.com
6 Email: CJhang@perkinscoie.com

7 Attorneys for Defendant Google Inc.

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12 CLRB HANSON INDUSTRIES, LLC d/b/a          CASE NO. C O5-03649 JW
INDUSTRIAL PRINTING, and HOWARD
13 STERN, on behalf of themselves and all others   **GOOGLE INC.'S NOTICE OF**
similarly situated,                         **ADMINISTRATIVE MOTION AND**
14                                              **MOTION FOR LEAVE TO FILE**
                Plaintiffs,                 **DOCUMENTS UNDER SEAL IN**
15                                              **CONNECTION WITH GOOGLE INC.'S**
        v.                                  **REPLY TO PLAINTIFFS'**
16                                              **SUPPLEMENTAL OPPOSITION TO**
GOOGLE, INC.,                               **GOOGLE INC.'S MOTION FOR**
17                                              **SUMMARY JUDGMENT**
                Defendant.
18                                              Date:    June 11, 2007
                                            Time:    9:00 a.m.
19                                              Dept.:   Courtroom 8
                                            Judge:   Honorable James Ware
20

21

22

23

24

25

26

27

28

Google Inc.'s Notice of Administrative Motion and Motion for Leave to File Documents Under Seal
CASE NO. 05-03649 JW
41063-0023/LEGAL13270923.1

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS CLRB HANSON INDUSTRIES, LLC, d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 11, 2007, at 9:00 a.m., or at such later date and time as the Court may order, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, defendant Google Inc. ("Google") will move for an order sealing the following documents filed in connection with Google's Reply to Plaintiffs' Supplemental Opposition to Google's Motion for Summary Judgment:

1. **GOOGLE INC.'S REPLY TO PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT;**

2. **EXHIBITS A – C OF THE SUPPLEMENTAL DECLARATION OF M. CHRISTOPHER JHANG IN SUPPORT OF GOOGLE INC.'S REPLY TO PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT.**

Dated: May 25, 2007                            **PERKINS COIE LLP**

                                               By:            /S/
                                                    M. Christopher Jhang
                                                    Attorneys for Defendant Google Inc.

-2-

Google Inc.'s Notice of Administrative Motion and Motion for Leave to File Documents Under Seal
CASE NO. 05-03649 JW
41063-0023/LEGAL13270923.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rules 7-11 and 79-5, defendant Google Inc. ("Google") makes this Miscellaneous Administrative Request for an Order allowing Google to file under seal documents filed in connection with Google's Reply to Plaintiffs' Supplemental Opposition to Google's Motion for Summary Judgment.

Specifically, Google requests that the Court file the following documents under seal:

1.   **GOOGLE INC.'S REPLY TO PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT;**

2.   **EXHIBITS A-C OF THE SUPPLEMENTAL DECLARATION OF M. CHRISTOPHER JHANG IN SUPPORT OF GOOGLE INC.'S REPLY TO PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO GOOGLE INC.'S MOTION FOR SUMMARY JUDGMENT.**

Good cause exists justifying the filing of the above pleadings and exhibits under seal because these pleading and exhibits contain, discuss, or refer to Google's trade secret and confidential, competitive, and business information. Accordingly, Google could be irreparably harmed if such trade secret and confidential information is made available to the public.

## II.   ARGUMENT

### A.   Good Cause Exists to Protect Google's Trade Secret and Confidential Business and Competitive Information.

Upon a showing of good cause, a court may make any order that justice requires to protect a party, including an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7). In particular, a court may order that court documents be filed under seal where such good cause is shown to override the public's right to access. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The factors relevant to a determination of whether the presumption of access is overcome include "the public interest in understanding the judicial process and whether disclosure of the material could result in

-3-

Google Inc.'s Notice of Administrative Motion and Motion for Leave to File Documents Under Seal
CASE NO. 05-03649 JW
41063-0023/LEGAL13270923.1

improper use of the material for . . . infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.") (citations and quotations omitted).

Good cause exists for the Court to grant this Miscellaneous Administrative Request. Google seeks to file under seal only the specific documents that it has designated confidential because the documents contain, discuss, or refer to Google's trade secret and confidential business and competitive information. *See* Declaration of M. Christopher Jhang in Support of Google Inc.'s Motion For Leave to File Documents Under Seal in Connection with Google Inc.'s Reply to Plaintiffs' Supplemental Opposition to Google Inc.'s Motion For Summary Judgment, ¶¶ 2-8. If any of this trade secret or confidential information is not sealed and is permitted to be in the public record, Google may suffer irreparable harm if competitors have access to such information.

**B.     The Request for Filing Under Seal is Narrowly Tailored.**

This Miscellaneous Administrative Request is narrowly tailored to cover only the documents to be filed for which good cause for filing under seal exists.

**III.   CONCLUSION**

For the reasons set forth above, good cause exists to file the above-referenced documents, which contain, discuss, or refer to Google's trade secret and confidential business and competitive information, under seal. This request is narrowly tailored to seal only trade secret and confidential information. Google respectfully requests that the Court grant its Miscellaneous Administrative Request in the form of the [Proposed] Order filed herewith.

Dated: May 25, 2007                                         **PERKINS COIE LLP**

                                                                           By:        /S/
                                                                           M. Christopher Jhang
                                                                           Attorneys for Defendant Google Inc.

-4-

Google Inc.'s Notice of Administrative Motion and Motion for Leave to File Documents Under Seal
CASE NO. 05-03649 JW
41063-0023/LEGAL13270923.1