| | |
|---|---|
| 1 | DAVID T. BIDERMAN, Bar No. 101577 |
| | JUDITH B. GITTERMAN, Bar No. 115661 |
| 2 | M. CHRISTOPHER JHANG, Bar No. 211463 |
| | **PERKINS COIE LLP** |
| 3 | Four Embarcadero Center, Suite 2400 |
| | San Francisco, CA 94111-4131 |
| 4 | Telephone: (415) 344-7000 |
| | Facsimile: (415) 344-7050 |
| 5 | Email: DBiderman@perkinscoie.com |
| | Email: JGitterman@perkinscoie.com |
| 6 | Email: CJhang@perkinscoie.com |
| 7 | Attorneys for Defendant Google Inc. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE, INC., <br><br> Defendant. | CASE NO. C O5-03649 JW <br><br> **DECLARATION OF M. CHRISTOPHER JHANG IN RESPONSE TO PLAINTIFFS' SECOND MOTION TO SEAL PURSUANT TO CIV. L.R. 79-5(d) PORTIONS OF AMENDED DOCUMENTS (DOCUMENT NOS. 137-139)** <br><br> Date: June 11, 2007 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 8 <br> Judge: Honorable James Ware |

I, M. Christopher Jhang, hereby declare as follows:

1. I am an attorney duly licensed to practice law in all of the courts of the State of California and this Court, and am an attorney with the law firm of Perkins Coie LLP, counsel for defendant Google Inc. ("Google") in this action. Pursuant to Civil Local Rule 79-5(d), I submit this declaration in response to Plaintiffs' Second Motion To Seal Pursuant To Civ. L.R. 79-5(d) Portions Of Amended Documents Due To Confidential Designations By Defendant Google Inc. ("Plaintiffs' Second Motion to Seal Amended Documents"), filed with this Court on May 21, 2007 (Document Nos. 137-139). I have personal knowledge of the facts set forth below except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called upon to testify, I could and would testify competently as to the matters set forth herein.

**BASIS FOR SEALING OF GOOGLE'S CONFIDENTIAL INFORMATION**

2. On or about March 2, 2007, Google and plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern ("Plaintiffs") executed and filed with the Court their [Proposed] Stipulated Protective Order Regarding Confidential Information. On May 15, 2007, the Court executed the parties' Stipulated Protective Order (with amendments). A true and correct copy of the Court-executed Stipulated Protective Order is attached hereto as Exhibit A.

3. The Stipulated Protective Order provides two tiers of confidential designations. The first tier covers information designated "Confidential," which the Stipulated Protective Order generally describes as "those things that may be disclosed to the parties or their counsel for the purposes of the litigation, but which must be protected against disclosure to third parties." Stipulated Protective Order, ¶ 4. The second tier covers information designated "Confidential – Trade Secret/Attorneys' Eyes Only," which the protective order generally describes as "those information or materials which are of a proprietary, business or technical nature that might reasonably be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto or might reasonably pose a commercial disadvantage to the producing party and must be protected from disclosure." *Id*.

-2-

4. On April 26, 2007, I sent Plaintiffs' counsel, Lester Levy and Michele Raphael, a letter providing Google's tailored confidentiality designations for the deposition transcripts of Google employees Heather Wilburn, Shivakumar Venkataraman, and Michael Schulman. A true and correct copy of this letter is attached hereto as Exhibit B.

5. Google considers portions of Ms. Wilburn's deposition transcript to be "Confidential" because they discuss, describe, or refer to Google's internal training materials or internal guidelines used by Google's customer service representatives to respond to client inquiries. None of these materials are available to the public. Except for these "Confidential" portions, Ms. Wilburn's transcript has been designated by Google as non-confidential.

6. Google considers Mr. Venkataraman's deposition transcript to be "Confidential" in its entirety because Mr. Venkataraman is a Google software engineer who primarily discussed in his deposition Google's internal processes and information not available to the public. Mr. Venkataraman discussed Google's proprietary technology related to its AdWords program, the development of new technology, and the content of confidential documents Google produced to Plaintiffs. No portions of his transcript have been designated "Confidential – Trade Secret/Attorneys' Eyes Only."

7. Google considers most of Mr. Schulman's deposition transcript to be "Confidential." Mr. Schulman is a Google software engineer who primarily discussed in his deposition Google's internal processes and information not available to the public. For example, Mr. Schulman discussed Google's proprietary technology related to its AdWords program, including the computer programming of the system for serving ads, and the content of confidential documents Google produced to Plaintiffs. Google also considers a small portion of Mr. Schulman's transcript to be "Confidential – Trade Secret/Attorneys' Eyes Only" because this portion pertains to Google's highly sensitive algorithms used for the AdWords program.

**PLAINTIFFS' SECOND MOTION TO SEAL AMENDED DOCUMENTS**

8. On May 7, 2007, Plaintiffs filed an administrative motion to seal portions of Plaintiffs' Supplemental Memorandum In Support Of Plaintiffs' Motion For Partial Summary

-3-

Judgment ("Plaintiffs' Supplemental Memorandum") and the Supplemental Declaration of Michele F. Raphael ("Supplemental Raphael Declaration") because they "incorporate, refer to, and/or cite documents" that Google has designated "Confidential."

9. Google objected, in part, to Plaintiffs' administrative motion because Plaintiffs had failed to redact portions of their Supplemental Memorandum and Supplemental Raphael Declaration in accordance with Google's confidential designations.

10. On May 21, 2007, Plaintiffs filed an Amended Supplemental Memorandum In Support Of Plaintiffs' Motion For Partial Summary Judgment ("Plaintiffs' Amended Supplemental Memorandum") and Amended Supplemental Declaration of Michele F. Raphael ("Amended Supplemental Raphael Declaration"), which contained amended redactions that conform with Google's confidential designations.

11. The redactions requested in Plaintiffs' Second Motion to Seal Amended Documents, in connection with Plaintiffs' Amended Supplemental Memorandum and the Amended Supplemental Raphael Declaration, are consistent with Google's confidentiality designations.

I declare under penalty of perjury under the laws of the State of California and the United States that each of the above statements is true and correct.

Executed May 29, 2007, in San Francisco, California.

**PERKINS COIE LLP**

By: _____/S/_____
M. Christopher Jhang