1  DAVID T. BIDERMAN, Bar No. 101577
   JUDITH B. GITTERMAN, Bar No. 115661
2  M. CHRISTOPHER JHANG, Bar No. 211463
   **PERKINS COIE LLP**
3  Four Embarcadero Center, Suite 2400
   San Francisco, CA  94111-4131
4  Telephone:  (415) 344-7000
   Facsimile:  (415) 344-7050
5  Email: DBiderman@perkinscoie.com
   Email: JGitterman@perkinscoie.com
6  Email: CJhang@perkinscoie.com

7  Attorneys for Defendant Google Inc.

8

9              **UNITED STATES DISTRICT COURT**

10    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11

12  CLRB HANSON INDUSTRIES, LLC d/b/a          CASE NO.  C O5-03649 JW
    INDUSTRIAL PRINTING, and HOWARD
13  STERN, on behalf of themselves and all others   **DECLARATION OF M.**
    similarly situated,                        **CHRISTOPHER JHANG IN**
14                                             **RESPONSE TO PLAINTIFFS' THIRD**
                         Plaintiffs,           **MOTION TO SEAL PURSUANT TO**
15                                             **CIV. L.R. 79-5(d) PORTIONS OF**
          v.                                   **PLAINTIFFS' OPPOSITION**
16                                             **MEMORANDUM (DOCUMENT NOS.**
    GOOGLE, INC.,                              **140-142)**
17
                         Defendant.            Date:   June 11, 2007
18                                             Time:   9:00 a.m.
                                               Dept.:  Courtroom 8
19                                             Judge:  Honorable James Ware

20

21

22

23

24

25

26

27

28

Jhang Declaration in Response to Plaintiffs' Third Motion to Seal
41063-0023/LEGAL13277962.1

I, M. Christopher Jhang, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in all of the courts of the State of California and this Court, and am an attorney with the law firm of Perkins Coie LLP, counsel for defendant Google Inc. ("Google") in this action.  Pursuant to Civil Local Rule 79-5(d), I submit this declaration in response to Plaintiffs' Third Motion To Seal Pursuant To Civ. L.R. 79-5(d) Portions Of Plaintiffs' Opposition Memorandum Due To Confidential Designations By Defendant Google Inc. ("Plaintiffs' Third Motion to Seal Document"), filed with this Court on May 21, 2007 (Document Nos. 140-142).  I have personal knowledge of the facts set forth below except as to those matters stated on information and belief, and as to those matters, I believe them to be true.  If called upon to testify, I could and would testify competently as to the matters set forth herein.

## BASIS FOR SEALING OF GOOGLE'S CONFIDENTIAL INFORMATION

2.      On or about March 2, 2007, Google and plaintiffs CLRB Hanson Industries, LLC, d/b/a Industrial Printing, and Howard Stern ("Plaintiffs") executed and filed with the Court their [Proposed] Stipulated Protective Order Regarding Confidential Information.  On May 15, 2007, the Court executed the parties' Stipulated Protective Order (with amendments).  A true and correct copy of the Court-executed Stipulated Protective Order is attached hereto as Exhibit A.

3.      The Stipulated Protective Order provides two tiers of confidential designations. The first tier covers information designated "Confidential," which the Stipulated Protective Order generally describes as "those things that may be disclosed to the parties or their counsel for the purposes of the litigation, but which must be protected against disclosure to third parties." Stipulated Protective Order, ¶ 4.  The second tier covers information designated "Confidential – Trade Secret/Attorneys' Eyes Only," which the protective order generally describes as "those information or materials which are of a proprietary, business or technical nature that might reasonably be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto or might reasonably pose a commercial disadvantage to the producing party and must be protected from disclosure." *Id*.

1    4.    On April 26, 2007, I sent Plaintiffs' counsel, Lester Levy and Michele Raphael, a

2    letter providing Google's tailored confidentiality designations for the deposition transcripts of

3    Google employees Heather Wilburn, Shivakumar Venkataraman, and Michael Schulman.  A true

4    and correct copy of this letter is attached hereto as Exhibit B.

5    5.    Google considers portions of Ms. Wilburn's deposition transcript to be

6    "Confidential" because they discuss, describe, or refer to Google's internal training materials or

7    internal guidelines used by Google's customer service representatives to respond to client

8    inquiries.  None of these materials are available to the public.  Except for these "Confidential"

9    portions, Ms. Wilburn's transcript has been designated by Google as non-confidential.

10    6.    Google considers Mr. Venkataraman's deposition transcript to be "Confidential"

11    in its entirety because Mr. Venkataraman is a Google software engineer who primarily discussed

12    in his deposition Google's internal processes and information not available to the public.  Mr.

13    Venkataraman discussed Google's proprietary technology related to its AdWords program, the

14    development of new technology, and the content of confidential documents Google produced to

15    Plaintiffs.  No portions of his transcript have been designated "Confidential – Trade

16    Secret/Attorneys' Eyes Only."

17    7.    Google considers most of Mr. Schulman's deposition transcript to be

18    "Confidential."  Mr. Schulman is a Google software engineer who primarily discussed in his

19    deposition Google's internal processes and information not available to the public.  For example,

20    Mr. Schulman discussed Google's proprietary technology related to its AdWords program,

21    including the computer programming of the system for serving ads, and the content of

22    confidential documents Google produced to Plaintiffs.  Google also considers a small portion of

23    Mr. Schulman's transcript to be "Confidential – Trade Secret/Attorneys' Eyes Only" because

24    this portion pertains to Google's highly sensitive algorithms used for the AdWords program.

25    **PLAINTIFFS' THIRD MOTION TO SEAL DOCUMENT**

26    8.    On May 21, 2007, Plaintiffs filed their Third Motion to Seal Document,

27    requesting to seal portions of Plaintiffs' Memorandum In Opposition To Defendant Google

28

-3-

Inc.'s Supplemental Brief in Support of Summary Judgment Motion ("Plaintiffs' Supplemental Opposition Memorandum") because it "incorporates, refers to, and/or cites documents" that Google has designated "Confidential."

9.    The redactions (i.e., sealing as confidential documents) requested in Plaintiffs' Third Motion to Seal Document, in connection with Plaintiffs' Supplemental Opposition Memorandum, include information and testimony that Google has designated confidential.

I declare under penalty of perjury under the laws of the State of California and the United States that each of the above statements is true and correct.

Executed May 29, 2007, in San Francisco, California.

**PERKINS COIE LLP**

By:    _____ /S/ _____
M. Christopher Jhang