1  Lester L. Levy *(Admitted Pro Hac Vice)*
   Michele F. Raphael *(Admitted Pro Hac Vice)*
2  WOLF POPPER LLP
   845 Third Avenue
3  New York NY 10022
   Telephone: 212.759.4600
4  Facsimile: 212.486.2093
   e-mail: llevy@wolfpopper.com
5  e-mail: mraphael@wolfpopper.com

6  William M. Audet (SBN 117456)
   AUDET & PARTNERS, LLP
7  221 Main Street, Suite 1460
   San Francisco, CA  94105-1938
8  Telephone: 415.568.2555
   Facsimile: 415.568.2556
9  e-mail: waudet@audetlaw.com

10 *Attorneys for Plaintiffs and the Proposed Class*

11                    UNITED STATES DISTRICT COURT
12                   NORTHERN DISTRICT OF CALIFORNIA
13                            SAN JOSE DIVISION

14
   CLRB HANSON INDUSTRIES, LLC d/b/a   )   CASE NO: C05-03649 JW
15 INDUSTRIAL PRINTING, and HOWARD     )
   STERN, on behalf of themselves and all  )   **DECLARATION OF MICHELE F.**
16 others similarly situated,          )   **RAPHAEL IN OPPOSITION TO**
                                       )   **DEFENDANT GOOGLE INC.'S**
17              Plaintiffs,            )   **ADMINISTRATIVE MOTION FOR**
                                       )   **LEAVE TO FILE DOCUMENTS**
18 vs.                                 )   **UNDER SEAL IN CONNECTION WITH**
                                       )   **GOOGLE INC.'S REPLY TO**
19 GOOGLE, INC.,                       )   **PLAINTIFFS' SUPPLEMENTAL**
                                       )   **OPPOSITION TO GOOGLE INC.'S**
20              Defendant.             )   **MOTION FOR SUMMARY JUDGMENT**
                                       )
21                                     )   Civ. L.R. 7-11
                                       )   Civ. L.R. 79-5
22                                     )   Courtroom: 8
                                       )   Judge: Hon. James W. Ware
23
24
25
26
27
28 **RAPHAEL DECLARATION IN OPPOSITION TO DEFENDANT 'S  MOTION  TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S SUPPLEMENTAL REPLY**

Doc. 157450

1        I, **MICHELE F. RAPHAEL**, declare as follow:

2        1.    I am a member of Wolf Popper LLP, counsel for Plaintiffs CLRB Hanson

3  Industries, LLC d/b/a Industrial Printing and Howard Stern (collectively, "Plaintiffs") in this

4  action against Google, Inc ("Google").  I have personal knowledge of the facts stated herein.  I

5  submit this declaration in opposition to Defendant Google Inc.'s Administrative Motion for

6  Leave to File Documents Under Seal in Connection with Google Inc.'s Reply to Plaintiffs'

7  Supplemental Opposition to Google Inc.'s Motion for Summary Judgment.

8        2.    Defendant seeks to file Google Inc.'s Reply to Plaintiffs' Supplemental

9  Opposition to Google Inc.'s Motion for Summary Judgment ("Defs. Supp. Reply Mem.")

10 entirely under seal and Exhibits A, B and C to the Supplemental Declaration of M. Christopher

11 Jhang in Support of Google Inc.'s Reply to Plaintiffs' Supplemental Opposition to Google Inc.'s

12 Motion for Summary Judgment ("Supp. Reply Jhang Decl.") (collectively, "Defs. Supp. Reply

13 Filings") under seal, largely because said document and those documents contain, or refer to the

14 deposition transcripts of Messrs. Schulman and Venkataraman which Defendant has improperly

15 designated as confidential in their entirety.

16       3.    Plaintiffs have objected to Defendant's blanket designation of the transcripts of

17 Messrs. Schulman and Venkataraman as improper and contrary to the Protective Order entered

18 on May 15, 2007.  Paragraph 4 thereof explicitly prohibits blanket, en masse designations

19 without regard to the specific contents of each document or piece of information.  Illustrative of

20 the impropriety of Defendant's blanket confidential designation is that testimony of the

21 witnesses concerning their preparation for their deposition, whether they were asked to provide

22 documents with respect to this case, their educational background, their employment history,

23 their titles and physical location of their offices at Google, and questions concerning Ms.

24 Schulman's Declaration which was publicly filed, have all been marked confidential.  This is

25 just illustrative, and not an exhaustive reiteration of the testimony that has been improperly

26 designated confidential.  Plaintiffs have requested that Defendant provide good faith

27 designations.  Nevertheless, as of this time the documents are still designated confidential in

28 **RAPHAEL DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S SUPPLEMENTAL REPLY**
Doc. 157450

1  their entirety.

2      4.    Defendant has failed to demonstrate good cause to justify the filing of the aforementioned documents completely under seal. Little, if any, information qualifies as confidential material as per the Protective Order. For example, Defs. Supp. Reply Mem. discusses/argues what the sign-up process was when Plaintiffs' enrolled and whether the terms of the purported Adwords Agreement excludes paused days from the calculation of daily budget times the number of days in a month. Indeed, much of the brief concerns the publicly available Frequently Asked Questions ("FAQs"). There is little (if anything), in Defs. Supp. Reply Mem. which may be properly withheld from the public record.

    5.    The same holds true for the exhibits to the Supp. Reply Jhang Decl. which Defendant wants to keep from the public. Exhibit B and C are excerpts from the transcript of Messrs. Schulman and Venkataraman which have been improperly designated as confidential in their entirety.

    6.    Defendant has not shown that the material it seeks to file under seal contains confidential material as per the Protective Order nor Fed. R Civ. Pro. 26. Defendant's request to file under seal the excerpts from the deposition transcript of Ms. Wilburn, Exhibit A, is extremely troubling. Few lines therein were even designated by Defendant as confidential. To the extent Defendant deems those lines of testimony necessary to submit to the Court (whether properly designated or not) they should be redacted.

    7.    Defendant should make a good faith effort to designate as confidential only those portions of Defs. Supp. Reply Mem. and only those exhibits, or portions of exhibits, annexed to the Supp. Reply Jhang Decl. which properly qualify as confidential pursuant to the Protective Order and Fed. R. Civ. Pro. 26 (c). Then, if, and to the extent, Defendant continues to maintain that it is necessary to file under seal any portion of Defs. Supp. Reply Filings, such request should be narrowly tailored to keep from the public record only those portions which constitute trade secrets, proprietary information, and/or confidential information, which, if not sealed and

**RAPHAEL DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S SUPPLEMENTAL REPLY**

Doc. 157450      2

permitted in the public record, would prejudice Google or cause Google to suffer irreparable harm.

Dated: May 30, 2007

                                                       /s/
                                    Michele F. Raphael

**RAPHAEL DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH GOOGLE INC.'S SUPPLEMENTAL REPLY**

Doc. 157450                                      3