1   COUNSEL LISTED ON SIGNATURE PAGES

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12   In re                              Case No. 05-CV-1114 JW

13   ACACIA MEDIA TECHNOLOGIES          **PARTIES' STIPULATED**
     CORPORATION                        **DEFINITIONS FOR CLAIM**
14                                      **TERMS FROM THE '863 AND '720**
                                        **PATENTS**
15
                                        Date:        September 7-8, 2006
16                                      Time:        9:00 a.m.
                                        Courtroom:   8, 4th Floor
17                                      Judge:       Hon. James Ware

18

19

20

21

22

23

24

25

26

27

28

PARTIES' STIPULATED DEFINITIONS FOR CLAIM TERMS FROM THE '863 AND '720 PATENTS
CASE NO. 05-CV-1114 JW
sf-2159486

Dockets.Justia.com

1   The parties[1] to this action hereby submit the following constructions for claim terms of

2   U.S. Patents 5,550,863 and 6,002,720 that are not disputed:[2]

3

4   1.   The phrase "a plurality of subscriber (selectable) receiving stations coupled to the local

5       distribution system"[3] in Claims 14 and 17 of the '863 patent and Claims 8 and 11 of the

6       '720 patent means that two or more "subscriber (selectable) receiving stations"[4] must be

7       "coupled to" the local distribution system.

8

9

10  [1] For the purposes of the issues involving the '863 and '720 patents, the parties are the
    Round 2 Defendants, who are the Cable and Satellite defendants whom Acacia sued in the first
    two rounds of complaints, and the Round 3 defendants, who are two of the cable company
11  defendants whom Acacia sued in New York in the third round of complaints: Time Warner Cable
    Inc. and CSC Holdings, Inc..  The Round 2 Defendants are: Comcast Cable Communications,
12  LLC; The DIRECTV Group, Inc.; EchoStar Satellite LLC; EchoStar Technologies Corp.; Charter
    Communications, Inc.; Armstrong Group; Block Communications, Inc.; East Cleveland Cable TV
13  and Communications LLC; Wide Open West Ohio LLC; Massillon Cable TV, Inc.; Mid-
    Continent Media, Inc.; US Cable Holdings LP; Savage Communications, Inc.; Sjoberg's
14  Cablevision, Inc.; Loretel Cablevision; Arvig Communications Systems; Cannon Valley
    Communications, Inc.; NPG Cable, Inc.; Cable One, Inc.; Mediacom Communications Corp.;
15  Bresnan Communications; Cequel III Communications I, LLC (dba Cebridge Connections);
    Coxcom, Inc.; Hospitality Network, Inc., and Cable America, Inc. Although Defendants Insight
16  Communications, Inc. and Bresnan Communications were sued in Round 3, they are joining the
    Rounds 1 and 2 Defendants' proposed constructions.  Acacia is not asserting the '863 and '720
17  patents against the Round 1 defendants (the Internet defendants), which includes New Destiny
    Internet Group LLC; Audio Communications, Inc.; VS Media Inc.; Ademia Multimedia LLC;
18  Adult Entertainment Broadcast Network; Cyber Trend Inc.; Lightspeed Media Group, Inc.; Adult
    Revenue Services; Innovative Ideas International; Game Link Inc.; Club Jenna Inc.; Global AVS
19  Inc.; ACMP LLC; Cybernet Ventures Inc.; National A-1 Advertising Inc.; and AEBN, Inc;
    International Web Innovations, Inc., Offendale Commercial BV, AskCS.com.  Accordingly, the
20  Internet defendants have not participated in the preparation of this chart and have no position on
    the construction of any claim terms that pertain only to '863 and '720 patents.  Likewise, the
21  Rounds 2 and 3 Cable Defendants take no position on the construction of any claim terms that
    pertain only to the '720 patent since that patent has not been asserted against those parties.
22

23  [2] Each defendant stipulates to the construction of terms or limitations which are recited in
    claims asserted against it.  Acacia and each defendant reserves the right to seek construction of
24  additional claim terms, or propose a new construction of terms and limitations listed herein,
    should Acacia be permitted to assert additional claims against each defendant in the future.

25  [3] Claims 14 and 17 of the '863 patent, and the construction thereof, use the phrase
    "subscriber receiving stations."  Claims 8 and 11 of the '720 patent, and the construction thereof,
26  use the phrase "subscriber selectable receiving stations."

27  [4] The Round 2 Defendants contend that the phrase "subscriber receiving stations" is
    otherwise indefinite.

28

1     2.     The term "remote from," as used in the '863 and '720 patents, means "distant in space

2                   from."

3     3.     The term "non-real time rate" means a rate (described in terms of time) that is different

4                   than the actual rate (described in terms of time) during which a particular item (e.g., video

5                   or audio) is listened to or viewed.

