| | |
|---|---|
| 1 | DAVID T. BIDERMAN, Bar No. 101577 |
| | JUDITH B. GITTERMAN, Bar No. 115661 |
| 2 | M. CHRISTOPHER JHANG, Bar No. 211463 |
| | **PERKINS COIE LLP** |
| 3 | Four Embarcadero Center, Suite 2400 |
| | San Francisco, CA  94111-4131 |
| 4 | Telephone:  (415) 344-7000 |
| | Facsimile:  (415) 344-7050 |
| 5 | Email: DBiderman@perkinscoie.com |
| | Email: JGitterman@perkinscoie.com |
| 6 | Email: CJhang@perkinscoie.com |
| 7 | Attorneys for Defendant Google Inc. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, <br><br>              Plaintiffs, <br><br>    v. <br><br> GOOGLE, INC., <br><br>              Defendants. | CASE NO. C 05-03649 JW <br><br> **DECLARATION OF M. CHRISTOPHER JHANG IN SUPPORT OF GOOGLE INC.'S OPENING BRIEF REGARDING THE 120% RULE** |

DECLARATION OF M. CHRISTOPHER JHANG ISO GOOGLE INC.'S
OPENING BRIEF REGARDING THE 120% RULE
CASE NO. C 05-03649 JW
41063-0023/LEGAL13916867.1

I, M. Christopher Jhang, declare as follows:

1. I am an attorney duly licensed to practice law in all of the courts of the State of California and this Court, and am an attorney with the law firm of Perkins Coie LLP, counsel for defendant Google Inc. ("Google") in this action. I submit this declaration in support of Google's Opening Brief Regarding The 120% Rule. I have personal knowledge of the facts set forth below except as to those matters stated on information and belief, and as to those matters, I believe them to be true. If called upon to testify, I could and would testify competently as to the matters set forth herein.

2. Attached hereto as Exhibit A are true and correct copies of excerpts from the court reporter's transcript of proceedings held in this matter on June 21, 2007.

3. On January 29, 2008, I visited the Yahoo! website and linked to its advertising program, Yahoo! Search Marketing. I linked to the glossary for this program, and printed a webpage containing the definition of the term "Account Daily Spending Limit." This webpage is located at: http://searchmarketing.yahoo.com/rc/glossary.php. Attached hereto as Exhibit B is a true and correct copy of this webpage printout.

4. On January 29, 2008, I visited the webpage for Microsoft's advertising program, Microsoft Digital Advertising Solutions. I linked to the Frequently Asked Questions for this program (located under the Search Advertising link), and then linked to the provisions that describe Budgeting. The Budgeting section contains a provision entitled "Daily budget," which I printed. The webpage containing the "Daily budget" provision is located at: http://help.live.com/help.aspx?project=adCenter_ContentAds_Beta_ss&mkt=en-us&querytype=keyword&query=yekdi10. Attached hereto as Exhibit C is a true and correct copy of this webpage printout.

5. Attached hereto as Exhibit D are true and correct copies of excerpts of the deposition transcript of Brett R. Hanson, plaintiff CLRB Hanson Industries, LLC, d/b/a Industrial Printing's representative, taken in this case on August 18, 2006.

- 2 -
DECLARATION OF M. CHRISTOPHER JHANG ISO GOOGLE INC.'S
OPENING BRIEF REGARDING THE 120% RULE
CASE NO. C 05-03649 JW
41063-0023/LEGAL13916867.1

6. Attached hereto as Exhibit E are true and correct copies of excerpts of the deposition transcript of plaintiff Howard Stern, taken in this case on August 16, 2006.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 29th day of January, 2008, at San Francisco, California.

                                            /s/
                                  M. Christopher Jhang