| | |
|---|---|
| 1 | LESTER L. LEVY (Admitted *Pro Hac Vice)* |
|   | MICHELE F. RAPHAEL (Admitted *Pro Hac Vice*) |
| 2 | WOLF POPPER LLP |
|   | 845 Third Avenue |
| 3 | New York, NY  10022 |
|   | Telephone:  (212) 759-4600 |
| 4 | Facsimile:  (212) 486-2093 |
|   | E-Mail:  llevy@wolfpopper.com |
| 5 | E-Mail:  mraphael@wolfpopper.com |

WILLIAM M. AUDET (117456)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA  94105-1938
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
E-Mail:  waudet@audetlaw.com

MARC M. SELTZER (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
E-Mail:  mseltzer@susmangodfrey.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, | Case No. C 05-03649 JW |
| Plaintiffs, | **PLAINTIFFS' OBJECTION TO THE DECLARATION OF HEATHER WILBURN IN SUPPORT OF GOOGLE INC.'S OPENING BRIEF REGARDING THE 120% RULE** |
| vs. | |
| GOOGLE, INC., | |
| Defendant. | |
| | Date:     February 25, 2008 |
| | Time:    9:00 a.m. |
| | Place:    Courtroom 8 |
| |              Hon. James W. Ware |

814919v1/010480

**PLAINTIFFS' OBJECTION TO THE DECLARATION OF HEATHER WILBURN
IN SUPPORT OF GOOGLE INC.'S OPENING BRIEF REGARDING THE 120% RULE**
CASE NO. C 05-03649 JW

Plaintiffs CLRB Hanson Industries, LLC (Hanson) and Howard Stern (Stern) hereby respectfully object to the admissibility or consideration of the Declaration of Heather Wilburn in Support of Google Inc.'s Opening Brief Regarding the 120% Rule ("Wilburn Decl."), dated January 29, 2008, and specifically to Paragraph 3 of the Wilburn Decl. and Exhibit A thereto on the following grounds.

First, to the extent the Wilburn Decl. is sought to be used to support the proposition that Exhibit A contains an image that appeared on the screen from the AdWords sign-up webpage in 2002, which is the sole apparent object of the declaration, it is inadmissible and cannot be considered for that purpose. Rule 56(e) of the Federal Rules of Civil Procedure, which governs motions for summary judgment, requires that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." It is a fundamental precept of summary judgment motion jurisprudence that an affidavit made on "information and belief" does not meet this standard because it is not made on personal knowledge and that it therefore may not be considered in deciding a summary judgment motion. *Automatic Radio Mfg., Inc. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831 & n.4, 70 S.Ct. 894, 94 L.Ed. 1312, 1317 (1950) ("there is nothing in the record to support the averment, since the affidavit in support thereof was made upon information and belief and the relevant portion, at least, does not comply with Rule 56(e) of the Federal Rules of Civil Procedure"); *Taylor v. List*, 880 F.2d 1040, 1045 & n.3 (9th Cir. 1989) (an affidavit made on "information and belief" does not comply with F.R.Civ.P. 56(e) and may not be considered on a motion for summary judgment); *Yanis v. United States*, 118 F.Supp.2d 1024, 1030 (C.D. Cal. 2000) ("Declarations on information and belief are insufficient to establish a factual dispute for purposes of summary judgment.") (citing *Taylor v. List*).

Here, the statement at issue is expressly made on "information and belief." In Paragraph 1 of the Wilburn Decl., Ms. Wilburn states: "I have personal knowledge of the facts set forth below <u>except as to those matters stated on information and belief</u>, and as to those matters, I believe them to be true." (emphasis added). In Paragraph 3, she states, "I <u>believe</u> the screenshot image on this

printout is an accurate depiction of the "Specify your daily budget" screen from the AdWords sign up webpages in 2002." (emphasis added). The printout in question is attached as Exhibit A to the Wilburn Decl.

There can be no question that under these circumstances this statement and the attached exhibit cannot be considered in support of Google's motion for summary judgment.

Second, putting aside the failure to meet the standard of F.R.Civ.P. 56(e), the very words she chose to use suggest how unreliable this so-called evidence is to establish what was actually displayed to prospective advertisers in 2002. The printout is itself undated, written by an anonymous author, comes from a binder she describes as five years old which has not been authenticated, with no indication as to when items may have been added to the binder, and without any contemporaneous written statement that identifies the alleged screenshot image as an image that was ever actually used by Google. Furthermore, the fact that the alleged screenshot image apparently has a typographical error on its face suggests that it was never actually used.

In any event, the Court may not consider this newly proffered exhibit and Ms. Wilburn's testimony about it because that testimony is not based on personal knowledge.[1]

Third, this new testimony and exhibit were never previously offered by Google, never made part of the summary judgment record before the Court and never tested in discovery, and, for these reasons alone, should not be considered at this time.

Dated: February 11, 2008.

                                         Respectfully submitted,

                                         LESTER L. LEVY (Admitted *Pro Hac Vicel)*
                                         MICHELE F. RAPHAEL (Admitted *Pro Hac Vice*)
                                         WOLF POPPER LLP

---

[1] A formal motion to strike the offending testimony and exhibit are not required; an objection to their being considered suffices. *Lugue v. Hercules, Inc.*, 12 F.Supp. 1351, 1358 (S.D. Ga. 1997) ("the nonmoving party is not required to make a motion to strike exhibits that do not conform with the federal rules[;] all that is required is a timely objection that sets forth the grounds for the objection").

| | |
|---|---|
| 1 | |
| 2 | WILLIAM M. AUDET<br>AUDET & PARTNERS, LLP |
| 3 | |
| 4 | MARC M. SELTZER<br>SUSMAN GODFREY L.L.P. |
| 5 | |
| 6 | By    /s/ Marc M. Seltzer |
| 7 | Marc M. Seltzer<br>Attorneys for Plaintiff |

814919v1/010480                    4

**PLAINTIFFS' OBJECTION TO THE DECLARATION OF HEATHER WILBURN
IN SUPPORT OF GOOGLE INC.'S OPENING BRIEF REGARDING THE 120% RULE**
CASE NO. C 05-03649 JW