ROBERT T. HASLAM (Bar No. 71134)
rhaslam@cov.com
MICHAEL K. PLIMACK (Bar No. 133869)
mplimack@cov.com
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
chaskett@cov.com
SAMUEL F. ERNST (Bar No. 223963)
sernst@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

ALAN H. BLANKENHEIMER (Bar No. 218713)
ablankenheimer@cov.com
LAURA E. MUSCHAMP (Bar No. 228717)
lmuschamp@cov.com
JO DALE CAROTHERS (Bar No. 228703)
jcarothers@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Telephone: (858) 678-1800
Facsimile: (858) 678-1600

Attorneys for Defendants and Counterclaimants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al., <br><br> Plaintiffs and Counterdefendants, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., et al., <br><br> Defendants and Counterclaimants. | Case No. 3:08-CV-0986-SI <br><br> **SAMSUNG'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWERS AND COUNTERCLAIMS** <br><br> DATE: May 8, 2009 <br> TIME: 9:00 a.m. <br> COURTROOM: 10, 19th Floor <br> JUDGE: The Honorable Susan Illston |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. AMD's Opposition Concedes That Three of the Four Relevant Factors Favor Granting Leave To Amend. ................................................................... 2

    B. AMD Cannot Make the Required "Strong Showing" that Samsung's Proposed Amendments Are Futile. .......................................................................... 3

    C. Samsung's Proposed Amended Pleadings State Viable Inequitable Conduct Defenses and Counterclaims. ............................................................................... 5

        1. The Cheng '990 Patent. ................................................................................... 5

        2. The Iacoponi '592 Patent. ................................................................................ 7

    D. Samsung's Inequitable Conduct Defenses And Counterclaims Are Pled With Particularity. ........................................................................................... 10

        1. Samsung's Defenses And Counterclaims Plead Materiality Of The Withheld References With Particularity. .................................................... 10

        2. Samsung Properly Alleges Intent to Deceive the USPTO with Respect to Both Patents. ............................................................................... 12

III. CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

Page

**CASES**

*Allen v. City of Beverly Hills*,
　911 F.2d 367 (9th Cir. 1990) .................................................................................................. 3, 4

*Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
　No. C05-04158 MHP, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008) ........................................... 2

*Cargill, Inc. v. Canbra Foods, Ltd.*,
　476 F.3d 1359 (Fed. Cir. 2007) ........................................................................................... 12, 13

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*,
　No. 06-3359, 2009 WL 667171 (N.D. Cal. Mar. 10, 2009) ........................................................ 3

*Eminence Capital LLC v. Aspeon, Inc.*,
　316 F.3d 1048 (9th Cir. 2003) ................................................................................................ 1, 3

*Energy Absorption Sys., Inc. v. Roadway Safety Serv. Inc.*,
　No. 93-C-2147, 1993 WL 389014 (N.D. Ill. Sept. 16, 1993) ................................................... 11

*G & C Auto Body Inc. v. GEICO General Ins. Co.*,
　No. C06-04898, 2007 WL 3306629 (N.D. Cal. Nov. 6, 2007) ................................................... 8

*Golden Hour Data Systems v. Health Servs. Integration, Inc.*,
　No. C06-7477 SI, 2008 WL 2622794 (N.D. Cal. Jul. 1, 2008) ............................................. 8, 12

*Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*,
　No. 9:06CV259, 2008 WL 901175 (E.D. Tex. Mar. 31, 2008) .................................................. 7

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
　896 F.2d 1542 (9th Cir. 1990) .................................................................................................... 9

*Hill-Rom Servs., Inc. v. Verses Tech., Inc.*,
　Nos. 1:03CV1227, 1:04CV1116, 2006 WL 1540851 (M.D.N.C. June 2, 2006) ..................... 11

*Hynix Semiconductor Inc. v. Toshiba Corp.*,
　No. C-04-04708 VRW, 2006 WL 3093812 (N.D. Cal. Oct. 31, 2006) ........................... 1, 3, 4, 8

*In re Vantive Corp. Sec. Litig.*,
　283 F.3d 1079 (9th Cir. 2002) ................................................................................................ 3, 4

