| | |
|---|---|
| 1 | LESTER L. LEVY (*pro hac vice*) |
| | MICHELE FRIED RAPHAEL (*pro hac vice*) |
| 2 | **WOLF POPPER LLP** |
| | 845 Third Avenue |
| 3 | New York, NY 10022 |
| | Telephone: (212) 759-4600 |
| 4 | Facsimile: (212) 486-2093 |
| | Email: llevy@wolfpopper.com |
| 5 | |
| | MARC M. SELTZER (SBN 54534) |
| 6 | **SUSMAN GODFREY L.L.P.** |
| | 1901 Avenue of the Stars, Suite 950 |
| 7 | Los Angeles, CA 90067-6029 |
| | Telephone: (310) 789-3100 |
| 8 | Facsimile: (310) 789-3150 |
| | Email: mseltzer@susmangodfrey.com |
| 9 | |
| | Attorneys for Plaintiffs |
| 10 | (See Signature Page for Additional Plaintiffs' Counsel) |
| 11 | |
| | DAVID T. BIDERMAN (SBN 101577) |
| 12 | DAVID P. CHIAPPETTA (SBN 172099) |
| | JUDITH B. GITTERMAN (SBN 115661) |
| 13 | M. CHRISTOPHER JHANG (SBN 211463) |
| | **PERKINS COIE LLP** |
| 14 | Four Embarcadero Center, Suite 2400 |
| | San Francisco, California 94111 |
| 15 | Telephone: (415) 344-7000 |
| | Facsimile: (415) 344-7050 |
| 16 | Email: DBiderman@perkinscoie.com |
| 17 | Attorneys for Defendant Google Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| 22 | CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, | CASE NO. C 05-03649 JW |
| 23 | | **Joint Case Management Statement and Proposed Order Pursuant to N.D. L.R. 16-9** |
| 24 | Plaintiffs, | |
| 25 | v. | Date: June 9, 2008 |
| | | Time: 10:00 a.m. |
| 26 | GOOGLE, INC., | Place: Courtroom 8 |
| | | Judge: Honorable James Ware |
| 27 | Defendant. | |

Joint Case Management Statement
Case No.: C 05-03649 JW
41063-0023/LEGAL14336597.1

The parties to the above-entitled action jointly submit this Case Management Statement and their respective Proposed Orders.

## DESCRIPTION OF THE CASE

**JURISDICTION AND SERVICE**

This Court has jurisdiction over this action pursuant to the Class Action Fairness Act.

**FACTS/LEGAL ISSUES**

This case concerns Google's disclosures as to how it charges advertisers who use AdWords, Google's online advertising program, and Google's billing practices thereunder. The facts are set forth in detail in the parties' papers submitted on the competing motions for summary judgment, the parties' supplemental briefing thereon, and in this Court's Orders thereon.

In its Summary Judgment Order dated August 21, 2007 ("August 2007 Summary Judgment Order"), the Court granted Google's motion for summary judgment with respect to Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment. The Court also found that "each Plaintiff entered into a contract with Google, the terms of which were: (1) the Terms and Conditions; (2) the Program FAQs subject to periodic revision); and (3) the terms of each advertising campaign submitted or modified by the Plaintiffs." The Court denied Google's motion for summary judgment with respect to Plaintiffs' claims for breach of contract and violations of California's Unfair Competition Law, §§ 17200, *et. seq.*, and California's False Advertising Law, §§ 17500, *et. seq.*, and denied Plaintiffs' motion for partial summary judgment on their unfair competition law, false advertising law, and unjust enrichment claims.

On November 6, 2007, the parties participated in private mediation at JAMS. The mediation proved unsuccessful in light of the parties' differing views on whether Google's practice of delivering and charging up to 120% of an advertiser's daily budget on a given day is grounds for a breach of contract, unfair competition, or false advertising claim. The Court ordered further briefing on this issue and, on May 14, 2008, issued a ruling wherein it construed

Google's briefing as a further motion for partial summary judgment, and Plaintiffs' briefing as an opposition to that motion ("May 2008 Partial Summary Judgment Order").

