CLRB Hanson Industries D, o

LESTER L. LEVY (Admitted *Pro Hac Vice*)
MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
WOLF POPPER LLP
845 Third Avenue
New York, NY  10022
Telephone:  (212) 759-4600
Facsimile:  (212) 486-2093
E-Mail:  llevy@wolfpopper.com
E-Mail:  mraphael@wolfpopper.com

MARC M. SELTZER (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
E-Mail:  mseltzer@susmangodfrey.com

Attorneys for Plaintiffs
(See Signature Page for Additional Plaintiffs' Counsel)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. C 05-03649 JW PVT<br><br>**PLAINTIFFS' BRIEF REGARDING DISCOVERY PLAN**<br><br>Hearing:  July 8, 2008<br>Time:  10:00 a.m.<br>Dept.:  Courtroom 5<br>Judge:  Honorable Patricia Trumbull |

849467v1/010480

**PLAINTIFFS' BRIEF REGARDING DISCOVERY PLAN**
CASE NO. C 05-03649 JW PVT

Dock

## I. PRELIMINARY STATEMENT

In response to the Court's Order re Discovery Planning, filed on June 25, 2008, counsel for plaintiffs and defendant Google, Inc. (Google) met and conferred regarding the discovery plan for this case. They were able to reach agreement on proposed limits on requests for admission, interrogatories, fact depositions and requests for production, as set forth below. However, the parties continue to disagree about whether discovery needs to be pursued in stages. In its Order Following Case Management Conference, filed on June 17, 2008, the Court rejected Google's contentions in this regard and ordered that "[d]iscovery shall be opened immediately and shall not be bifurcated." Order Following Case Management Conference, docket #227, at 1 (June 17, 2008) ("June 17 Order").

## II. INITIAL DISCLOSURES

The parties have already provided initial disclosures under Fed. R. Civ. P. 26. Google served disclosures on March 29, 2006, and has never supplemented them. Plaintiffs reserve all rights relating to any deficiencies in Google's disclosures.

This case should go forward, not backward to the initial disclosure phase. Google has had every opportunity to provide complete initial disclosures. At the case management conference, Google sought to return the case to the initial disclosure phase, arguing, as they have before, that plaintiffs had expanded the "focus" of their claims to include "accounts which were charged more than their 'daily budget' on any given day." Joint Case Management Statement, docket #224, at 5-6 (June 2, 2008). As noted above, Judge Ware rejected the argument that discovery should not begin until after a new round of initial disclosures takes place and ordered that discovery "be opened immediately." June 17 Order at 1.

Google's suggestion that plaintiffs changed the so-called focus of their claims is, in any event, completely at odds with the record of this case. From the inception of this litigation, plaintiffs have claimed that Google's practice of overdelivery and charging more than the per day "daily budget" that Google's customers set for their advertisements was illegal. The original complaint, filed on August 3, 2005, alleged:

> 52. Despite the fact that Plaintiffs preset their daily advertising budgets, *Google routinely exceeds Plaintiffs' set daily budgets*, violating the agreed-upon advertising costs, including exceeding even the 20% cushion which Google allows itself to exceed the daily budgets.
>
> * * *
>
> 74. Google breached the Agreement *by charging Plaintiffs and the class advertising fees in excess of their daily budgets*.

(emphases added). In plaintiffs' first amended complaint, filed on November 14, 2005, and second amended complaint, filed on May 4, 2006, plaintiffs alleged:

> 49. In contrast to Google's representations concerning setting a daily budget to allow an advertiser to control its advertising costs, Google *routinely overdelivers ads to allow advertisers' accounts to go over their daily budget*.
>
> 50. Google *will not provide credits for charging advertisers more than their daily budget* on any given day as long as those overages do not cumulatively exceed the calculated "monthly" budget (daily budget times 30/31) in any given month.
>
> * * *
>
> 80. The *Agreement prohibits Google from exceeding Plaintiffs' and the Class members' daily budgets*, and explicitly states that Google will deliver Plaintiffs' and the Class members' ads at, or below, their daily budgets.

(emphases added).

Google's contention that there has been a change in "focus" of this case has no basis whatsoever. Accordingly, there is no reason why this case should be taken back to the initial disclosure phase.

## III. DISCOVERY TOPICS, TIMING AND SEQUENCING

Discovery should begin immediately without any bifurcation or sequencing of discovery by topics. Discovery should proceed on all issues relevant to this action, including, among other matters:

- The operation of the AdWords program, including the reasons for Google's design choices, particularly with regard to delivering, accruing charges for, and billing for overdelivered ads, handling paused time, and handling changes to an advertiser's daily budget;

- Representations and other information provided to advertisers regarding the practices of overdelivering ads and charging advertisers for them, including drafts and any internal discussions concerning the content of such information;

- Communications with named plaintiffs, members of the putative class, and other advertisers on matters relevant to this case; and

- Damages and restitution.

Because discovery has only just begun, it is too soon to determine when discovery should be completed.

Plaintiffs filed this case almost three years ago. Google has delayed discovery for long enough. Judge Ware recognized this and ordered in no uncertain terms: "Discovery shall be opened immediately and shall not be bifurcated." June 17 Order at 1. The Court should reject any argument by Google to bifurcate or sequence discovery. The Court should not revisit arguments that Google previously urged and which were rejected. Joint Case Management Statement, docket #224, at 9–10.

## IV. **ELECTRONIC DOCUMENTS**

All documents kept in electronic form should be produced in native form with all metadata intact. If an electronic document is in a native form that is capable of being rendered but cannot be processed by the requester's document review system, the document should be produced in searchable PDF format, created, if possible, with text maintained intact and not converted to images.

Documents contain relevant, discoverable information in their metadata. Accordingly, the parties should not render documents for production into a non-searchable form wherein the metadata has been erased (such as TIFF).

## V. **DISCOVERY LIMITATIONS**

Plaintiffs propose the following discovery limitations, which any party may move to

modify for good cause.  Google has advised plaintiffs that it agrees with the following proposed limits:

- Requests for admission: 30 substantive requests for admission, plus unlimited number regarding authentication and hearsay.
- Interrogatories: 45 per side.
- Requests for production: No limit.

Additionally, plaintiffs propose the following limitations for depositions.  Fact depositions should be limited to twenty 7-hour non-expert depositions per side, including party and third-party depositions.  Prior depositions should count towards this limit.  Expert depositions should be limited to one 7-hour expert deposition for each expert.

Google already took depositions of both plaintiffs on a broad range of issues.  Plaintiffs oppose further depositions of the plaintiffs that are duplicative of issues on which Google has already deposed them.

Plaintiffs understand from Google that Google may seek higher limits with regard to expert depositions.  Plaintiffs oppose higher limits as unnecessary because plaintiffs' proposal already allows modification of the limits for good cause.  Plaintiffs' proposal will encourage the parties to focus on the issues in their depositions.

## VI. CLASS DEFINITION

Plaintiffs have defined the Class they seek to have certified and see no reason to propose any modifications to the Class definition at this time.

Dated: July 2, 2008.   Respectfully submitted,

LESTER L. LEVY (Admitted *Pro Hac ViceI*)
MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
WOLF POPPER LLP

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

DANIEL J. SHIH (Admitted *Pro Hac Vice)*
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
E-Mail: dshih@susmangodfrey.com

WILLIAM M. AUDET (117456)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105-1938
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
E-Mail: waudet@audetlaw.com


By  /s/ Marc M. Seltzer
     Marc M. Seltzer
   Attorneys for Plaintiffs