UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES dba INDUSTRIAL PRINTING, et al.,<br><br>            Plaintiffs,<br><br>  v.<br><br>GOOGLE, INC.,<br><br>            Defendant. | Case No.: C 05-3649 JW PVT<br><br>**ORDER RE DISCOVERY PLAN** |

On June 25, 2008, pursuant to the referral by District Judge Ware, this court issued an order regarding discovery planning. The parties have now filed their respective briefs regarding discovery planning. Having reviewed the briefs submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the parties' briefs and the file herein,

IT IS HEREBY ORDERED as follows:

**I.    INITIAL DISCLOSURES**

Federal Rules of Civil Procedure 26(e)(1) provides, in relevant part:

"A party who has made a disclosure under Rule 26(a) * * * * must supplement or correct its disclosure or response:

"(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process

ORDER, *page 1*

or in writing; or

"(B) as ordered by the court."

The court will not set a specific deadline for supplementation under Rule 26(e)(1)(B) at this time, but it expects the parties to continue to comply with Rule 26(e)(1)(B) when and if called for by the circumstances.

## II.    DISCOVERY TOPICS, TIMING AND SEQUENCING

As noted by the parties, District Judge Ware expressly declined to bifurcate discovery. However, the parties are not precluded from seeking to obtain, either by agreement from the opposing party or by order of the court, an extension of time to delay until after class certification any specific discovery that is not necessary for the class certification motion and which would impose a burden that would interfere with that party's ability to prepare for the class certification motion. The parties are cautioned that the court will not tolerate abusive discovery tactics, whether in the form of requests for excessive amounts of discovery or unwarranted delays in providing discovery.

## III.    ELECTRONIC DOCUMENTS

Whenever reasonably possible, electronic documents should be produced in the form in which it they are usually maintained. If that is not possible, the parties shall meet and confer regarding the format in which the documents shall be produced. If no agreement can be reached, the responding party may file a motion for leave to produce the documents in the format it believes is most appropriate. The motion shall be made on two week's notice. Any opposition to the motion shall be filed one week before the noticed hearing. No reply shall be filed.

When necessary, a responding party shall provide a reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the electronic information produced. *See* FED.R.CIV.PRO. 34, Advisory Committee Notes to the 2006 Amendment.

### IV. DISCOVERY LIMITS

- Requests for Admission: 30 substantive requests for admission per side, plus an unlimited number of requests regarding authenticity and hearsay.

- Interrogatories: 45 per side.

- Requests for Production: no limit.

- Fact Depositions: 20 7-hour non-expert depositions per side, including party and non-party depositions. The prior depositions count toward this limit, however the duration of each may be extended either by agreement of the parties or order of this court.[1]

- Expert Depositions: one 7-hour deposition for each expert.

### V. CLASS DEFINITION

This topic is outside the scope of the referral.

Dated: *7/7/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] The court anticipates that a *reasonable* extension of the duration of the Plaintiffs' depositions is appropriate to allow Defendant to inquire into topics or specific questions that were not covered in Plaintiffs' prior depositions.