| | |
|---|---|
| 1 | LESTER L. LEVY (*pro hac vice*) |
| | MICHELE FRIED RAPHAEL (*pro hac vice*) |
| 2 | **WOLF POPPER LLP** |
| | 845 Third Avenue |
| 3 | New York, NY 10022 |
| | Telephone: (212) 759-4600 |
| 4 | Facsimile: (212) 486-2093 |
| | Email: llevy@wolfpopper.com |
| 5 | |
| | MARC M. SELTZER (SBN 54534) |
| 6 | **SUSMAN GODFREY L.L.P.** |
| | 1901 Avenue of the Stars, Suite 950 |
| 7 | Los Angeles, CA 90067-6029 |
| | Telephone: (310) 789-3100 |
| 8 | Facsimile: (310) 789-3150 |
| | Email: mseltzer@susmangodfrey.com |
| 9 | |
| | Attorneys for Plaintiffs |
| 10 | (See Signature Page for Additional Plaintiffs' Counsel) |
| 11 | |
| | DAVID T. BIDERMAN (SBN 101577) |
| 12 | TIMOTHY J. FRANKS (SBN 197645) |
| | M. CHRISTOPHER JHANG (SBN 211463) |
| 13 | FARSCHAD FARZAN (SBN 215194) |
| | **PERKINS COIE LLP** |
| 14 | Four Embarcadero Center, Suite 2400 |
| | San Francisco, California 94111 |
| 15 | Telephone: (415) 344-7000 |
| | Facsimile: (415) 344-7050 |
| 16 | Email: DBiderman@perkinscoie.com |
| 17 | Attorneys for Defendant Google Inc. |

18 UNITED STATES DISTRICT COURT

19 NORTHERN DISTRICT OF CALIFORNIA

20 SAN JOSE DIVISION

| | | |
|---|---|---|
| 21 | CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, | CASE NO. C 05-03649 JW |
| 22 | | **Joint Case Management Statement Pursuant to October 2, 2008 Order Continuing Case Management Conference** |
| 23 | | |
| 24 | Plaintiffs, | |
| 25 | v. | Date: December 1, 2008 |
| | | Time: 10:00 a.m. |
| 26 | GOOGLE INC., | Place: Courtroom 8 |
| | | Judge: Honorable James Ware |
| 27 | Defendant. | |
| 28 | | |

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C 05-03649 JW

The parties to the above-entitled action jointly submit this Case Management Statement pursuant to the Court's October 2, 2008 Order Continuing Case Management Conference.

## CLASS CERTIFICATION MOTION UPDATE

**Plaintiffs' Position**

Although Plaintiffs have been diligently pursuing discovery from Google that is relevant to class certification issues, Google's approach to the discovery process has essentially consisted of initially stonewalling, and then offering empty promises and delaying as much as possible. Plaintiffs had hoped that as of this date they would have the documents and testimony necessary to move for class certification, but due to Google's discovery tactics, Plaintiffs' hopes have not been realized. Furthermore, Plaintiffs recently learned new information from Google – namely, that Google does not charge its advertisers the "average" daily budget over the course of the month, but instead charges customers based on the highest daily budget on a given day times the number of days their campaign ran – contrary to the FAQs. Plaintiffs expect that they will seek leave to amend their complaint to include this newly discovered information and do not wish to move for class certification until their expected motion is resolved.

Plaintiffs hesitate to burden the Court with details of the parties' discovery disputes in this Joint Case Management Statement, but Google's statements below require a response. Google touts its allegedly diligent efforts to produce discovery, but inaccurately represents what those efforts have entailed. After months of delay and empty promises, two weeks ago Google began taking the opposite approach by dumping over 44 *gigabytes* of documents on Plaintiffs (which amounts to over a million pages, and over 340,000 emails, which Plaintiffs have yet to access due to errors in the files). Prior to making the production, Google's counsel had informed Plaintiffs that Google's initial electronic search of its customer e-mail database had resulted in over 300,000 "hits" that were potentially responsive. On September 22, 2008, Plaintiffs suggested that Google's search was too broad and requested the opportunity to work together with Google to refine the search. Google's counsel agreed that the search should be narrowed and represented that Google would furnish Plaintiffs with the list of "canned responses" it used to search the database so that the parties could refine the search. But then, with no further word, Google

2

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C 05-03649 JW

produced the 44 gigabytes of emails, most of which consists of irrelevant "canned responses" by Google employees. Google did not even verify that each of the "canned response" searches actually generated responsive documents (it admits only to conducting a "random" review of an unspecified number), and it did not search for *any* responsive emails between Google and its customers (other than Plaintiffs) that *did not* include "canned responses." Google's search was thus both over- and under-inclusive. This is not the type of discovery envisioned by the federal rules.

