| | |
|---|---|
| 1 | DAVID T. BIDERMAN, Bar No. 101577 |
| | TIMOTHY J. FRANKS, Bar No. 197645 |
| 2 | M. CHRISTOPHER JHANG, Bar No. 211463 |
| | FARSCHAD FARZAN, Bar No. 215194 |
| 3 | **PERKINS COIE LLP** |
| | Four Embarcadero Center, Suite 2400 |
| 4 | San Francisco, California 94111 |
| | Telephone: (415) 344-7000 |
| 5 | Facsimile: (415) 344-7050 |
| | Email: DBiderman@perkinscoie.com |
| 6 | Email: TFranks@perkinscoie.com |
| | Email: CJhang@perkinscoie.com |
| 7 | Email: FFarzan@perkinscoie.com |
| 8 | Attorneys for Defendant GOOGLE INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | CASE NO. C 05-03649 JW<br><br>**GOOGLE INC.'S NOTICE OF ADMINISTRATIVE MOTION AND MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN CONNECTION WITH ITS REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' "120% RULE" AND "PARTIAL MONTH" CLAIMS**<br><br>Date: December 1, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 8<br>Judge: Honorable James Ware |

GOOGLE INC.'S NOTICE OF ADMINISTRATIVE MOTION AND MOTION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
CASE NO. 05-03649

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS CLRB HANSON INDUSTRIES, LLC, d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 1, 2008, at 9:00 a.m., or at such later date and time as the Court may order, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, defendant Google Inc. ("Google") will move for an order sealing the following documents and/or information filed in support of Google's Reply in Support of Its Motion for Partial Summary Judgment on Plaintiffs' "120% Rule" and "Partial Month" Claims: **Google Inc.'s Reply in Support of Its Motion for Partial Summary Judgment on Plaintiffs' "120% Rule" and "Partial Month" Claims** (the "Reply"), and **Exhibits 6 and 7 to the Declaration of Farschad Farzan in Support of Google Inc.'s Reply in Support of Its Motion for Partial Summary Judgment on Plaintiffs' "120% Rule" and "Partial Month" Claims** (the "Exhibits").

Google seeks this motion on the ground that the above-mentioned documents contain information relating to Google's confidential and proprietary billing processes and to Plaintiffs' confidential account data, as well as other information that Google considers confidential and proprietary, and that constitutes Google's trade secrets. Google treats all such information as confidential and would suffer harm and/or competitive injury if the information were made public. Google is filing a public version of the Reply that redacts only those portions that contain confidential information; the Exhibits are confidential in their entirety.

Dated: November 17, 2008         **PERKINS COIE LLP**

By:  /S/
David T. Biderman
Attorneys for Defendant Google Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rules 7-11 and 79-5, defendant Google Inc. ("Google") makes this Miscellaneous Administrative Request for an Order allowing Google to file under seal Google Inc.'s Reply in Support of Its Motion for Partial Summary Judgment on Plaintiffs' "120% Rule" and "Partial Month" Claims (the "Reply") and Exhibits 6 and 7 to the Declaration of Farschad Farzan in Support of Google Inc.'s Reply in Support of Its Motion for Partial Summary Judgment on Plaintiffs' "120% Rule" and "Partial Month" Claims (the "Exhibits").

Good cause exists justifying the filing of the above documents under seal because they contain, discuss, or refer not only to Google's trade secret and/or confidential competitive and business information, but also reflect Plaintiffs' confidential account data. The documents relate to Google's confidential billing system and Google's other confidential, proprietary, and trade secret information, as well as to Plaintiffs' account data, which they may consider confidential. Accordingly, Google as well as the Plaintiffs could be irreparably harmed if such trade secret and/or confidential information were made available to the public.

## II. ARGUMENT

### A. Good Cause Exists to Protect Google's Trade Secret and/or Confidential Business and Competitive Information

Upon a showing of good cause, a court may make any order that justice requires to protect a party, including an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." FED. R. CIV. P. 26(c)(7). In particular, a court may order that court documents be filed under seal where such good cause is shown to override the public's right to access. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The factors relevant to a determination of whether the presumption of access is overcome include "the public interest in understanding the judicial process and whether disclosure of the material could result in

improper use of the material for . . . infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.") (citations and quotations omitted).

Good cause exists for this Court to grant this Miscellaneous Administrative Request. Google seeks to file the Reply and Exhibits under seal because the documents contain information relating to Google's confidential and proprietary billing processes and to Plaintiffs' confidential account data as well as other information that Google considers confidential and proprietary, and that constitutes Google's trade secrets. Google treats all such information as confidential and would suffer harm and/or competitive injury if the information were made public. Google is filing a public version of the Reply that redacts those portions that contain confidential information; the Exhibits are confidential in their entirety.

### B. The Request for Filing Under Seal is Narrowly Tailored.

This Miscellaneous Administrative Request should be granted because it is narrowly tailored to cover only so much of the subject documents to be filed for which good cause for filing under seal exists.

## II. CONCLUSION

For the reasons set forth above, good cause exists to file the above-referenced documents, which relate to Google's confidential, proprietary, and trade secret information and to Plaintiffs' confidential account data, under seal. Further, this request is narrowly tailored to seal only confidential information. Accordingly, Google respectfully requests that the Court grant its Miscellaneous Administrative Request in the form of the [Proposed] Order filed herewith.

Dated: November 17, 2008            **PERKINS COIE LLP**

By: _____/S/_____
David T. Biderman
Attorneys for Defendant Google Inc.

41063-0023/LEGAL14928384.1

-4-
GOOGLE INC.'S NOTICE OF ADMINISTRATIVE MOTION AND MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
CASE NO. 05-03649