# EXHIBIT 2

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 28, 2008

Writer's Direct Contact
415.268.6467
MKreeger@mofo.com

Via E-Mail

Alan P. Block, Esq.
Hennigan, Bennett & Dorman LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017

Re: *In re. Acacia Media Technologies Corp.*, Case No. 05-1114

Dear Alan:

Pursuant to the Court's March 12, 2008, schedule, the following is the EchoStar Defendants' list of proposed stipulations based on 35 U.S.C. § 112. A number of these proposals overlap with the proposals in David Benyacar's letter of today.

1. Based on the Court's determination that claim terms are indefinite or arguably indefinite, all claims that include the indefinite terms are invalid under 35 U.S.C. § 112 —'702 claims 1-42 ("identification encoder");'702 claims 1-26, 32, and 33 ("sequence encoder");'863 claims 10-13 ("identification encoding means");[1] '720 claims 4, 6, and 7 ("means, responsive to the stored compressed, digitized data, for transmitting"); '720 claim 7 ("means for inputting items of audio/video information"). Further, any claim that includes a "transmission system," "central processing location," or "processing station" is indefinite under 35 U.S.C. § 112 because under the Court's constructions of those terms, they must include an "identification encoder," which is indefinite.

2. Based on the Court's construction that "sequence of addressable data blocks" is not limited to sequencing based on time (3rd CCO at 27; 5th CCO at 14), '992 claims 41-45 and '863 claims 17-19 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

3. The Court has previously construed "items . . . containing information" as physical objects (3rd CCO at 14-15). This construction and the Court's finding that "the specification does not contain any description of how the transmission system places items into the system" (5th CCO at 16), renders '863 claims 17-19 invalid for failure to

---

[1] As Acacia has acknowledged, these claims are no longer in the case. *See* Acacia 7/21/06 Br. p. 1.

sf-2490558

Exhibit 2 Page 48

**MORRISON | FOERSTER**

Alan P. Block, Esq.
March 28, 2008
Page Two

satisfy the written description and enablement requirements of 35 U.S.C. § 112. This construction of "items" — in combination with the Court's ruling that all of the steps of '992 claim 41 must be performed "by a transmission system" (3rd CCO at 29) and its construction of Claim 41's first step to mean that "transmission system" must "retain" physical items (1st CCO at 13), and second step to mean that the transmission system must "retrieve" the physical items — also renders '992 claims 41-45 invalid for failure to meet the written description and enablement requirements.

4. Based on the Court's construction of "in response to" (4th CCO at 8-9), '720 claims 4 and 8 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

5. The '863 claim 17 step of transmitting "to at a plurality of subscriber receiving stations" renders '863 claims 17-19 invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112.

6. The Court construed "subscriber selectable receiving stations" in '720 claims 4, 8, and 11 to mean "device or devices which can be designated by the subscriber." There is no disclosure, or enabling disclosure, of how this designation occurs. '720 claims 4, 8, and 11 are therefore invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

7. To the extent that any claim asserted against the Satellite Defendants is construed broadly enough to encompass a transmission system or a reception system that transmits information without a user request, the claim is invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

    We look forward to discussing with you the proposals to which Acacia will stipulate. The EchoStar Defendants intend to file motions regarding those proposals to which Acacia will not stipulate. Please let me know if you have any questions.

Best regards,

*/s/ Matthew I. Kreeger*

Matthew I. Kreeger

cc: All Counsel of Record

sf-2490558

Exhibit 2 Page 49