# EXHIBIT 3

# KAYE SCHOLER LLP

David S. Benyacar
212 836-7763
Fax 212 836-8689
dbenyacar@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

March 28, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

Alan P. Block, Esq.
Hennigan Bennett & Dorman
601 South Figueroa Street
Suite 3300
Los Angeles, California 90017

Re: *In re Acacia Media Technologies Corp.*
(Civ. Action No. 5:05 cv 1114)

Dear Alan:

Pursuant to the schedule proposed by Acacia, the Internet Defendants and the Cable Defendants, which was adopted by the Court by Order of March 12, 2008, the following is the list of § 112 motions the Cable Defendants, the Internet Defendants and DIRECTV[1] intend to make in this phase of the action:

1) Based on the Court's determination that "identification encoder" is indefinite (1st CCO at 18-21; 34-36; 2nd CCO at 15-18), '702 claims 1-42 are invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112.

2) Based on the Court's determination that "sequence encoder" is indefinite (1st CCO at 31-34; 2nd CCO at 6-15), '702 claims 1-26, 32 and 33 are invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112.

3) Based on the Court's determination that "identification encoding means" is indefinite (1st CCO at 18-21), '992 claims 1-18 and '863 claims 10-13[2] are invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112.

---

[1] It is our understanding that EchoStar will send you a separate letter detailing the motions it intends to make.

[2] These claims are no longer in the case.

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

Exhibit 3 Page 50

4) Based on the Court's construction that "sequence of addressable data blocks" is not limited to sequencing based on time (3rd CCO at 27; 5th CCO at 14), '992 claims 19-22 and 41-46, '275 claims 2 and 5 and '863 claims 10-19 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

5) Based on the Court's construction of "transmission system" and "identification encoder," '992 claims 19-22 and 41-46, '275 claims 2 and 5 and '863 claims 10-19 are invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112. Further based on the Court's constructions of "processing station" and "central processing location" (4th CCO at 6, 20), '720 claims 6-8 and 11 are also invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112.

6) Based on the Court's construction that "reception system" and "receiving system" mean the same thing (3rd CCO at 8-11), and its determination that "[t]here is no support in the written description or in the drawings for a reception system to communicate with another reception system" (4th CCO at 10; 3rd CCO at 35-37), '275 claims 2 and 5 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

7) Based on the Court's construction that "items ... containing information" are physical objects (3rd CCO at 14-15), and the Court's finding that "the specification does not contain any description of how the transmission system places items into the system" (5th CCO at 16), '863 claims 14-19 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

8) Based on the Court's construction that "items ... containing information" are physical objects (3rd CCO at 14-15), '863 claims 14-19 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112. Independent claims 14 and 17 both require "assigning a unique identification code to the item having information." The specification of the '863 patent contains no disclosure, or enabling disclosure, of assigning identification codes to the physical objects containing information.

9) Based on the Court's ruling that all of the steps of '992 claim 41 must be performed "by a transmission system" (3rd CCO at 29), that "items ... containing information" are physical objects (3rd CCO at 14-15) and that "retrieve" means "to get something back" (1st CCO at 13), '992 claims 41-46 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

10) Based on the Court's construction of "in response to" (4th CCO at 8-9), '863 claims 14-16 and '720 claims 4 and 8 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112. According to the specification, information is only stored in a reception system if the user requested a later time for viewing. ('992 18:14-19). The specification does not disclose transmission by a receiving system "in response to the stored ...

Exhibit 3 Page 51

data", which the Court has construed to mean that the transmission "is initiated by the commencement of storing compressed, digitalized data or by the completion of storing compressed, digitalized data." (4th CCO at 8-9).

11) The Court found that the phrase "means, responsive to the stored compressed, digitized data, for transmitting" in claim 4 of the '720 patent is not supported by corresponding structure in the specification. (4th CCO at 19.) Based on the Court's finding, '720 claims 4, 6 and 7 are invalid as indefinite under 35 U.S.C. § 112, ¶¶ 2 and 6.

12) The Court found that the phrase "means for inputting items of audio/video information" in claim 7 of the '720 patent is not supported by corresponding structure in the specification. (4th CCO at 21-28.) Based on the Court's finding, '720 claim 7 is invalid as indefinite under 35 U.S.C. § 112, ¶¶ 2 and 6.

13) Based on the Court's construction that the preambles of '992 claim 19 and '275 claims 2 and 5 are limitations (3rd CCO at 4-5 and 34-35), and its construction that "items containing information" are physical objects (3rd CCO at 14-18), '992 claims 19-22 and '275 claims 2 and 5 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112. There is no disclosure, or enabling disclosure, of a user sending a request to a transmission system that identifies a physical object which contains information that the transmission system will compress and store in compressed form.

