# EXHIBIT 4

HENNIGAN, BENNETT & DORMAN LLP
LAWYERS
865 SOUTH FIGUEROA STREET
SUITE 2900
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 694-1200
FACSIMILE (213) 694-1234

DIRECT PHONE (213) 694-1054
BlockA@HBDLAWYERS.COM

April 4, 2008

**VIA E-MAIL**

TO ALL COUNSEL OF RECORD

    Re:    *In re Acacia Media Technologies*
           No. C 05-1114 (MDL 1665)

Dear Counsel:

    We have considered the lists of proposed motions provided to us by Messrs. Benyacar and Kreeger on March 28, 2008 with respect to whether Acacia shall or shall not oppose such motions.

    As an initial matter, following the last of the Court's claim construction orders, it has been Acacia's intent to, as soon as possible, bring this matter to a final judgment, which can be appealed to the Federal Circuit without the need for any certification by the Court. Based on some of the motions proposed by defendants, for which Acacia shall not oppose, such a final judgment is presently obtainable.

    Specifically, defendants have proposed bringing the following motions regarding the invalidity of claims based on some of the Court's findings in its various claim construction orders. If the Court were to grant each of these motions, then all of the claims asserted by Acacia would be adjudicated as being invalid under 35 U.S.C. § 112, ¶ 2:

- Proposed Motion Nos. 1, 2, 3, 5, and 11 of Mr. Benyacar's Letter; and

- Proposed Motion No. 1 of Mr. Kreeger's Letter.

    Acacia shall not oppose the above-referenced proposed motions, subject to Acacia's objections to the Court's constructions and subject to all of Acacia's rights on appeal.

670464.01

Exhibit 4 Page 58

Consistent with Acacia's non-opposition to these proposed motions, Acacia has prepared the enclosed stipulation that all of the following claims currently asserted against each defendant in this MDL proceeding is invalid as being indefinite pursuant to 35 U.S.C. § 112, ¶ 2 for the reasons stated in the stipulation:

- Claims 19-22, and 41-46 of the '992 patent;

- Claims 2 and 5 of the '275 patent;

- Claims 14-19 of the '863 patent;

- Claims 4, 6-8, and 11 of the '720 patent; and

- Claims 1-42 of the '702 patent;

As a result of Acacia's stipulation, none of Acacia's claims against any defendant remain at issue. Acacia is therefore prepared to enter into a stipulated summary judgment on all of Acacia's claims and defendants' counterclaims, in a form mutually agreeable to all parties, that each of the above asserted claims is invalid (subject to Acacia's objections to the Court's constructions and subject to all of Acacia's rights on appeal), which the Court can enter as a final, appealable judgment under Rule 54(a). If defendants will not stipulate to summary judgment of invalidity of all of the asserted claims in the case, then Acacia intends to bring a motion for summary judgment on Acacia's claims and defendants' counterclaims asking the Court to adjudicate that all of the asserted claims are invalid as being indefinite, based on Acacia's stipulation.

In addition, Acacia will urge the Court to not consider any other motion proposed by defendants, because to do so would amount to an advisory opinion. With the stipulations provided by Acacia, there will no longer be a case or controversy.

With respect to the merits of defendants' other proposed motions, defendants have proposed *twenty-one* summary judgment motions relating to an alleged lack of written description and enablement under 35 U.S.C. § 112, ¶ 1. For all but one of these proposed motions, we do not believe that defendants will be able to establish, under the clear and convincing evidence standard, undisputed facts demonstrating any violation of the written description or enablement requirements.

The Court stated at the Case Management Conference that, as a general matter, it is not inclined to grant any summary judgment motion that would remove a factual issue from the jury, unless the facts are clear and undisputed. The determination of the issues of written description and enablement are each based on factual findings. *Vas-Cath, Inc. v. Mahurkar*, 935 F.3d 1555, 1563 (Fed. Cir. 1991) ("Our cases also provide that compliance

with the 'written description' requirement of § 112 is a question of fact, to be reviewed under the clearly erroneous standard."); *Warner-Lambert Co. v. Teva Pharmaceuticals USA, Inc.*, 418 F.3d 1326, 1337 (Fed. Cir. 2005) ("Although the ultimate determination of whether one of ordinary skill in the art could make and use the claimed invention without undue experimentation is a legal one, it is based on underlying findings of fact. [citation omitted]. Furthermore, 'whether undue experimentation is needed is not a single, simple factual determination, but rather is a conclusion reached by weighing many factual considerations.' *Wands*, 858 F.2d at 737.")

Thus, if defendants were to bring any of the following proposed written description and enablement motions, Acacia shall also oppose such motions on their merits:

- Proposed Motion Nos. 4, 6-9, 13-19, 21-26, 28, and 33 of Mr. Benyacar's Letter; and

- Proposed Motion Nos. 2, 3, 6, and 7 of Mr. Kreeger's Letter.

Other motions proposed by defendants relate to the indefiniteness of claim terms other than those for which Acacia shall stipulate. Acacia believes that those claim terms are not indefinite, and therefore if defendants were to bring any of the following proposed motions, Acacia shall also oppose such motions on their merits:

- Proposed Motion Nos. 20, 27, 29-32, and 34-35 of Mr. Benyacar's Letter; and

- Proposed Motion No. 5 of Mr. Kreeger's Letter.

Lastly, Acacia will not oppose defendants' following proposed motions on their merits (subject to Acacia's objections to the Court's constructions and subject to all of Acacia's rights on appeal):

- Proposed Motion Nos. 10 and 12 (except that Acacia would not stipulate to the second sentence of the description and would not stipulate with respect to claim 4 of the '720 patent, as this phrase does not appear in that claim) of Mr. Benyacar's Letter; and

- Proposed Motion No. 4 (except that Acacia would not stipulate with respect to claim 4 of the '720 patent, as this phrase does not appear in that claim) of Mr. Kreeger's Letter.

We hope that defendants will agree with us that, in light of Acacia's stipulation that every asserted claim is invalid as being indefinite, this case is ready to be packaged for

appeal without any further delay. We therefore look forward to receiving next week defendants' agreement to enter a stipulated summary judgment of invalidity of all asserted claims rather than defendants' commitment to pursue any additional motions.

Very truly yours,

Alan P. Block
of Hennigan, Bennett & Dorman LLP

APB:csy