# EXHIBIT 5

1  RODERICK G. DORMAN (CA SBN 96908)
   dormanr@hbdlawyers.com
2  ALAN P. BLOCK (CA SBN 143783)
   blocka@hbdlawyers.com
3  MARC MORRIS (CA SBN 183728)
   morrism@hbdlawyers.com
4  KEVIN I. SHENKMAN (CA SBN 223315)
   shenkmank@hbdlawyers.com
5  HENNIGAN, BENNETT & DORMAN
6  865 South Figueroa Street, Suite 2900
   Los Angeles, California 90017
7  (213) 694-1200 – telephone
   (213) 694-1234 – facsimile
8
   Attorneys for plaintiff
9  ACACIA MEDIA TECHNOLOGIES CORPORATION

10

11 **UNITED STATES DISTRICT COURT**

12 **NORTHERN DISTRICT OF CALIFORNIA**

13 **SAN JOSE DIVISION**

14

15 In re:  )  Case No. C 05-01114
         )  MDL No. 1665
16       )
   ACACIA MEDIA TECHNOLOGIES  )  **STIPULATION OF ACACIA MEDIA**
17 CORPORATION               )  **TECHNOLOGIES CORPORATION**
                             )
18                           )
                             )
19                           )
                             )
20                           )
                             )
21                           )
                             )
22                           )

23

24

25

26

27

28

WHEREAS, Plaintiff Acacia Media Technologies Corporation ("Acacia") initially asserted the following claims against one or more defendants:

- Claims 1-24, 41-49, and 51-53 of U.S. Patent No. 5,132,992 (the '992 patent);
- Claims 2 and 5 of U.S. Patent No. 5,253,275 (the '275 patent);
- Claims 14-19 of U.S. Patent No. 5,550,863 (the '863 patent);
- Claims 4, 6-8, and 11 of United States Patent No. 6,002,720 (the '720 patent); and
- Claims 1-42 of U.S. Patent No. 6,144,702 (the '702 patent);

WHEREAS, pursuant to Acacia's withdrawal of claims 1-18,[1] 23, 24, 47-49, and 51-53[2] of the '992 patent, at the present time, only the following claims remain asserted by Acacia against one or more defendants:

- Claims 19-22, and 41-46 of the '992 patent;
- Claims 2 and 5 of the '275 patent;
- Claims 14-19 of the '863 patent;
- Claims 4, 6-8, and 11 of the '720 patent; and
- Claims 1-42 of the '702 patent;

WHEREAS the Court has issued six Claim Construction Orders ("CCO"): 1st CCO on July 12, 2004; 2nd CCO on December 7, 2005; 3rd CCO on December 14, 2006; 4th CCO on March 2, 2007; 5th CCO on October 19, 2007; and 6th CCO on February 13, 2008;

---

[1] Claims 1-18 of the '992 patent each contain the term "identification encoding means." In its 1st CCO, the Court found, among things, that the term "identification encoding means" is not supported by corresponding structure under 35 U.S.C. § 112, ¶ 6 and the Court invited defendants to file a motion for summary judgment that the term "identification encoding means," as used in claim 1 of the '992 patent, is indefinite. (1st CCO, at 21). In a Joint Statement re Markman Order (Doc. No. 177 in SA CV-02-1040 JW (MLGx)) ("Jt. Stmt."), dated August 6, 2004, Acacia memorialized its statement to the Court that Acacia did not intend to further challenge the tentative legal determination by the Court that claim term "identification encoding means" is indefinite. Acacia further informed the Court and the parties that it "will no longer assert in this action any claim of the '992 patent which contains the term 'identification encoding means.'" (Jt. Stmt., at 2:1-7).

[2] On December 19, 2007, the parties filed a Stipulated Covenant Not to Sue in which Acacia withdrew claims 23, 24, 47, 48, 49, 51, 52 and 53 of the '992 patent against all defendants. (Doc. No. 265).

1         WHEREAS, the Court has held that the following claim terms are indefinite under

2 35 U.S.C. § 112, ¶ 2:

3         • The claim term "sequence encoder," which appears directly in independent claims 1

4           and 17 and in dependent claims 7, 18, 32, and 33 of the '702 patent. (2nd CCO, at

5           18); and

6         • The claim term "identification encoder," which appears directly in independent

7           claims 1, 17, and 27 and in dependent claims 5, 6, 19, and 31 of the '702 patent. (2nd

8           CCO, at 18);

9         WHEREAS, the Court has held that the phrase "means, responsive to the stored compressed,

10 digitized data, for transmitting" of claim 4 of the '720 patent is not supported by corresponding

11 structure under 35 U.S.C. § 112, ¶ 6 (4th CCO, at 19);

12         WHEREAS, the Court has construed the term "transmission system," which appears directly

13 in method claims 19-22, and 41 of the '992 patent, method claims 2 and 5 of the '275 patent, and

14 method claims 11, 12, 14, and 17 of the '863 patent, to mean the "configurable, interconnected,

15 assemblage of components labeled and described in the specification as 'transmission system 100,' a

16 detailed block diagram of which is shown in Figures 2a and 2b." (6th CCO, at 11:15-18). The Court

17 further stated that Figure 2a includes a component entitled "identification encoding process 112"

18 and stated that the specification describes a component of the "transmission system 100" called the

19 "identification encoder 112." (6th CCO, at 9:1-7);

20         WHEREAS, the Court has construed the term "central processing location," which appears

21 in claims 8 and 11 of the '720 patent, to mean "a single transmission system, as previously defined,

22 from which compressed, digitized data representing a complete copy of at least one item of

