EXHIBIT 6

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE:415.268.7000
FACSIMILE:415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

April 11, 2008

Writer's Direct Contact
415.268.6467
MKreeger@mofo.com

Via E-Mail

Alan P. Block, Esq.
Hennigan, Bennett & Dorman LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017

Re: *In re. Acacia Media Technologies Corp.*, Case No. 05-1114

Dear Alan:

This letter is in response to your letter of April 4, 2008, and, pursuant to the Court's March 12, 2008, Scheduling Order, outlines the motions that the Satellite Defendants[1] intend to file in light of Acacia's proposed stipulations. The list of motions is based on Acacia's non-opposition to certain proposed motions outlined in my letter of March 28, 2008.

1. Based on the Court's construction that "sequence of addressable data blocks" is not limited to sequencing based on time (3rd CCO at 27; 5th CCO at 14), '992 claims 41-45 and '863 claims 17-19 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

2. The Court has previously construed "items . . . containing information" as physical objects (3rd CCO at 14-15). This construction and the Court's finding that "the specification does not contain any description of how the transmission system places items into the system" (5th CCO at 16), renders '863 claims 17-19 invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112. This construction of "items" — in combination with the Court's ruling that all of the steps of '992 claim 41 must be performed "by a transmission system" (3rd CCO at 29) and its construction of Claim 41's first step to mean that "transmission system" must "retain" physical items (1st CCO at 13), and second step to mean that the transmission system must "retrieve" the physical items — also renders '992 claims 41-45 invalid for failure to meet the written description and enablement requirements.

---

[1] The Satellite Defendants consist of the EchoStar and DIRECTV Defendants.

sf-2495345

Exhibit 6 Page 68

MORRISON | FOERSTER

Alan P. Block, Esq.
April 11, 2008
Page Two

3. Based on the Court's construction of "in response to" (4th CCO at 8-9), '720 claims 4 and 8 are invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

4. To the extent that any claim asserted against the Satellite Defendants is construed broadly enough to encompass a transmission system or a reception system that transmits information without a user request, the claim is invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

5. The Court construed "subscriber selectable receiving stations" in '720 claims 4, 8, and 11 to mean "device or devices which can be designated by the subscriber." There is no disclosure, or enabling disclosure, of how this designation occurs. '720 claims 4, 8, and 11 are therefore invalid for failure to satisfy the written description and enablement requirements of 35 U.S.C. § 112.

6. The '863 claim 17 step of transmitting "<u>to at</u> a plurality of subscriber receiving stations" renders '863 claims 17-19 invalid for failure to satisfy the definiteness requirement of 35 U.S.C. § 112.

We were surprised that Acacia will now oppose filing *any* of the Defendants' § 112 motions. This position is expressly contrary to representations that Acacia made to the Court in the parties' February 29, 2008, Joint Case Management Statement, as well as statements made at the March 7, 2008, hearing. In both instances, Acacia argued for a schedule that provided for the orderly resolution of the § 112 motions to which Acacia would not stipulate. Only after the Court adopted Acacia's proposed schedule does Acacia now claim that motion practice is unnecessary.

Acacia's professed concern that these motions would cause unnecessary delay is unfounded. The Satellite Defendants have chosen targeted motions that rely primarily on the specification and the Court's claim constructions to show that there is no support for the relevant claim terms.[2] Therefore, there will be no factual disputes. Moreover, of the above proposed motions, we do not understand why Acacia would oppose motion number 3 in light of its stated non-opposition to our motion on nearly identical terms with respect to Claim 8 of the '720 patent, especially in light of the Court's explicit linkage between the claim terms in Claims 4 and 8. (4th CCO at 18.)

In contrast, Acacia's piecemeal approach is inefficient because it increases the potential for further proceedings in this Court and the need for serial appeals. Were Acacia to prevail on any grounds before the Federal Circuit, the parties would be back before the

---

[2] The Satellite Defendants expressly reserve their rights to raise additional invalidity motions along with their non-infringement motions.

sf-2495345

Exhibit  6   Page  69

District Court litigating the same motions that the Defendants are prepared to bring now. Those proceedings would lead to yet another appeal, at which point the Federal Circuit would be required to familiarize itself all over again with the Yurt patents and the Court's claim construction orders.

Given the effort the Court and the parties have expended over the years, it makes little sense to send the case to the Federal Circuit to review so few issues. It is far more efficient to resolve the pending disputes according to the Court's March 7 schedule. The parties can then send to the Federal Circuit a comprehensive package of issues that more accurately reflects the issues in the case and the orders to date. More specifically, the Federal Circuit can hear disputes regarding *all* the Court's claim construction decisions, along with the § 112 motions to which those constructions naturally lead, rather than a select number of constructions that Acacia wants to appeal now.

Finally, Acacia's position that the Court's ruling on § 112 motions would amount to an "advisory opinion" is wrong. At least until judgment is entered, it is well within the Court's discretion to hear the Defendants' § 112 motions, and its March 7 schedule, which Acacia proposed, set out an orderly procedure to do just that. As outlined above, it is far more reasonable to hear these motions now than later. Moreover, the Satellite Defendants' counterclaims for declaratory judgment remain pending, including their inequitable conduct allegation and request for attorney fees under the "exceptional" requirement of 35 U.S.C. § 285. A finding of invalidity does not divest a district court of subject matter jurisdiction on these defenses. *See Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242-43 (Fed. Cir. 2008). Further, Acacia has not covenanted not to sue the Defendants or withdrawn its claims with prejudice. Indeed, the opposite is true — Acacia has explicitly reserved all its rights to pursue infringement against the Defendants should it prevail on appeal. Thus, a justicable controversy remains between the parties. *See id*; *see generally SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

We look forward to working with Acacia on drafting a stipulation in accordance with the Court's March 7 scheduling order. Please let me know if you have any questions.

Best regards,

Matthew I. Kreeger

cc: All Counsel of Record

sf-2495345

Exhibit 6 Page 70