# EXHIBIT 7

# KAYE SCHOLER LLP

David S. Benyacar
212 836-7763
Fax 212 836-8689
dbenyacar@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

April 11, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

Alan P. Block, Esq.
Hennigan, Bennett & Dorman LLP
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017

Re: *In re Acacia Media Technologies Corp.*
(Civ. Action No. 5:05 cv 1114)

Dear Alan:

We were very disappointed by your letter of April 4, 2008. The parties agreed to engage in a meet-and-confer process with the goal of entering into a joint stipulation that would narrow the issues to be resolved by the Court. Your letter and the accompanying unilateral stipulation by Acacia make clear, however, that Acacia will only stipulate (and has only stipulated) to essentially the same very few issues it was proposing to stipulate to before the parties submitted the February 29, 2008 Joint Case Management Statement. Moreover, your statement that "Acacia will urge the Court to not consider any other motion proposed by defendants" is a repudiation of the position Acacia advocated in the Joint Case Management Statement, a position which has since been adopted by the Court. For these reasons, it seems to us that Acacia is not proceeding in good faith.

Defendants will make 35 U.S.C. § 112 motions pursuant to the Court-ordered schedule, and will oppose any motion by Acacia seeking to have this case "packaged for appeal without any further delay" based on its stipulation. The following are the broadly-stated motions[1] the Cable and Internet Defendants will make in this phase of the action:

1) The claimed "transmission system" and "receiving system," and the claim steps required to be performed by a "transmission system" or a "receiving system," fail to satisfy the written description and enablement requirements of 35 U.S.C. § 112;

---

[1] These motions will address all of the particularized invalidity grounds itemized in my March 28 letter that were not included in Acacia's stipulation.

2) There is no written description or enablement for user request limitations in claims that are limited to user requests, and there is no written description or enablement for claims which are not limited to user requests;

3) "Sequence of addressable data blocks" and "ordered data blocks" fail to satisfy the written description and enablement requirements;

4) '992 claim 41 is indefinite because the steps of the claim can never be completed.

    Defendants will also address the claim terms the Court has identified as "arguably indefinite" or has otherwise identified as having validity issues, and will ask the Court to rule that transmitting "to at a plurality of subscriber receiving stations" renders '863 claim 17 and its dependent claims indefinite (an issue which has already been briefed and argued by the parties, and which requires only a ruling by the Court).

    As I said when I called you the other day, the defendants remain willing and eager to work with you on a more comprehensive joint stipulation that will reduce the number of issues for the Court to resolve.

Very truly yours,

David S. Benyacar

Exhibit 7   Page 72