# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>GOOGLE INC.,<br><br>                Defendants. | CASE NO. C 05-03649 JW<br><br>**[PROPOSED] ORDER GRANTING GOOGLE INC.'S MOTION FOR AN ACCOUNTING OF PLAINTIFFS' APPARENT DESTRUCTION OF RELEVANT DOCUMENTS AND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES**<br><br>Date:    January 6, 2009<br>Time:   9:00 a.m.<br>Place:   Courtroom 5<br>Judge:  Honorable Patricia V. Trumbull |

[PROPOSED] ORDER GRANTING GOOGLE INC.'S MOTION TO COMPEL
CASE NO. C 05-03649 JW
41063-0023/LEGAL14978011.2

Defendant Google, Inc.'s Motion for an Accounting of Plaintiffs' Apparent Destruction of Relevant Documents and Motion To Compel Further Responses To Interrogatories ("Motion to Compel"), having come on for hearing, the Court having considered all relevant documents and evidence and having considered the arguments of counsel, and GOOD CAUSE appearing therefore:

IT IS HEREBY ORDERED THAT:

1. Google's Motion to Compel is GRANTED.

2. Within five days of this Order, each Plaintiff shall file with the Court an accounting of the steps taken to preserve and collect relevant materials. Both statements shall be verified by the Plaintiff submitting it and by counsel and shall specify (1) who conducted the searches; (2) what was searched; (3) how the searches were conducted; (4) the identity and location of any relevant materials over which they claim they do not control; (5) the identity of all responsive materials that no longer exist; (6) the specific circumstances concerning the destruction or loss of any responsive materials (including the dates and manner of loss and copies of all materials documenting such loss, including but not limited to police reports and insurance claims); (7) all steps Plaintiffs have taken to preserve relevant materials since they first reasonably anticipated filing this action; (8) any instructions ever provided by counsel to preserve materials relevant to this action; (9) any discovery sanctions in any other action ever imposed on them or entities they controlled. The statement submitted by CLRB Hanson shall further explain the apparent contradiction between its representation that it "stopped doing business in November 2005" and thus has no subsequent relevant materials and representations made in its pleadings, in sworn testimony, and elsewhere in this case suggesting that it continued to be an AdWords advertiser in 2006 and 2007.

3. Following submission of the verified statements, Google may seek further appropriate relief. Any such motion shall be made on two week's notice. The opposition to the motion shall be filed five days before the noticed hearing, and the reply shall be file three days before the hearing.

4. Within five days of this Order, Plaintiff CLRB Hanson shall, without objections, amend its responses to (a) Interrogatory No. 5 by providing a specific statement of the date on which each it first became aware of the 120% Rule; (b) Interrogatory No. 2 by providing the monetary amount of damages it claims it sustained as a result of any conduct and/or omission of Google; (c) Interrogatory No. 3 by describing in detail how it calculated the amount of pecuniary damages claimed in this action; and (d) Interrogatory No. 18 by identifying the ad campaign, the related account name, and the account number of each AdWords ad campaign that Brett Hanson created, edited or managed for SECOA Inc. and Hanson Industries.

5. Within five days of this Order, Plaintiff Stern shall, without objections, amend his responses to (a) Interrogatory No. 5 by providing a specific statement of the date on which each he first became aware of the 120% Rule; (b) Interrogatory No. 2 by providing the monetary amount of damages he claims he sustained as a result of any conduct and/or omission of Google; and (c) Interrogatory No. 3 by describing in detail how he calculated the amount of pecuniary damages claimed in this action.

IT IS SO ORDERED.

DATED: _____, 2009  _____
Honorable Patricia V. Trumbull
U.S.D.C., Northern District of California