DAVID T. BIDERMAN, Bar No. 101577
TIMOTHY J. FRANKS, Bar No. 197645
M. CHRISTOPHER JHANG, Bar No. 211463
FARSCHAD FARZAN, Bar No. 215194
SANG (ALVIN) LEE, Bar No. 217635
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, California 94111
Telephone: (415) 344-7000
Facsimile: (415) 344-7050
Email: DBiderman@perkinscoie.com
Email: TFranks@perkinscoie.com
Email: CJhang@perkinscoie.com
Email: FFarzan@perkinscoie.com
Email: ALee@perkinscoie.com

Attorneys for Defendant GOOGLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendants. | CASE NO. C 05-03649 JW<br><br>**DECLARATION OF SANG (ALVIN) LEE IN SUPPORT OF GOOGLE INC.'S MOTION FOR AN ACCOUNTING OF PLAINTIFFS' APPARENT DESTRUCTION OF RELEVANT DOCUMENTS AND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES**<br><br>Date: January 27, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 5<br>Judge: Honorable Patricia V. Trumbull |

DECLARATION OF SANG (ALVIN) LEE IN SUPPORT OF GOOGLE'S MOTION TO COMPEL
CASE NO. C 05-03649 JW
41063-0023/LEGAL14962346.6

Dockets.Justia.com

I, Sang (Alvin) Lee, declare as follows:

1. I am an attorney duly licensed to practice law in all of the courts of the State of California and this Court, and am an attorney with the law firm of Perkins Coie LLP, counsel for defendant Google Inc. ("Google") in this action. I submit this declaration in support of Google's Motion for an Accounting of Plaintiffs' Apparent Destruction of Relevant Documents and Motion To Compel Further Responses To Interrogatories ("Motion"). The facts set forth below are from my personal knowledge and/or from the review of the records of this case. If called upon to testify, I could and would testify competently as to the matters set forth herein.

## **The Discovery Requests and Responses**

2. Google served its Second Set of Requests for Production of Documents to Plaintiff CLRB Hanson Industries, LLC ("CLRB Hanson") and Plaintiff Howard Stern ("Stern") on July 22, 2008. True and correct copies of the requests are attached as <u>Exhibits</u> A and B. CLRB Hanson and Stern served their respective objections and responses on August 25, 2008. True and correct copies of the responses are attached as <u>Exhibits</u> C and D.

3. Google served its First Set of Interrogatories to CLRB Hanson and Stern on August 25, 2008. True and correct copies of the interrogatories are attached as <u>Exhibits</u> E and F. Plaintiffs served their respective responses on September 29, 2008. True and correct copies of the responses are attached as <u>Exhibits</u> G and H.

## **The Meet and Confer on Plaintiffs' Discovery Responses**

4. In accordance with Local Rule 37-1, the parties met and conferred on the discovery responses at issue in the Motion. Plaintiffs represented that they would complete their document production during the week of October 6, 2008, and therefore the parties held their first meet and confer on October 15. I followed up with an email to Lester Levy, counsel for Plaintiffs, summarizing the parties' discussion. A true and correct copy of my October 22, 2008 email is attached as <u>Exhibit</u> I.

5. The next day, Mr. Levy provided comments on my email summary. A true and correct copy of Mr. Levy's email to me dated October 24, 2008 is attached as <u>Exhibit</u> J. For the

- 2 -
DECLARATION OF SANG (ALVIN) LEE IN SUPPORT OF GOOGLE'S MOTION TO COMPEL
CASE NO. C 05-03649 JW
41063-0023/LEGAL14962346.6

Court's convenience, Google has underlined the comments that Mr. Levy added to my initial email.

6. The parties held their second meet and confer on November 3. At the end of that call, I proposed scheduling the final meet and confer a week later on November 10. Mr. Levy, however, requested that it be pushed back further to November 17 to accommodate his schedule. I consented to his request.

7. On the morning of November 17, Mr. Levy sent an email asking to postpone the meet and confer another week to November 24 to accommodate his schedule. A true and correct copy of that email is attached as <u>Exhibit</u> K. I agreed, and to keep the process moving in the interim, proposed that the parties exchange their respective positions on the pending discovery issues prior to the final meet and confer. A true and correct copy of my email to Mr. Levy dated November 17, 2008 is attached as <u>Exhibit</u> L.

8. As proposed, I sent Mr. Levy an email outlining Google's position on the pending discovery disputes in furtherance of completing the parties' final meet and confer. A true and correct copy of my November 19, 2008 email to Mr. Levy is hereto as <u>Exhibit</u> M. I never received a corresponding email from Mr. Levy.

9. The parties held their final meet and confer on the pending discovery issues on November 24, 2008. Ms. Rachel Black, counsel for Plaintiffs, joined the meet and confer for the first time. Plaintiffs confirmed that they were not withholding any information based on any objection in response to any interrogatory, agreed to amend some of the responses that were subject of the parties' meet and confer, and to provide such amended responses by the week of December 1, 2008. I informed Plaintiffs' counsel that Google reserved its right to move to compel after review of the amended responses.

10. Plaintiffs, however, were unwilling to agree to amend the interrogatory responses that are the subject of this Motion. Plaintiffs at first indicated that they would amend their responses to Interrogatory Nos. 2, 3, 5, and 18. However, when I asked whether they would be providing the information requested in those interrogatories, Plaintiffs refused, saying they

DECLARATION OF SANG (ALVIN) LEE IN SUPPORT OF GOOGLE'S MOTION TO COMPEL
CASE NO. C 05-03649 JW
41063-0023/LEGAL14962346.6

would commit only to "consider" providing such information. I told Plaintiffs that such a response was in fact a non-response and that Google would move to compel.

