LESTER L. LEVY (Admitted *Pro Hac Vice*)
MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
E-Mail: llevy@wolfpopper.com

MARC M. SELTZER (54534)
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
E-Mail: mseltzer@susmangodfrey.com

Attorneys for Plaintiffs
(See Signature Page for Additional Plaintiffs' Counsel)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>GOOGLE, INC.,<br><br>                              Defendant. | Case No. C 05-03649 JW PVT<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS, AND APPROVAL OF PROCEDURE FOR AND FORM OF NOTICE; AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Hearing:      Monday, May 11, 2009<br>Time:         9:00 am.<br>Dept.:        Courtroom 8<br>Judge:        Hon. James W. Ware |

**PLS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

# **TABLE OF CONTENTS**

Memorandum of Points and Authorities..........................................................................1

I.      PROCEDURAL AND FACTUAL BACKGROUND OF THIS LITIGATION ..............2

II.     THE SETTLEMENT AGREEMENT ........................................................................3

III.    CERTIFICATION OF THE SETTLEMENT CLASS IS WARRANTED ......................4

        A.      Numerosity ................................................................................................5

                1.      Commonality ...................................................................................5

        B.      Typicality ...................................................................................................6

        C.      Fair and Adequate Representation ...............................................................7

        D.      The Requirements Of Rule 23(b)(3) Are Satisfied ..........................................7

                1.      Common Questions of Law and Fact Predominate
                        Over Individual Questions .................................................................7

                2.      A Class Action Will Provide A Superior Method For
                        Adjudicating This Case ......................................................................8

V.      PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED..................9

        A.      Standard for Preliminary Approval of Settlement ..............................................9

        B.      The Proposed Settlement Is Within the Range of Possible Approval..................11

VI.     THE PROPOSED NOTICE FAIRLY APPRISES THE CLASS MEMBERS
        OF THE TERMS OF THE SETTLEMENT AND CLASS MEMBERS'
        RIGHTS THEREUNDER.........................................................................................12

VII.    THE FINAL SETTLEMENT HEARING.....................................................................14

VIII.   CONCLUSION.........................................................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Alberto v. GMRI, Inc.*,
    252 F.R.D. 652 (E.D. Cal. 2008).................................................................. 10

*Browder v. Fleetwood Enters., Inc.*,
    No. ED CV 07-01180 SGL, 2008 WL 4384245 (C.D. Cal. 2008) ...................... 6

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992).................................................................... 9

*Colesberry v. Ruiz Food Products, Inc.*,
    No. CV F 04-5516, 2006 WL 1875444 (E.D. Cal. June 30, 2006)............... 6, 12

*Cotton v. Hinton*,
    559 F.2d 1326 (5th Cir. 1977)............................................................... 10, 11

*Dukes v. Wal-Mart, Inc.*,
    509 F.3d 1168 (9th Cir. 2007) ............................................................... 5, 6, 7

*Ellis v. Costco Wholesale Corp.*,
    240 F.R.D. 627 (N.D. Cal. 2007) ................................................................. 5

*Fifth Moorings Condo., Inc. v. Shere*,
    81 F.R.D. 712 (S.D. Fla. 1979) ................................................................... 8

*Franks v. Kroger Co.*,
    649 F.2d 1216 (6th Cir.1981) .................................................................... 12

*Hanlon v. Chrysler*,
    150 F.3d 1011 (9th Cir. 1998)............................................................... 6, 7, 8

*Hughes v. Microsoft Corp.*,
    No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash. 2001)............ 12

*In re Ashanti Goldfields Secs. Litig.*,
    No. CV 00-0717(DGT), 2004 WL 626810, (E.D.N.Y. Mar. 30, 2004) ................ 5

*In re Blech Sec. Litig.*,
    187 F.R.D. 97 (S.D.N.Y. 1999)................................................................... 5

*In re Folding Carton Antitrust Litig.*,
    75 F.R.D. 727 (N.D. Ill. 1977) ................................................................. 8, 9

*In re NASDAQ Market-Makers Antitrust Litig.*,
    169 F.R.D. 493 (S.D.N.Y. 1996)............................................................... 7, 8

