UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    vs.<br><br>GOOGLE, INC.,<br><br>                Defendant. | Case No. C 05-03649 JW PVT<br><br>**AMENDED [PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing:  May 11, 2009<br>Time:      9:00 a.m.<br>Dept.:     Courtroom 8<br>Judge:    Hon. James W. Ware |

WHEREAS:

      A.     Plaintiffs CLRB Hanson Industries, LLC and Howard Stern, on behalf of themselves and the Class (as defined below) and defendant Google Inc. ("Google") in the above-titled action, all by and through their respective counsel, have entered into a settlement (the "Settlement") of the claims asserted in the Action, the terms of which are set forth in the Settlement Agreement and Release (the "Settlement Agreement") filed with the Court;

      B.     The parties to the Action have moved pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order certifying the Settlement Class and for an Order preliminarily approving the

1
**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

Settlement in accordance with the Settlement Agreement and providing notice to the Class; and

C. The Court having read and considered the Settlement Agreement and the motion for preliminary approval thereof, the proposed Notice to be sent to the Class, the proposed Summary Notice, and the proposed form of Final Judgment, and finding that there exist substantial and sufficient grounds for entering this Order and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court, for purposes of this Order, adopts the definitions set forth in the Agreement.

2. The Litigation shall be maintained as a class action for the purposes of settlement with the named Plaintiffs in the Litigation as class representatives and their counsel as class counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Settlement Class (the "Class") is defined as set forth in the Agreement. The Court determines that the requirements of Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure are satisfied as to the above defined Class.

3. The Court preliminarily approves: (a) the Settlement of the Action on the terms set forth in the Settlement Agreement, as being fair, just, reasonable and adequate as to the Class, and (2) the proposed Plan of Allocation described in the Notice, as being fair and reasonable, subject to the right of any member of the Class to exclude himself, herself, or itself from the Class and the Settlement in accordance with the terms set forth in the Settlement Agreement, or to challenge the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, or the fairness of Representative Plaintiffs' Counsel's Fee and Expense Application, and to show cause, if any exists, why, upon the Effective Date, the Action should not be deemed dismissed with prejudice and without costs based on the Settlement Agreement after due and adequate notice to the Class has been given in conformity with this Order.

4. A Settlement Hearing shall be held before this Court on _____September 14___, 2009, at 9:00 am in Courtroom 8, at the United States Courthouse, located at 280 South First Street, San

Jose, California 95113: (a) to determine whether the proposed Settlement is fair, reasonable and adequate to the Class and should be approved, and whether final judgment should be entered dismissing the Action as to all claims asserted therein, against Google on the merits, with prejudice, and without costs; (b) to consider the Fee and Expense Application of Representative Plaintiffs' Counsel; and (c) to reserve jurisdiction to effectuate and enforce the Settlement.

5. Google shall cause notice of the proposed Settlement, the Settlement Hearing, and the Fee and Expense Application to be provided to members of the class as follows:

   i. On or before _____June 9_____, 2009, Google shall cause to be sent via e-mail address if known, or by U.S. mail if there is no known or working e-mail address, the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice"), substantially in the form annexed hereto as Exhibit 1, to all members of the Class.

   ii. No later than one week after the mailing of the Notice, Google shall cause to be posted the Notice on a website established by Google for this purpose, until the date of the Settlement Hearing; and

   iii. A Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Summary Notice"), substantially in the form annexed hereto as Exhibit 2, shall be published once in *The Wall Street Journal* and *USA Today*, within one week after the mailing of the Notice.

6. The Court approves the form and content of the Notice and Summary Notice, and finds that the procedures established for publication, mailing and distribution of such notices substantially in the manner and form set forth in Paragraph 5 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances, including individual notice to those members of the Class who can be identified through the exercise of reasonable effort.

7.   The costs of notification of the Class of the Settlement, including printing, mailing and publication of all required notices, shall be paid by Google.

8.   Fifteen (15) days before the date fixed by this Court for the Settlement Hearing, Google shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the dissemination and mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such dissemination, mailing and publication have been made in accordance with this Order.

9.   Representative Plaintiffs' Counsel may retain Gilardi & Co., LLC to be the Claims Administrator.  Google must pay the Claims Administrator's reasonable and customary fees and costs associated with administration of the Settlement.  The Claims Administrator is authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Proceeds and cause any taxes due and owing to be paid from the Settlement Proceeds.

