UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>GOOGLE, INC.,<br><br>          Defendant. | Case No. C 05-03649 JW PVT<br><br>**AMENDED [PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing:  May 11, 2009<br>Time:     9:00 a.m.<br>Dept.:    Courtroom 8<br>Judge:   Hon. James W. Ware |

WHEREAS:

    A.    Plaintiffs CLRB Hanson Industries, LLC and Howard Stern, on behalf of themselves and the Class (as defined below) and defendant Google Inc. ("Google") in the above-titled action, all by and through their respective counsel, have entered into a settlement (the "Settlement") of the claims asserted in the Action, the terms of which are set forth in the Settlement Agreement and Release (the "Settlement Agreement") filed with the Court;

    B.    The parties to the Action have moved pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order certifying the Settlement Class and for an Order preliminarily approving the

Dockets.Justia.com

Settlement in accordance with the Settlement Agreement and providing notice to the Class; and

C.     The Court having read and considered the Settlement Agreement and the motion for preliminary approval thereof, the proposed Notice to be sent to the Class, the proposed Summary Notice, and the proposed form of Final Judgment, and finding that there exist substantial and sufficient grounds for entering this Order and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court, for purposes of this Order, adopts the definitions set forth in the Agreement.

2.     The Litigation shall be maintained as a class action for the purposes of settlement with the named Plaintiffs in the Litigation as class representatives and their counsel as class counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Settlement Class (the "Class") is defined as set forth in the Agreement.  The Court determines that the requirements of Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure are satisfied as to the above defined Class.

3.     The Court preliminarily approves: (a) the Settlement of the Action on the terms set forth in the Settlement Agreement, as being fair, just, reasonable and adequate as to the Class, and (2) the proposed Plan of Allocation described in the Notice, as being fair and reasonable, subject to the right of any member of the Class to exclude himself, herself, or itself from the Class and the Settlement in accordance with the terms set forth in the Settlement Agreement, or to challenge the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, or the fairness of Representative Plaintiffs' Counsel's Fee and Expense Application, and to show cause, if any exists, why, upon the Effective Date, the Action should not be deemed dismissed with prejudice and without costs based on the Settlement Agreement after due and adequate notice to the Class has been given in conformity with this Order.

4.     A Settlement Hearing shall be held before this Court on _____September 14___, 2009, at _9:00 am_ in Courtroom 8, at the United States Courthouse, located at 280 South First Street, San

2

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND**
**GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

Jose, California 95113: (a) to determine whether the proposed Settlement is fair, reasonable and adequate to the Class and should be approved, and whether final judgment should be entered dismissing the Action as to all claims asserted therein, against Google on the merits, with prejudice, and without costs; (b) to consider the Fee and Expense Application of Representative Plaintiffs' Counsel; and (c) to reserve jurisdiction to effectuate and enforce the Settlement.

5. Google shall cause notice of the proposed Settlement, the Settlement Hearing, and the Fee and Expense Application to be provided to members of the class as follows:

i. On or before _____June 9_____, 2009, Google shall cause to be sent via e-mail address if known, or by U.S. mail if there is no known or working e-mail address, the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice"), substantially in the form annexed hereto as Exhibit 1, to all members of the Class.

ii. No later than one week after the mailing of the Notice, Google shall cause to be posted the Notice on a website established by Google for this purpose, until the date of the Settlement Hearing; and

iii. A Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Summary Notice"), substantially in the form annexed hereto as Exhibit 2, shall be published once in *The Wall Street Journal* and *USA Today*, within one week after the mailing of the Notice.

6. The Court approves the form and content of the Notice and Summary Notice, and finds that the procedures established for publication, mailing and distribution of such notices substantially in the manner and form set forth in Paragraph 5 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances, including individual notice to those members of the Class who can be identified through the exercise of reasonable effort.

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND**
**GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

7. The costs of notification of the Class of the Settlement, including printing, mailing and publication of all required notices, shall be paid by Google.

8. Fifteen (15) days before the date fixed by this Court for the Settlement Hearing, Google shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the dissemination and mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such dissemination, mailing and publication have been made in accordance with this Order.

9. Representative Plaintiffs' Counsel may retain Gilardi & Co., LLC to be the Claims Administrator. Google must pay the Claims Administrator's reasonable and customary fees and costs associated with administration of the Settlement. The Claims Administrator is authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Proceeds and cause any taxes due and owing to be paid from the Settlement Proceeds.

