<div style="margin-left:2em">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB Hanson Industries, LLC, et al., | NO. C 05-03649 JW |
| Plaintiffs, | **AMENDED ORDER DENYING MOTION TO INTERVENE** |
| v. | |
| Google Inc., et al., | |
| Defendant. | |

Presently before the Court is a Motion to Intervene as Plaintiff Under Fed. R. Civ. P. 24, and Motion for Leave to File a Brief of Amicus Curiae. (hereafter, "Motion," Docket Item No. 322.) The Motion is brought by "Bernard Madoff d/b/a Jonathan Lee Riches" ("Movant"), who seeks to intervene pursuant to Rule 24(a)(2) and Rule 24(b). (Motion at 1.) The parties filed a timely joint opposition. (See Docket Item No. 323.)

Under Rule 24(a)(2), a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Rule 24(b), a court may permit anyone to intervene who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

Here, although Movant represents that he has a "common vested interest and . . . documents, emails, exhibits, and photographs related to this case," and that he is a "convicted computer hacker

with knowledge about Googles [sic] systems and hard drives," he does not state why such knowledge would be relevant to the class' settlement. (Motion at 1.) Further, Movant is not a member of the class certified in this case. (Declaration of Markham Sherwood ¶¶ 1-2, Docket Item No. 323.) Thus, Movant has failed to establish an interest relating to the property or transaction that is the subject of this action. Further, Movant fails to make an adequate showing that he has a conditional right to intervene pursuant to a federal statute, or that he has a claim that shares with a common question of law or fact with this action. Thus, the Court finds Movant has not established sufficient grounds for intervention under Rule 24.

Accordingly, the Court DENIES Movant's Motion to Intervene as Plaintiff and for Leave to File a Brief of Amicus Curiae.

Dated: June 19, 2009

                                                                          *James Ware*
JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adel A. Nadji anadji@audetlaw.com
Daniel Jeffrey Shih dshih@susmangodfrey.com
Daralyn J. Durie ddurie@durietangri.com
David T. Biderman dbiderman@perkinscoie.com
Farschad Farzan ffarzan@perkinscoie.com
Judith B. Gitterman gittj@perkinscoie.com
Lester L Levy llevy@wolfpopper.com
M. Christopher Jhang cjhang@perkinscoie.com
Marc M. Seltzer mseltzer@susmangodfrey.com
Michele Fried Raphael mraphael@wolfpopper.com
Rachel S. Black rblack@susmangodfrey.com
Ryan Marshall Kent rkent@durietangri.com
Stephen D. Susman ssusman@susmangodfrey.com
William M. Audet waudet@audetlaw.com

Bernard Madoff d/b/a Jonathan Lee Riches
1306 Ash Bridge Rd.
West Chester, PA 19380

**Dated:  June 19, 2009**                                  **Richard W. Wieking, Clerk**

                                                                         **By:      /s/ JW Chambers
                                                                                    Elizabeth Garcia
                                                                                    Courtroom Deputy**