Steve A. Miller (CA Bar No. 171815)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925

Attorney for Objector

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE, INC.<br><br>Defendant. | CASE NO: C 05-03649 JW PVT<br><br>OBJECTION TO PROPOSED SETTLEMENT<br>NOTICE OF APPEARANCE AND INTENT TO BE HEARD<br><br>Date:  July 14, 2009 |

Page 1

COMES NOW, Randy R. Lyons and Chase Thompson individually and d/b/a Etech, Digital Playroom, Inc. and Universal Pro Audio, LLC (collectively "Objector") by and through the undersigned attorney and files this Objection to the Proposed Settlement in this matter. In support thereof, Objector states as follows:

1.   Each Objector has regularly advertised on Google during the class period and each Objector believes that they either were charged (during the relevant class period) more than their per-day daily budget on one or more days during the relevant period and/or paused their Adwords advertising during the relevant period and were wrongfully charged during the period that their advertising campaign was paused. Each Objector believes they are identified as Class Members, but due to the complexity of the Class definition each Objector (or undersigned counsel) has emailed the Claims Administrator asking that the Claims Administrator confirm whether Defendant's records identify them as a Class Member. As of the date of filing this Objection, no reply has been received.

2.   The Proposed Settlement is intended to benefit all Class Members, consistent with Federal Rules of Civil Procedure and applicable law. Thus any such settlement must be a fair, adequate and reasonable to those Class Members.

3.   The Court has preliminarily approved an agreement between Defendant and class representatives to settle this matter (the "Proposed Settlement").

4.   Objector has become sufficiently acquainted with the Proposed Settlement and believes, as well as alleges, that the Proposed Settlement is not fair, adequate or reasonable, all of which criteria are legal standards to be applied by this Court in determining whether to approve the Proposed Settlement as presented to the Court by adverse litigating parties. It is the duty of this

Court to assure itself, the class and the public that the applicable and governing criteria material to the Proposed Settlement are present.

5. Objector, through undersigned counsel, now enters an appearance in this cause to participate in further proceedings in this Court and to prosecute this action to the end purpose that any a settlement or resolution proposed or approved by the Court is, in all respects, fair, adequate and reasonable.

6. On the basis of the information ascertained from the Proposed Settlement conditionally approved by the Court, your Objector alleges that the Settlement as proposed is not fair, adequate or reasonable due to the fact that it is apparent from the Notice and the Proposed Settlement that Defendants have available information sufficient to identify all Class Members and to compute with reasonable certainty the amount that each identified Class Member will ultimately receive based on the allocation formula. This is obvious due to the fact that the Defendant will provide this information to the Claims Administrator within ten (10) days after the Settlement is approved. If Class Members were provided this information in the Notice they would be able to ascertain what Defendant and Class Counsel already know, but have failed to disclose. The formula disclosed in the Notice is meaningless to Class Members because it is impossible to know the benefit that will be available to each Class member, without knowing the estimate of Class Member's individual overcharges and the total of Class Member's Total Overcharges (information which is acknowledged to be available but which is being hidden from Class Members). It is imperative to understanding whether a proposed Settlement is fair, adequate and reasonable that Class Members be able to ascertain what their actual benefit will be and how this relates to actual overcharges. One can assume, because this information is being kept from Class Members, that the $20,000,000 fund (which will be reduced by $5,000,000 for

attorneys' fees alone) represents mere pennies on the dollar. As a result of Class Counsel and Defendant's actions, not only is the Notice inadequate, but the Settlement can be presumed to be totally inadequate and unreasonable in light of the total overcharges, which is known to Class Counsel and Defendant, but which is being withheld from the Court and Class Members.

7. The parties have not given putative class members sufficient information regarding the terms of the settlement and have succeeded in making the settlement so opaque and complex as to not be fully understood.

8. Objector objects to the requested attorneys' fees as being excessive.

9. Objector objects to the requested representative fee as being excessive.

10. Objector adopts any other bona fide Objections by other Class Members. For all the foregoing reasons, Objector respectfully submits that the terms of the Proposed Settlement are insufficient, unfair, unjust, unreasonable and inadequate to the absent Class Members.

**WHEREFORE**, having demonstrated the unfairness, inadequacy and unreasonableness of the Proposed Settlement, Objector requests appropriate general relief as follows:

(a.) That the Court not approve the Settlement as proposed.

(b.) That the Court not award the attorneys' fees as requested.

(c.) That the Court not grant the payments to class representatives.

(d) That the Court enters such other further Orders as may be necessary and just, to effect substantial justice in this cause between the parties and the absent Class Members.

## NOTICE OF APPEARANCE AND INTENT TO BE HEARD

1. Notice is hereby given that the undersigned counsel for Objector intends to appear on behalf of said Class Member/Objector at the Fairness Hearing scheduled on July 14, 2009 and requests to be heard. Any presentation will take no longer than 30 minutes.

2. For purposes of this proceeding said Class Member/Objector's address, phone number and contact information should be c/o undersigned counsel.

Respectfully submitted,

*/s/ Steve A. Miller*
Steve A. Miller (CA Bar No. 171815)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2009, I have forwarded a true and correct copy of the foregoing Objection and Notice of Intent to Appear via regular US mail delivery as shown below, to the following:

Clerk of the Court
United States District Court, Northern District of California
San Jose Division
United States Courthouse
280 South 1st Street
San Jose, CA 95113

Plaintiff's Counsel:
Lester L. Levy
Wolf Popper, LLP
845 Third Avenue
New York, NY 10022


Rachel S. Black
Susman Godfrey, LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101

Google Counsel:
Daralyn Durie
Durie Tangri Lemley Roberts & Kent
332 Pine Street, Suite 200
San Francisco, CA 94104

_____
Steve A. Miller