1  | **Alan Sherwoood, Esq.**
2  | **CA Bar No.118330**
3  | **2356 Alum Rock Ave.**
   | **San Jose, CA 95116**
4  | **PH: 408-929-3635**
   | **FX:510-903-1773**
5

6  |              **UNITED STATES DISTRICT COURT**
7  |            **NORTHERN DISTRICT OF CALIFORNIA**
   |                  **SAN JOSE DIVISION**
8

9

10 | CLRB HANSON INDUSTRIES, LLV d/b/a/ INDUSTRIAL
   | PRINTING, and HOWARD STERN,
11 | on behalf of themselves and all others similarly situated      Case No. C 05-03649 JW PVT

12 |                                              Plaintiffs,

13

14 |                      vs.

15 | GOOGLE, INC.,

16 |                Defendant

17

18 |        **PRELIMINARY OBJECTIONS TO PROPOSED SETTLEMENT**
19 |        **AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING**

20 |        COMES NOW, Objector Matthew Weiss, by and through his undersigned counsel of

21 | record, and hereby files these Preliminary Objections to the Proposed Settlement in the above

22 | style cause and in support there of, states as follows:

23 |                      **PROOF OF CLASS MEMBERSHIP**

24

25 |        Objector Matthew Weiss, Adwords Account Number/Customer I.D. Number 338-806-

26 | 2094, whose address is 419 Park Avenue South, 2nd Floor, New York, NY10016,

27

28 |                              -1-

-1-

PRELIMINARY OBJECTIONS TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING

(Mjweiss@weissandassociatespc.com) is a person or entity residing in the United States, who has paid Google for advertising pursuant to Google's Adwords Program who, (A) became Adwords Advertisers between June 1, 2005 and February 28, 2009, inclusive, and who was charged more than his per day Daily Budget on any day during that time period; and (B) paused his Adwords Advertising Campaign on any day during the period from January 1, 2002 to February 28, 2009, inclusive, and during the same billing period when his Adwords Advertising Campaigns was paused, was charged more than the product of his per day Daily Budget times the number of days that Objector WEISS' Advertising Campaign was not paused during that billing period.  And, Objector WEISS received the "Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing."

### NOTICE OF INTENT TO APPEAR

Objector WEISS hereby gives notice he intends to appear, by undersigned counsel, at the Fairness Hearing that is presently scheduled to be held in this matter on Monday, September 14th, 2009 at 9:00am, at the United States Courthouse, 280 South 1st Street, in San Jose, California, before the Honorable James W. Ware, District Judge, to cross-examine witnesses, and, to present legal argument.  At this time, Objector WEISS does not intend to offer documents into evidence or to call witnesses.

PRELIMINARY OBJECTIONS TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING

## PRELIMINARY OBJECTIONS

The proposed Settlement for Adwords Advertisers is unfair, inadequate and unreasonable for the following reasons:

1.  Ninety-nine percent (99%) of Google's revenue is derived from its advertising programs. (Google Annual Report, Feb. 15, 2008)  For the 2006 fiscal year, the company reported $10.492 Billion in total advertising revenues (Form 10-K. EDGAR. SEC).

2.  Before this Court can ultimately approve this proposed Settlement on behalf of Google AdWords Web Advertisers, it must make finds with regard to "(1) Plaintiffs likelihood of success at trial; (2) the range of possible recoveries by the settlement class if this matter were tried; (3) the point within or below the range of possible recoveries at which the $20 million settlement is still fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and the stage of proceedings at which the settlement was achieved .

3.  At this time it is not known by Objector WEISS, or any other Class Member, what would be the Plaintiff Class' likelihood of success at trial. Even a thorough examination of the case file in and of itself would not allow a Class Member to estimate plaintiffs' likelihood of success on the three remaining counts in this class action.

4.  In any class action, it is imperative for class counsel to estimate and for the proposed Settlement and the Notice to disclose, the range of possible recoveries.

5.  It is impossible for a Class Member to knowingly and intelligently decide whether to remain in this Class or opt-out and without knowing both the range of possible recovery and the point at or below the range of possible recovery that the proposed Settlement represents.

-3-

6.       Therefore, it is impossible for Objector WEISS (or this Court) to decide whether this proposed Settlement is fair, reasonable and adequate. Until this variable is known and disclosed to the Court and the Class Members, no determination as to the reasonableness of this proposed Settlement can be made.

**7.**       It may very well turn out that once this variable is disclosed, that this Court, might so find that the proposed Settlement is not fair to the Class. Presently it appears to be leaning in favor of the Defendant rather than the Class.

