LESTER L. LEVY (Admitted *Pro Hac Vice*)
MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093
E-Mail: llevy@wolfpopper.com
E-Mail: mraphael@wolfpopper.com

MARC M. SELTZER (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
E-Mail: mseltzer@susmangodfrey.com

Attorneys for Plaintiffs
(See Signature Page for Additional
Plaintiffs' Counsel)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. C 05-03649 JW PVT<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL OBJECTOR DEPOSITIONS**<br><br>Hearing: Tuesday, September 8, 2009<br>Time: 10:00 am<br>Dept.: Courtroom 5<br>Judge: Honorable Patricia V. Trumbull |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on September 8, 2009, at 10:00 am, or soon thereafter as the matter may be heard, in Courtroom 5 of the United States District Court for the Northern District of California, San Jose Division, CLRB Hanson Industries, LLC, and Howard Stern ("Plaintiffs") will, and hereby do, move the Court for an order compelling Randy R. Lyons and Chase Thompson

1
**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL OBJECTOR DEPOSITIONS**
Case No. C 05-03649 JW
962413v1/010480

individually and Etech Digital Playroom, Inc. and Universal Pro Audio, LLC, to attend depositions to be taken by Plaintiffs. This motion is based on this Notice of Motion, Motion and Memorandum in support thereof; the Declaration of Daniel Shih in support thereof, filed concurrently herewith; and all exhibits thereto. Plaintiffs expect to file a separate motion to shorten time to permit this motion to be heard on August 11, 2009, so as to allow the depositions to occur prior to the filing of a motion for final approval of the settlement of this action on August 24, 2009, and the settlement hearing on September 14, 2009.

Plaintiffs respectfully move this Court for an order compelling Randy R. Lyons and Chase Thompson individually and Etech Digital Playroom, Inc. and Universal Pro Audio, LLC (collectively, "Objectors"), to attend depositions to be taken by Plaintiffs. Defendant Google, Inc., does not object to this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

On May 12, 2009, the Court granted preliminary approval of the settlement in this matter between Plaintiffs, of behalf of themselves and the class, and defendant Google, Inc. (Docket No. 319.) The Court's order required any objections to be filed by July 14, 2009. (*Id.* at 13.) Such filing "must include the name and address of the person and the dates that the person was an AdWords Advertiser." (*Id.*)

Steve A. Miller, purporting to be an attorney representing "Randy R. Lyons and Chase Thompson individually and d/b/a Etech Digital Playroom, Inc. and Universal Pro Audio, LLC," filed an "Objection to Proposed Settlement" dated July 14, 2009. (Docket No. 326.) The filing failed to include the address of a single one of the supposedly objecting persons (Randy R. Lyons, Chase Thompson, Etech Digital Playroom, Inc., and Universal Pro Audio, LLC) and failed to identify the dates that any of them was an AdWords Advertiser. (*Id.*) The filing also contains numerous

2

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL OBJECTOR DEPOSITIONS**
Case No. C 05-03649 JW
962413v1/010480

conclusory allegations, devoid of substantiation, as supposed grounds for objecting. For example, the filing claims that "the Proposed Settlement is not fair, adequate or reasonable" without stating any basis for such alleged actual unfairness, inadequacy, or unreasonableness. (*Id.* ¶ 4.) The filing also objects to "the requested attorneys' fees as being excessive" and "the requested representative fee as being excessive," again without stating any basis for such conclusions. (*Id.* ¶¶ 8, 9.)

In light of the deficiencies in Objectors' filing, Plaintiffs sought to depose Objectors to ascertain their reasons for objecting and to understand the basis for their claim to have standing to object as members of the class. On July 17, 2009, Plaintiffs served notice of these depositions upon Objectors' attorney. (Shih Decl. Ex. A.) The notice called for the depositions to take place in Denver, Colorado, where Objectors' filing indicated Mr. Miller was located, because the filing failed to identify any address for Objectors (despite the Court's order requiring this information). Plaintiffs' correspondence noted the deficiencies in Objector's filing.[1] (*Id.*)

On July 20, 2009, Rachel Black, counsel for Plaintiffs, spoke with Objectors' attorney by phone and asked him to provide alternative dates if the noticed dates were not acceptable to Objectors. (Shih Decl. Ex. B.) He refused to provide any acceptable dates. (*Id.*) He did, however, eventually provide addresses for Lyons and Thompson; accordingly, on July 23, 2009, Plaintiffs served upon Objectors' attorney an amended notice of deposition. (Shih Decl. Ex. C.) The notice called for Lyons and Thompson to appear for depositions on August 5, 2009, at 10:00 a.m. and at 1:30 p.m., respectively, in Birmingham, Alabama, near where Lyons and Thompson are located. (Shih Decl. Ex. D.) Out of an abundance of caution, Plaintiffs also served upon Objectors' attorney subpoenas with the appropriate witness fees. (Shih Decl. Ex. C)

---

[1] Plaintiffs consider Objectors' failure to provide the information required by the Court's order of May 12, 2009, by the Court-imposed deadline to be fatal to the objection, regardless whether Objectors provide the information at a later date.

