# EXHIBIT E

LAW OFFICES
**STEVE A. MILLER, P.C.**
THE BARCLAY, NO. 2905
1625 LARIMER STREET
DENVER, COLORADO 80202-1539

TELEPHONE
(303) 892-9933

FACSIMILE
(303) 892-8925

July 30, 2009

Rachel Black, Esq.
Susman Godfrey, LLP
1201 Third Ave., Suite 3800
Seattle, WA 98101-3000

     RE:    CLRB Hanson Industries, LLC et al., v. Google, Inc.
             U.S.D.C., Northern District of California Case No. 05-03649

Dear Rachel:

     I believe that it is necessary to summarize the history of what has gone on with regard to your attempts to harass and intimidate my clients for asserting their legal right under F.R.C.P 23 by objecting in this matter. Within days after the objection was filed, without any attempt to contact me, you attempted to blindside me and my clients by issuing subpoenas for depositions purportedly to be held 10 days later. Not only did this violate local rules regarding the necessity of meeting and conferring before issuing notices, it violates settled law that unnamed class members are not to be subject to discovery without first seeking leave of court [See, Practice Guide: Federal Civil Procedure, Before Trial, National Edition, Para. 10:749 – 10:754]. The law is clear that because discovery from class members who object has such a potential for harassment and intimidation that the usual burden of proving whether discovery is appropriate or inappropriate, is shifted to the party seeking discovery when unnamed class members are involved. This rationale is even more obvious considering that class counsel is supposed to represent the interests of all class members including unnamed class members.

     During the same period of time that these harassing techniques were being utilized, class counsel also had inappropriate contact with a client of mine who was involved in another matter. As I stated in my last email, my client has informed me that even after she advised the caller that she was represented, and to call her lawyer, the questioning continued. This is in complete violation of every state's ethical standards.

     Subsequent to reaching an agreement that you would not continue to attempt to take the depositions for which you initially issued the notice and subpoena, and after our communications regarding the inappropriateness of your actions, while in discussion regarding the possibility of agreeing to mutual discovery you issued new subpoenas/notices for August 5th – another date that had not been discussed or agreed to.

     We then had communications regarding the possibility of class counsel putting up its chief negotiator for a deposition and I advised you that if an agreement could be reached that any discovery would be allowed, between my schedule and my clients' schedules the earliest available date was August 17th. You insisted that there was no way you would consider a date beyond August 13th and you indicated you had no idea as to the availability of the chief negotiator for class counsel. It appeared obvious to me that there was no genuine cooperation with regard to the deposition of the negotiator.

Rachel Black
July 30, 2009
Page 2

      One aspect you continually seem to overlook is that class counsel represents all class members including those that exercised their legal right to object. As I advised you in my last email, while it is clear that generally class counsel can continue to represent the class despite the conflict that is created by certain of class counsel's clients electing to object to the settlement, class counsel can be conflicted out of representation of the class if class counsel's actions create such actual prejudice to objectors that continued representation of the class is improper [See, Practice Guide: Para. 10:811.5]. Your actions in pressing for this unnecessary discovery, and as I now understand, your attempts to similarly intimidate the only other represented objector through subpoenas and discovery, shows that class counsel's goal is to attempt to force objectors to withdraw from the case. In fact, your firm's first written communication with me clearly indicates an attempt to eliminate objectors who are exercising their legal right to object. In short, there is only one legitimate question of objectors and that is whether they are in fact members of the class. That question has been answered in the affirmative by the claims administrator.

      On the other hand, class members generally have a right to discovery to determine the fairness of the proposed settlement [See, Federal Practice Guide: 10:848].

      While reserving all of my clients' rights, in the event you are able to convince the court that such unusual circumstances exist that discovery should be allowed by class counsel from unnamed class members who object, I will make my clients available for deposition, along with my taking the deposition of class counsel's chief negotiator, at mutually agreeable dates. You should be aware, however, I believe the law is clear that it is incumbent upon class counsel to seek and obtain permission for discovery (which is generally required to be in the least burdensome manner possible – i.e. interrogatories) and I will take any and all actions necessary to protect my clients' interests and advise the court of the overreaching that has occurred to date.

      Given class counsel's obligation to get court permission for my clients' depositions, and given that my clients and I are not available on August 5th, I assume that your subpoenas will be withdrawn with regard to August 5th depositions which were not agreed to. Please email your withdrawal of the August 5th subpoenas by noon, Friday, July 31st .

      Sincerely,

      STEVE A. MILLER, P.C.

      /s/ Steve A. Miller

      Steve A. Miller