FILED

AUG 10 2009

CLER...
NORTHER...
SAN JOSE, CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES dba INDUSTRIAL PRINTING, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.,<br><br>    Defendant. | Case No.: C 05-3649 JW PVT<br><br>**ORDER** DENYING MOTION TO COMPEL OBJECTOR DEPOSITIONS; AND FINDING MOTION TO SHORTEN TIME MOOT |

On August 4, 2009, Named Plaintiffs filed a Motion to Compel Objector Depositions. Having reviewed the papers submitted by Named Plaintiffs, the court finds it appropriate to issue this order without further briefing or oral argument. Based on the moving papers and the file herein,

IT IS HEREBY ORDERED that Named Plaintiffs' motion is DENIED. Discovery in this matter closed on March 2, 2009. Pursuant to this court's Civil Local Rule 26-2, all depositions must be concluded by the discovery cut-off date, and any motion to compel must be filed with seven days court days after the discovery cut-off. Named Plaintiffs neither sought, nor obtained, relief from the discovery cut-off before serving notices on July 17, 2009 for the depositions at issue in this motion. Moreover, the purported reason for the depositions–to find out the objectors' reasons for objecting to the proposed settlement–does not appear to be within the scope of discovery. *See* Fed.R.Civ.Pro. 26(b)(1). The one case Named Plaintiffs cite as authority for allowing these depositions did not

ORDER, *page 1*

address whether such depositions may be compelled under the Federal Rules of Civil Procedure. *See Warren v. City of Tampa*, 693 F.Supp. 1051, 1060 (merely noting that counsel for the parties *had* deposed the objectors, without addressing the propriety of such depositions).[1]

IT IS FURTHER ORDERED that this order is without prejudice to Named Plaintiffs moving for relief from the discovery cut-off if they can show that the depositions are authorized under the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Named Plaintiffs' motion to shorten time is deemed MOOT in light of this order.[2]

Dated: 8/10/09

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1]   Parties are, of course, free to agree to depositions that are not otherwise authorized by the Federal Rules of Civil Procedure. Absent such an agreement, the party seeking to compel such depositions must show that the court has authority to order an individual to appear for deposition.

[2]   The court notes the motion to shorten time was defective in any event, as Named Plaintiffs failed to serve the motion on the objectors' attorney.