6     4.     The term "real time rate" is a rate (described in terms of time) that is the actual rate

7                   (described in terms of time) during which a particular item (e.g., video or audio) is

8                   listened to or viewed.

9     5.     In Claim 14 of the '863 patent, the "transmitting step" includes, but is not limited to, the

10                   steps of:

11                         (a) "inputting an item having information into the transmission system;"

12                         (b) "assigning a unique identification code to the item having information;"

13                         (c) "formatting the item having information as a sequence of addressable data

14                             blocks;"

15                         (d) "compressing the formatted and sequenced data blocks;"

16                         (e) "storing, as a file, the compressed, formatted, and sequenced data blocks with

17                             the assigned unique identification code ;" and

18                         (f) "sending at least a portion of the file at the non-real time rate to the local

19                             distribution system."

20         These steps are part of the step of "transmitting compressed, digitized data representing a

21         complete copy . . . from a central processing location."  While the parties disagree on the

22         meaning of "central processing location,"[5] the parties agree that the transmission system is

23         located at the central processing location and that the transmitting steps, including steps

24         (a) - (f) listed above, are performed by the transmission system.

25

26

27            [5] The Round 2 Defendants contend that the phrase "central processing location" is
      indefinite.

28

6.   In Claim 17 of the '863 patent, the "formatting step" includes, but is not limited to, the steps of:

    (a) "inputting an item having information into the transmission system;"

    (b) "assigning a unique identification code to the item having information;"

    (c) "formatting the item having information as a sequence of addressable data blocks;"

    (d) "compressing the formatted and sequenced data blocks."

These steps are part of the step of "formatting items of audio/video information as compressed digitized data at a central processing location." While the parties disagree on the meaning of "central processing location,"[6] the parties agree that the transmission system is located at the central processing location and that the formatting steps, including steps (a) - (d) listed above, are performed by the transmission system.

7.   While the parties disagree on the construction of "local distribution system," in Claims 14 and 17 of the '863 patent and Claims 8 and 11 of the '720 patent, the parties agree that the local distribution system is at a location that is distant in space from the location of the central processing location,[7] and is distant in space from the locations of the plurality of subscriber receiving stations.[8]

8.   The "means for receiving" in Claim 4 in the '720 patent recites the function of "receiving compressed, digitized data representing at least one item of audio/video information at a non-real time rate." The specification discloses that this function is performed by transceiver 201. Therefore, the term "means for receiving" in claim 4 of the '720 patent shall be construed as transceiver 201, and its equivalents.

---

[6] The Round 2 Defendants contend that the phrase "central processing location" is indefinite.

[7] The Round 2 Defendants contend that the phrase "central processing location" is otherwise indefinite.

[8] The Round 2 Defendants contend that the phrase "subscriber receiving stations" is otherwise indefinite.

9.      The "means for storing" in Claim 4 of the '720 patent recites the function of "storing a complete copy of the received compressed, digitized data."  The specification discloses that this function is performed by storage 203 and 200c.  Therefore, the term "means for storing" in claim 4 of the '720 patent shall be construed as storage 203 or 200c, and their equivalents.

10.     The "compression means" in Claim 7 of the '720 patent recites the function of "compressing the formatted data."  The specification discloses that this function is performed by compressor 116.  Therefore, the term "compression means" in claim 7 of the '720 patent shall be construed as compressor 116, and its equivalents.

11.     The "receiving means" in Claims 8 and 11 of the '720 patent recite the function of "receiving compressed, digitized data representing at least one item of audio/video information at a non-real time rate."  The specification discloses that this function is performed by transceiver 201.  Therefore, the term "receiving means" in claims 8 and 11 of the '720 patent shall be construed as transceiver 201, and its equivalents.

12.     The "storing means" in Claims 8 and 11 of the '720 patent recite the function of "storing a complete copy of the received compressed, digitized data."  The specification discloses that this function is performed by storage 203 and 200c.  Therefore, the term "storing means" in claims 8 and 11 of the '720 patent shall be construed as storage 203 or 200c, and their equivalents.

13.     The parties disagree as to whether the steps of Claims 14 and 17 of the '863 patent and Claims 8 and 11 of the '720 patent begin and occur only after a prior step or steps have been completed.  This is the same issue that was argued to the Court during the last round of *Markman* briefing with respect to the steps of method claims in the '992 and '275 patents.

14.     The parties disagree as to whether the "compressing the formatted and sequenced data blocks" step of Claims 14 and 17 of the '863 patent  requires that the sequence of the formatted data blocks be maintained by the compression process.  This is the same issue that was argued to the Court during the last round of *Markman* briefing with respect to the

"compressing the formatted and sequenced data blocks" step of claim 41 of the '992 patent.