*LaBounty Mfg., Inc. v. U.S. Int'l Trade Com'n*,
　958 F.2d 1066 (Fed. Cir. 1992) ............................................................................................. 7, 12

*Miller v. Rykoff-Sexton, Inc.*,
　845 F.2d 209 (9th Cir. 1988) ...................................................................................................... 3

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ................................................................................................ 2

*Netbula, LLC v. Distinct Corp.*,
    212 F.R.D. 534 (N.D. Cal. 2003) ............................................................................................ 4

*Praxair, Inc. v. ATMI, Inc.*,
    543 F.3d 1306 (Fed. Cir. 2008) ............................................................................................... 7

*Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics Corp.*,
    No. C04-04675 MHP, 2006 WL 3826726 (N.D. Cal. Dec. 27, 2006) ............................... 9, 10

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ............................................................................................. 8, 9

*United States v. Webb*,
    655 F.2d 977 (9th Cir. 1981) .................................................................................................. 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ..................................................................................................... 9, 11, 12

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 4, 9

Fed. R. Civ. P. 15(a) ......................................................................................................... 2, 4

William W. Schwarzer, et al, 2 Cal. Prac. Guide:
    Fed. Civ. Proc. Before Trial 8:423 ..................................................................................... 3, 4

# I. INTRODUCTION

Samsung seeks the Court's leave to amend Samsung's Answers and Counterclaims to add affirmative defenses and declaratory relief counterclaims alleging that two of AMD's asserted patents, the '990 and '592 patents, are unenforceable under the doctrine of inequitable conduct. In opposition, AMD concedes by silence that three of the four factors to be considered when deciding such a motion favor granting Samsung leave to amend. Indeed, AMD does not even attempt to argue that it would be prejudiced by Samsung's proposed amendments. It is a critical concession because this Court has ruled that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-04708 VRW, 2006 WL 3093812 at *1 (N.D. Cal. Oct. 31, 2006). Absent a showing of prejudice, AMD must make a "strong showing" on one or more of the other factors in order to overcome a presumption that leave to amend is proper. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). But AMD argues only one of the factors—the alleged futility of Samsung's proposed amendments—and its arguments fall far short of the required "strong showing."

In response to Samsung's proposed amendment regarding the Cheng '990 patent, AMD argues that failed attempts to disclose the Young '899 application that was eventually issued as the Young '421 patent satisfy any obligations to the USPTO. Plaintiffs' Opposition to Samsung's Motion for Leave to Amend Answers and Counterclaims ("Opp.") at 6-8. But as AMD acknowledges, the USPTO repeatedly and expressly declined to consider the '899 application because of technical errors in the submission of the patent application as a prior art reference. Once the Young '421 patent issued, AMD should have submitted it to the USPTO, but failed to do so. And tellingly, AMD treated the '899 application and resulting Young '421 patent differently than another pending application that it tried to disclose during prosecution of the '990 patent. There, AMD *did* give the USPTO a copy of the prior art patent soon after it issued. This discrepancy between AMD's treatment of these two similarly situated patent applications strongly suggests that AMD knew the Young '421 patent was a material prior art reference and made a conscious—and bad faith—decision not to disclose it to the USPTO.

- 1 -

Samsung's proposed amendments also contend that the Iacoponi '592 patent is unenforceable because the named inventor possessed and was aware of over sixty relevant references from VMIC conferences that he intentionally failed to disclose. In response, AMD contends that because not all of Samsung's proposed allegations are explicitly confirmed in Mr. Iacoponi's deposition testimony, amendment is futile and must be refused eight months before the close of discovery. But Samsung is not trying the case in its pleadings. Whether certain self-serving portions of Mr. Iacoponi's deposition testimony are credible is a question of fact that is best resolved at trial. AMD's arguments are therefore premature and must be rejected.

Finally, AMD contends that Samsung does not plead the materiality of the alleged inequitable conduct or the intent to deceive the USPTO with sufficient particularity under Rule 9(b). Yet Samsung offers far more than bare allegations that the deceptions were material and intentional; it specifies the factual basis for the allegations and alleges supporting facts sufficient to allow AMD to investigate and respond to Samsung's claims and defenses. This Court should therefore grant Samsung leave to file the First Amended Answers and Counterclaims ("FAAC").