In its May 2008 Partial Summary Judgment Order, the Court granted Google's summary judgment motion "with respect to whether the practice of charging customers up to 120% of their 'Daily Budget,' in and of itself, constitutes a breach of the AdWords Agreement."

Plaintiffs' contend that the Court denied Google's motion as to Plaintiffs' breach of contract claim with regard to such overdelivery charges insofar as they were incurred in relation to ad campaigns that were paused during a particular month, ad campaigns which were terminated prior to the end of a full month, ad campaigns which ran for less than one month and insofar as overdelivery charges were not imposed to make up for a prior shortfall. Plaintiffs note that the Court also expressly held that "it may be a breach of contract" for Google "to over-serve and end up charging up to 120% of a customer's Daily Budget on one day and then to intentionally under-serve and therefore undercharge a customer on another day." The Court then gave an example of overdelivery in a two-day month, where a customer is charged for an overdelivery which took place on the first day of the month in circumstances where the overdelivery was not provided to make up for any prior shortfall.

Google contends that the Court's holding on this issue is as set forth in the Court's May 2008 Partial Summary Judgment Order, wherein it provides that "there remain triable issues of fact as to whether Google breaches the AdWords Agreement with respect to three groups of individuals: (1) customers running short-term ad campaigns, for less than one month; (2) customers running longer ad campaigns, where the final month of their campaign is a partial month; and (3) customers who pause their campaigns."

Plaintiffs also contend that the Court denied Google's motion with respect to the unfair competition and false advertising claims, finding there are triable issues of fact as to whether Google's use of the term "daily budget," while charging up to 120% of an advertiser's daily budget on a given day, violates California's Unfair Competition Law and False Advertising Law.

Google contends that the Court denied Google's motion with respect to the unfair competition and false advertising claims, finding there are triable issues of fact as to whether

Google's use of the term "daily budget," while charging up to 120% of an advertiser's daily budget on a given day, "constitutes false advertising in violation of California Unfair Competition Law," as the Court provides in its May 2008 Partial Summary Judgment Order.

**MOTIONS**

### Prior Motions

Google moved to dismiss Plaintiffs' claim for unjust enrichment. After being dismissed with leave to amend, this claim was upheld on the pleadings.

Google moved for summary judgment or summary adjudication as to all claims. As noted *supra*, Google's initial motion was granted with respect to Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and unjust enrichment, and denied with respect to Plaintiffs' claims for breach of contract and violations of California's Unfair Competition Law, §§ 17200, *et. seq.,* and False Advertising Law, §§ 17500, *et. seq.*

Plaintiffs motion for partial summary adjudication as to their unfair competition law, false advertising law, and unjust enrichment claims was denied.

Google also filed various motions to seal the papers it submitted in support of, and in opposition to, the competing summary adjudication motions. The Court granted these motions to seal. Google moved to have the Court withdraw and seal its August 2007 Summary Judgment Order, and the Court denied this motion.

The parties filed supplemental briefs on whether Google's practice of delivering and charging up to 120% of an advertiser's daily budget on a given day is grounds for a breach of contract, unfair competition, or false advertising claim. As noted *supra*, the Court construed Google's briefing as a further motion for partial summary judgment and Plaintiffs' briefing as an opposition to that motion. The Court's rulings are described above.

### Anticipated Future Motions

Plaintiffs intend to file a motion for class certification.

Google intends to oppose Plaintiffs' motion for class certification.

Plaintiff also intends to file a motion requiring Google to produce, in electronic format, the documents previously produced only in paper format.

**AMENDMENT OF PLEADINGS**

The parties do not intend to add or dismiss parties, claims, or defenses at this time. Plaintiffs propose that the deadline for amending the pleadings be 60 days after the Court's ruling on class certification. Google proposes that the pleadings be considered closed, and that further amendment not be permitted absent good cause.