Just last Friday, Plaintiffs received Google's production of its entire "canned responses" database (which consists of thousands and thousands of "canned responses," the overwhelming majority of which are not responsive to Plaintiffs' document requests), along with what Plaintiffs understand to be over 770 iterations of the AdWords FAQs – which Google had previously represented it would produce back in September. To date, Plaintiffs have been unable to view this production because Google produced the embedded images separately from the textual material, such that each image must be "reunited" with the corresponding text document. Plaintiffs' vendor has been unable to accomplish this, and although Plaintiffs on numerous occasions requested instructions from Google or its vendor regarding how to "unite" the text with the images, Google only today agreed to allow Plaintiffs' vendor to speak with Google's vendor on this issue.

Had Google had it its own way, Google's production from its 20 custodians' files would have resulted in an even larger "data dump." Back in September, Google promised to provide Plaintiffs with the list of search terms it would run against 21 custodians' files (apparently Google has now limited its search to 20 custodians), an on multiple occasions represented that the terms would be provided to Plaintiffs "hopefully by the end of the week." After sitting on the search terms for months, Google finally provided a list of the terms last Friday night, along with the number of "hits" per custodian and the total number of "hits" – the latter being 735,626 documents. Google did not provide Plaintiffs with a list of "hits" per term until Tuesday. That list evidenced that many of the search terms are unduly broad and are generating a high number of likely irrelevant hits. Google did not even verify whether any of the "hits" from any of the

3

search terms generated responsive documents. Plaintiffs are currently narrowing this list and expect to give Google a revised list today that will significantly reduce the number of responsive documents in order to greatly reduce the burden on both sides.

Google has taken the same approach with its interrogatory responses – stonewalling, stalling, and offering empty promises. Plaintiffs served Google with the interrogatories nearly three and a half months ago. Google's initial responses to three of Plaintiffs' interrogatories amounted to no more than pointing Plaintiffs to documents that Google has not even produced – including *all correspondence between Google and AdWords advertisers* and three entire deposition transcripts. Google responded to the fourth interrogatory by stating that it would make available its business records, but it has refused to produce such records until after class certification. After much prodding, Google finally agreed to supplement its responses by November 7, but that date came and went with no supplementation (much less an explanation) by Google. Google finally provided supplemental responses to three interrogatories last night, which Plaintiffs are currently reviewing to assess the sufficiency of Google's response. Google has yet to provide adequate responses to Plaintiffs' fourth and fifth interrogatories, which will be the subject of a motion to compel.

Plaintiffs served Google with a 30(b)(6) notice last July, consisting of 8 topics pertaining to document custodial issues and two "substantive" topics. Plaintiffs initially scheduled some of the topics for September depositions, assuming that prior to the depositions Google would (1) provide substantive responses to the interrogatories Plaintiffs served on July 1, 2008; (2) produce all of the iterations of the FAQs; and (3) produce "screen shots" of the sign-up screens. Plaintiffs' assumption turned out to be completely wrong, and Plaintiffs were forced to cancel the depositions so as to avoid having to re-depose Google after the necessary discovery was produced.[1] Plaintiffs have *consistently* represented that it would be necessary to depose Google

---

[1] When Plaintiffs informed Google that they were considering taking the 30(b)(6) depositions in September in order to comply with the initial September 30 class certification deadline, even Google's counsel cautioned Plaintiffs that Google's document production was "far from complete," and requested that it be permitted without objection to rely on documents in opposing class certification that Google did not produce to Plaintiffs prior to the September 30 deadline.

4

on topics 9 and 10 prior to class certification briefing. Regarding the remaining topics, which are limited to document custodial issues, Plaintiffs' counsel informed Google that it would be better to "wait and see" how Google's document production and search efforts progressed before scheduling such depositions, so as to avoid having to re-depose Google on those issues or take an unnecessary deposition. Even though Plaintiffs never wavered from this position, Google informed Plaintiffs last Friday evening that "Given plaintiffs delay in confirming topics, witness schedules and the intervening holidays, Google expects these depositions will take place *no sooner than the week of January 12*. If you disagree, we are more than happy to address this with the Court." (emphasis added). It is incomprehensible why Google needs over two months to prepare witnesses to address two 30(b)(6) topics – yet Google asserts below that it wants to proceed "as quickly as practicable" with a hearing on class certification.

Meanwhile, Plaintiffs have been extremely diligent in meeting their discovery obligations under the federal rules, contrary to Google's representation below. Google served a total of twenty-two interrogatories and eleven requests for admission to each Plaintiff, along with seventy-six requests for production to Plaintiff Stern, and seventy-seven to Plaintiff CLRB Hanson Industries, LLC. Plaintiffs' counsel informed Google that Plaintiffs diligently searched for responsive documents, consistent with their obligations under the Federal Rules, and the parties are still in the process of meeting and conferring. Much of the requested information is highly irrelevant – such documents relating to Plaintiffs' web hosting and website logs.