14) Based on the Court's construction of "transmission system," '992 claims 19-22 and 41-46, '275 claims 2 and 5, '863 claims 10-19, '720 claims 6-8 and 11 and '702 claims 1-42 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112 for the following reasons:

> a) There is no disclosure, or enabling disclosure, of a "source material library" 111, depicted in Figure 2a, that is capable of performing the functions of the "source material library" described in the specification.
>
> b) There is no disclosure, or enabling disclosure, of a "converter" 113, depicted in Figure 2a, that is capable of performing the functions of the "converter" described in the specification.
>
> c) There is no disclosure, or enabling disclosure, of a "time encoder" 114, depicted in Figure 2a, that is capable of performing the functions of the "time encoder" described in the specification.
>
> d) There is no disclosure, or enabling disclosure, of a "compression means," including pre-compression processor 115 and compressor 116 depicted in Figure 2a, that is capable of performing the functions of the "compression means" described in the specification.

Exhibit 3 Page 52

 e) There is no disclosure, or enabling disclosure, of a "compressed data storing means," including compressed data formatter 117 and compressed data library 118 depicted in Figures 2a and 2b, that is capable of performing the functions of the "compressed data storing means" described in the specification.

 f) There is no disclosure, or enabling disclosure, of "transmission format conversion CPUs" 119, depicted in Figure 2b, that are capable of performing the functions of the "transmission format conversion CPUs" described in the specification.

 g) There is no disclosure, or enabling disclosure, of a transmission system that is capable of transmitting requested information over all of the types of communications channels depicted in Figure 2b.

 h) There is no disclosure, or enabling disclosure, of a "library system control computer" or a "library access interface," both of which are depicted in Figure 2b, that are capable of performing the functions of those devices described in the specification.

15) Based on the Court's construction of "receiving system," '992 claims 19-22, '275 claims 2 and 5, '863 claims 10-19, '720 claims 4, 6-8 and 11 and '702 claims 1-42 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112 for the following reasons:

 a) There is no disclosure, or enabling disclosure, of a "receiver format converter" 202, depicted in Figure 6, that is capable of performing the functions of the "receiver format converter" described in the specification.

 b) There is no disclosure, or enabling disclosure, of a "storage" 203, depicted in Figure 6, that is capable of performing the functions of the "storage" described in the specification.

 c) There is no disclosure, or enabling disclosure, of a "data formatter" 204, depicted in Figure 6, that is capable of performing the functions of the "data formatter" described in the specification.

 d) There is no disclosure, or enabling disclosure, of decompressor 205, depicted in Figure 6, that is capable of performing the functions of the decompressor described in the specification.

 e) There is no disclosure, or enabling disclosure, of converters 211-214, depicted in Figure 6, that are capable of performing the functions of the converters described in the specification.

Exhibit 3 Page 53

f) There is no disclosure, or enabling disclosure, of "user/computer interface" 207, depicted in Figure 6, that is capable of performing the functions of the "user/computer interface" described in the specification.

g) There is no disclosure, or enabling disclosure, of any component(s) of reception system 200, depicted in Figure 6, to perform the reception confirmation function described at '992 17:1-11, or how this is accomplished.

16) The Court found that "[e]very part of the specification states an intent by the inventors that the 'transmission system' and the 'receiving system' process, store, send and receive the information specifically in response to 'users.' In both the 'Summary of the Invention' and the 'Description,'' the inventors clearly state that 'transmission system' and 'receiving system' mean specialized systems in which information is processed, stored and transmitted, and received in special ways so that it is responsive to requests made to the systems by individual users." (6th CCO at 4 fn. 5.) Based on this finding, '992 claims 41-45, '863 claims 14-19 and '720 claims 8 and 11, which are not limited to transmission from the transmission system in response to user requests, are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

17) To the extent any apparatus claim encompasses either a transmission system or a receiving system that does not have the ability to receive and process user requests, it is invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

18) The Court construed "time requested by the user" to mean that, at the time of ordering, "the user must designate an output time" which may be "a delayed output time. If so, the information is transmitted to the receiving system where it is stored and at the pre-designated time, the information is automatically output by the receiving system." (3rd CCO at 21-24.) There is no disclosure, or enabling disclosure, of how either the transmission system or the receiving system accomplish this function. Therefore, '992 claims 19-22 and '275 claims 2 and 5 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

19) Based on the Court's construction of "local distribution system" as "a reception system . . . geographically close to subscriber receiving stations. . ." (4th CCO at 7-8), '863 claims 14-19 and '720 claims 8 and 11 are invalid for failure to satisfy the written description and definiteness requirements of 35 U.S.C. § 112. The specification does not describe the concept of a reception system geographically close to a subscriber receiving station, nor does it describe what distances constitute geographic proximity.

20) The '863 claim 17 step of transmitting "<u>to at</u> a plurality of subscriber receiving stations" renders '863 claims 17-19 invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112.