23 audio/video information, is transmitted at a non-real time rate to at least one of a multiple of local

24 distribution systems." (4th CCO, at 6:18-21);

25         WHEREAS, the Court has construed the term "processing station," which appears in claims

26 6 and 7 of the '720 patent, as "the transmission system as previously defined by the Court." (4th

27 CCO, at 20:17);

28

ACCORDINGLY, the following are Acacia's stipulations based on the above claim construction rulings (each of which Acacia objects to):

### STIPULATIONS

Acacia hereby stipulates to the following, preserving Acacia's right of appeal:

1. Based on the Court's finding that "sequence encoder" is indefinite, claims 1-26 and 32-33 of the '702 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2;

2. Based on the Court's finding that "identification encoder" is indefinite, claims 1-42 of the '702 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2;

3. Based on the Court's findings that: (1) "identification encoder" is indefinite under 35 U.S.C. § 112, ¶ 2, (2) "transmission system" means the "configurable, interconnected, assemblage of components labeled and described in the specification as 'transmission system 100,' a detailed block diagram of which is shown in Figures 2a and 2b," and (3) Figure 2a includes a component entitled "identification encoding process 112" and the specification describes a component of the "transmission system 100" called the "identification encoder 112," the Court would grant a summary judgment motion seeking adjudication that claims 19-22 and 41-46 of the '992 patent, method claims 2 and 5 of the '275 patent, and method claims 11, 12, and 14-19 of the '863 patent are indefinite under 35 U.S.C. § 112, ¶ 2, and, on this basis, claims 19-22, and 41-46 of the '992 patent, method claims 2 and 5 of the '275 patent, and method claims 11, 12, and 14-19 of the '863 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2;

4. Based on the Court's findings that: (1) "identification encoder" is indefinite under 35 U.S.C. § 112, ¶ 2, (2) the term "central processing location" means "a single transmission system, as previously defined, from which compressed, digitized data representing a complete copy of at least one item of audio/video information, is transmitted at a non-real time rate to at least one of a multiple of local distribution systems," (3) "transmission system" means the "configurable, interconnected, assemblage of components labeled and described in the specification as 'transmission system 100,' a detailed block diagram of which is shown in Figures 2a and 2b," and (4) Figure 2a includes a component entitled "identification encoding process 112" and the

specification describes a component of the "transmission system 100" called the "identification encoder 112," the Court would grant a summary judgment motion seeking adjudication that claims 8 and 11 of the '720 patent are indefinite under 35 U.S.C. § 112, ¶ 2, and, on this basis, claims 8 and 11 of the '863 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2;

5. Based on the Court's findings that: (1) "identification encoder" is indefinite under 35 U.S.C. § 112, ¶ 2, (2) "processing station" means "the transmission system as previously defined by the Court," (3) "transmission system" means the "configurable, interconnected, assemblage of components labeled and described in the specification as 'transmission system 100,' a detailed block diagram of which is shown in Figures 2a and 2b," and (4) Figure 2a includes a component entitled "identification encoding process 112" and the specification describes a component of the "transmission system 100" called the "identification encoder 112," the Court would grant a summary judgment motion seeking adjudication that claims 6 and 7 of the '720 patent are indefinite under 35 U.S.C. § 112, ¶ 2, and, on this basis, claims 6 and 7 of the '720 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2;

6. Based on the Court's finding that the phrase "means, responsive to the stored compressed, digitized data, for transmitting" is not supported by corresponding structure under 35 U.S.C. § 112, ¶ 6, the Court would grant a summary judgment motion seeking adjudication that claims 4, 6, and 7 of the '720 patent are indefinite under 35 U.S.C. § 112, ¶ 2, and, on this basis, claims 4, 6, and 7 of the '720 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2;

7. As a result of the stipulations set forth in Paragraph Nos. 1-6 above, all of the claims being asserted by Acacia in this MDL proceeding against one or more defendants are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2, i.e.:

- Claims 19-22, and 41-46 of the '992 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2;
- Claims 2 and 5 of the '275 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2;
- Claims 14-19 of the '863 patent are indefinite, and therefore invalid, under

4
Case No. 05-CV-01114 JW
MDL No. 1665
STIPULATION OF ACACIA MEDIA TECHNOLOGIES CORP.

Exhibit 5 Page 66

35 U.S.C. § 112, ¶ 2;

- Claims 4, 6-8, and 11 of the '720 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2; and

- Claims 1-42 of the '702 patent are indefinite, and therefore invalid, under 35 U.S.C. § 112, ¶ 2.

This stipulation is without prejudice as to all rights of Acacia on appeal and shall not serve as a waiver of any right that Acacia may have to object to or appeal from any of the above-mentioned rulings or any other finding or ruling set forth in the Court's 1st CCO, 2nd CCO, 3rd CCO, 4th CCO, 5th CCO, or 6th CCO that is not the subject of this Stipulation.

SO STIPULATED.

Dated: April 4, 2008

RODERICK G. DORMAN (CA SBN 96908)
ALAN P. BLOCK (CA SBN 143783)
MARC MORRIS (CA SBN 183728)
KEVIN I. SHENKMAN (CA SBN 223315)
HENNIGAN, BENNETT & DORMAN
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200 – telephone
(213) 694-1234 – facsimile

By_____
Alan P. Block

Attorneys for Plaintiff
ACACIA MEDIA TECHNOLOGIES CORPORATION

5
Case No. 05-CV-01114 JW
MDL No. 1665
STIPULATION OF ACACIA MEDIA TECHNOLOGIES CORP.

Exhibit 5 Page 67