11. Nor did Plaintiffs provide an explanation or justification regarding the numerous responsive documents that have not been produced. Several hours after the conclusion of the final meet and confer on November 24th, however, I received an email from Mr. Levy suggesting for the first time that CLRB Hanson's failure to produce numerous responsive documents was due to a 2004 fire and its alleged decision to "stop[] doing business in November 2005." A true and correct copy of Mr. Levy's November 24, 2008 email to me with a "fire report" is attached as Exhibit N.

12. The following day, Mr. Levy sent me an email confirming again that Plaintiffs were not withholding any responsive documents on the basis of their objections. A true and correct copy of Mr. Levy's November 25, 2008 email is attached as Exhibit O.

### The Significant Gaps in Plaintiffs' Production

13. Google's second set of requests for production sought, among other things:
- documents relating to Plaintiffs' AdWords agreement with Google;
- documents relating to payments and credits to Plaintiffs' AdWords accounts;
- communications regarding Google and AdWords;
- documents relating to Plaintiffs' use of other internet advertisers and non-internet advertisers;
- documents relating to Plaintiffs' sale and delivery of their respective products or services, including sales reports, inventory reports, invoices, purchase orders, customer orders, and communications with suppliers and customers concerning order fulfillment;
- documents relating to Plaintiffs' web traffic, including web logs, web analytics, and documents relating to website hosting and management;
- financial documents such as ledgers, budgets and accounting reports;
- documents relating to Plaintiffs' operation and management of their AdWords

- 4 -
DECLARATION OF SANG (ALVIN) LEE IN SUPPORT OF GOOGLE'S MOTION TO COMPEL
CASE NO. C 05-03649 JW
41063-0023/LEGAL14962346.6

accounts; and

- documents relating to other legal actions in which Plaintiffs and their principals have been a party.

*See* Exhibits A and B.

14. To date, Plaintiffs' have produced a total of 648 pages of documents. Specifically, Stern has produced 33 pages of documents, which consist solely of a few emails, some of which are duplicative, and a handful of multi-page AdWords account reports.

15. CLRB Hanson has produced 615 pages of documents, consisting of select emails (which are incomplete), select bank statements (which are also incomplete), and select multi-page AdWords account reports.

16. During the meet and confer, Mr. Levy repeatedly stated that Plaintiffs' production was complete, that Plaintiffs had conducted a diligent search for responsive documents and that, except for one privileged document, tax returns, and certain documents relating to other legal proceedings involving Plaintiffs, no responsive documents were being withheld.

17. Although CLRB Hanson opened its first AdWords account in 2002, and Stern in 2003, they produced only a handful of documents from those time periods. Similarly, although Plaintiffs filed their complaint in 2005, only 8 pages of their combined production are dated after 2005 even though records indicate that the Plaintiffs maintained their AdWords accounts well into 2007.

18. Plaintiffs also have not produced entire categories of documents, including web logs, credit card statements, documents relating to Plaintiffs' dealings with other online advertisers, sales reports, invoices/orders for Plaintiffs' services/products advertised, shipping/delivery records, documents relating to hosting of Plaintiffs' websites, profit/loss statements, balance sheets, and financial summaries, among other categories of documents. Plaintiffs collectively have only produced a handful of emails, select bank statements (Mr. Stern has not produced any bank statements), and select multi-page AdWords account reports.

19. In light of the apparent gaps in Plaintiffs' production, I asked Mr. Levy during

meet and confer about the searches conducted by Plaintiffs. Mr. Levy refused to describe what efforts Plaintiffs undertook to search for responsive documents, other than to say that Plaintiffs had conducted a diligent search, produced everything they had, and had looked "everywhere they thought to look." Mr. Levy further advised that if Google wanted to know anything about Plaintiffs' discovery efforts, it would have to ask the Plaintiffs themselves at deposition.

### Plaintiffs' Litigation Experience

20. Mr. Stern was previously a consultant at a litigation consulting company. Exhibit R (Stern Dep. 18:6-18:19.) He continues to work as a litigation financial consultant as the principal of Stern Consulting Associates, LLC. According to his website, he has worked with numerous law firms in complex mathematical and financial subject areas, and is an expert in "damages and lost profits studies." True and correct copies of printouts from the website of Stern Consulting Associates, LLC located at http://www.mindspring.com/~hsstern/ are attached hereto as Exhibit P. In addition, it appears that Stern and companies that he has controlled have been parties in nearly a dozen prior legal actions, including as a named plaintiff in another putative class action.

21. Mr. Hanson, the current principal of CLRB Hanson, and companies that he has owned or controlled appear to have been parties in over 40 legal actions.

22. True and correct copies of relevant excerpts from Mr. Brett Hanson's deposition transcript are attached hereto as Exhibit Q.

23. True and correct copies of relevant excerpts from Mr. Howard Stern's deposition transcript are attached hereto as Exhibit R.

### Google's Production of Documents

24. Google has produced several hundred thousand documents thus far, including all communications with Plaintiffs, the data for their AdWords accounts, and communications between Google and members of the putative class relating to Plaintiffs' claims. (Copies of just the communications with Plaintiffs amount to over a thousand documents.) At Plaintiffs' request, Google has produced these materials in their native electronic format, enabling Plaintiffs

to conduct searches to hone in on documents that it believes may be most relevant.

25. Google has further collected an additional 21,861,820 documents from 20 employees. Google has shared with Plaintiffs its proposed search terms for finding potentially responsive documents out of that collection and invited Plaintiffs to suggest deletions or additions of search terms that they believe appropriate.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 25th day of November, 2008, at Santa Monica, California.

/s/ *Sang (Alvin) Lee*
Sang (Alvin) Lee