*In re NVIDIA Corp. Deriv. Litig.*,
    No. C-06-06110-SBA, 2008 WL 5382544, (N.D. Cal. Dec. 22, 2008) .......... 10, 11, 12

*In re Wireless Facilities, Inc. Sec. Litig. II*,
    253 F.R.D. 607 (S.D. Cal. 2008)............................................................... 4, 5

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003)...................................................................... 4

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004)................................................................ 12

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
    238 F.R.D. 482 (C.D. Cal. 2006).................................................................. 6

*Nelson v. Bennett*,
    662 F. Supp. 1324 (E.D. Cal. 1987) ........................................................... 10

*Officers for Justice v. Civil Serv. Comm'n,*
  688 F.2d 615 (9th Cir. 1982) ..................................................................... 9, 10

*Rosario v. Livaditis,*
  963 F.2d 1013 (7th Cir. 1992) ........................................................................... 6

*Rutstein v. Avis Rent-A-Car Sys., Inc.,*
  211 F.3d 1228 (11th Cir. 2000) ......................................................................... 7

*Scholes v. Stone, McGuire & Benjamin,*
  143 F.R.D. 181 (N.D. Ill. 1992) ......................................................................... 8

*Simpson v. Fireman's Fund Ins. Co.,*
  231 F.R.D. 391 (N.D. Cal. 2005) ....................................................................... 6

*Van Bronkhorst v. Safeco Corp.,*
  529 F.2d 943 (9th Cir. 1976) ........................................................................... 10

*Wal-Mart Stores, Inc. v. Visa USA Inc.,*
  280 F.3d 124 (2d Cir. 2001) ............................................................................... 7

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................................ 2

**OTHER AUTHORITIES**

FED. JUDICIAL CTR., MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004) .............. 9, 10

**RULES**

FED. R. CIV. P. 23 ........................................................................... 5, 7, 8, 9, 12, 13

**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on May 11, 2009, at 9:00 am, or soon thereafter as the matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, CLRB Hanson Industries, LLC and Howard Stern ("Representative Plaintiffs" or "Plaintiffs") will, and hereby do, move the Court for preliminary approval of the proposed settlement, for an order: (1) preliminarily approving the terms of the settlement reached by Plaintiffs and Defendant Google Inc. ("Google"); (2) certifying the Settlement Class for the purpose of effectuating the settlement; (3) approving the form and method of notice of the settlement and of the pendency of the litigation to the Class and order that such notice be given; (4) setting dates for notice to be given and deadlines for class members to file any requests for exclusion or any comments or objections to the proposed settlement or any other related matters; and (5) setting a hearing for final approval of the settlement.

This motion is based on this Notice of Motion, Motion and Memorandum in support thereof; the Declaration of Rachel S. Black in support thereof, filed concurrently herewith; and all exhibits thereto.

<u>**Memorandum of Points and Authorities**</u>

Plaintiffs respectfully request that this Court issue an order: (1) preliminarily approving the terms of the settlement reached by Plaintiffs and Google[1]; (2) certifying the Settlement Class for the purpose of effectuating the settlement; (3) approving the form and method of notice of the settlement and of the pendency of the litigation to the Class and order that such notice be given; (4) setting dates for notice to be given and deadlines for class members to file any requests for exclusion or any comments or objections to the proposed settlement or any other related matters; and (5) setting a hearing for final approval of the settlement. If approved by the Court, the settlement, which provides for the payment of $20 million in cash or AdWords credits to Class Members (less any fee and

---

[1] The Settlement Agreement and Release ("Settlement Agreement") entered into between Google and the Representative Plaintiffs on March 17, 2009, is attached hereto as Exhibit 1. The terms used in this motion are the same as the defined terms used in the Settlement Agreement.

**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

expense award to Plaintiffs' counsel and incentive compensation award to Representative Plaintiffs), will conclude this case between the Class and Google.