10.  Upon the Effective Date of the Settlement, each member of the Class will be bound by the Settlement provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting the Class, unless such member shall submit, by first-class mail so that it is actually received by the Claims Administrator no later than _____July 14_____, 2009, a written request for exclusion from the Class.  The Claims Administrator shall forward all requests for exclusion or objections received by it to Representative Plaintiffs' Counsel and Google's Counsel so that they are actually received no later than _____July 24_____, 2009. Any request for exclusion from the Class must be in writing and must include the name, email address, AdWords account number, and mailing address of the person or entity seeking to request exclusion, the dates that the person or entity was an AdWords Advertiser, and a statement that the person or entity wishes to be excluded from the Class, and must be signed by or on behalf of the person or entity so requesting exclusion.  A request for exclusion shall not be effective unless it is made in the manner and within the time set forth in this

4
**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

paragraph. If a member of the Class requests to be excluded, that person or entity will not receive any benefits provided by the Settlement Agreement, in the event it is approved by the Court, or participate further in the Action. Any Class member who does not request exclusion in the manner provided for herein may, but need not, enter an appearance in this Action at his own cost through counsel of his or her own choice. If a Class Member does not enter an appearance, such Class Member will be represented by Representative Plaintiffs' Counsel in the Action as set forth in the Settlement Agreement.

11. Any member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause (1) why the proposed Settlement should or should not be approved as fair, reasonable and adequate; (2) why a judgment should or should not be entered thereon; (3) why the proposed Plan of Allocation should not be approved; or (4) why the Fee and Expense Application should or should not be approved; <u>provided</u>, <u>however</u>, that no Class Member shall be heard or entitled to contest the approval of terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, the Plan of Allocation, or the Fee and Expense Application, unless on or before _____July 14_____, 2009, that Class Member has served by hand or by first-class mail written objections and copies of all briefs or other papers (which must contain proof of the dates that the person was an AdWords Advertiser) upon Representative Plaintiffs' Counsel at the following addresses:

> LESTER L. LEVY
> WOLF POPPER LLP
> 845 Third Avenue
> New York, NY  10022
>
> RACHEL S. BLACK
> SUSMAN GODFREY L.L.P.
> 1201 Third Avenue, Suite 3800
> Seattle, WA  98101

and upon counsel for Google:

> DARALYN DURIE
> Durie Tangri Lemley Roberts & Kent
> 332 Pine Street, Suite 200
> San Francisco, CA 94104

and has filed said objections, papers and briefs, showing due proof of service upon Representative Plaintiffs' Counsel and counsel for Google with the Clerk of the Court.

12. Any Member of the Class who does not object in the manner provided shall be deemed to have waived any such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the Fee and Expense Application.

13. The Court may adjourn the Settlement Hearing without any further notice to the Class other than an announcement made at the time and place designated for the Settlement Hearing, or any adjournment thereof, and to approve the Settlement Agreement with such modifications as may be approved by the parties and without further notice to the Class. The Court retains jurisdiction of this Action to consider all further applications arising out of, or connected with the proposed Settlement.

14. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the Settlement, including, but not limited to, disputes regarding the validity of any claim or right of any person to participate in the distribution of the Settlement Proceeds, shall be under the authority of the Court. The parties to this Settlement, counsel herein in any capacity in which they may act hereunder, and any employees or agents of such law firms or the parties to the Settlement (including, without limitation, those employees who may furnish services in connection with the proposed Settlement), shall not be liable for anything done or omitted to be done in connection with the proposed Settlement and the orders of the Court entered pursuant thereto.

15. The parties to the Settlement Agreement are directed to carry out their obligations under the terms of the Settlement Agreement.

16. In the event that the Settlement is terminated, canceled, rejected or is not approved by the Court, or in the event that the Court enters the Final Judgment and it is vacated or modified on appeal in a material way, or if the Effective Date for any other reason does not occur, the proposed Settlement and any actions to be taken in connection therewith shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions and proceedings connected with it (a) shall be without prejudice to the rights of any party hereto; (b) shall not be deemed or construed as evidence or an admission by any party of any fact, matter or thing; and (c) shall not be admissible in evidence or used for any purpose in any subsequent proceeding in the Action or any other action or proceeding in this or any other forum, judicial, administrative or otherwise, except in a proceeding to approve, enforce or otherwise effectuate the Settlement or any agreement or order relating thereto, except that Google shall remain responsible for all fees and costs incurred by it or by the Claims Administrator in connection with identifying Class members, providing notice to the Class, administering the Settlement, or distributing the Settlement Proceeds to Class Members and will not be entitled to seek reimbursement of any such fees and costs.

17. In the event that the events contemplated by the Settlement Agreement, including the Effective Date, shall occur, the Settlement and any actions to be taken in connection therewith shall not be deemed or construed as evidence or an admission by any party of any fact, matter or thing and shall not be admissible as evidence or used for any purpose in any proceedings in this or any other forum, judicial, administrative, or otherwise, except in connection with proceedings to enforce the Settlement.

Dated: _____, 2009

_____
James W. Ware
UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**