10. Upon the Effective Date of the Settlement, each member of the Class will be bound by the Settlement provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting the Class, unless such member shall submit, by first-class mail so that it is actually received by the Claims Administrator no later than _____July 14_____, 2009, a written request for exclusion from the Class. The Claims Administrator shall forward all requests for exclusion or objections received by it to Representative Plaintiffs' Counsel and Google's Counsel so that they are actually received no later than _____July 24_____, 2009. Any request for exclusion from the Class must be in writing and must include the name, email address, AdWords account number, and mailing address of the person or entity seeking to request exclusion, the dates that the person or entity was an AdWords Advertiser, and a statement that the person or entity wishes to be excluded from the Class, and must be signed by or on behalf of the person or entity so requesting exclusion. A request for exclusion shall not be effective unless it is made in the manner and within the time set forth in this

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

paragraph. If a member of the Class requests to be excluded, that person or entity will not receive any benefits provided by the Settlement Agreement, in the event it is approved by the Court, or participate further in the Action. Any Class member who does not request exclusion in the manner provided for herein may, but need not, enter an appearance in this Action at his own cost through counsel of his or her own choice. If a Class Member does not enter an appearance, such Class Member will be represented by Representative Plaintiffs' Counsel in the Action as set forth in the Settlement Agreement.

11.    Any member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause (1) why the proposed Settlement should or should not be approved as fair, reasonable and adequate; (2) why a judgment should or should not be entered thereon; (3) why the proposed Plan of Allocation should not be approved; or (4) why the Fee and Expense Application should or should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, the Plan of Allocation, or the Fee and Expense Application, unless on or before _____ July 14 _____, 2009, that Class Member has served by hand or by first-class mail written objections and copies of all briefs or other papers (which must contain proof of the dates that the person was an AdWords Advertiser) upon Representative Plaintiffs' Counsel at the following addresses:

> LESTER L. LEVY
> WOLF POPPER LLP
> 845 Third Avenue
> New York, NY 10022
>
> RACHEL S. BLACK
> SUSMAN GODFREY L.L.P.
> 1201 Third Avenue, Suite 3800
> Seattle, WA 98101

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND**
**GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

and upon counsel for Google:

> DARALYN DURIE
> Durie Tangri Lemley Roberts & Kent
> 332 Pine Street, Suite 200
> San Francisco, CA 94104

and has filed said objections, papers and briefs, showing due proof of service upon Representative Plaintiffs' Counsel and counsel for Google with the Clerk of the Court.

12.     Any Member of the Class who does not object in the manner provided shall be deemed to have waived any such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the Fee and Expense Application.

13.     The Court may adjourn the Settlement Hearing without any further notice to the Class other than an announcement made at the time and place designated for the Settlement Hearing, or any adjournment thereof, and to approve the Settlement Agreement with such modifications as may be approved by the parties and without further notice to the Class.  The Court retains jurisdiction of this Action to consider all further applications arising out of, or connected with the proposed Settlement.

14.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the Settlement, including, but not limited to, disputes regarding the validity of any claim or right of any person to participate in the distribution of the Settlement Proceeds, shall be under the authority of the Court.  The parties to this Settlement, counsel herein in any capacity in which they may act hereunder, and any employees or agents of such law firms or the parties to the Settlement (including, without limitation, those employees who may furnish services in connection with the proposed Settlement), shall not be liable for anything done or omitted to be done in connection with the proposed Settlement and the orders of the Court entered pursuant thereto.

15.     The parties to the Settlement Agreement are directed to carry out their obligations under the terms of the Settlement Agreement.

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

16.     In the event that the Settlement is terminated, canceled, rejected or is not approved by the Court, or in the event that the Court enters the Final Judgment and it is vacated or modified on appeal in a material way, or if the Effective Date for any other reason does not occur, the proposed Settlement and any actions to be taken in connection therewith shall be vacated and terminated and shall become null and void for all purposes, and all negotiations, transactions and proceedings connected with it (a) shall be without prejudice to the rights of any party hereto; (b) shall not be deemed or construed as evidence or an admission by any party of any fact, matter or thing; and (c) shall not be admissible in evidence or used for any purpose in any subsequent proceeding in the Action or any other action or proceeding in this or any other forum, judicial, administrative or otherwise, except in a proceeding to approve, enforce or otherwise effectuate the Settlement or any agreement or order relating thereto, except that Google shall remain responsible for all fees and costs incurred by it or by the Claims Administrator in connection with identifying Class members, providing notice to the Class, administering the Settlement, or distributing the Settlement Proceeds to Class Members and will not be entitled to seek reimbursement of any such fees and costs.

17.     In the event that the events contemplated by the Settlement Agreement, including the Effective Date, shall occur, the Settlement and any actions to be taken in connection therewith shall not be deemed or construed as evidence or an admission by any party of any fact, matter or thing and shall not be admissible as evidence or used for any purpose in any proceedings in this or any other forum, judicial, administrative, or otherwise, except in connection with proceedings to enforce the Settlement.