8.       Neither the proposed Settlement nor the Notice contains any disclosure with regard to the size of the class (How many Class Members does it take to earn $10.492 Billion dollars in advertising?).

9.       Neither the proposed Settlement nor the Notice contains any disclosure with regard to the number of overcharges per Class Member during the class period.

10.      Neither the proposed Settlement nor the Notice contains any disclosure with regard to the average cumulative value of each Class Members overcharges.

11.      Neither the proposed Settlement nor the Notice contains any disclosure with regard to the total amount of damages class counsel estimates are due to the Class.

12.      Neither the proposed Settlement nor the Notice contains any disclosure with regard to what percentage of the estimated damages suffered by the class the $20,000,000.00 proposed Settlement reflects.

13.      If 20,000,000 persons and entities are Class Members, each person would expect a dollar from the settlement; before paying attorney fees, incentive awards and costs.

-4-

14. If each of the 20 million persons or entities had been overcharged an average of $250, the damage to the class would be $5 Billion; and a 10 percent chance of success would be than worth $500 million.

15. The total failure of the proposed Settlement and Notice to provide the foregoing information precludes due diligence by Class Members, who have no basis for making an informed judgment regarding opting out, objecting, or standing pat.

16. The Notice states that any objections to the proposed Settlement or to class counsel's request for attorney's fees must be filed by July 14, 2009.

17. However, the Notice does not contain any information that supports a fee award, only that class counsel will apply for a fee of up to $5,000,000.00 (25% of the proposed Settlement). Therefore, the Notice fails to convey the basis for class counsel's fee, in violation of Rule 23(h).

18. Pursuant to Rule 23(h), the proposed Settlement should have required that class counsel file their initial motion for fees prior to the Notice being prepared so that the fee information could have been included in the Notice.

## CONCLUSION

19. Objector WEISS intends to attend and argue at the Fairness Hearing, through counsel. Counsel anticipate requiring approximately thirty (30) minutes to present the foregoing objections and be otherwise heard. In addition to the Objections set forth herein, Objector WEISS reserves the right to adopt and advance any other objections made by other Class Members to the proposed Class Settlement herein and/or which subsequently become apparent and are advanced during or after the Fairness Hearing herein that are not inconsistent with his foregoing stated objections.

20.     Objector WEISS, through counsel, may present his own affidavit at the fairness hearing. Additionally, counsel may present documents which others or counsel may have obtained by discovery conducted so far or permitted by the Court here after, and other evidence through cross-examination of witnesses at the Fairness Hearing. Objector WEISS specifically reserves his right to conduct discovery regarding his objections, and to rely upon the documents and witnesses, whether live, by deposition, or by affidavit, introduced by any party hereto, or any other objector or intervener herein, to support his objections.

WHEREFORE, Objector WEISS requests the following relief from this Court:

That the objections asserted herein be sustained;

A.     That, after hearing, the Court enter such Orders as are necessary and just, to address the objections contained herein;

B.     That the Court deny final approval of the proposed class action settlement;

C.     That the Court deny Class Counsel's request for an Award of Attorney's Fees, Reimbursement of Expenses, and Incentive Payments;

D.     That the Court permit Objector WEISS, through counsel, to have both deposition and document discovery on all issues raised by these Objections; and,

E.     That, if the proposed Settlement is not modified to eliminate the unfairness, inadequacy, and unreasonableness asserted by these Objections, the Court order this case to proceed on good faith prosecution of the case.

Respectfully submitted,

/s/ Alan J. Sherwood
Alan J. Sherwood, State Bar #118330
LAW OFFICE OF ALAN J. SHERWOOD
1300 Clay Street, Suite 600
Oakland, CA 93612
Telephone:      510-409-6199
Facsimile:      510-903-1773

PRELIMINARY OBJECTIONS TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING

**PROOF OF SERVICE**
STATE OF FLORIDA, COUNTY OF ALACHUA

I am employed in the County of Alachua, State of Florida; my business address is 115 NE 6th Avenue, Gainesville, FL 32601.  I am over the age of 18 and not a party to the within action. On this 14th day of July, 2009, I served the following document on all parties by electronic filing by providing the document listed above electronically through the Court's electronic filing service provider pursuant to the instructions on that website.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on this 14th day of July, 2009, at Gainesville, Florida.


/s/ Janet K. Wood
Janet K. Wood

PRELIMINARY OBJECTIONS TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR AT FAIRNESS HEARING