By letter on July 30, 2009, Objectors' attorney accused Plaintiffs of attempting to intimidate Objectors and refused to present Objectors for any depositions without a court order authorizing such discovery. (Shih Decl. Ex. E.[2]) He failed to identify any authority suggesting why a court order should be necessary to obligate Objectors to attend duly noticed depositions. (*Id.*) By email on August 3, 2009, Mr. Miller reiterated Objectors' refusal to attend the depositions. (Shih Decl. Ex. F.) Accordingly, Plaintiffs withdrew the notices and now seek the assistance of the Court. (*Id.*)

## II.   ARGUMENT

"A party may, by oral questions, depose any person, including a party, without leave of court," except in certain circumstances not at issue here. FED. R. CIV. P. 30(a)(1) (emphasis added). The parties to a class action settlement often seek discovery from objectors when useful to understand why the objectors are objecting. *See, e.g.*, *Warren v. City of Tampa*, 693 F. Supp. 1051, 1060 (M.D. Fla. 1988) (noting that depositions of objectors had occurred "to determine the basis of the objections").

Objectors' attorney contends that a court order is necessary to seek discovery from objectors. But he has not identified any authority for this proposition on which Objectors base their refusal to attend duly noticed depositions, and Plaintiffs are not aware of any.

Nor is there any reason why depositions of Objectors should be disallowed in this case. Plaintiffs have made every effort to schedule depositions at a place and time convenient for Objectors. Although Plaintiffs initially noticed depositions in the city where Objectors' attorney is located (the attorney's address being the only one to be found in Objectors' filing), Plaintiffs re-noticed the depositions to take place where Lyons and Thompson are located once Objectors provided that information. Plaintiffs also have repeatedly asked Objectors to provide acceptable dates in an effort to accommodate their schedules.

---

[2] Plaintiffs disagree with Mr. Miller's statements and description of events in the letter.

4
**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL OBJECTOR DEPOSITIONS**
Case No. C 05-03649 JW
962413v1/010480

Nor can requiring Objectors to provide deposition testimony be considered unduly burdensome. As the notices Plaintiffs served made clear, Plaintiffs intend the depositions to be relatively short. Indeed, the depositions of Lyons and Thompson were scheduled to begin mid-morning and mid-afternoon, respectively, on the same day. In addition, Plaintiffs have tendered the appropriate statutory witness fees to compensate Lyons and Thompson for their time.

This matter warrants the immediate attention of the Court because the parties to the settlement are to file a motion for final approval of the settlement by August 24, 2009, and the settlement hearing is scheduled for September 14, 2009. (Docket No. 319.) If that motion is to properly address Objectors' concerns, Objectors' depositions must occur substantially in advance of those dates. In light of this urgency and Objectors' refusal to be deposed without a court order, the Court should require each of the four Objectors to attend depositions to be scheduled on short notice.

### III. CONCLUSION

For the foregoing reasons, the Court should order Objectors to attend depositions on dates to be determined in consultation with Plaintiffs and defendant Google, Inc., such depositions to take place within one week of the Court's order granting this motion.

Dated: August 4, 2009.  Respectfully submitted,

LESTER L. LEVY (Admitted *Pro Hac Vice*)
MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
WOLF POPPER LLP

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

STEPHEN D. SUSMAN (Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
E-Mail: ssusman@susmangodfrey.com

RACHEL S. BLACK (Admitted *Pro Hac Vice*)
DANIEL J. SHIH (Admitted *Pro Hac Vice*)
SUSMAN GODFREY L.L.P.

```
1201 Third Avenue, Suite 3800
Seattle, WA  98101
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
E-Mail:  rblack@susmangodfrey.com
E-Mail:  dshih@susmangodfrey.com

WILLIAM M. AUDET (117456)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA  94105-1938
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
E-Mail:  waudet@audetlaw.com


By /s/ Daniel J. Shih
Daniel J. Shih

Attorneys for Plaintiffs
```

## CERTIFICATE OF SERVICE

I hereby certify that, on the date written above, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to all CM/ECF participants.

I further certify that a true and correct copy of this document was sent via U.S. first-class mail, postage pre-paid, to all non-CM/ECF participants.

/s/ Daniel J. Shih
Daniel J. Shih