15.    The steps of Claim 14 of the '863 patent must be performed in the following order:

      1)   "transmitting compressed, digitized data representing a complete copy . . . from a central processing location";

      2)   "receiving the transmitted compressed, digitized data . . .";

      3)   "storing the received compressed digitized data representing the complete copy . . .";

      4)   "decompressing the compressed, digitized data . . ."

      5)   "in response to the stored compressed, digitized data, transmitting a representation . . ."

The steps which follow the clause "wherein the transmitting step comprises" are performed as part of the step of "transmitting compressed, digitized data ...",  and must be performed in the following sequential order with respect to each other:

      1)   "inputting an item . . ."

      2)   "assigning a unique identification code . . ."

      3)   "formatting the item . . ."

      4)   "compressing . . ."

      5)   "storing, as a file . . ." and

      6)   "sending at least a portion . . ."

16.    The steps of Claim 17 of the '863 patent must be performed in the following order:

      1)   "formatting items . . . at a central processing location."

      2)   "transmitting . . . from the central processing location";

      3)   "receiving the transmitted compressed, digitized data. . .";

      4)   "storing the received compressed, digitized data representing the complete copy. . ."; and

      5)   "using the stored compressed, digitized data to transmit . . ."

The steps which follow the clause "wherein the formatting step comprises" are performed as part of the step of "formatting items ... at a central processing location" and must be performed in the following sequential order with respect to each other:

1) "inputting an item. . ."

2) "assigning a unique identification code. . ."

3) "formatting the item . . ." and

4) "compressing . . ."

17.     The steps of Claim 8 of the '720 patent must be performed in the following order:

1.     "transmitting compressed, digitized data . . .";

2.     "receiving, into a receiving means, . . .";

3.     "storing, in a storing means, . . ."; and

4.     ". . . transmitting, using a transmitting means, . . ."

18.     The steps of Claim 11 of the '720 patent must be performed in the following order:

1.     "formatting items of audio/visual information. . . ."

2.     "transmitting compressed, digitized data . . .";

3.     "receiving, into a receiving means, . . .";

4.     "storing, in a storing means, . . ."; and

5.     "using the stored compressed, digitized data to transmit, using a transmitting means, . . ."

19.     The term "sending" in claim 14 of the '863 patent and Claim 7 of the '720 patent, as well as in claims 2 and 5 of the '275 patent, means "transmitting electronically or optically."[9]

---

[6] The stipulated construction of "sending" in claims 2 and 5 of the '275 patent was inadvertently omitted from the stipulation filed on April 17, 2006.

1

2   Dated: July 21, 2006                    RODERICK G. DORMAN (CA SBN 96908)
                                            ALAN P. BLOCK (CA SBN 143783)
3                                           KEVIN I. SHENKMAN (CA SBN 223315)
                                            HENNIGAN, BENNETT & DORMAN LLP
                                            601 South Figueroa Street, Suite 3300
4                                           Los Angeles, California 90017

5

6
                                            BY:_____/s/_____
7                                                      Alan P. Block

8                                           ATTORNEYS FOR PLAINTIFF
                                            ACACIA MEDIA TECHNOLOGIES
9                                           CORPORATION

10
    Dated: July 21, 2006                    VICTOR G. SAVIKAS (CA SBN 145658)
11                                          KEVIN G. McBRIDE (CA SBN 195866)
                                            MARSHA E. MULLIN (CA SBN 93709)
12                                          MARIA K. NELSON (CA SBN 155608)
                                            JONES DAY
13                                          555 West Fifth Street, Suite 4600
                                            Los Angeles, California 90013-1025

14

15
                                            By:_____/s/_____
16
                                            Attorneys for Defendant
17                                          THE DIRECTV GROUP, INC.

18
    Dated: July 21, 2006                    HAROLD J. McELHINNY (CA SBN 66781)
19                                          RACHEL KREVANS (CA SBN 116421)
                                            MATTHEW I. KREEGER (CA SBN 153793)
20                                          JASON A. CROTTY (CA SBN 196036)
                                            DAVID M. HYMAS (CA SBN 226202)
21                                          MORRISON & FOERSTER LLP
                                            425 Market Street
22                                          San Francisco, California 94105-2482

23

24                                          By:_____/s/_____
                                                      David M. Hymas
25
                                            Attorneys for Defendants
26                                          ECHOSTAR SATELLITE LLC and ECHOSTAR
                                            TECHNOLOGIES CORPORATION
27

28

1  Dated: July 21, 2006

DARALYN J. DURIE (CA SBN 169825)
DAVID J. SILBERT (CA SBN 173128)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, California 94111-1704

By:          /s/
                David Silbert

Attorneys for Defendants
COMCAST CABLE COMMUNICATIONS, LLC
and INSIGHT COMMUNICATIONS, INC.