**II. ARGUMENT**

**A. AMD's Opposition Concedes That Three of the Four Relevant Factors Favor Granting Leave To Amend.**

AMD's opposition attempts to convince the Court to apply a more stringent standard than is appropriate on a motion for leave to amend. In particular, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Moreover, the rule freely granting leave is to be "applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Of the four factors relevant to a motion for leave to amend (undue delay, improper motive, futility, prejudice), AMD does not make any argument at all regarding three of them. *See Board of Trustees of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C05-04158 MHP, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008) (citing *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)) (listing factors). AMD concedes that Samsung's motion has not been unduly delayed or brought for an improper purpose. Moreover, AMD concedes that the *most important* factor—the

- 2 -
REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWERS AND COUNTERCLAIMS
CV-08-0986-SI

threat of prejudice to the opposing party—favors granting leave to amend. This Court has previously ruled that "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Hynix Semiconductor Inc.,* 2006 WL 3093812 at *1. AMD makes no attempt to argue that it would be prejudiced by Samsung's proposed amendments. And that concession means that, unless AMD can make a "strong showing of . . . the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital LLC,* 316 F.3d at 1052 (emphasis added).

### B. AMD Cannot Make the Required "Strong Showing" that Samsung's Proposed Amendments Are Futile.

AMD's sole argument in opposition is that Samsung's proposed amendments would be "futile." In the context of a motion for leave to amend, however, futility exists only when there is "no set of facts [that] can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988). Because of the extremely liberal standard applicable to motions to amend pleadings, "[c]ourts rarely deny a motion for leave to amend for reason of futility." *Hynix Semiconductor Inc.,* 2006 WL 3093812 at *2 (citation omitted); *see also* William W. Schwarzer, 2 Cal. Prac. Guide: Fed. Civ. Proc. Before Trial 8:423 (same). As an example of the difficulty AMD faces in trying to carry the day with nothing more than a futility argument, this Court has recently declined to find futility even where the theory alleged appeared "both logically strained and factually problematic" and the proposed "fraud claim appears to have a tenuous basis in the record and to be fraught with contradictions." *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. 06-3359, 2009 WL 667171 at *2 (N.D. Cal. Mar. 10, 2009) (finding no futility but denying leave to amend on the basis of prejudice and undue delay after close of discovery).

Futility of a proposed amendment appears to be most commonly found in situations in which the party seeking leave to amend has already been granted leave to amend its pleadings (often more than once) and has failed to state a viable claim in those previous amendments. *See, e.g.*, *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002) (denying leave to amend where "plaintiffs had three opportunities to plead their best possible case" but failed to do so); *Allen*

- 3 -

*v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (courts have more discretion to deny motions for leave to amend when "plaintiff has previously amended the complaint"). AMD, of course, does not argue that Samsung's proposed amendments are a second, third, or fourth attempt to add the same claims that have already been rejected several times over and that it would thus be "pointless" to afford Samsung one more attempt. *Cf. Vantive*, 283 F.3d at 1097. Instead, AMD is attempting to use the *Foman* futility factor to convert its Opposition to the motion for leave to amend into a motion to dismiss. Indeed, the first sentence of AMD's argument section IIIA explicitly invokes the Federal Rule governing motions to dismiss.[1] And AMD's argument that Samsung's amendments fail to state a claim for inequitable conduct is based entirely on the Rule 12(b)(6) standard and cases deciding on motions to dismiss, not motions for leave to amend. In fact, the section of AMD's brief arguing that Samsung's proposed amendments fail to state a claim *does not cite a single case* finding a proposed inequitable conduct amendment futile for purposes of Rule 15(a).

In other words, AMD is asking the Court to rule—in the context of a motion for leave to amend—that Samsung's claims should be dismissed. The Court should decline to do so. As has been recently observed, "courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc.,* 2006 WL 3093812 at *2 (citing William W. Schwarzer, 2 Cal. Prac. Guide: Fed. Civ. Proc. Before Trial 8:423); *see also Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538-39 (N.D. Cal. 2003). One good reason for declining to consider AMD's challenge to the merits is simply that it is raised first in AMD's opposition brief, meaning that Samsung would be forced to oppose it within the confines of a 15-page reply brief that must also address other arguments rather than in the full opposition brief that Samsung would be entitled to if the AMD had actually moved for dismissal under Rule 12(b)(6). Because of the procedural prejudice

---

[1] *See* Opp. at 6 ("Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if it does not 'state a claim upon which relief can be granted.'").