**EVIDENCE PRESERVATION**

Since August 2005, when this case was originally filed, Google asserts it has taken the following steps to preserve evidence relevant to the issues reasonably evident in this action: implementation of a litigation hold to preserve documents and data; search for and collection of what Google deemed to be relevant information, including but not limited to historic terms and conditions and Frequently Asked Questions ("FAQs"), which have been produced to the Plaintiffs.

Since August 2005, when this case was originally filed, Plaintiffs have preserved and produced to Google evidence in their possession relevant to the issues reasonably evident in this case.

**DISCLOSURES AND DISCOVERY**

**Initial Disclosures and Discovery Taken to Date of Plaintiffs**

In or about March 2006, Plaintiffs produced documents to Google as part of their Initial Disclosures. They produced additional documents in August 2007 in connection with their depositions. Plaintiffs' production was mainly comprised of email correspondence with Google and charge card/bank statements. Plaintiffs produced their documents only in paper form.

Both Plaintiffs have been deposed. Google maintains that the depositions were limited to the issue of Plaintiffs' understanding of the contract, and that Plaintiffs have not been deposed on class certification issues. Plaintiffs maintain that the depositions went beyond the AdWords contract and the Plaintiffs' understanding of the contract, and oppose any further depositions of the Plaintiffs that are duplicative of issues on which Google has already deposed them.

Google maintains that the focus of this case has changed significantly in recent months. Specifically, Google contends that while Plaintiffs initially focused on accounts which were

active for "partial months" and those which were "paused" during a particular month, they have only recently expanded their focus to include all accounts which were charged more than their "daily budget" on any given day. Plaintiffs disagree with Google's contentions in this regard, as they have previously stated and supported in prior filings with the Court, claims based on charging more than an advertiser's "daily budget" on any given day have always been included in this case.

**Google's Position**

Google contends that in light of the changed circumstances in the scope of this case, the parties have not held a meaningful Rule 26(f) Conference or prepared a meaningful Discovery Plan as required by Rule 26(f)(3). Accordingly, Google requests that the Court order the parties to [1] conduct a Rule 26(f) Conference, [2] conduct full Rule 26(a) Disclosures which reflect the changed focus of the case, and [3] prepare and submit a Discovery Plan in accordance with Rule 26(f)(3). Google believes that the parties can complete these tasks within the next three months, followed by a further Case Management Conference to address the other topics discussed in this Statement (such as the timing of Class Certification and the scope of discovery).

**Plaintiffs' Position**

Plaintiffs believe that there is no reason why discovery should not go forward at this time. This is the third Case Management Statement the parties have submitted in this three year old case. The parties exchanged their Initial Disclosures over two years ago. Plaintiffs submit that the case should go forward, not backwards, as Google would have the parties go back to the Initial Disclosure phase.

**Discovery Taken to Date of Google**

Plaintiffs maintain that discovery of Google to date has been limited to that which was directed by the Court in connection with the summary adjudication motions. As per this Court's Case Management Order of June 27, 2006, Google produced thousands of pages primarily consisting of FAQs and Terms and Conditions. These documents were provided only in paper form. Plaintiffs maintain that no drafts or internal emails were produced by Google.

Joint Case Management Statement
Case No.: C 05-03649 JW
41063-0023/LEGAL14336597.1
-6-

As per the initial hearing on the competing motions for summary adjudication, and this Court's Order of February 8, 2007, three Google employees were deposed. Two of the deponents were employees who had submitted affidavits in support of Google's summary judgment motion. The third deponent was an engineer selected by Google. In addition to documents previously produced by Google, Google provided only exemplary[1] documents in connection with the depositions which it represented were confidential, internal training materials, current and prior AdWords tutorials pertaining to the daily budget and cost control, current FAQs pertaining to the daily budget and ad delivery, and an AdWords training binder. These documents were produced only in paper form.

**SCOPE OF ANTICIPATED DISCOVERY**

**The Parties' Positions on Class Certification Discovery**

Please see the "CLASS ACTION" section, below, for the parties' respective positions on class certification discovery.