There are a number of other discovery disputes that Plaintiffs could recount here, but they are better left as the subject of a motion to compel, to the extent the parties are not able to resolve them without the Magistrate Judge's assistance. Due to the ongoing disputes, Plaintiffs have not received the discovery they had hoped to receive by this time. Rather than commit at this time to a date certain as to when Plaintiffs will move for class certification, Plaintiffs instead request that the Court permit them to first resolve their discovery disputes with Google, begin the review process of the millions of pages that Google has recently produced, depose Google witnesses, and seek leave to amend their complaint. Plaintiffs therefore request that the Court permit Plaintiffs to file their motion for class certification at any time prior to the close of discovery.

5

Google's suggested briefing schedule set forth below is unreasonable for a number of reasons. First, Plaintiffs will need more than two weeks to file a reply brief. Google's counsel has represented that Google expects to use five or six testifying experts in support of its opposition to Plaintiffs' motion for class certification. Plaintiffs will need time to depose those experts in order to prepare its reply and will therefore need more than two weeks to file the reply brief. Second, Google's proposed schedule allows for a "surreply." Plaintiffs object to any filing of a "surreply." Finally, for the reasons set forth above, Plaintiffs believe that a January 30, 2009 deadline for Plaintiffs to file their motion for class certification is unreasonable, given the discovery delays that have occurred and Plaintiffs' expected motion for leave to file an amended complaint.

**Google's Position**

Google does not believe that plaintiffs' substantive claims or class allegations have merit and would like to proceed with a hearing on plaintiffs' anticipated class certification motion as quickly as practicable.[2] For the reasons detailed below, Google proposes the following schedule:

| | |
|---|---|
| Plaintiffs file opening brief | January 30, 2009 |
| Google files opposition | February 27, 2009 |
| Plaintiffs file reply | March 13, 2009 |
| Google files surreply (if Plaintiffs introduce new evidence) | March 27, 2009 |
| Hearing | On or after April 10, 2009 |

Google has thus far produced several hundred thousand documents, including all communications with plaintiffs, the data for their AdWords accounts, and communications ("canned responses") between Google and members of the putative class relating to plaintiffs'

---

[2] Plaintiffs have raised for this first time TODAY in this Case Management Conference Statement their intention to try to amend their complaint to add another claim. Google will address any such potential claim at the appropriate time, but suffice it to say for now that plaintiffs are wrong on the facts and the law.

6

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C 05-03649 JW

claims. Google's production has also included the various iterations of the AdWords FAQs, which include screenshot images of each step of the AdWords sign-up process including Step Three "Specifying your daily budget." These images include the sign-up steps, which were operative when plaintiffs signed up for their accounts. Pursuant to plaintiffs' request, Google has produced materials in their native, searchable electronic format pursuant to Magistrate Judge Trumbull's order and as they are stored in the ordinary course of business.

Google did not, as plaintiffs' assert, "dump" its "entire 'canned responses' database." Google has a list of "canned responses" that customer service representatives can use in responding to customer questions. Out of that list of thousands of "canned responses," Google identified sixteen that it believed address the relevant topics and searched its database of millions of documents for those that contained those sixteen responses. The documents are in native format and searchable. Plaintiffs have the same capability to search these documents as Google, and plaintiffs can narrow these documents if they want to by conducting their own searches. Google has also produced the full list of canned responses so that plaintiffs can review them to be satisfied that Google has in fact identified the relevant communications.[3]

Google has further collected an additional 21,861,820 documents from 20 employees. After crafting search terms that would help identify relevant materials, Google has reduced that number to 735,626 documents that it will need to review manually. To make the process as transparent as possible and enable plaintiffs to express a view as to whether the search terms were too narrow or too broad, Google gave plaintiffs the list of search terms with the hits per term as well as the hits per custodian so that they can suggest any deletions or additions of search terms that they believe appropriate. Google is more than happy to try to reduce the number of documents that it must manually review. If there are no changes to the universe of documents to be reviewed manually, Google expects to complete its review and rolling production of these

---

[3] Google learned today for the first time that plaintiffs are claiming that they cannot "access a vast majority of [Google's] production due to errors in the files." Although plaintiffs' inability to access these files is likely caused by their failure to use an appropriate viewer, Google will work with plaintiffs to resolve this claimed technical problem. Similarly, as a courtesy, Google's document vendor told plaintiffs today how to "unite" certain image files with corresponding text files, even though Google produced them in the manner in which they are kept, and plaintiffs only made such a request this week.

7

materials by the end of February.  Google, however, does not believe that plaintiffs need these documents to file their motion for class certification.  (At plaintiffs' insistence, class and merits discovery were not bifurcated.)