Exhibit 3 Page 54

21) The Court found that storage of information in compressed form is an essential aspect of the purported invention disclosed in the specification (6th CCO at 8). Based on this finding, '863 claims 17-19 are invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112, as these claims do not require that compressed information be stored in the transmission system before being sent to a receiving system.

22) The Court stated that '275 claim 5 "requires using an 'optical fiber communication path' to send information from the transmission system to the reception system..." (3rd CCO at 37.) The specification of the '275 patent does not disclose "using an 'optical fiber communication path' to send information from the transmission system to the reception system..." Therefore, '275 claim 5 is invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112.

23) The Court has held that each step of claim 41 must be completed before the step succeeding it is completed. (3rd CCO at 29.) The Court has also held that "storing" in the claim 41 step of "storing items having information in a source material library" requires only "retaining" physical items. (5th CCO at 17.) Because "retaining" is not a step which ever gets completed, none of the other steps of claim 41 can ever be completed. Because it is impossible to ever complete the steps of '992 claim 41, '992 claims 41-45 are invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112.

24) The Court has held that "storing" in the claim 41 step of "storing items having information in a source material library" requires "retaining" physical items. (5th CCO at 17.) There is no disclosure, or enabling disclosure, of how the transmission system retains items having information in the source material library. '992 claims 41-45 are therefore invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

25) The Court construed "remote location" in '992 claim 41 to mean "positions or sites distant in space from the transmission system." (3rd CCO at 11-12.) Based on this construction, the '992 claim 41 step of "sending at least a portion of the file to one of the remote locations" renders the claim invalid for failure to satisfy the written description, enablement and definiteness requirements of 35 U.S.C. § 112. There is no disclosure, or enabling disclosure, of sending information to one remote location which does not have a "receiving system." There is also no way to tell when the step of transmitting to a "remote location" has been completed.

26) The Court construed "subscriber selectable receiving stations" in '720 claims 4, 8 and 11 to mean "device or devices which can be designated by the subscriber." There is no disclosure, or enabling disclosure, of how this designation occurs. '720 claims 4, 8 and 11 are therefore invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

27) The Court found that '992 claim 20 is "arguably indefinite" because it is inconsistent with claim 19. (3rd CCO at 25-26.) Claim 20 is indefinite for the reasons identified by the Court.

Exhibit 3 Page 55

Alan P. Block, Esq. 7 March 28, 2008

28) The Court stated with respect to '992 claim 20 that it "has received no evidence that one skilled in the relevant art at the time of the application was aware of an item containing information that would contain both analog and digital signals." (3rd CCO at 26.) '992 claim 20 is invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112 because the specification of the '992 patent contains no disclosure, or enabling disclosure, of processing both analog and digital information that was contained on a single physical item.

29) The Court found that '992 dependent claim 42 is "arguably indefinite" because the step of "converting the series of digital data bytes into formatted data with a predetermined format" duplicates the '992 independent claim 41 step of "placing the retrieved information into a predetermined format as formatted data." (3rd CCO at 31-32.) Claim 42 is indefinite for the reasons identified by the Court.

30) The Court found that '992 dependent claim 43 is "arguably indefinite" because the step of "converting the predetermined voltage levels into formatted data with a predetermined format" duplicates the '992 independent claim 41 step of "placing the retrieved information into a predetermined format as formatted data." (3rd CCO at 32.) Claim 43 is indefinite for the reasons identified by the Court.

31) '992 claim 44 is indefinite for the same reasons identified by the Court with respect to claims 42 and 43.

32) The Court found that '992 claim 45 is "arguably indefinite" after briefing by the parties specifically directed to this issue (3rd CCO at 33). The Court, however, declined to take any action with respect to claim 45 because no formal motion had been made by any of the parties. (5th CCO at 17.) Claim 45 is indefinite for the reasons identified by the Court and previously briefed by the defendants.

33) The Court previously asked for additional briefing with respect to when the '992 claim 46 step of "generating a listing of available items" occurs. (3rd CCO at 33-34). The parties subsequently briefed this issue. Claim 46 lacks written description because the specification of the '992 patent does not disclose the step of "generating a listing of available items."

34) The Court found that '863 claim 14 is "arguably indefinite" because, based on the language of the claim, there is no point in the process when the claimed step of "decompressing the compressed, digitized data..." can occur. (4th CCO at 3-5.) '863 claims 14-16 are indefinite for the reasons identified by the Court.

35) The Court found that '863 claim 14 is "arguably indefinite" because the claimed steps of "transmitting . . . a complete copy" and "sending at least a portion" are contradictory. (4th CCO at 11-12.) '863 claims 14-16 are indefinite for the reasons identified by the Court.

Exhibit 3 Page 56

      In accordance with the schedule and to reduce the burden on the Court and the parties, we look forward to meeting and conferring with you next week on what we hope will be a comprehensive list of stipulations that will obviate the need to proceed with many of these motions.

                                                          Very truly yours,

                                                          David S. Benyacar

Exhibit 3 Page 57