## II.   PROCEDURAL AND FACTUAL BACKGROUND OF THIS LITIGATION

On May 4, 2006, Representative Plaintiffs filed their Second Amended Class Action Complaint, which is the operative complaint in the Action, which alleges five causes of action: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Violations of Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); (4) Violation of Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"); and (5) Unjust Enrichment.   In their Complaint, the Representative Plaintiffs sought damages, restitution, and injunctive relief to remedy Google's practice of (1) charging its AdWords advertisers up to 120% of their per day daily budget on any given day (Plaintiffs' "120% claims"); and (2) charging AdWords customers who paused their campaigns more than their per day Daily Budget times the number of days their campaigns were not paused during the billing period.

Google filed four separate motions for partial summary judgment.   The Court dismissed the Representative Plaintiffs' Second and Fifth Causes of action for breach of the implied covenant of good faith and fair dealing and unjust enrichment.   Google also successfully argued that its practice of charging AdWords Advertisers up to 120% of their daily budget on any given day does not, in and of itself, constitute breach of contract.   The Court held that triable issues of fact existed as to whether Google's practice of charging up to 120% of an AdWords Advertiser's per day Daily Budget violates the UCL and FAL and whether Google's pre-September 2006 pausing practices constitute a breach of contract.

Google has denied all claim of wrongdoing or liability in the Action.   Google represented to the Court that it would be filing an additional motion for summary judgment to dismiss Plaintiffs' 120% claims under the UCL and FAL.   Google indicated that it had evidence that it sufficiently disclosed during the AdWords sign-up process that it may charge AdWords customers up to 120% of their per day Daily Budget on any day in order to make up for underdelivery of ads on any other day during that same billing period.   Google provided Plaintiffs with copies of the AdWords sign up screens, which up until June 2005, contained disclosures that AdWords customers might be receive

2

20% more clicks than their daily budget allowed, to make up for underdelivery during the same billing period. Based on this evidence, Plaintiffs intended to seek leave to file a Third Amended Complaint to, *inter alia*, drop their 120% claims under the UCL and FAL for those Class Members who signed up for AdWords at any time prior to May 2005. Because Plaintiffs' proposed Third Amended Complaint contained other changes, Google stated that it would oppose Plaintiffs' expected motion for leave to file the Third Amended Complaint. The parties reached a tentative settlement shortly thereafter.

## III.    THE SETTLEMENT AGREEMENT

Representative Plaintiffs and Google reached a tentative settlement in principle only after the parties conducted arduous arm's-length negotiations and after the parties conducted extensive pre-trial discovery. Under the terms of the Settlement Agreement, filed concurrently with this motion, Google has agreed to settle the Class Members' claims on the following terms:

- Google will pay $20,000,000 (the "Settlement Proceeds"), in a combination of cash and AdWords Credits, as stated in the proposed Plan of Allocation, inclusive of any Fee and Expense Award.

- Google will pay for all administrative costs and expenses incurred in connection with providing notice to the Class and locating class members, and will pay all fees and costs incurred by the Claims Administrator for administering and distributing the Settlement Proceeds to the Class Members.

Representative Plaintiffs approved the terms of the Settlement Agreement, and Representative Plaintiffs' Counsel deems such settlement to be fair, reasonable and adequate to, and in the best interests of the members of the Class. This settlement was achieved only after Representative Plaintiffs had the benefit of development of the facts, evidence and legal issues relating to their claims. During the course of this Action, Google produced hundreds of thousands of pages of documents, responded to multiple interrogatories, and Google employees testified at deposition. In addition, Representative Plaintiffs produced documents to Google, responded to interrogatories, and testified at deposition. Furthermore, Representative Plaintiffs' counsel engaged in an extensive analysis of the legal and factual issues involved in the claims against Google.

In determining to settle the Action, Representative Plaintiffs and Representative Plaintiffs' Counsel have taken into account the substantial expense and length of time necessary to prosecute the

litigation through complete pretrial discovery, trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation. Representative Plaintiffs' Counsel believes that the settlement described herein provides substantial benefits to the Class. Based on their consideration of all of these factors, Representative Plaintiffs and Representative Plaintiffs' Counsel have concluded that it is in the best interests of the Class to settle the Action on the terms described herein, subject to the approval of the Court.