Dated:  May 12, 2009

_____
James W. Ware
UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

# EXHIBIT 1

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated, | Case No. C 05-03649 JW PVT |
| Plaintiffs, | |
| vs. | |
| GOOGLE, INC., | |
| Defendant. | |

## NOTICE OF PENDENCY AND PROPOSED
## <u>SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING</u>

**TO: ALL PERSONS OR ENTITIES RESIDING IN THE UNITED STATES WHO HAVE PAID GOOGLE FOR ADVERTISING PURSUANT TO GOOGLE'S ADWORDS PROGRAM WHO (A) BECAME ADWORDS ADVERTISERS BETWEEN JUNE 1, 2005 AND FEBRUARY 28, 2009, INCLUSIVE, AND WHO WERE CHARGED MORE THAN THEIR PER DAY DAILY BUDGET ON ANY DAY DURING THAT TIME PERIOD; OR (B) PAUSED THEIR ADWORDS ADVERTISING CAMPAIGNS ON ANY DAY DURING THE PERIOD FROM JANUARY 1, 2002 TO FEBRUARY 28, 2009, INCLUSIVE, AND DURING THE SAME BILLING PERIOD WHEN THEIR ADWORDS ADVERTISING CAMPAIGNS WERE PAUSED, WERE CHARGED MORE THAN THE PRODUCT OF THEIR PER DAY DAILY BUDGET TIMES THE NUMBER OF DAYS THAT SUCH CLASS MEMBERS' ADVERTISING CAMPAIGNS WERE NOT PAUSED DURING THAT BILLING PERIOD**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.**

<u>EXCLUSION DEADLINE</u>: REQUESTS FOR EXCLUSION FROM THE CLASS MUST CONTAIN THE INFORMATION SET FORTH BELOW AND BE ACTUALLY RECEIVED BY THE CLAIMS ADMINISTRATOR ON OR BEFORE _____July 14_____, 2009.

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

1

933304v4/010480

# I.    SUMMARY OF SETTLEMENT AND RELATED MATTERS

### A.    Purpose of this Notice

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, dated ___May___, 2009.  The purpose of this Notice is to inform you that the above-entitled action ("the Action") has been certified as a class action and of the terms of a proposed settlement of the Action.  This Notice describes rights you may have under the proposed settlement and what steps you may take in relation to this litigation.  This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in this litigation, or the fairness or adequacy of the proposed settlement.

### B.    Statement of Recovery to the Class

Pursuant to the settlement described herein, $20,000,000, in a combination of cash and AdWords Credits, have been created for the benefit of the Class.  These funds have been placed in an interest-bearing escrow account.

A Class member's distribution from the net Settlement Fund will be determined by a Plan of Allocation to be approved by the Court.  An explanation of how each Class member's distribution will be calculated for purposes of the settlement is set forth in the proposed Plan of Allocation which is summarized in Part VI of this Notice below.

### C.    Statement of Potential Outcome of the Case

Google has denied, and continues to deny, each and all claims of wrongdoing against it and continues to assert defenses thereto, and has expressly denied any wrongdoing or legal liability out of any of the conduct alleged in the Action.  Google denies that Representative Plaintiffs or the Class have suffered any damages or are entitled to any restitution.  Representative Plaintiffs considered that there was a substantial risk that they and the Class might not have prevailed on their claims and that there were risks that they and the Class could have recovered substantially less than the settlement amount, if the case had been litigated to judgment.

The settlement was reached only after the parties conducted arduous arm's-length negotiations

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

2

933304v4/010480

over a period of two months. Representative Plaintiffs' Counsel have determined that the settlement was fair, reasonable and adequate and in the best interest of the Class.

     D.    <u>Statement of Attorney's Fees and Expenses and Representative Plaintiffs' Incentive Compensation Awards Sought</u>

Representative Plaintiffs' Counsel for the Class intend to apply for: attorneys' fees of not more than $5,000,000, plus a proportionate share of the interest earned on the Settlement Proceeds, for reimbursement of expenses incurred in connection with the prosecution and settlement of this litigation, not to exceed $250,000; and for an incentive compensation award to the two Representative Plaintiffs, not to exceed $20,000 each.

     E.    <u>Further Information</u>

Further information regarding the litigation and this Notice may be obtained by contacting Representative Counsel for the Class:

LESTER L. LEVY
WOLF POPPER LLP
845 Third Avenue
New York, NY  10022

RACHEL S. BLACK
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101

MARC M. SELTZER
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029

## II.    <u>NOTICE OF SETTLEMENT HEARING</u>

NOTICE IS HEREBY GIVEN, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court") dated ___May___, 2009, that a hearing ("Settlement Hearing") will be held by the Court on __September 14__ 2009 at _9:00_ _a_.m., at the United States Courthouse, 280 South 1st Street, San

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't    3

933304v4/010480

Jose, California, 95113.  The purpose of the Settlement Hearing will be, among other things: (1) to determine whether the proposed Settlement Agreement is fair, reasonable and adequate to the Class and should be approved by the Court and, therefore, whether the Action should be dismissed on the merits and with prejudice, and (2) to consider the reasonableness of an application by Representative Plaintiffs' Counsel for payment of attorney's fees and reimbursement of costs and expenses incurred in connection with the Action and for incentive compensation award to the Representative Plaintiffs.