Dated: July 21, 2006

ANNAMARIE A. DALEY (*pro hac vice*)
TARA D. SUTTON (*pro hac vice*)
STEPHEN P. SAFRANSKI (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, Minnesota 55402

RICHARD R. PATCH (CA SBN 88049)
J. TIMOTHY NARDELL (CA SBN 184444)
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213

By:          /s/
                Annamarie A. Daley

Attorneys for Defendants
COXCOM, INC. and HOSPITALITY NETWORK,
INC.

1   Dated:  July __, 2006                    BRADFORD LYERLA (*pro hac vice* app. pending)
                                             KEVIN HOGG (*pro hac vice* app. pending)
2                                            JEFFREY DEAN (*pro hac vice* app. pending)
                                             MARSHALL, GERSTEIN & BORUN LLP
3                                            6300 Sears Tower
                                             233 South Wacker Drive
4                                            Chicago, Illinois 60606-6357

5                                            MORGAN W. TOVEY (CA SBN 136242)
                                             WILLIAM R. OVEREND (CA SBN 180209)
6                                            REED SMITH LLP
                                             Two Embarcadero Center, Suite 2000
7                                            San Francisco, CA 94111

8

9                                            By:          /s/
10                                                         Jeffrey Dean

11                                           Attorneys for Defendant
                                             CHARTER COMMUNICATIONS, INC., WIDE
12                                           OPEN WEST, ARMSTRONG UTILITIES,
                                             MASSILON CABLE TV, INC., EAST
13                                           CLEVELAND CABLE TV, MID-CONTINENT
                                             MEDIA, INC., CANNON VALLEY
14                                           COMMUNICATIONS, US CABLE HOLDINGS,
                                             LP, ARVIG ENTERPRISES, SJOBERG CABLE,
15                                           LORETEL SYSTEMS, INC., NPG CABLE, INC.

16
     Dated: July __, 2006                    REBECCA ANNE BORTOLOTTI
17                                           JOHN CHRITOPHER REICH
                                             ALBERT L. UNDERHILL
18                                           MERCHANT & GOULD
                                             80 S. 8th Street, Suite 3200
19                                           Minneapolis, Minnesota 55402

20

21                                           By_____
                                                  Rebecca Anne Bortolotti
22
                                             Attorneys for Defendants
23                                           MID-CONTINENT MEDIA, INC., SAVAGE
                                             COMMUNICATIONS, INC., CANNON VALLEY
24                                           COMMUNICATIONS, US CABLE HOLDINGS,
                                             LP, ARVIG ENTERPRISES, SJOBERG'S
25                                           CABLE, LORETEL SYSTEMS, INC.,

26

27

28

Dated: July 21, 2006

MITCHELL D. LUKIN
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana
Houston, Texas 77022

JEFFREY D. SULLIVAN
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, New York 10112

By_____ __/s/_____
      Mitchell D. Lukin

Attorneys for Defendant
MEDIACOM COMMUNICATIONS
CORPORATION, CABLE ONE, INC., CEQUEL
III COMMUNICATIONS I, LLC (dba CEBRIDGE
CONNECTIONS), and BRESNAN
COMMUNICATIONS

Dated: July __, 2006

SEAN DAVID GARRISON
ROBERT FRANCIS COPPLE
LEWIS & ROCA LLP
40 N. Central Avenue
Phoenix, Arizona 85004-4429

By_____
    Sean David Garrison

Attorneys for Defendant
CABLE AMERICA CORP.

Dated: July __, 2006

PATRICK J. WHALEN
SPENCER FAN BRITT & BROWN LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106

By_____
    Patrick J. Whalen

Attorneys for Defendants
NPG CABLE INC.

Dated: July __, 2006

FRITZ BYERS
520 Madison Avenue
Toledo, Ohio 43604


By_____
    Fritz Byers

Attorneys for Defendants
BLOCK COMMUNICATIONS, INC.

Dated: July __, 2006

CHRISTOPHER B. FAGAN
FAY SHARPE FAGAN MINNICH & MCKEE
1100 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114-2518


By_____
    Christopher B. Fagan

Attorneys for Defendants
ARMSTRONG GROUP; EAST CLEVELAND TV
AND COMMUNICATIONS LLC; MASSILLON
CABLE TV, INC.; WIDE OPEN WEST, LLC.

Dated: July 21, 2006

DAVID S. BENYACAR
DANIEL REISNER
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598


By_____/s/_____
    David S. Benyacar

Attorneys for Defendant
TIME WARNER CABLE, INC.

1   Dated: July __, 2006                    BENJAMIN HERSHKOWITZ

2                                           JOHN PETRSORIC
                                            GOODWIN PROCTER LLP
3                                           599 Lexington Avenue
                                            New York, NY 10022
4

5                                           By_____

6                                                 Benjamin Hershkowitz

7                                           Attorneys for Defendant
                                            CSC HOLDINGS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28