- 4 -

that would befall Samsung in that situation, the Court should not entertain a motion to dismiss unless and until AMD files one.

### C. Samsung's Proposed Amended Pleadings State Viable Inequitable Conduct Defenses and Counterclaims.

Expressing outrage that it has been accused of inequitable conduct, AMD attempts to defeat Samsung's allegations before they have been afforded a hearing, or even a chance for further factual development through ongoing discovery, by arguing that Samsung's carefully-pled inequitable conduct allegations fail to state a claim. AMD's effort fails as to both the '990 and the '592 patents.

#### 1. The Cheng '990 Patent.

AMD cannot avoid the following facts that give rise to Samsung's counterclaim for inequitable conduct during the prosecution of the Cheng '990 patent: (a) AMD tried to disclose the '899 patent application to the Cheng '990 patent examiner, but the examiner repeatedly refused to consider that application as prior art, due to technical errors in its submission; (b) the examiner did not consider the '899 Reference because of the submission errors and so informed AMD; (c) AMD's failed attempts to submit the '899 patent application to the examiner demonstrate that information contained in the '899 patent application was material to the patentability of the Cheng '990 patent; (d) the '899 patent application ultimately matured into the Young '421 patent; (e) the Young '421 patent issued during the prosecution of the Cheng '990 patent; and (f) AMD did not disclose the Young '421 patent to the examiner for the Cheng '990 patent. These allegations, which AMD has made no serious effort to dispute, either in its Opposition or in its responses to Samsung's discovery requests, establish the viability of Samsung's claims of inequitable conduct.

AMD's prosecution conduct appears even more suspect, and Samsung's counterclaim even stronger, when AMD's treatment of the Young '594 patent as a prior art reference is considered. At the same time that AMD incorrectly submitted the Young '899 patent application to the Patent Office, it also incorrectly submitted the Young '033 patent application. As with the Young '899 patent application, the Cheng '990 patent examiner refused to consider the Young '033 patent application as prior art. Yet, after the Young '033 patent application issued as the Young '594

- 5 -

patent, AMD disclosed it to the Patent Office.  AMD failed to take a similar step with the Young '421 patent.  The obvious implication—which Samsung intends to prove through discovery—is that AMD intentionally withheld the '421 patent from the patent examiner, despite knowing that it was a material prior art reference.

AMD makes a number of arguments to justify the failure to disclose the issuance of the '421 patent during the prosecution of the '990 patent, but none of these arguments either dispute the allegations set forth above, nor do they demonstrate that Samsung's claims would be futile.

First, AMD argues that the applicants "fulfilled their disclosure obligations with regard to" the Young '421 patent by attempting to submit the Young '899 application to the USPTO.  Yet AMD acknowledges, as it must, that the Cheng '990 patent examiner *twice* stated that she would not consider the Young '899 application because it had been incorrectly submitted.  *See* FAAC ¶ 70 (patent examiner stated "applications 07/558,033 and 07/557,899 were not considered by the examiner"); Opp. at 3 (admitting that the examiner twice noted that she did not consider the improperly submitted Young '899 application).  As such, there is no question that the Patent Office did not believe that the Young '899 application had been submitted, nor was it considered as prior art.  AMD was therefore obligated to submit the admittedly material '421 patent to the patent office for consideration.