**Plaintiffs' Position on Merits Discovery**

For the reasons fully set forth below in the bifurcation section, Plaintiffs maintain that merits discovery should proceed simultaneously with class discovery, in order to avoid disputes as to the nature of each piece of evidence as to whether it is categorized as merits or class or damages, or all of them. Defendant seeks to parse merits and damages discovery into different phases, and thereby further delay the progress of this case, which has already been pending for nearly three years. Plaintiffs contend that Google's assertion that the claims in this case have changed is incorrect and contrary to the record in this case. It would be unfair and unreasonable to further delay discovery in the case until Google has made voluntary disclosures it should have

---

[1] As represented by Google's counsel in the cover letter "We do not represent that we are producing every single document that relates to traffic fluctuation and the delivery of advertisements in the AdWords system that might be in the possession of the company or its many employees, nor have we conducted the burdensome search that would be required to make such a representation. Instead, we have endeavored to identify examples of documents most directly relevant to the issue identified for deposition testimony in the Court's order." Letter from M. Christopher Jhang, Esq. to Michele Raphael, Esq. dated March 1, 2007.

made in 2006, and that Google's proposed "bifurcation" or "trifucation" of discovery is unnecessary, inefficient and inappropriate.

**Google's Position on Merits Discovery**

For the reasons fully set forth below in the bifurcation section, Google contends that any merits discovery is premature until the requirements of Rule 26(a) have been met in light of the changed circumstances of the case, and class certification issues have been heard. Following Rule 26 compliance, Google intends to conduct discovery relating to class certification issues, and opposes merits discovery until after the class certification issues have been determined.

**Plaintiffs' Position on Discovery as to Damages**

Plaintiffs will seek information pertaining to damages. In addition to the obvious need for ascertaining damages, absent such information, there cannot be any meaningful settlement negotiations. Google apparently wishes to defer providing information regarding the amounts charged to its advertisers until after the trial of the merits of this case. This is obviously an untenable position.

**Google's Position on Discovery as to Damages**

For the reasons fully set forth below in the bifurcation section, Google opposes damages discovery unless and until [1] the requirements of Rule 26 are met in light of the changed focus of the case, [2] the class is certified, [3] merits discovery is concluded, and [4] a determination of the merits of Plaintiffs' claims has concluded.

**Bifurcation**

**Plaintiffs' Position**

Defendant actually wants to "trifurcate" class, merits, and damage discovery. Such parsing serves only to increase discovery costs and delay any resolution of this action – which was filed in August of 2005. As noted above, preventing any discovery as to damages until after a class is certified and after liability has been established, not only may necessitate two trials, but forecloses any possibility of settlement.

As to bifurcation of class and merits discovery, the facts needed to establish numerosity, that Plaintiffs' claims are typical of those of the members of the class, and that there are common

issues of fact and law alleged in Plaintiffs' second amended complaint ("SAC") are equally relevant to the merits. Any attempt to separate these material facts and pigeon-hole them into a "class certification" or a "merits" category will give rise to numerous discovery disputes, unnecessary delay, wasted judicial resources and higher litigation expenses. The issues are inextricably intertwined. What was shown to advertisers and how Google's system operated is relevant to both merits and class issues.

For example, information concerning whether the AdWords program routinely used paused days to absorb overages from other days and overdelivered ads prior to shortfalls is equally relevant to class issues and merits issues. Information regarding the protocol, design and operation of the AdWords program are relevant to both class and merits issues. Indeed, if Google's program was designed to delivery up to 120% on any given day, irrespective of any prior shortfall, that would be relevant to establish numerosity, commonality and typicality, as well as liability. Similarly, Google's public representations and disclosures as to how advertisers would be billed, are equally relevant to class and merits issues. Whether the sign up screens, tutorials and other promotional materials could be found to be misleading, is equally relevant to class issues – numerosity, typicality, commonality – as well as to the merits. Moreover, witnesses on class and merits issues will overlap, if not be identical. For example, the depositions of persons with knowledge as to the operation and design of Google's program software will be relevant to establish numerosity and commonality as well as liability, as will the depositions of the authors of the sign up screen and other online materials and persons responsible for how they were placed online.