On the other hand, plaintiffs' continued refusal to identify the 30(b)(6) topics on which they want to depose Google could delay the class certification schedule.  Although the Court opened discovery on June 16 (and Judge Trumbull issued a Discovery Plan Order on July 7), plaintiffs waited until July 21 to serve their discovery requests.  The tight schedule then in place for class certification required that Google begin immediately identifying and preparing witnesses even before plaintiffs confirmed in meet and confer what it is that they wanted.  On August 22, Google proposed dates for the depositions on all of the topics (even though plaintiffs had not yet narrowed the scope).  Because of the breadth of those topics, eight different witnesses were required, and Google proposed dates that would have completed the depositions by mid-September.  After initially confirming that some of the depositions would go forward on the proposed dates, plaintiffs informed Google on September 8 that they would not proceed with any of the depositions because its new counsel had not been admitted yet, and it wanted to wait for Google to complete its document production.

Google warned plaintiffs at the time that, given the schedules of the witnesses, it would require significant lead time to secure time on their calendars.  Since then, Google repeatedly has asked plaintiffs to identify the topics they will want.  Plaintiffs, however, have thus far identified only two topics.  Google explained that it would object to producing witnesses on any other topics that plaintiffs did not identify by November 14, and that it does not expect depositions to start earlier than the week of January 12 given their delay in confirming topics, witness schedules and the intervening holidays.  Google respectfully requests that the order issued by the Court following this Case Management Conference require plaintiffs to identify by December 5, 2008: (i) each specific topic on which it wants to depose Google prior to filing their motion for class certification and (ii) the weeks in which they want to take those depositions.

Google also anticipates having to file a motion to compel given plaintiffs' wholesale failure to comply with their discovery obligations.  For example, plaintiffs have yet to quantify

8

their alleged damages despite having all of the data necessary to do so.  Of even greater concern is plaintiffs' apparent failure to comply with their obligation to preserve potentially relevant materials.  Although plaintiffs claim that they have completed their production (which amounts to only a few hundred pages), they have failed to produce, among other things:  (i) numerous communications they have had with Google;  (ii) financial statements and sales reports;  (iii) documents regarding their dealings with other online advertising services;  (iv) website logs; and (v) documents relating to hosting of their websites.

Even more troubling is that many of the presumably destroyed documents were created *after* plaintiffs had filed this lawsuit.  Plaintiffs must have been aware of their retention obligations when they apparently destroyed the materials.  In an effort to determine whether such documents no longer exist or whether plaintiffs simply have failed to conduct a reasonable search, Google has asked their counsel to explain the parameters of their searches.  Plaintiffs, however, have stonewalled.  Their counsel has refused to describe what efforts they undertook to search for documents, other than to say that they searched "everywhere they thought to look."

Plaintiffs' counsel has asserted that Google will have to await the depositions of its clients to learn anything about their document collection efforts.  In sharp contrast to the position that plaintiffs' have taken, Google has made its document collection process completely transparent. It has voluntarily identified precisely where it has searched, whom it has searched and what search terms it is using.  Google has provided this information without requiring plaintiffs to incur the time and expense of a deposition.  Google should not have to wait to depose plaintiffs before learning such information from them (particularly given their counsel's position that they will be made available for deposition only once).

JOINT CASE MANAGEMENT STATEMENT
CASE NO.:  C 05-03649 JW

| | |
|---|---|
| Dated: November 13, 2008 | LESTER L. LEVY (*pro hac vice*)<br>MICHELE FRIED RAPHAEL (*pro hac vice*)<br>**WOLF POPPER LLP**<br>845 Third Avenue<br>New York, NY 10022<br><br>MARC M. SELTZER (SBN 54534)<br>**SUSMAN GODFREY L.L.P.**<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067-6029<br><br>STEPHEN D. SUSMAN (*Admitted Pro Hac Vice*)<br>**SUSMAN GODFREY L.L.P**.<br>654 Madison Avenue, 5th Floor<br>New York, NY 10065<br><br>RACHEL S. BLACK (*pro hac vice*)<br>DANIEL J. SHIH (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101-3000<br><br>WILLIAM M. AUDET (SBN 117456)<br>**AUDET & PARTNERS, LLP**<br>221 Main Street, Suite 1460<br>San Francisco, CA 94105-1938<br><br>By: _____/s/_____<br>　　　Rachel S. Black<br><br>Attorneys for Plaintiffs |
| Dated: November 13, 2008 | **PERKINS COIE LLP**<br><br>By: _____/s/_____<br>　　　David T. Biderman<br>　　　Timothy J. Franks<br>　　　M. Christopher Jhang<br>　　　Farschad Farzan<br><br>Attorneys for Defendant Google Inc. |

41063-0023/LEGAL14937990.1

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: C 05-03649 JW