Representative Plaintiffs recognized the uncertainty and risk of the outcome of any litigation, especially complex litigation such as this, and the difficulties and risks inherent in the trial of such an action. Representative Plaintiffs desired to settle the claims of the Class against Google on the terms and conditions described herein which provide substantial and immediate benefits to the Class. Representative Plaintiffs' Counsel deems such settlement to be fair, reasonable and adequate to, and in the best interests of, the members of the Class.

Google, while continuing to deny all allegations of wrongdoing or liability, desired to settle and terminate all existing or potential claims against it without in any way acknowledging fault or liability. During the course of the litigation, Google, in addition to denying any liability, disputed that Representative Plaintiffs and the Class were damaged by any wrongful conduct on its part. The settlement provides immediate and substantial benefits to the Class and avoids the risks that liability or damages might not be proven at trial.

## IV.   CERTIFICATION OF THE SETTLEMENT CLASS IS WARRANTED

"Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes." *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) (citing *Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003)). For the purpose of conditionally certifying the class for settlement purposes, the Court evaluates the relevant factors under Rule 23:

(1)   the class is so numerous that joinder of all members is impracticable;
(2)   there are questions of law or fact common to the class;
(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)   the representative parties will fairly and adequately protect the interests of the class.

**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

FED. R. CIV. P. 23(a); *see also In re Wireless Facilities, Inc.*, 253 F.R.D. at 610.

In addition, Plaintiffs must establish that one of the factors under Rule 23(b) is met: (1) there is a risk of inconsistent or unfair adjudication if parties proceed with separate actions; (2) the defendant acted or refused to act on grounds generally applicable to the class, making injunctive or declaratory relief appropriate to the class as a whole; or (3) common questions of law or fact predominate and class resolution is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b).

Here, the Settlement Class satisfies the Rule 23(a) elements of numerosity, commonality, typicality, and adequacy of representation; and additionally satisfies Rule 23(b)(3)'s predominance and superiority requirement, as set forth in full below.

## A. Numerosity

To satisfy numerosity, Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "Impracticability means difficulty or inconvenience of joinder; the rule does not require impossibility of joinder." *In re Ashanti Goldfields Secs. Litig.*, No. CV 00-0717(DGT), 2004 WL 626810, at *11 (E.D.N.Y. Mar. 30, 2004) (quoting *In re Blech Sec. Litig.*, 187 F.R.D. 97, 103 (S.D.N.Y. 1999)). Plaintiffs need not allege the exact number or identity of class members to satisfy the numerosity requirement. *See Ellis v. Costco Wholesale Corp.*, 240 F.R.D. 627, 637 (N.D. Cal. 2007).

Here, the class members likely number in the thousands, spread geographically throughout the United States. *See* Declaration of Rachel S. Black ¶ 2, filed concurrently herewith; *see also* Sec. Am. Compl. ¶ 70 (Docket Item No. 47) ("SAC"). This satisfies Rule 23(a)(1)'s numerosity requirement.

### 1. Commonality

Next, Rule 23(a)(2) requires a showing of "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). "Commonality focuses on the relationship of common facts and legal issues among class members." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007).

Commonality exists here because the class members' claims revolve around Google's online disclosures concerning its advertisers' "daily budget," and Google's practice of charging its customers

up to 120% of their Daily Budget and treating paused days as underdelivered for determining maximum monthly charges. *See* SAC ¶ 71; *see also Browder v. Fleetwood Enters., Inc.*, No. ED CV 07-01180 SGL, 2008 WL 4384245, at *6 (C.D. Cal. 2008) (holding that commonality existed because defendant was alleged to have given the same defective instruction to all class members); *Colesberry v. Ruiz Food Products, Inc.*, No. CV F 04-5516, 2006 WL 1875444, at *3 (E.D. Cal. June 30, 2006) ("Common questions of fact and law are present where the defendants have engaged in standardized conduct towards members of the proposed class."). Because this case challenges Google policies that were applied to all class members, this is sufficient to demonstrate commonality under Rule 23(a)(2).

### B. Typicality

In determining whether typicality is met, courts consider whether the injury allegedly suffered by the named plaintiffs and the rest of the class resulted from the same alleged common practice. *See Dukes*, 509 F.3d at 1184. The focus is "'on the defendants' conduct and plaintiff's legal theory,' not the injury caused to the plaintiff." *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).