The Court has certified a Settlement Class defined as: all persons and entities residing in the United States who have paid Google for advertising pursuant to Google's AdWords program who (a) became AdWords advertisers between June 1, 2005 and February 28, 2009, inclusive, and who were charged more than their per day Daily Budget on any day during that time period; or (b) paused their AdWords advertising campaigns on any day during the period from January 1, 2002 to February 28, 2009, inclusive, and during the same billing period when their AdWords advertising campaigns were paused, were charged more than the product of their per day Daily Budget times the number of days that such Class Members' advertising campaigns were not paused during that billing period.  Excluded from the Class are Resellers, defined as persons or entities whose regular business activities include placing ads on Google's AdWords program on behalf of otherwise unaffiliated persons or entities.

### III.    BACKGROUND OF THE ACTION

AdWords is a global advertising program offered by Google.  This Action concerns Google's billing practice for its AdWords program.

On May 4, 2006, Representative Plaintiffs filed their Second Amended Class Action Complaint, which is the operative complaint in the Action, which alleges five causes of action: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Violations of Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL"); (4) Violation of Cal. Bus. & Prof. Code § 17500, *et seq*. ("FAL"); and (5) Unjust Enrichment.  In their Complaint, the Representative Plaintiffs sought damages, restitution, and injunctive relief to remedy Google's practice of (1) charging its AdWords advertisers up to 120% of their per day daily budget on any given day

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

4

933304v4/010480

(Plaintiffs' "120% claims"); and (2) charging AdWords customers who paused their campaigns more than their per day Daily Budget times the number of days their campaigns were not paused during the billing period (Plaintiffs' "pausing claims").

Google filed four separate motions for partial summary judgment. The Court dismissed the Representative Plaintiffs' Second and Fifth Causes of action for breach of the implied covenant of good faith and fair dealing and unjust enrichment. Google also successfully argued that its practice of charging AdWords Advertisers up to 120% of their daily budget on any given day does not, in and of itself, constitute breach of contract. The Court held that triable issues of fact existed as to whether Google's practice of charging up to 120% of an AdWords Advertiser's per day Daily Budget violates the UCL and FAL and whether Google's pre-September 2006 pausing practices constitute a breach of contract.

## IV.   BACKGROUND OF THE SETTLEMENT

Google has denied all claim of wrongdoing or liability in the Action. The Settlement Agreement is not and shall not be construed or deemed to be evidence or an admission or a concession on the part of Google of any fault or liability or damages whatsoever, and Google does not concede any infirmity in the defenses which it has asserted in the Action.

Counsel for the parties conducted extensive settlement negotiations to achieve the settlement described herein. The settlement was reached only after the parties conducted arduous arm's-length negotiations and after the parties conducted extensive pre-trial discovery. During the course of this Action, Google produced hundreds of thousands of pages of documents, responded to multiple interrogatories, and Google employees testified at deposition. In addition, Representative Plaintiffs produced documents to Google, responded to interrogatories, and testified at deposition.

In determining to settle the Action, Representative Plaintiffs and Representative Plaintiffs' Counsel have taken into account the substantial expense and length of time necessary to prosecute the litigation through complete pretrial discovery, trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation. Representative Plaintiffs' Counsel believes that the settlement described herein provides substantial

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't                    5

933304v4/010480

benefits to the Class. Based on their consideration of all of these factors, Representative Plaintiffs and Representative Plaintiffs' Counsel have concluded that it is in the best interests of the Class to settle the Action on the terms described herein, subject to the approval of the Court.

Representative Plaintiffs recognized the uncertainty and risk of the outcome of any litigation, especially complex litigation such as this, and the difficulties and risks inherent in the trial of such an action. Representative Plaintiffs desired to settle the claims of the Class against Google on the terms and conditions described herein which provide substantial and immediate benefits to the Class. Representative Plaintiffs' Counsel deems such settlement to be fair, reasonable and adequate to, and in the best interests of, the members of the Class.

Google, while continuing to deny all allegations of wrongdoing or liability, desired to settle and terminate all existing or potential claims against it without in any way acknowledging fault or liability. During the course of the litigation, Google, in addition to denying any liability, disputed that Representative Plaintiffs and the Class were damaged by any wrongful conduct on its part. The settlement provides immediate and substantial benefits to the Class and avoids the risks that liability or damages might not be proven at trial.