AMD also argues that it was relieved of the obligation to submit the Young '421 patent to the Cheng '990 patent examiner, because "the Young '899 application and the '421 patent are identical in their disclosures *in all material respects*."  Opp. at 6-7 (emphasis original).  Yet in the very next sentence of its Opposition, AMD concedes that there is a "substantive difference" between the application and the issued patent, as the latter includes two extra figures and additional descriptions. Opp. at 7. Moreover, AMD's argument is disingenuous because, as AMD admits, the Cheng '990 patent examiner was explicit in her refusal to consider the Young '899 patent application as a result of AMD's submission errors.  It cannot be that, because AMD had tried—unsuccessfully—to submit the Young '899 application to the Cheng '990 patent examiner, AMD was somehow relieved from the duty to submit the Young '421 patent.  AMD knew that the

Cheng '990 patent examiner had not considered the Young '899 application and knew the '421 patent was not cumulative to the information considered by the examiner.

In support of its argument that the failed disclosure of the Young '899 application eliminated the need to inform the USPTO of the issuance of the '421 patent, AMD apparently relies on *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306 (Fed. Cir. 2008), and a decision from the Eastern District of Texas, *Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*, No. 9:06CV259, 2008 WL 901175 at *5 (E.D. Tex. Mar. 31, 2008), both concerning the non-materiality of cumulative references. These cases are inapposite in that they simply restate the basic principle of law that cumulative prior art is not material. They do not answer the question of whether the '421 patent is cumulative of the '899 application, nor do they address whether AMD's knowing failure to disclose the Young '421 patent, after the examiner's refusal to consider the Young '899 application, demonstrates an intent to deceive. Even if this were a close case as to whether the '421 patent was cumulative—which it is not—"[c]lose cases should be resolved by disclosure, not unilaterally by the applicant." *LaBounty Mfg., Inc. v. U.S. Int'l Trade Com'n*, 958 F.2d 1066, 1076 (Fed. Cir. 1992).

AMD makes a series of additional arguments to the effect that any amendments to the Young '421 patent are not prior art or even if prior art, they do not disclose any new matter that was not already contained in the Young '899 application. But these contentions miss the point, given that Samsung has pled that the Young '421 patent was material as a whole. The issue is not whether any particular amendment is material or new; it is that AMD knew that the Young '899 application was not properly disclosed, but nonetheless withheld the Young '421 patent from the USPTO. Moreover, AMD's dissimilar treatment of the similarly situated Young '594 patent provides a strong inference that AMD's decision to withhold the Young '421 patent was made with an intent to deceive the USPTO. The facts as pled far exceed the threshold for asserting an inequitable conduct allegation, and the Court should grant leave to amend Samsung's pleadings.

### 2. The Iacoponi '592 Patent.

AMD also contends that Samsung's proposed amendment regarding the '592 patent is futile. But instead of addressing Samsung's claims as alleged—and making all inferences in Samsung's

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWERS AND COUNTERCLAIMS
CV-08-0986-SI

favor as required at this stage—AMD invites the Court to weigh evidence such as the credibility and content of John Iacoponi's deposition testimony. Samsung's pleading unambiguously states that Mr. Iacoponi committed inequitable conduct when he knowingly failed to disclose to his attorneys or the PTO a stack of highly material references that he had personally collected over the course of several years. In response, AMD simply argues that those facts are disputed. According to AMD, Samsung cannot "add an inequitable conduct claim based on the notion that Mr. Iacoponi knew about specific references and yet failed to disclose them to the PTO" because "his deposition testimony . . . shows the opposite." Opp. at 9. AMD continues, "Mr. Iacoponi testified that *he had not seen and was unable to recognize* two of the three VMIC papers that were presented to him." *Id.*

It comes as no surprise that AMD's witness provided at least some self-serving testimony in his deposition. AMD's attempt to use this testimony to defeat Samsung's claims and defenses, however, is utterly premature and wholly inappropriate for an opposition to a motion to amend the pleadings. *See Golden Hour Data Sys. v. Health Servs. Integration, Inc.*, No. C06-7477 SI, 2008 WL 2622794 at *3 (N.D. Cal. Jul. 1, 2008) ("To the extent that [the plaintiff] argues that the proposed amendments are futile because the named inventors met their legal disclosure duty and did not withhold operational details or . . . documents, resolution of this argument would require a factual inquiry inappropriate at this stage."); *G & C Auto Body Inc. v. GEICO Gen. Ins. Co.*, No. C06-04898, 2007 WL 3306629 at *4 (N.D. Cal. Nov. 6, 2007) ("G & C's efforts to attack the evidentiary basis for GEICO's counterclaim are premature at this stage. The appropriate inquiry at this stage is whether the proposed counterclaim is futile, not whether GEICO will ultimately be able to carry its burden of proof with admissible evidence."); *Hynix Semiconductor*, 2006 WL 3093812 at *2 ("[T]he relevant inquiry is not whether [the amending party] has proffered enough evidence to succeed on the merits, it is whether [the party opposing amendment] has demonstrated there is no set of facts under which the affirmative defenses would be valid. . . . [T]o establish futility, [one] cannot simply note that the facts underlying [the] proposed affirmative defenses are disputed.").