Bifurcation will serve no purpose – other than to increase litigation expenses and delay this action. The Court will be called upon to determine whether every piece of requested information is relevant to class, merits and/or both.

**Google's Position on Bifurcation**

Plaintiffs are suggesting an unorderly "free-for-all" on all issues involved in this alleged nationwide class action, whereby discovery on the various phases of the case are intermingled and

the scope and complexity of discovery dramatically expanded. Google believes that bifurcation is necessary for the orderly determination of the issues, and for judicial economy.

Plaintiffs' contention that class certification discovery, merits discovery, and damages discovery should all be lumped together for purposes of judicial efficiency is flawed. This argument presupposes that Plaintiffs will prevail on both class certification and the merits of their claims. Absent such a result, lumping discovery together as Plaintiffs suggest will result in a waste of time and expense in that the parties would have conducted discovery on irrelevant issues. "Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those related to the merits of the allegations." *Manual for Complex Litigation, 4th Ed.*, p. 322 (Thomson West Publishing, 2006).

Once the parties have fully complied with the requirements of Rule 26, class certification discovery should proceed before any merits or damage discovery. Only if and when a class has been certified and ascertained, should discovery on the merits of Plaintiffs' overdelivery and pausing claims proceed.[2] Additionally, merits discovery and a trial on the merits should precede any damages discovery and trial. Damages discovery should not be permitted unless and until liability has been established by the Plaintiffs.

## CLASS ACTION

### Plaintiffs' Position Regarding Class Certification and Class Discovery

Plaintiffs intend to seek certification of the plaintiff class defined in the SAC which is all persons who were charged by Google more than their set daily budgets for their advertising

---

[2] Google asserts that any ruling on class certification would be premature until the California Supreme Court has ruled on the *Tobacco II* line of cases. Google notes that in a prior Joint Case Management Statement, Plaintiffs stated that they "acknowledge that certification of a class with respect to their unfair competition law claims is affected by whether the California Supreme Court holds that Proposition 64 added reliance as an additional substantive element of said claims." Google contends that it is impossible for Plaintiffs to satisfy the reliance element with respect to each individual putative class member in this case, which is at issue in the *Tobacco II* line of cases. Plaintiffs disagree and believe under well established law that the Class will meet the criteria for certification even if reliance is required to be proven as part of their Unfair Competition Law claim. Plaintiffs also note that numerous class actions have been certified in cases brought under the Unfair Competition Law during the pendency of the *Tobacco II* cases.

campaigns. The Class will be from January 2002 through the present (with the proviso that damages resultant from overdeliveries related to fully paused days may end as of the Fall of 2006).

All class members have the common claim of violation of California's Unfair Competition law §§17200, *et.seq*. All class members have the common claim that Google charged them more than their daily budget on a given day. Some members of the class will have an additional claim for breach of contract. But that does not undercut that there is one class with all members having at least one common claim. To fracture the class into issues to be separately litigated (as Google would seek) is a prescription for needless delay and expense.

Prior to filing their motion, Plaintiffs will require discovery in order to gather evidence bearing on class certification issues. If Defendant stipulates to a class and/or certain prerequisites thereof, the discovery can be tailored to address only the issues in dispute.

With respect to timing of their motion, Plaintiffs plan filing their motion shortly after class discovery concludes[3].

**Google's Position Regarding Class Certification and Class Discovery**

Google disagrees with Plaintiffs' definition of the putative class and the suggestion that class discovery can be lumped together with merits and damages discovery. By consolidating a myriad of separate claims under a general class of "all persons who were charged by Google more than their set 'Daily Budgets' for their advertising campaign(s)" (which the Court found is a practice allowed under the terms of the AdWords Agreement), Plaintiffs over-simplify the separate discovery necessary to determine whether the *other* claims raised by Plaintiffs, applicable to only portions of Plaintiffs' putative class, are appropriate for class certification. These independent claims involve separate discovery into distinct factual and legal issues.