To establish typicality, the representatives' claims simply must be "reasonably co-extensive with those of absent class members." *Hanlon v. Chrysler*, 150 F.3d 1011, 1020 (9th Cir. 1998); *see also Dukes*, 509 F.3d at 1184 ("Some degree of individuality is to be expected in all cases, but that specificity does not necessarily defeat typicality."); *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 488 n.8 (C.D. Cal. 2006) (holding that typicality existed where plaintiffs alleged that defendant committed a single overarching fraudulent scheme, noting that variation among class grievances does not defeat typicality).

Here, Plaintiffs' claims arise from the same factual matrix and are based on the same legal theory as the claims of the absent class members. The claims of Plaintiffs and the other class members all arise from the "same course of events"—that is, Google's disclosures concerning the "daily budget" and its billing practices—and each class member would have been required to make the same legal arguments to prove Google's liability. *See* SAC ¶ 72. Plaintiffs' claims are thus typical of the claims of the members of the class.

**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

## C.     Fair and Adequate Representation

Rule 23(a)(4) requires the court to ensure that "the representative parties will fairly and adequately protect the interests of the class." This factor requires "(1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185.

Under this standard, Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs' interests are fully aligned with the class members, and no conflict of interest exists. Additionally, Plaintiffs' counsel are qualified and competent. *See* http://www.susmangodfrey.com (biographies of Stephen D. Susman, Marc M. Seltzer, Rachel S. Black, and Daniel J. Shih); http://www.wolfpopper.com (biographies of Lester L. Levy and Michele Fried Raphael); *see also* SAC ¶ 73.

## D.     The Requirements Of Rule 23(b)(3) Are Satisfied

Once the four prerequisites of Rule 23(a) are satisfied, as in this case, the potential class must also satisfy at least one subpart of Rule 23(b). Certification under Rule 23(b)(3) is appropriate here. Rule 23(b)(3) requires (1) that the Court find that common questions of law or fact predominate over individual questions; and (2) that the class action provides a superior method for adjudicating the controversy. *See* FED. R. CIV. P. 23(b)(3); *Hanlon*, 150 F.3d at 1022.

### 1.     Common Questions of Law and Fact Predominate Over Individual Questions

"In order to meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, … predominate over those issues that are subject only to individualized proof." *Wal-Mart Stores, Inc. v. Visa USA Inc.*, 280 F.3d 124, 136 (2d Cir. 2001) (quoting *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000)); *see also* Fed. R. Civ. P. 23(b)(3). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022. The predominance requirement is generally satisfied "unless it is clear that individual issues will overwhelm the common questions." *In re*

*NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 517 (S.D.N.Y. 1996); *see also Hanlon*, 150 F.3d at 1022.

In this instance, Plaintiffs' claims are proven or disproven by evidence that is predominantly common to all class members and subject to generalized proof—namely, Google's disclosures concerning the daily budget and its billing practices—making these issues eminently appropriate for class treatment. *See* SAC ¶ 75 (Docket Item No. 47).

2.   A Class Action Will Provide A Superior Method For Adjudicating This Case

Plaintiffs have also fulfilled the superiority requirement of Rule 23(b)(3). The superiority requirement of Rule 23(b)(3) mandates that the class action be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. Rule 23(b)(3); *see also Hanlon*, 150 F.3d at 1023. "The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. "This determination necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution." *Id.* Superiority exists where "the alternative methods of resolution are individual claims for a small amount of consequential damages" and "litigation costs would dwarf potential recovery." *Id.*

Here that test is satisfied because (1) each class member has a relatively small amount of damages, making individual lawsuits impractical, and (2) the class size is so large that individual lawsuits would heavily burden the courts. SAC ¶ 73; *see Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill. 1992) ("What would be unmanageable is the institution of numerous individual lawsuits."); *Visa*, 280 F.3d at 146 ("While both the district court and this Court have acknowledged that difficulties in managing this large class action may arise, these problems pale in comparison to the burden on the courts that would result from trying the cases individually.").