THE COURT HAS NOT FINALLY DETERMINED THE MERITS OF REPRESENTATIVE PLAINTIFFS' CLAIMS OR THE DEFENSES THERETO. THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATIONS OF LAW OR THAT RECOVERY COULD BE OBTAINED IN ANY AMOUNT IF THE ACTION WERE NOT SETTLED.

## V.     TERMS OF THE SETTLEMENT

In full and complete satisfaction of the claims which have or could have been asserted in this Action, and subject to the terms and conditions of the Stipulation, Google has paid $20,000,000 into escrow on behalf of the Class (the "Settlement Proceeds"), which has been earning interest since on or about  March 31, 2009. The Settlement Proceeds, which are inclusive of any Fee and Expense Award and incentive compensation award to Representative Plaintiffs, shall be distributed by Google (with

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

6

933304v4/010480

respect to AdWords Credits) and the Claims Administrator in accordance with the terms of the Plan of Allocation described below.

The settlement will release Representative Plaintiffs' and Class Members' Released Claims against the Google. The Released Claims are defined as: any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, which the Representative Plaintiffs or any Member of the Class which were or could have been asserted based on the allegations set forth in the complaints filed by the Representative Plaintiffs in the Action, specifically including any and all claims based on a Class Member being charged more than his, her, or its Daily Budget.

Upon the Effective Date of the settlement, the Representative Plaintiffs and Class Members on behalf of themselves, their heirs, executors, administrators, successors, assigns, employees, officers, directors, attorneys, representatives, affiliates, agents, and any persons or entities they represent, shall be deemed to release and forever discharge Google from all Released Claims, and shall forever be barred and enjoined from prosecuting, commencing, instituting or asserting all or any of the Released Claims in any action or other proceeding in any court of law asserting all or any of the Released Claims in any action or other proceeding in any court of law or equity, arbitrational tribunal, administrative or other forum, whether directly, representatively, derivatively, or in any other capacity against Google.

If the settlement is approved by the Court, all claims which have or could have been asserted in the Action will be dismissed on the merits and with prejudice as to all Class Members and all Class Members shall be forever barred from prosecuting a class action or any other action raising any Released Claims against Google.

The settlement will become effective at such time as Final Judgment entered by the Court approving the settlement shall become final and not subject to appeal (the "Effective Date").

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

7

933304v4/010480

# VI.    PLAN OF ALLOCATION OF
# SETTLEMENT FUND AMONG CLASS MEMBERS

1.    The $20,000,000 settlement and the interest earned thereon are the "Settlement Proceeds."

2.    Upon final approval of the settlement by the Court and the satisfaction of the other conditions to the effectiveness of the Settlement, the Settlement Proceeds will be allocated under the Court's direction and supervision, as follows:

a.    To pay the fees, expenses and costs of Representative Plaintiffs' Counsel as and to the extent allowed by the Court;

b.    To pay an incentive compensation award to each Representative Plaintiff to the extent allowed by the Court; and

c.    To pay all costs and expenses reasonably incurred in connection with the preparation and filing of tax returns and the payment of taxes on the interest earned on the Settlement Proceeds, including all taxes and tax expenses.

3.    Subject to the approval by the Court of the Plan of Allocation described below, the balance of the Settlement Proceeds remaining after the payment of the foregoing fees, costs, expenses and taxes (the "Net Settlement Proceeds") shall be distributed in the form of cash or AdWords Credits as set forth below, to Class members who have not requested exclusion from the class in accordance with the instructions contained in this Notice.  The following methodology shall be used to calculate the distribution to each Class member:

(Class Member's Total Overcharges) x (Net Settlement Proceeds)
sum total of Estimate of all Class Members' Total Overcharges

a.    "Net Settlement Proceeds" means the remaining balance of the Settlement Proceeds, including all interest earned thereon, following payment of any Fee and Expense Award as allowed by the Court.

b.    "17200 Overcharge" means the dollar amount that a Class Member, who signed

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

8

933304v4/010480

up for AdWords between June 1, 2005 and February 28, 2009, was charged by Google in excess of his, her, or its per day Daily Budget, the first month such overcharge occurred.

c.      "Overcharge" means to charge an AdWords Advertiser more than his, her, or its per day Daily Budget on any given day.

d.      "Pausing Overcharge" means the dollar amount that Google charged a Class Member, who paused his, her, or its campaign for any amount of time in a billing period, in excess of the product of the Class Member's per day Daily Budget times the number of days that the campaign was not paused during the same billing period, at any time during the period between January 1, 2002 and February 28, 2009, inclusive.

e.      "Total Overcharges" means, for each Class Member, the sum of his, her, or its 17200 Overcharges and Pausing Overcharges, less any Overcharges that are duplicative of the Pausing Overcharges.

f.      "Claims Administrator" means Gilardi & Co. LLC.