AMD's repeated citations to *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)—apparently for the proposition that the Court should give dispositive weight to Mr.

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWERS AND COUNTERCLAIMS
CV-08-0986-SI

Iacoponi's self-serving testimony—are unavailing. In *Sprewell*, the material that the Court found to be fatally contradictory to the at-issue claims *was attached to the complaint* by the plaintiff himself. *Id.* at 988 (prior arbitration award attached to complaint by plaintiff). It thus became a part of the pleading for purposes of a Rule 12(b)(6) motion to dismiss, and, as a result, the 9th Circuit held that the plaintiff had "plead himself out of a claim by including unnecessary details contrary to his claims." *Id.*; *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (documents attached to complaint may be considered on Rule 12(b)(6) motion to dismiss). Here, it is AMD that has introduced the allegedly contradictory portions of the deposition transcript by attaching them as exhibits to its opposition brief. The Court should thus give them no consideration in deciding whether Samsung's proposed amendments are futile for failure to state cognizable defenses and counterclaims. *See Hal Roach Studios*, 896 F.2d at 1555 n.19 ("Generally, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion.").

AMD's reliance on *Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics Corp.*, No. C04-04675 MHP, 2006 WL 3826726 (N.D. Cal. Dec. 27, 2006), is likewise misplaced. AMD appears to cite the case for the proposition that Samsung was required to depose Mr. Iacoponi exhaustively on all sixty-four prior art references cited in its proposed amendment. *See* Opp. at 9. But in fact, *Semiconductor Energy Laboratory* merely suggests that inequitable conduct may be difficult to allege with sufficient particularity to meet Rule 9(b)'s requirements before gathering at least some information through discovery. *See id.* at *3. It does not stand for the principle that a defendant must *prove* inequitable conduct before adding the claim or defense to the pleadings, let alone prove the conduct solely through the deposition testimony of a single witness long before the close of discovery. Moreover, the ruling in *Semiconductor Energy Laboratory* actually supports Samsung's position: there, the Court granted the defendant leave to amend its pleadings to assert

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWERS AND COUNTERCLAIMS
CV-08-0986-SI

claims and defenses for inequitable conduct even though the plaintiff "suggest[ed] that [the] defendants' proffered evidence does not support their proposed defenses."[2]

### D. Samsung's Inequitable Conduct Defenses and Counterclaims Are Pled with Particularity.

Finally, AMD attempts to overcome the extremely liberal standard applied to motions leave to amend pleadings by arguing that Samsung's amendments fail to plead inequitable conduct with adequate particularity. This contention fares no better than AMD's other arguments.

#### 1. Samsung's Defenses and Counterclaims Plead Materiality of the Withheld References with Particularity.

AMD does not challenge the adequacy of Samsung's amended pleadings with respect to the materiality of the reference that the '990 applicants failed to disclose to the USPTO. Instead, AMD focuses exclusively on the materiality of the set of VMIC conference materials that Mr. Iacoponi failed to disclose. Contrary to AMD's argument, however, Samsung's amended pleadings do not make bare allegations of materiality; the factual bases are made explicit. According to Samsung's proposed amended pleadings, Mr. Iacoponi possessed relevant "abstracts related to the field of semiconductor interconnect technology, which includes the formation of contacts in semiconductor devices." FAAC at ¶ 81. Furthermore, the cited abstracts "were highly material . . . in that they disclosed processes for forming nitrided contacts in semiconductor devices, including processes utilizing nitrogen ionized in a plasma."[3] *Id*. at ¶ 83. This is the exact type of process claimed in the '592 patent and forms the basis of a key limitation of the claims of that patent. *See, e.g.*, '592 patent, claim 1 ("A method for forming a contact to a semiconductor body, said method comprising . . . exposing said metal silicide layer to nitrogen ionized in a plasma, thereby converting a portion of said metal silicide layer to a first metal nitride layer . . . .").