For example, claims by advertisers relating to "pausing" raise questions about their purpose in pausing, how pausing was defined, the advertiser's expectations of how pausing would operate, whether the advertiser wanted in fact to maintain the average daily budget over the

---

[3] Google asserts that that any ruling on class certification would be premature until the California Supreme Court has ruled on the *Tobacco II* cases. Plaintiffs disagree with Google's position.

course of a month, the various agreements in effect at the time each advertiser joined the AdWords program, and the operative disclosures at the time each advertiser signed up. The issues raised by these advertisers are wholly separate and distinct from those raised by advertisers who never paused, or who paused but were not charged more than the amount of their daily budget times the number of unpaused days in a month.

Similarly, any claims by putative class members who were allegedly charged over their daily budget, prior to any underdelivery of their campaign, necessarily involves the advertiser's expectations of delivery on the first day of the ad campaign, any disclosures on this issue provided at sign up, the operative version of the AdWords Agreement at the time of sign up, and factual issues regarding Google's systems and programming designed to assure that such charges would not occur.

In short, the requirements of class certification – numerosity, commonality, typicality, adequacy of representation, predominance, and superiority – will differ for each of these groups of plaintiffs, resulting in countless permutations of issues on which class certification discovery will be required. Discovery on these issues alone will be keep the parties sufficiently occupied, without prematurely delving into merits and damages discovery.

**RELATED CASES**

The parties are unaware of any related cases.

**RELIEF**

### Plaintiffs' Position

With respect to their unfair competition and false advertising law claims, Plaintiffs seek restitution - the return of the difference between what Plaintiffs and advertisers paid and the amounts they would have been paid had Google billed them in accordance with its representations. With respect to their breach of contract claim, Plaintiffs seek the contract measure of damages - the difference between what Plaintiffs and advertisers paid and the amounts they would have been paid had the AdWords agreement been followed.

Plaintiffs also seek injunctive and other equitable relief. Defendant is still using partially paused days to absorb overdelivery from days an ad runs. Defendant should be ordered to refrain

from engaging in this practice or to effectively disclose that paused days and/or periods of time are going to be used in that manner. In addition, even though Google claims that Ad Scheduling, which it instituted in September 2006, has stopped overdelivery from being applied to fully (24 hour) paused days, Google should be required to maintain this new practice (prevent it from reverting to its prior practice without disclosing that paused days will be used to absorb overdelivery). In addition, Google should either stop exceeding an advertiser's daily budget on any given day, or amend its disclosures so that it is clear to advertisers that they are going to be billed for amounts in excess of their daily budget on any given day. Further, if overdelivery is deemed allowable to offset a prior shortfall, and injunctive should be entered as to that effect – preventing Google from overdelivering absent a previous shortfall.

**<u>Google's Position Regarding Relief Sought By Plaintiffs</u>**

Google contends that Plaintiffs are entitled to no relief. If, however, Plaintiffs were to succeed on the pausing claim, the recovery for Plaintiffs and the putative class under either the contract claim or the unfair competition claim would be limited to the difference between what the advertiser was charged, and what the advertiser would have been charged had the paused days been excluded from the calculation, minus any benefit gained by the advertiser. Google disagrees that the inclusion of partially paused days in the number of days of the month provides a basis for any cause of action whatsoever. Plaintiffs are not entitled to injunctive relief. Google has not included paused days in calculating charges since Ad Scheduling was implemented in September 2006, and no injunction lies where the complained of activity has ceased.

**<u>SETTLEMENT AND ADR</u>**

The parties participated in an ADR phone conference wherein they agreed that mediation would be the best ADR method. The parties participated in a one day mediation before Judge Ronald Sabraw at JAMS, on November 6, 2007. The mediation did not result in resolution of this action.

Plaintiffs maintain that discovery as to damages is necessary before there can be a meaningful mediation. The parties agree that further ADR may be evaluated at a later stage in the litigation.