Additionally, certifying the proposed class will "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated." *Fifth Moorings Condo., Inc. v. Shere*, 81 F.R.D. 712, 719 (S.D. Fla. 1979) (quoting FED. R. CIV. P. 23 Advisory Committee's notes). The words of Judges Will and Robeson in *In re Folding Carton Antitrust Litig.*, 75 F.R.D. 727 (N.D. Ill. 1977), are instructive here:

We are further of the opinion that the alternative methods of adjudication inevitably involve duplicative, expensive, and time consuming suits without any countervailing benefits. Conversely, the class action embodies an efficient and fair balance of the interests of the plaintiffs, the class members, and the defendants, all of whom will have their claims and the claims against them adjudicated in one lawsuit. While such litigation presents some problems to counsel and the court, these burdens are not nearly as onerous to the judicial system as a series of extended suits against the defendants.

The public at large likewise will benefit from a class action and expeditious adjudication of the issues involved, since class actions reinforce the regulatory scheme by providing an additional deterrent beyond that afforded either by public enforcement or by single-party private enforcement.

*Id.* at 733 (citations and quotations omitted).

In sum, the proposed Class meets both the requirements of Rule 23(a) and the requirements of Rule 23(b)(3).

## V.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED

After the Court makes a determination that the proposed class satisfies the criteria set forth in Rule 23(a) and at least one of the subsections of Rule 23(b), it must make a "preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms." FED. JUDICIAL CTR., MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004). Representative Plaintiffs and Google request that this Court preliminarily approve the Settlement Agreement not only because public policy favors the settlement of complex class actions such as this one, but also, as demonstrated herein, because the Settlement Agreement has achieved excellent results for the Settlement Class. The settling parties respectfully submit that the proposed settlement is fair, reasonable, and adequate and warrants preliminary approval by this Court.

### A.   Standard for Preliminary Approval of Settlement

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise of claims brought on a class basis. Approval of a proposed settlement is a matter within the discretion of the district court. *See, e.g., Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). This discretion should be exercised in the context of a public policy which strongly favors the pretrial settlement of class action lawsuits. *Id.*; *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("Voluntary conciliation and settlement are the preferred means of dispute resolution . .

9

. .”); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *In re NVIDIA Corp. Deriv. Litig.*, No. C-06-06110-SBA, 2008 WL 5382544, at *2 (N.D. Cal. Dec. 22, 2008). As the Court in *Nelson v. Bennett* explained:

> [T]he suggestion that there is no federal policy to encourage settlement truly borders on the absurd. Not only have federal courts long recognized the public policy in favor of the settlement of complex securities actions, but the Ninth Circuit in particular has stated: "It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits . . . which frequently present serious problems of management and expense." Especially in these days of burgeoning federal litigation, the promotion of settlement is as a practical matter, an absolute necessity.

662 F. Supp. 1324, 1334 (E.D. Cal. 1987) (internal citations omitted) (quoting *Van Bronkhorst*, 529 F. 2d at 950).

Beyond this strong judicial policy favoring settlements, "the Court need only conclude that the settlement of the claims on the agreed upon terms is within the range of possible approval." *In re NVIDIA Corp.*, 2008 WL 5382544, at *2. In making this determination, the Court evaluates whether the settlement is "fair, reasonable, and adequate," and that it is "not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir.1982). The court need not "engage in analysis as rigorous as is appropriate for final approval." ANNOTATED MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.63 commentary, p. 489 (2008); *see also Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008) (stating that the court need do no more than a "cursory review of the terms of the parties' settlement for the purpose of resolving any glaring deficiencies").

An evaluation of the costs and benefits of settlement must be tempered by a recognition that any compromise involves concessions of the part of *all* of the settling parties. *In re NVIDIA Corp.*, 2008 WL 5382544, at *3. Indeed, "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of higher hopes." *Id.* (quoting *Officers for Justice*, 688 F.2d at 624) (internal quotation marks omitted). As the Fifth Circuit noted in *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977): "The trial court should not make a proponent of a proposed settlement justify

**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

each term of settlement against a hypothetical or speculative measure of what concessions might have been gained" (internal quotation marks omitted).