g.      For each Class Member who has a balance due on his, her, or its AdWords account as of the Class Member Distribution Calculation Date that is equal to or greater than that Class Member's Distribution (defined as "Active AdWords Advertisers"), Google will issue AdWords Credits in the amount of such Class Member's Distribution within ten business days of the Class Member Distribution Calculation Date.  At the time of distribution, Google will notify each Class Member who is an Active AdWords Advertiser who has a balance due on his, her, or its AdWords account as of the Class Member Distribution Calculation Date that is less than such Class Member's Distribution that they may elect to receive cash in lieu of AdWords Credits by contacting Google via email.  To make such an election, the Active AdWords Advertiser must notify the Claims Administrator within forty days of the Class Member Calculation Date via email or in writing, including the following information: (1) name of Class Member; (2) AdWords account(s) number; (3) email address associated with AdWords account; (4) mailing address.  The request must be emailed to the Claims Administrator at the following email address: _____, or sent to the Claims

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

9

933304v4/010480

Administrator at the following address:

*CLRB Hanson LLC et al. v. Google* Class Action Settlement
c/o Gilardi & Co., LLC
P.O. Box _____
Corte Madera, California 94976

Each Active AdWords Advertiser who makes such an election before the designated deadline shall receive that portion of the Class Member's Distribution that is in excess of the balance due on his, her, or its AdWords account in cash.

h.    The Claims Administrator will issue checks to all Class Members who are not Active AdWords Advertisers, in the amount of each Class Member's Distribution. To the extent, at the conclusion of efforts to make distributions to Class Members, there remains any undistributed portion of the Net Settlement Proceeds, it shall be disposed of pursuant to the instructions of Representative Plaintiffs' Counsel, with approval of the Court. Under no circumstances shall the Net Settlement Proceeds, or any portion thereof, be paid or otherwise revert to Google following the Effective Date of the Settlement.

i.    The computation of each Class Member's Distribution shall be made by Google or the Claims Administrator, and the data supporting such computation shall be supplied to the Claims Administrator. Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Class Members. No Person shall have any claim against Representative Plaintiffs' Counsel, the Claims Administrator or other agent designated by Representative Plaintiffs' Counsel, Google, or Google's Counsel based on the distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation, or further orders of the Court.

4.    If the proposed Settlement is approved by the Court, the Court will enter a final judgment (the "Judgment") which will:

a.    Dismiss the Litigation against Google with prejudice, and without costs;

b.    Adjudge that Representative Plaintiffs and each Class Member, except those members of the Class who have previously timely and validly requested exclusion from the

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

10

933304v4/010480

Class, shall be deemed conclusively to have released the Released Claims (as described above) against Google. Notwithstanding that Representative Plaintiffs or any Class Member may hereafter discover facts in addition to or different from those which Representative Plaintiffs and Class Members now know or believe to be true with respect to the Litigation and Released Claims or to the subject matter of the release, plaintiffs and each Class Member shall be deemed, upon the Effective Date of the Settlement, to fully, finally and forever settle and release any and all Released Claims as against Google;

   c. Bar and permanently enjoin Representative Plaintiffs and each Class Member, except those members of the Class who have timely and validly requested exclusion from the Class, from prosecuting any Released Claims against Google; and

   d. Reserve jurisdiction, without affecting the finality of the Judgment entered, over:

     (i) Implementation of the Settlement and any award or distribution of the Settlement Proceeds, including interest thereon;

     (ii) Disposition of the Settlement Proceeds;

     (iii) Hearing and determining Representative Plaintiffs' Counsel's applications for attorneys' fees, costs, interest, and expenses (including fees and costs of experts and consultants) and for an incentive compensation award for Representative Plaintiffs;

     (iv) Enforcing and administering the Settlement, including any releases given in connection therewith; and

     (v) Other matters related to the foregoing.

## VII. RIGHTS OF CLASS MEMBERS

The Court has certified this action to proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. If you are not a Reseller, you are a member of the Class if: you reside in the United States, have paid Google for advertising pursuant to Google's

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

11

933304v4/010480

AdWords program and either (a) became an AdWords advertiser between June 1, 2005 and February 28, 2009, inclusive, and were charged more than your per day Daily Budget on any day during that time period; or (b) paused your AdWords advertising campaign on any day during the period from January 1, 2002 to February 28, 2009, inclusive, and during the same billing period when your AdWords advertising campaign was paused, were charged more than the product of your per day Daily Budget times the number of days that your AdWords advertising campaign was not paused during that billing period. Class members have the following options:

A. If you wish to remain a member of the Class, you may share in the proceeds of the Settlement. Class Members will be represented by Representative Plaintiffs and Representative Plaintiffs' Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file an appearance on your behalf on or before _____July 14_____, 2009, and must serve copies of such appearance on the attorneys listed below.