---

[2] The Court further stated that, "while [it] may question some of defendants' inferences, these factual disputes need not be resolved at this stage. The court finds that any factual defects in defendants' evidence do not render their proposed defenses futile. . . ." 2006 WL 3826726 at *4.

[3] The proposed amendment similarly alleges that Iacoponi's paper, entitled "Single Chamber Implementation of a Coherent Ti/TiN Process for Sub-Half Micron Technologies" was "highly material" as "it addressed several of the same concepts as the claims of the '592 patent, including the use of titanium and titanium nitride to form contacts in semiconductor devices." *Id*. at ¶ 87.

- 10 -

These allegations are sufficient to allow AMD to identify the relevant references and the reasons for their materiality. The two cases AMD relies on for the proposition that Samsung fails to plead materiality with sufficient particularity—both of which were decided in the context of motions to strike rather than motions to amend the pleadings—do nothing to undermine that conclusion. *See Hill-Rom Servs., Inc. v. Verses Tech., Inc.*, Nos. 1:03CV1227, 1:04CV1116, 2006 WL 1540851 (M.D.N.C. June 2, 2006); *Energy Absorption Sys., Inc. v. Roadway Safety Serv. Inc.*, No. 93-C-2147, 1993 WL 389014 (N.D. Ill. Sept. 16, 1993).

In *Hill-Rom*, the court struck allegations of inequitable conduct when the defendant alleged only that "the claims asserted in the Amended Complaint are barred, in whole or in part, because the [two patents at issue] are invalid and/or unenforceable because Plaintiff or its predecessors in interest engaged in inequitable conduct in the prosecution of the [patents]" and that "the [patents are] unenforceable because of, among other things, Plaintiff's inequitable conduct is [sic] prosecuting the patent[s], and its misuse of its patents." 2006 WL 1540851 at *6.

Similarly, in *Energy Absorption*, the court struck affirmative defenses when the defendant merely averred that the patent at issue was "invalid, void and unenforceable in that [the patent] and the claims thereof fail to comply with the requirements of the Patent Statutes, 35 USC notably § 102, § 103, and § 112 thereof." 1993 WL 389014 at *1. The court allowed the defendant to amend the allegations, but once again found the following averment inadequate under Rule 9(b): the patent at issue "is unenforceable by reason of plaintiff's inequitable conduct . . . before the [USPTO] in that the plaintiff failed to disclose . . . [a certain other patent] and/or the barrier disclosed therein, with knowledge of the materiality thereof and with intent to deceive the [USPTO]." *Id.* The defendant offered no explanation at all as to why the omission was material or even relevant other than a vague reference to a "barrier" mentioned in the undisclosed patent.

Samsung's proposed amendments are far more detailed and specific. They identify the named inventor as the individual who knew of relevant and material references, identify the times and places where he learned of the prior art, list the specific abstracts by name and author, and state reasons why the references are material. These averments are sufficient to meet the Rule 9(b) standards. AMD is effectively demanding that Samsung do more than allege its claims with

- 11 -

specificity—it seeks proof of materiality at the pleadings stage.  In *Golden Hour Data Systems*, this Court noted, "to the extent that [the plaintiff] argues the futility of the proposed amendments on the basis that the facts or information in question were not material, this argument fails because [the defendant] is not precluded, at this stage, from *alleging* the materiality of the facts or information." 2008 WL 2622794 at *3.  Samsung has sufficiently alleged materiality with particularity so that AMD may respond to its claims and defenses.  Whether Samsung "is ultimately able to . . . prove its allegations of inequitable conduct is a question for another day, after the close of discovery." *Id*.