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

**OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**NARROWING OF ISSUES**

The parties respectfully refer the Court to the sections on discovery, bifurcation, and class action, above.

**EXPEDITED SCHEDULE**

Summary adjudication motions have been made on an expedited basis. The balance of the case is not suitable for expedited scheduling.

**SCHEDULING AND TRIAL**

The parties agree that it is premature to propose dates for pretrial deadlines or to estimate a date for trial or the length of trial at this time.

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed any required Certifications of Interested Entities or Persons. One of the Plaintiffs, CLRB Hanson Industries LLC, is a limited liability company. Brett Hanson is the member thereof.

**OTHER MATTERS TO FACILITATE A JUST, SPEEDY AND INEXPENSIVE DISPOSITION**

Plaintiffs request that, once there has been discovery as to damages, this case should be sent to mediation under the auspices of this Court.

| | | |
|---|---|---|
| 1 | Dated: June 2, 2008 | LESTER L. LEVY (*pro hac vice*)<br>MICHELE FRIED RAPHAEL (*pro hac vice*)<br>**WOLF POPPER LLP**<br>845 Third Avenue<br>New York, NY 10022 |
| | | MARC M. SELTZER (SBN 54534)<br>**SUSMAN GODFREY L.L.P.**<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029 |
| | | DANIEL J. SHIH (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101-3000 |
| | | WILLIAM M. AUDET (SBN 117456)<br>**AUDET & PARTNERS, LLP**<br>221 Main Street, Suite 1460<br>San Francisco, CA 94105-1938 |
| | | By:  /S/_____<br>       Marc M. Seltzer |
| | | Attorneys for Plaintiffs |
| | Dated: June 2, 2008 | **PERKINS COIE LLP** |
| | | By:  /S/_____<br>       David T. Biderman<br>       David P. Chiappetta<br>       Judith B. Gitterman<br>       M. Christopher Jhang |
| | | Attorneys for Defendant Google Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | CASE NO. C 05-03649 JW |

## **PLAINTIFFS' [PROPOSED] CASE MANAGEMENT ORDER**

This Court, having conducted a Case Management Conference on June 9, 2008, it is hereby Ordered that:

(1) Class and merits discovery shall proceed immediately and concurrently;

(2) The last day to amend pleadings absent good cause shall be 60 days following the Court's class certification decision;

(3) Plaintiffs are entitled to discovery now as to damages; and

(4) The next Case Management Conference will be held on _____.

DATED: _____, 2008

_____
United States District Court Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | CASE NO. C 05-03649 JW |

## **DEFENDANT GOOGLE INC.'S [PROPOSED] CASE MANAGEMENT ORDER**

This Court, having conducted a Case Management Conference on June 9, 2008, hereby Orders that:

(1) The pleadings are closed, and further amendment of the pleadings is not permitted absent good cause;

(2) Within the next three months, the parties shall:

    (a) Conduct a Rule 26(f) Conference;

    (b) Conduct full Rule 26(a) Disclosures; and

    (c) Prepare a Discovery Plan in accordance with Rule 26(f)(3) and submit their plan to the Court ten days in advance of the next Case Management Conference.

(3) Following the next Case Management Conference, the parties shall conduct discovery in the following stages:

    (a) First, the parties shall satisfy the disclosure requirements of Rule 26;

    (b) Second, the parties shall conduct discovery limited to class certification issues;

|   |   |   |
|---|---|---|
| 1 | (c) | Third, if and when a class has been certified and ascertained, the parties shall conduct discovery on the merits of Plaintiffs' overdelivery and pausing claims; and |
| 4 | (d) | Fourth, following merits discovery and a trial on the merits, the parties shall conduct damages discovery. |
| 6 | (4) | The dates for each of the foregoing stages of discovery shall be determined at the next Case Management Conference, which shall be held on September 15, 2008, at 10:00 a.m. |

DATED: _____, 2008

_____
United States District Court Judge