Applying the foregoing standards in this case, it is respectfully submitted that the proposed settlement between Representative Plaintiffs and Google should be preliminarily approved.

**B.     The Proposed Settlement Is Within the Range of Possible Approval**

The proposed settlement here unquestionably falls well within the range of possible approval. There is no evidence of fraud or collusion, and the Settlement is the result of good faith arm's-length bargaining, and the settlement represents an excellent recovery against a sophisticated and well-represented defendant.

The settlement offers the Class a significant recovery on claims that Google vigorously disputes and will eliminate the risk that the Class may not prevail on their claims against Google at trial or on appeal.  The proposed settlement is the result of intensive arm's-length bargaining and was achieved only after years of lengthy and hard fought litigation and difficult negotiations.  Black Decl. ¶ 3.  The issues have been hotly contested for a period of nearly four years by extremely capable counsel on both sides.  During the course of this litigation and the parties' settlement discussions, Google argued vigorously that it had no liability whatsoever to the Class and that, in the unlikely event liability were established, the damages and restitution sought by the members of the Class were not so significant and were required to be offset by any gains achieved from the overdelivered ads.  Although Plaintiffs believe they have meritorious claims against Google, the parties and their respective experts could be expected to offer sharply conflicting testimony and opinions on the very complex liability and recovery issues presented by this case if it were to be tried.  Thus, the settlement will provide a significant recovery to the Class.

Additionally, the cost of litigating this dispute has been significant, and such costs can only increase as trial approaches.  As recently noted by Judge Armstrong:

> Had Federal Plaintiffs continued to litigate, they would have faced a host of potential risks and costs, including the potential for successful attacks on the pleadings, high costs associated with lengthy and complex litigation, potential loss on summary judgment, and risks and costs associated with trial, should the case progress that far. Indeed, even a favorable judgment at trial may face post-trial motions and even if liability was established, the amount of recoverable damages is uncertain.  The

11

Settlement eliminates these and other risks of continued litigation, including the very real risk of no recovery after several years of litigation.

*In re NVIDIA Corp.*, 2008 WL 5382544, at *3. The same observations ring true here.

Given the uncertainty and substantial expense of going forward with trial against Google, it is the informed opinion of Plaintiffs' experienced counsel that the proposed settlement is eminently fair, reasonable and adequate and warrants judicial approval. Black Decl. ¶ 3; *see Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight" is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation."); *Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, at *6 (W.D. Wash. 2001) (stating that when appraising the fairness of the proposed settlement, the opinion of experienced and competent counsel in favoring a settlement is entitled to significant weight). The Class was represented by counsel with extensive experience in litigating class actions, and the Settlement was reached after extensive analysis by Representative Plaintiffs' Counsel of the applicable law and facts, including the review of thousands of pages of documents produced by Google, the depositions of Google's witnesses and other pre-trial analysis. Black Decl. ¶ 2.

Accordingly, the Parties request preliminary approval of the Settlement Agreement.

## VI. THE PROPOSED NOTICE FAIRLY APPRISES THE CLASS MEMBERS OF THE TERMS OF THE SETTLEMENT AND CLASS MEMBERS' RIGHTS THEREUNDER

Plaintiffs request that this Court approve the proposed form of notice which will advise Class members of the pendency of this action, the proposed settlement, and Representative Plaintiffs' Counsel's application for a fee and expense award and for an incentive compensation award to Representative Plaintiffs. Plaintiffs and Google agree that the form of notice is fair and adequate under the circumstances.

Federal Rule of Civil Procedure 23(e) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." Fed. R. Civ. P. 23(e)(1). "Rule 23(e) gives the court 'virtually complete' discretion as to the manner of service of settlement notice. *Colesberry v. Ruiz Food Products, Inc.*, 2006 WL 1875444, at *7 (citing *Franks v. Kroger Co.*, 649 F .2d 1216, 1222-23 (6th Cir.1981)).