B. If you do not wish to remain a member of the Class, you may exclude yourself from the Class by following the instructions below. Persons who exclude themselves from the Class will <u>NOT</u> receive any share of the Settlement Proceeds and will <u>NOT</u> be bound by the Settlement.

C. If you object to the Settlement, the Plan of Allocation, or to Representative Plaintiffs' Counsel's application for attorney's fees and expenses and for an incentive compensation award for Representative Plaintiffs, and if you do not exclude yourself from the Class, you may present your objections by following the instructions below.

## VIII. EXCLUSION FROM THE CLASS AND SETTLEMENT

Each member of the class shall be bound by all determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such person files a written request for exclusion by first-class mail so that it is actually received by the Claims Administrator on or before _____July 14, 2009_____. Your rights against Google will be affected by this Settlement.

To be effective, any request for exclusion from the Class must be in writing and must include

Ex. 1 to Proposed Order Certifying Settlem't Class and Granting Prelim. Approval of Class Action Settlem't

12

933304v4/010480

the name, email address, AdWords account number, and mailing address of the person seeking to opt out, the dates that the person was an AdWords Advertiser, and a statement that the person wishes to be excluded from the Class, and must be signed by or on behalf of the person so requesting exclusion and sent via first-class mail to:

*CLRB Hanson LLC et al. v. Google* Class Action Settlement
c/o Gilardi & Co., LLC
P.O. Box 990
Corte Madera, California 94976

## IX.  <u>SETTLEMENT HEARING</u>

At the Settlement Hearing, the Court will determine whether to finally approve this Settlement and dismiss the Action and the claims of Representative Plaintiffs and the Class.  The Settlement Hearing may be adjourned from time to time by the Court without further written notice to the Class.

At the Settlement Hearing, any Class member who has not filed a proper request for exclusion from the Class may appear in person or by counsel and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness and adequacy of the Settlement, the Plan of Distribution, or the application of Representative Plaintiffs' Counsel for an award of attorney's fees and expenses and for an incentive compensation award to Representative Plaintiffs, *provided, however,* that in no event shall any person or entity be heard in opposition to the Settlement, the Plan of Distribution, or Representative Plaintiffs' Counsel's application for attorney's fees and expenses and for an incentive compensation award to Representative Plaintiffs, and in no event shall any paper or brief submitted by any such person be accepted or considered by the Court, unless, the objection is filed with the Court and served on Representative Plaintiffs' Counsel and Google's Counsel so that it is received no later than    July 14, 2009    .  Any such objection shall include all briefs or other papers to be considered by the Court, and must include the name and address of the person and the dates that the person was an AdWords Advertiser, and must be served to Representative Plaintiffs Counsel at the following addresses:

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

13

933304v4/010480

LESTER L. LEVY
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022

RACHEL S. BLACK
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101

and upon counsel for Google:

DARALYN DURIE
Durie Tangri Lemley Roberts & Kent
332 Pine Street, Suite 200
San Francisco, CA 94104

and said objections, papers and briefs must be filed with the Clerk of the Court, showing due proof of service upon Representative Plaintiffs' Counsel and counsel for Google.

## X.    ATTORNEY'S FEES AND EXPENSES

At the Settlement Hearing, or at such other time as the Court may direct, Representative Plaintiffs' Counsel will apply to the Court for an award of attorney's fees from the Settlement Proceeds in an amount not exceeding $5,000,000, plus a proportionate share of the interest earned on the Settlement Proceeds, and for reimbursement of their costs and expenses, not to exceed $250,000; and for a incentive compensation award to the two Representative Plaintiffs, not to exceed $20,000 each. Representative Plaintiffs' Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering this Settlement and distributing the Settlement proceeds to the members of the Class.

## XI.    FURTHER INFORMATION

For a more detailed statement of the matters involved in this Action, reference is made to the pleadings, to the Settlement Agreement, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of California, San Jose Division, United States Courthouse, 280 South 1st Street, San Jose, California, 95113, during regular business hours.

ALL INQUIRIES CONCERNING THIS NOTICE OR THE PROOF OF CLAIM FORM BY

Ex. 1 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't

14

933304v4/010480

CLASS MEMBERS SHOULD BE MADE TO THE CLAIMS ADMINISTRATOR. PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.


Dated: _____, 2009        _____
                                           James W. Ware
                                           UNITED STATES DISTRICT JUDGE

Ex. 1 to Proposed Order Certifying Settlem't Class and          15
Granting Prelim. Approval of Class Action Settlem't

933304v4/010480

# EXHIBIT 2

CLRB HANSON INDUSTRIES, LLC d/b/a
INDUSTRIAL PRINTING, and HOWARD
STERN, on behalf of themselves and all others
similarly situated,

                Plaintiffs,

       vs.

GOOGLE, INC.,

               Defendant.