### 2. Samsung Properly Alleges Intent to Deceive the USPTO with Respect to Both Patents.

AMD also argues that Samsung fails to allege with particularity that the applicants for the '592 and '990 patents acted with any intent to deceive the USPTO.  As a preliminary matter, while "a party must state with particularity the circumstances constituting fraud or mistake," the same is *not* true of conditions of a person's mind:  "intent . . . may be alleged generally."  Fed. R. Civ. P. 9(b).  Indeed, "[d]irect proof of wrongful intent is rarely available but may be inferred from . . . the surrounding circumstances."  *LaBounty Mfg., Inc.,* 958 F.2d at 1076.  At the pleading stage, it is certainly sufficient to allege those surrounding circumstances, and Samsung has done so.

With respect to the '592 patent, Samsung's FAAC explicitly alleges that the applicants "associated with the filing and prosecution of the '592 patent withheld material information from the [USPTO] with an intent to deceive."  FAAC ¶ 78.  The inference is "warranted in light of" at least four supporting allegations:  "(a) the high level of materiality of the materials presented at the 1993 to 1996 VMIC conferences, including the [64] references listed in paragraph 83; and/or (b) the fact that the VMIC conference was well-known to those working in the field of semiconductor interconnect technology; and/or (c) the large volume of highly material information distributed at the VMIC conferences . . . and/or (d) the high level of materiality of the Iacoponi paper and the fact that this paper was co-authored by the inventor himself."  FAAC ¶ 88; *see also Cargill, Inc. v. Canbra Foods, Ltd.*, 476 F.3d 1359, 1367 (Fed. Cir. 2007) ("[A] high degree of materiality, coupled with evidence that the applicant should have known of that materiality, creates a strong inference of an intent to deceive.").  Samsung also specifically alleges that Mr. Iacoponi was not only "aware of" the abstracts and articles "distributed at the VMIC conferences that he attended" but that those

- 12 -

materials contained at least one article that he co-authored. FAAC ¶¶ 84-86. The thrust of these allegations is plain: Mr. Iacoponi went to VMIC conferences between 1993 and 1996, collected and preserved highly material references from these conferences (including his own article), knew that he had relevant references, but failed to disclose them, with the intention of ultimately deceiving the USPTO.

Samsung's allegations regarding the '990 patent are also sufficiently robust for the pleading stage. The proposed amended pleadings allege that "Attorney Shenker and/or others withheld the '421 patent reference from the USPTO with an intent to deceive, as the claims of the '990 patent would not have issued in their current form had the '421 patent reference been provided to the USPTO." FAAC ¶ 75. "Moreover, an inference of an intent to deceive . . . is warranted, in light of: (a) the high level of materiality of the '421 patent reference; and/or (b) Attorney Shenker's unsuccessful attempt to have the patent examiner consider the '899 Patent Application coupled with his subsequent failure to disclose the issuance of the '421 patent reference to the patent examiner." *Id*; *see also Cargill,* 476 F.3d at 1367 ("a high degree of materiality, coupled with evidence that the applicant should have known of that materiality, creates a strong inference of an intent to deceive."). In addition, the proposed amendment also alleges that an agent of the USPTO stated that the patent applicants improperly cited the '899 application on the wrong form, and specifically noted that the applications "were not considered by the examiner." FAAC ¶ 70; *see also* Opp. at 3. Then, when AMD's attorneys filed yet another Information Disclosure Statement—armed with the knowledge that the USPTO did not consider either of the applications—they listed only one of the two newly-issued patents and elected not to disclose the Young '421 patent to the USPTO. FAAC ¶¶ 70-75. The applicants' repeated but inadequate attempts to cite the '899 application demonstrate that they knew of its high degree of materiality. Samsung not only alleges intent to deceive, but provides supporting sufficient supporting facts to satisfy pleading standards.

**III. CONCLUSION**

Based on the foregoing, Samsung respectfully requests that the Court grant Samsung's Motion for Leave to Amend Answers and Counterclaims.

- 13 -
REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWERS AND COUNTERCLAIMS
CV-08-0986-SI

| | | |
|---|---|---|
| DATED: April 24, 2009 | | COVINGTON & BURLING LLP |

By: */s/ Christine Saunders Haskett*
    CHRISTINE SAUNDERS HASKETT

Attorneys for Defendants and Counterclaimants
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS AMERICA, INC.