**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

Federal Rule of Civil Procedure 23(c)(2)(B) provides, in pertinent part that, "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through a reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Proper notice should include:

- the essential terms of the proposed settlement;
- disclosure of any special benefits provided to the class representatives;
- information regarding attorney fees;
- the time and place of the hearing to consider approval of the settlement, and the method for objecting to the settlement;
- explanation of the procedures for allocating and distributing settlement funds; and
- prominently display the address and phone number of class counsel and the procedure for making inquiries.

*Id.*

Here, the proposed notice adequately describes the facts underlying this action.[2] It states who members of the class are and it provides the terms of the settlement. The proposed notice provides information regarding attorney's fees and how class members may object to the settlement, and clearly indicates contact information for both class counsel and defense counsel.

Notice will be provided to the Settlement Class in the following ways:

- Google will e-mail notice (in the form of Exhibit 1 to the Proposed Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement), or, if a working e-mail address is unavailable, will send notice via United States mail to the last known address of all Class Members;

- Google will post the notice on a web site established for this purpose; and

- Google will provide a summary publication notice in the *Wall Street Journal* and *USA Today*, in the form of Exhibit 2 to the Proposed Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement.

The proposed notice plan fully comports with the requirements of Rule 23(c)(2)(B) and (e)(1) and due process because it constitutes the best notice practicable under the circumstances.

---

[2] A copy of the proposed notice is attached as Exhibit 1 to the Proposed Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement.

**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

## VII.    THE FINAL SETTLEMENT HEARING

Following the approval and entry of the proposed Preliminary Order and the giving of notice to Class members pursuant thereto, the parties will request the Court to conduct a hearing (the "Final Approval Hearing") to determine whether the judgment and order should be entered (1) approving the proposed settlement as fair, reasonable and adequate to the Class; (2) dismissing this action on the merits and with prejudice as against the Google with respect to the Class; (3) barring Plaintiffs and all Class Members from prosecuting, pursuing or litigating any of the Released Claims, as defined in the Settlement Agreement, against Google; and (4) awarding Representative Plaintiffs' Counsel's fees and expenses from the Settlement Proceeds and granting an incentive compensation award to Representative Plaintiffs.

## VIII.   CONCLUSION

For the foregoing reasons, Representative Plaintiffs respectfully request that this Court (1) preliminarily approve the terms of the settlement reached by the parties; (2) certify the Settlement Class for the purpose of effectuating the settlement; (3) approve the form and method of notice of the settlement and of the pendency of the litigation to the Class and order that such notice be given; (4) set dates for notice to be given and deadlines for Class Members to file any requests for exclusion or any comments or objections to the proposed settlement or any other related matters; and (5) set a hearing for final approval of the settlement.

Dated: March 26, 2009.

LESTER L. LEVY (Admitted *Pro Hac Vice*)
MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
WOLF POPPER LLP

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

STEPHEN D. SUSMAN (Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone:  (713) 651-9366
E-Mail:  ssusman@susmangodfrey.com

RACHEL S. BLACK (Admitted *Pro Hac Vice*)
DANIEL J. SHIH (Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800

Seattle, WA 98101
Telephone:  (206) 516-3880
E-Mail:  rblack@susmangodfrey.com
E-Mail:  dshih@susmangodfrey.com

WILLIAM M. AUDET (117456)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105-1938
Telephone:  (415) 568-2555
E-Mail:  waudet@audetlaw.com

By  *s/ Rachel S. Black*
       Rachel S. Black

ATTORNEYS FOR PLAINTIFFS

**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
Case No. C 05-03649 JW
936518v2/010480

# CERTIFICATE OF SERVICE

I hereby certify that on the date written above, that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  The Court or the CM/ECF system will send notification of such filings to all CM/ECF participants, as follows:

David T. Biderman      dbiderman@perkinscoie.com
Timothy J. Franks      tfranks@perkinscoie.com
M. Christopher Jhang      cjhang@perkinscoie.com
Farschad Farzan      ffarzan@perkinscoie.com
Sang (Alvin) Lee      alee@perkinscoie.com
Daralyn Durie      ddurie@durietangri.com

          *s/ Rachel S. Black*

**CERTIFICATE OF SERIVCE**
Case No. C 05-03649 JW
936518v2/010480