Case No. C 05-03649 JW PVT

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

**TO: ALL PERSONS OR ENTITIES RESIDING IN THE UNITED STATES WHO HAVE PAID GOOGLE FOR ADVERTISING PURSUANT TO GOOGLE'S ADWORDS PROGRAM WHO (A) BECAME ADWORDS ADVERTISERS BETWEEN JUNE 1, 2005 AND FEBRUARY 28, 2009, INCLUSIVE, AND WHO WERE CHARGED MORE THAN THEIR PER DAY DAILY BUDGET ON ANY DAY DURING THAT TIME PERIOD; OR (B) PAUSED THEIR ADWORDS ADVERTISING CAMPAIGNS ON ANY DAY DURING THE PERIOD FROM JANUARY 1, 2002 TO FEBRUARY 28, 2009, INCLUSIVE, AND DURING THE SAME BILLING PERIOD WHEN THEIR ADWORDS ADVERTISING CAMPAIGNS WERE PAUSED, WERE CHARGED MORE THAN THE PRODUCT OF THEIR PER DAY DAILY BUDGET TIMES THE NUMBER OF DAYS THAT SUCH CLASS MEMBERS' ADVERTISING CAMPAIGNS WERE NOT PAUSED DURING THAT BILLING PERIOD**

This Summary Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"), dated _____May_____, 2009. The purpose of this Notice is to inform you of the pendency of the above-entitled class action (the "Action") against Google Inc. and the proposed settlement that has been reached between plaintiffs and Google, pursuant to which a settlement fund in the amount of $20,000,000 has been established for the benefit of the Class. The proposed settlement resolves all

Ex. 2 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't
933903v4/010480

1

claims which were asserted or could have been asserted against Google in the Action.

A hearing ("Settlement Hearing") will be held by the Court on  September 14  , 2009, at 9:00 a.m., at the United States Courthouse, 280 South 1st Street, San Jose, California 95113.  The purpose of the Settlement Hearing will be, among other things, (1) to determine whether the proposed settlement is fair, reasonable and adequate to the Class and should be approved and, therefore, whether the Action should be dismissed on the merits and with prejudice, and (2) to consider the reasonableness of an application by plaintiffs' counsel for payment of attorney's fees and reimbursement of costs and expenses incurred in connection with the Action and for an incentive compensation award to Representative Plaintiffs.

If you are an AdWords customer who falls within the description of the Class described above and are not otherwise excluded from the Class, and do not file a written request for exclusion by first-class mail so that it is actually received by the Claims Administrator on or before July 12, 2009, you are a Class Member.  Your rights against Google will be affected by this Settlement.

Any request for exclusion from the Class must be in writing and must include the name, email address, AdWords account number, and mailing address of the person or entity requesting exclusion, the dates that the person or entity was an AdWords advertiser, and a statement that such person or entity wishes to request exclusion from the Class, and must be signed by or on behalf of the person or entity so requesting exclusion and sent to the Claims Administrator via first-class mail to:

*CLRB Hanson LLC et al. v. Google* Class Action Settlement
c/o Gilardi & Co., LLC
P.O. Box 990
Corte Madera, California 94976

Any member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause (1) why the proposed settlement should or should not be approved as fair, reasonable and adequate; (2) why a judgment should or should not be entered thereon; (3)

Ex. 2 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't
933903v4/010480                                                    2

why the proposed Plan of Allocation of the settlement proceeds should not be approved; or (4) why the fee and expense application of plaintiffs' counsel and incentive compensation award to Representative Plaintiffs should or should not be approved; <u>provided</u>, <u>however</u>, that no member of the Class shall be heard or entitled to contest the approval of the settlement, the fee and expense application, or the incentive compensation award unless on or before _____July 12_____, 2009, such Class Member has served by hand or by first-class mail written statements or objections and copies of all other papers upon Representative Plaintiffs' Counsel:

> LESTER L. LEVY
> WOLF POPPER LLP
> 845 Third Avenue
> New York, NY 10022
>
> RACHEL S. BLACK
> SUSMAN GODFREY L.L.P.
> 1201 Third Avenue, Suite 3800
> Seattle, WA 98101

and counsel for Google:

> DARALYN DURIE
> Durie Tangri Lemley Roberts & Kent
> 332 Pine Street, Suite 200
> San Francisco, CA 94104

and has filed said objections, papers and briefs, showing due proof of service upon the foregoing counsel with the Clerk of the Court.

PLEASE DO NOT CONTACT THE COURT
OR THE CLERK'S OFFICE FOR INFORMATION.

**This is only a summary notice. The full notice may be accessed at www.[name of website]**

Dated: _____, 2009      _____

James W. Ware
UNITED STATES DISTRICT JUDGE

Ex. 2 to Proposed Order Certifying Settlem't Class and
Granting Prelim. Approval of Class Action Settlem't            3
933903v4/010480