LESTER L. LEVY (Admitted *Pro Hac Vice*)
MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
WOLF POPPER LLP
845 Third Avenue
New York, NY  10022
Telephone:  (212) 759-4600
Facsimile:  (212) 486-2093
E-Mail:  llevy@wolfpopper.com
E-Mail:  mraphael@wolfpopper.com

MARC M. SELTZER (54534)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
E-Mail:  mseltzer@susmangodfrey.com

Attorneys for Plaintiffs
(See Signature Page for Additional
Representative Plaintiffs' Counsel)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>     vs.<br><br>GOOGLE, INC.,<br><br>               Defendant. | Case No. C 05-03649 JW PVT<br><br>**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**<br><br>Date: September 14, 2009<br>Time: 9:00 a.m.<br>Place: Courtroom 8 |

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

## TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT ............................................................................ 1

II.    BACKGROUND ............................................................................................... 2

     A.     Procedural and Factual Background of the Litigation ................................ 2

     B.     The Settlement Agreement ........................................................................ 5

     C.     Release ..................................................................................................... 6

     D.     Notice to the Class ................................................................................... 6

     E.     Exclusion from the Class .......................................................................... 7

     F.     Class Member Objections ......................................................................... 7

     G.     Claims Administration ............................................................................. 8

     H.     Continued Jurisdiction ............................................................................. 8

III.   THE OBJECTIONS TO THE PROPOSED SETTLEMENT SHOULD BE
OVERRULED. ................................................................................................... 8

     A.     The Weiss Objection Should Be Overruled. .............................................. 9

     B.     The Lyons and Thompson Objection Should Be Overruled ...................... 13

     C.     The Jenkins Objection Should Be Overruled ........................................... 15

     D.     Tootle's Objection Should Be Overruled. ................................................ 15

IV.   CONCLUSION ............................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Gould v. Alleco, Inc.*, 883 F.2d 281 (4th Cir. 1989) ............................................................................9

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140 (8th Cir. 1999) ................................................. 12, 14, 15

**Rules**

Fed. R. Civ. P. 23 ...........................................................................................................................11

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

## I.   SUMMARY OF ARGUMENT

Plaintiffs respectfully submit this memorandum in response to (1) the Preliminary Objections to Proposed Settlement and Notice to Appear at Fairness Hearing, filed by Matthew Weiss (Docket Item No. 329; *see also* Docket Item No. 335); (2) Objection to Proposed Settlement, Notice of Appearance and Intent to Be Heard, filed by Randy R. Lyons and Chase Thompson (Docket Item No. 326); (3) the objection letter dated July 13, 2009, filed by Forrest Jenkins (Docket Item No. 331); and (4) the Objection and Demand to Include Harry Tootle as Additional Representative Plaintiff and to Award Compensation to Same (Docket Item No. 330) (collectively, the "Objections").  Plaintiffs' response is supported also by Plaintiffs' Motion for Final Approval of Class Action Certification and Settlement, filed concurrently herewith ("Motion for Final Approval"), and Plaintiffs' Motion for Award of Attorneys' Fees and Class Representative Incentive Compensation Awards, also filed concurrently herewith, along with the supporting declarations of Rachel S. Black, Lester L. Levy, and Markham Sherwood, also filed concurrently herewith.  Representative Plaintiffs' Counsel firmly believe that the Settlement, the attorneys' fee and expense application, and the requested incentive compensation awards are fair and reasonable, and each has been approved by the Representative Plaintiffs.

Plaintiffs submit that the Objections should be overruled because none of the objectors included the required proof demonstrating that each objector was an AdWords Advertiser and none raise a meaningful objection to the settlement terms, the requested award for attorneys' fees and costs, or the requested incentive compensation award.  As set forth in Plaintiffs' Memorandum in support of its Motion for Final Approval, Representative Plaintiffs' Counsel recommend that the Settlement be approved by this Court because the Settlement, which will result in substantial benefit to the Class, is fair, reasonable and adequate and is the result of extensive arm's-length negotiations that took place over a period of nearly three months in a case that was intensely litigated for three and one-half years.

Representative Plaintiffs' Counsel also submit that their request for an attorneys' fee award of $5 million (plus accrued interest) plus actual expenses of $147,599.50 is also fair and reasonable under the applicable legal standards and in light of the significant risks faced and the excellent result

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

achieved.  The fee requested is more than fair and reasonable when considered under the applicable standards and is well within the normal range of awards made in contingent fee matters of this type, particularly in view of the outstanding result achieved, the quality of the work performed, and the considerable risks attendant in bringing and pursuing this litigation.

Finally, Representative Plaintiffs' Counsel submit that the Court should overrule the objections to their request for an incentive compensation award of $20,000 to each of the two Representative Plaintiffs.  The requested incentive compensation award is also fair and reasonable and is intended to compensate the Representative Plaintiffs for their efforts supporting this litigation since the inception of the case in 2005, which included producing numerous documents, responding to numerous interrogatories and requests for admission, and testifying at deposition, and for undertaking the risk that their efforts would not produce a successful result.

## II.   BACKGROUND

For the Court's convenience, copied below is the Background set forth in Plaintiffs' accompanying Memorandum in support of their Motion for Final Approval.

### A.    Procedural and Factual Background of the Litigation

Plaintiffs filed their original Class Action Complaint on August 3, 2005, in the Superior Court of the State of California, County of Santa Clara, alleging causes of action against Google for unfair competition, breach of contract, negligent misrepresentation, unjust enrichment, constructive trust, breach of the implied covenant of good faith and fair dealing, fraud, and injunctive and declaratory relief.  (*See* Docket Item No. 1, Ex. A.)  In preparation for filing the complaint, Representative Plaintiffs' Counsel conducted an extensive factual investigation, including discussions with AdWords Advertisers, reviewing numerous AdWords account records, and reviewing AdWords account agreements, tutorials, and other public materials concerning the AdWords program.  Declaration of Lester L. Levy in Support of Plaintiffs' Motion for Final Approval of Class Action Certification and Settlement, Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Class Representative Incentive Compensation Award, and Plaintiffs' Response to Class Member Objections ("Levy Decl.") ¶¶ 4, 6 (filed concurrently herewith).  Representative Plaintiffs' Counsel also conducted an extensive

2

legal investigation into the causes of action most appropriate based on their factual investigation and the potential defenses that Google might assert. *Id.*

On September 12, 2005, Google removed the action from the Superior Court to this Court. (Docket Item No. 1.) After Google filed its first motion to dismiss (*see* Docket Item No. 14), Plaintiffs filed a First Amended Class Action Complaint alleging claims for breach of contract; breach of implied covenant of good faith and fair dealing; unfair competition under the Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et seq.*; false advertising under the False Advertising Law ("FAL"), CAL. BUS. & PROF. CODE § 17500, *et seq.*; and unjust enrichment. (Docket Item No. 18.) On January 3, 2006, Google filed a motion to dismiss Plaintiffs' unjust enrichment claim. (Docket Item No. 30.) Plaintiffs opposed the motion in briefs filed on February 2, 2006. (Docket Item Nos. 34, 35.) On April 12, 2006, the Court granted Google's motion to dismiss while granting Plaintiffs leave to amend. (Docket Item No. 46.)

On May 4, 2006, Plaintiffs filed their Second Amended Class Action Complaint ("SAC"), the operative complaint in this matter. (Docket Item No. 47.) The SAC alleges five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) UCL; (4) FAL; and (5) unjust enrichment. (*Id.*) The SAC seeks damages, restitution, and injunctive relief to remedy Google's practices of (1) charging its AdWords advertisers up to 120% of their per day Daily Budget on any given day (the "120% claims") and (2) charging AdWords customers who paused their campaigns more than their per day Daily Budget times the number of days their campaigns were not paused during the billing period (the "pausing claims").

Google moved unsuccessfully to dismiss Plaintiffs' UCL claim as alleged in the SAC. (Docket Item No. 52.) Google subsequently filed three separate motions for partial summary judgment. (Docket Item Nos. 85, 202, 234). The Court dismissed with prejudice Plaintiffs' second and fifth causes of action for breach of the implied covenant of good faith and fair dealing and unjust enrichment. Google also successfully argued that its practice of charging AdWords Advertisers up to 120% of their Daily Budget on any given day does not, in and of itself, constitute breach of contract. The Court held that triable issues of fact existed as to whether Google's practice of charging up to

3

120% of an AdWords Advertiser's per day Daily Budget violates the UCL and FAL and whether Google's pre-September 2006 pausing practices constitute a breach of contract.[1]

During the hearing on its most recent motion for summary judgment, Google represented to the Court that it would be filing yet another motion for summary judgment to dismiss Plaintiffs' 120% claims under the UCL and FAL.  (*See* Docket Item No. 295.)  Google indicated that it had newly discovered evidence proving that Google had disclosed to potential advertisers during the AdWords sign-up process that it may charge AdWords customers up to 120% of their per day Daily Budget on any day in order to make up for underdelivery of ads on any other day during that same billing period. Google provided Plaintiffs with copies of the purported AdWords sign-up screens, which contained disclosures that raised issues as to Plaintiffs' ability to prove their 120% claims under the UCL and FAL, particularly for members of the Class who signed up for AdWords prior to June 2005.

Based on this evidence, Plaintiffs intended to seek leave to file a Third Amended Complaint to, among other things, dismiss their 120% claims under the UCL and FAL for those Class Members who signed up for AdWords prior to June 2005, and to name a new class representative who had signed up for AdWords after June 2005.  Google indicated that it would oppose Plaintiffs' expected motion for leave to file the Third Amended Complaint.

The Settlement was achieved after years of intense litigation, extensive briefing and pre-trial discovery, one unsuccessful mediation, and arduous arm's-length negotiations.  For three and one-half years, Representative Plaintiffs' Counsel conducted an extensive investigation into Plaintiffs' claims. Levy Decl. ¶¶ 4, 6.  As part of this investigation, Plaintiffs propounded interrogatories and document requests to Google and obtained hundreds of thousands of pages of documents produced by Google. *Id.*; Declaration of Rachel S. Black in Support of Plaintiffs' Motion for Final Approval of Class Action Certification and Settlement, Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Class

---

[1] Plaintiffs' pausing claims are segregated into pre- and post-September 2006 claims because, in September 2006, Google changed its practice of treating a paused campaign as underdelivered.  (*See* Docket Item No. 237 ¶ 6.)  When Plaintiffs initially filed this lawsuit, Google treated a paused day as an underdelivered (or shortfall) day for the month or budget period, and thus would use paused days to absorb overdelivery on other days in the billing period.  (*Id.*)

4

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

Representative Incentive Compensation Award, and Plaintiffs' Response to Class Member Objections ("Black Decl.") ¶ 3 (filed concurrently herewith). Representative Plaintiffs' Counsel also conducted depositions of key Google employees and defended Representative Plaintiffs in depositions conducted by Google. *Id.*

On December 9, 2008, the Court set February 2, 2009, as the date for the close of all discovery. (Docket Item No. 295.) The parties made diligent efforts to settle the action, including two face-to-face meetings in December and January. (*See* Docket Item No. 306 ¶ 2.) During the January meeting, the parties believed that the discussions had progressed to such a point that they agreed to request a 45-day moratorium for all litigation activities so they could focus on attempting to settle the action. (*Id.* ¶ 3.) On January 8, 2009, the parties requested a 45-day continuance of, *inter alia*, the discovery deadline. (Docket Item No. 305.) On January 23, 2009, the Court granted the parties' request in part, setting March 2, 2009, as the close of all discovery. (Docket Item No. 308.) The parties negotiated a settlement shortly thereafter (*see* Docket Item No. 310), and after several weeks of negotiation, they agreed on the terms reflected in the Settlement Agreement in its current form on March 17, 2009. (*See* Docket Item No. 315-2, also attached as Exhibit 1.)

### B.    The Settlement Agreement

Under the terms of the Settlement Agreement (Docket Item No. 315-2), Google has agreed to settle the Class Members' claims on the following terms:

- Google has agreed to pay $20,000,000, together with interest on said sum from March 27, 2009 (the "Settlement Proceeds"), in a combination of cash and AdWords Credits, as stated in the proposed Plan of Allocation, inclusive of any Fee and Expense Award. Google has already deposited the $20 million into an escrow account, per the terms of the Settlement Agreement.

- In addition to the Settlement Proceeds, Google has agreed to pay for all administrative costs and expenses incurred in connection with providing notice to the Class and locating class members, and will pay all fees and costs incurred by the Claims Administrator for administering and distributing the Settlement Proceeds to the Class Members.

- Representative Plaintiffs' Counsel successfully negotiated a distribution procedure such that the Settlement Proceeds would be allocated to and delivered to Class Members without the need for them to file proofs of claim.

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

Under the terms of the Settlement Agreement, Class Members who have an AdWords balance due to Google that is <u>greater</u> than their settlement distribution will receive their distribution in the form of AdWords Credits, which will offset amounts that the Class Member already owes to Google. *See* Settlement Agreement ¶ 1.27. Class Members who have a balance due to Google that is <u>less</u> than the Class Member's settlement distribution may elect to receive cash in lieu of AdWords Credits for the amount that is in excess of the amount owed to Google. Class Members who have no balance due to Google on their AdWords account will automatically receive their settlement distribution in cash. Thus, under the terms of the Settlement, Class Members will either receive cash or the equivalent of cash, in the form of a reduction of the amount already owed to Google. This is, therefore, not a coupon settlement and Class Members are not required to submit a claim form to receive the benefits of the Settlement.

### C.   <u>Release</u>

The Settlement Agreement contains a release, pursuant to which all Class Members, on behalf of themselves and their respective heirs, executors, administrators, successors, assigns, employees, officers, directors, attorneys, representatives, affiliates, agents, and any persons or entities they represent, shall be deemed to release and forever discharge Google from all Released Claims (as defined in the Settlement Agreement), and shall forever be barred and enjoined from prosecuting, commencing, instituting, or asserting all or any of the Released Claims in any action or other proceeding in any court of law or equity, arbitrational tribunal, administrative or other forum, whether directly, representatively, derivatively, or in any other capacity against Google. *See* Settlement Agreement ¶ 4.1.

### D.   <u>Notice to the Class</u>

Class notice was disseminated pursuant to this Court's Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement, issued May 12, 2009. (Docket Item No. 319.) On June 9, 2009, the Claims Administrator (Gilardi & Co., LLC) distributed via email to 1,129,685 members of the Class (as identified by Google) the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing ("Notice"), substantially in the form attached as Exhibit 1 to the Court's May 12, 2009, Order. Declaration of Markham Sherwood ("Sherwood

6

Decl."), filed concurrently herewith, ¶ 3 & Ex. A (Notice).  Members of the Class whose email address was no longer working or was unknown received the Notice via US mail.  *Id.* ¶ 4.  The Claims Administrator also posted the Notice, the Preliminary Approval Order, the Settlement Agreement, and a chart with the exclusion and objection deadlines on a website, www.adwordscustomersettlement.com; and published a summary notice in *The Wall Street Journal* and *USA Today*.  *Id.* ¶¶ 5-6 & Ex. B (Summary Notice).

The Court-approved Notice fully comports with the requirements of Rule 23(c)(2)(B) and (e)(1) and due process because it constitutes the best notice practicable under the circumstances.  It fairly apprises members of the Class of the essential terms of the Settlement and advises members of the Class of their rights thereunder.  It advises Class Members of the pendency of this action, the proposed settlement, and Representative Plaintiffs' Counsel's application for a fee and expense award and for an incentive compensation award to Representative Plaintiffs; describes the facts underlying this action; states who members of the Class are; provides information regarding attorneys' fees and how Class Members may object to the proposed settlement; and clearly indicates contact information for both Representative Plaintiffs' Counsel and defense counsel.  This is more than adequate notice under the circumstances.

### E.  Exclusion from the Class

Class Members had the opportunity to request exclusion from the Class by submitting, by first-class mail so that it was actually received by the Claims Administrator no later than July 14, 2009, a written request for exclusion from the Class.  A total of 75 members of the Class served requests for exclusion.[2]  Sherwood Decl. ¶ 7 & Ex. C.

### F.  Class Member Objections

Class Members who chose to object to the proposed Settlement were required to file and serve Representative Plaintiffs' Counsel by hand or by first-class mail on or before July 14, 2009, written objections and copies of all briefs or other papers (including proof of the dates that the person was an

---

[2] The Claims Administrator received the requests of six members of the class after the July 14, 2009 deadline.  Sherwood Decl. ¶ 7 & Ex. 3.

7

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

AdWords Advertiser).  Four objections were served, none of which provides proof that the objector was an AdWords Advertiser; nor do they specify the dates that the objectors were AdWords Advertisers.

### G.    Claims Administration

Per the terms of the Settlement Agreement, after any Order granting final approval becomes final, Google is to provide the Claims Administrator with AdWords account records sufficient for the Claims Administrator to calculate the Settlement Distribution due to each Class Member under the Plan of Allocation.  Settlement Agreement ¶ 1.27.  Class Members are not required to submit claim forms to receive the benefits of the Settlement.  The Claims Administrator will issue checks to all Class Members who are not Active AdWords Advertisers and to those Active AdWords Advertisers who elect to receive cash in lieu of AdWords Credits per the terms of the Settlement Agreement. Google is responsible for distributing AdWords Credits.  Within five business days of receiving evidence that Google has distributed and applied the AdWords Credits to Active AdWords Advertisers who did not elect to receive their distribution in cash per the Plan of Allocation, the Claims Administrator is to transfer from the Escrow Account to Google the dollar amount of such AdWords Credits.  A proportionate share of the interest earned on such funds shall be added to the Cash Settlement Proceeds to be distributed to the Class Members.

### H.    Continued Jurisdiction

The Settlement Agreement contemplates that the Court would retain continuing jurisdiction over the Settlement Proceeds and the Parties for the purposes of (a) implementing and effectuating the Agreement; and (b) construing, enforcing, and administering the Settlement Agreement, including the distribution of the Settlement Proceeds to Authorized Claimants.  *See* Settlement Agreement ¶ 4.2.

## III.   THE OBJECTIONS TO THE PROPOSED SETTLEMENT SHOULD BE OVERRULED

Pursuant to the Court's Order dated May 12, 2009, Class members who chose to object to the proposed Settlement were required to file and serve Representative Plaintiffs' Counsel by hand or by first-class mail on or before July 14, 2009, written objections and copies of all briefs or other papers. (*See* Docket Item No. 319.)  The Court required objections to include proof of the dates that the person

8

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

was an AdWords Advertiser.  (*Id.*)  Four objections were served.  None of the objections provide proof of the dates that the objector was an AdWords Advertiser, and none raise a legitimate reason for disapproving the Settlement, denying the requested award of attorneys' fees and expenses, or denying the requested incentive compensation awards to the Representative Plaintiffs.  Each objection, addressed in turn below, should be overruled.

### A.     The Weiss Objection Should Be Overruled

On July 14, 2009, an objection to the Settlement was filed on behalf of objector Matthew Weiss.  (*See* Docket Item No. 329.)  Although the objection provides an AdWords account number and address for Mr. Weiss, it provides no proof or specificity of the dates that Mr. Weiss was an AdWords Advertiser, as required by Court Order (indeed, no such proof exists because Mr. Weiss was never an AdWords Advertiser).  Rather, Mr. Weiss's objection is not supported by any declaration or evidence whatsoever, and contains only a general averment that Mr. Weiss became an AdWords Advertiser "between June 1, 2005 and February 28, 2009, inclusive." (Docket Item No. 329, at 2.)  On this basis alone, Mr. Weiss's objection should be overruled.

Mr. Weiss subsequently discovered that he is <u>not</u> a member of the Class at all and has no standing to object to the Settlement.[3]  Mr. Weiss attempted to cure his lack of standing by filing a "Notice of Scrivener's Errors" on August 6, 2009, which purports to (1) change the name of the purported objector from "Matthew Weiss" to "Weiss & Associates, PC," and (2) add a new AdWords Account number.  (Docket Item No. 335.)  This untimely attempt to substitute a new objector should be denied.

Should the Court overlook the deficiencies in Mr. Weiss's and his law firm's purported objection, the objection should be denied because it does not raise a legitimate reason for disapproving

---

[3]  Mr. Weiss appeared for his deposition concerning his objection on August 6, 2009.  At the deposition, Mr. Weiss's counsel, Richard Abend, stated that Mr. Weiss, in preparing for his deposition, noticed that the objection should have been filed on behalf of Weiss & Associates PC and not on behalf of Mr. Weiss personally.  Levy Decl. Ex. A (Weiss Dep. 3:12–18).  Thus, per Mr. Weiss's own admission, he is not a Class member and lacks standing to object to the Settlement. *See, e.g.*, *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("[N]on-class members have no standing to object, pursuant to a Rule 23(e) notice directed to class members, to a proposed class settlement.").

9

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

the Settlement, the requested award of attorneys' fees and expenses, or the Representative Plaintiffs' incentive compensation awards.   Weiss's attorney objected on the following grounds:[4] (1) 99% of Google's revenue is derived from its advertising programs, and its 2006 advertising revenues amounted to $10.492 billion; (2) the Court must make findings with regard to Plaintiffs' likelihood of success at trial, and "[e]ven a thorough examination for the case file in and of itself would not allow a Class Member to estimate plaintiffs' likelihood of success"; (3) the range of possible recoveries was not disclosed and therefore "no determination as to the reasonableness of this proposed Settlement can be made"; (4) the size of the class is not disclosed; (5) the number of overcharges per Class Member is not disclosed; (6) the average cumulative value of each Class Member overcharge is unknown; (7) the total amount of estimated damages is not disclosed; and (8) the Notice does not contain any information supporting a fee award.  (Docket Item No. 335.)  None of these objections are valid.

As for the first objection, Google's revenue does not represent anything close to the potential recovery of the Class.  As detailed in Plaintiffs' Memorandum in support of Plaintiffs' Motion for Final Approval, the Class Members' claims are likely limited to 20% overcharges for their <u>first</u> month of advertisement, and pausing overcharges are likely limited to a small time period (prior to September 2006).  *See also* Black Decl. ¶ 7.  Thus, Google's annual advertising revenue bears absolutely no relation to the Class Members' potential recovery.

As for the second objection, Representative Plaintiffs' Counsel have thoroughly analyzed this case and have determined that the Settlement achieves an excellent result for the Class in light of the real possibility of zero recovery if the case were litigated to a final resolution.  Black Decl. ¶ 9.  Mr. Weiss, on the other hand, testified that he did not even read any of the filings in this action other than the Class Notice, that he was unaware of Google's defenses or the strength of Plaintiffs' case, and that he never read the AdWords Agreement or FAQs when he signed his law firm up to use Google AdWords.  Levy Decl. ¶ 96 & Ex. A (Weiss Dep. 8:4–6, 20:5–12, 30:15–32:4).  He is also unaware of whether the "attorneys who are handling this on my behalf or on Weiss & Associates' behalf I should

---

[4] Mr. Weiss did not read his objection prior to it being filed.  Levy Decl. Ex. A (Weiss Dep. 15:19–16:2).

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

say" obtained or reviewed any of the Court filings.[5]  *Id.* (Weiss Dep. 20:13–22).  Yet he admitted that from reading the Notice that Representative Plaintiffs' Counsel did "a lot of work" and did a "good job" withstanding Google's summary judgment motions.  *Id.* (Weiss Dep. 19:15–19).

Weiss's objections concerning the lack of detail set forth in the Notice concerning class size and overcharge amount are similarly without merit.  Although it is true that the Court-approved Notice did not detail the range of possible recoveries or the estimated recovery, the estimated size of the Class, the number of overcharges per Class Member, or the average cumulative value of each Class Member overcharge, it is not necessary to provide such detailed information in order for a notice to be valid and a settlement to be approved.  Indeed, Mr. Weiss cites no authority supporting the proposition that this information must be stated in the Settlement Notice.  To the contrary, Federal Rule of Civil Procedure 23(c)(2)(B) provides, in pertinent part that, "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through a reasonable effort."  FED. R. CIV. P. 23(c)(2)(B) (emphasis added).  Proper notice should include:

- the essential terms of the proposed settlement;
- disclosure of any special benefits provided to the class representatives;
- information regarding attorney fees;

---

[5] Mr. Weiss, who is an attorney himself, testified that his attorney, Mr. Sherwood, is co-counsel with two other attorneys (Paul Rothstein and Albert Bacharach) who are purportedly representing Mr. Weiss's law firm in this objection. Levy Decl. ¶ 95 & Ex. A (Weiss Dep. 19:12–20:6). Mr. Weiss testified that as part of his practice he works with Messrs. Rothstein and Bacharach objecting to class action settlements. *Id.* (Weiss Dep. 25:23–26:1). Undoubtedly Mr. Weiss's objection is at least in part motivated by the unwritten agreement Mr. Weiss entered into with his counsel, pursuant to which personally will receive 25% of any fees generated by this objection. *Id.* (Weiss Dep. 34:11–17).

Notably, Messrs. Rothstein and Bacharach have also filed objections to class action settlements with attorney Steve Miller, a Colorado lawyer who has filed an objection to the Settlement on behalf of two persons located in Alabama. Levy Decl. ¶ 103. For example, in *TransUnion Privacy Litigation* Messrs. Rothstein, Bacharach, and Miller were among a group of attorneys who filed objections to the class action settlement. *Id.* When the objections were overruled by the Court as meritless, the objectors filed Notices of Appeal and were paid fees to dismiss the appeal. *Id.* They dismissed the appeal without any modification to the settlement. *Id.*

11

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

- the time and place of the hearing to consider approval of the settlement, and the method for objecting to the settlement;

- explanation of the procedures for allocating and distributing settlement funds; and

- prominently display the address and phone number of class counsel and the procedure for making inquiries.

*Id.* Details concerning potential damages and precise recovery are not required to be included in the Class Notice. Indeed, individual recoveries from a proposed lump-sum settlement are often uncertain, especially before opt-outs are known, and there is no requirement that a notice of settlement even disclose the formula for calculating one's recovery. As the Eighth Circuit has held,

> We do not agree with the objectors' contention that a mailed notice of settlement must contain a formula for calculating individual awards. It is well settled that the notice is not required to provide a complete source of information. The weight of authority rejects the proposition that a specific formula must always be included in the notice.

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999) (internal quotation marks omitted).

Here, the Court-approved Notice fully comports with the requirements of Rule 23(c)(2)(B) and (e)(1) and due process because it constituted the best notice practicable under the circumstances. It fairly apprised members of the class of the essential terms of the Settlement and advised members of the class of their rights thereunder. Sherwood Decl. Ex. A. It advised Class members of the pendency of this action, the basic terms of the proposed Settlement (and posted the actual Settlement Agreement on the website), and Representative Plaintiffs' Counsel's application for a fee and expense award and for an incentive compensation award to Representative Plaintiffs; described the facts underlying this action; stated who members of the Class are; provided information regarding attorneys' fees and how Class Members may object to the Settlement; and clearly indicated contact information for both Representative Plaintiffs' Counsel and defense counsel. *Id.* It stated that Representative Plaintiffs' counsel, in determining to settle the action, considered "the substantial expense and length of time necessary to prosecute the litigation through complete pretrial discovery, trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation." *Id.* It states that Representative Plaintiffs' Counsel "concluded that it is in the best interests of the Class to settle the Action" in light of the "uncertainty and risk of the outcome of

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

any litigation, especially complex litigation such as this, and the difficulties and risks inherent in the trial of such an action." *Id.* at p. 45. This is more than adequate notice under the circumstances.

Weiss's final objection, that Representative Plaintiffs' Counsel should have been required to file their initial motion for fees "prior to the Notice being prepared so that the fee information could have been included in the Notice," is also without basis. (Docket Item No. 329, ¶ 17). The Notice informed members of the class that Representative Plaintiffs' Counsel would apply "for an award of attorney's fees from the Settlement Proceeds in an amount not exceeding $5,000,000, plus a proportionate share of the interest earned on the Settlement Proceeds, and for reimbursement of their costs and expenses, not to exceed $250,000." Sherwood Decl. Ex. A. This provided sufficient information for the Class Members to raise any objection to the requested award of attorneys' fees and expenses. Accordingly, Weiss's objection should be overruled.

### B.   The Lyons and Thompson Objection Should Be Overruled

Attorney Steve Miller has filed an objection to the Settlement on behalf of purported Class Members "Randy R. Lyons and Chase Thompson individually and d/b/a Etech Digital Playroom, Inc. and Universal Pro Audio, LLC." (Docket Item No. 326.) As with the Weiss objection, the Lyons and Thomas objection is invalid on its face in that it fails to provide the addresses and account information for the objectors and proof of the dates that each objector was an AdWords Advertiser, as required by the Court's Order. Instead, Mr. Miller's clients merely aver "that they "believe[] they are identified as Class Members" and that they "regularly advertised on Google during the class period." (*Id.* at 2.)

Even if the Court overlooks this deficiency and considers the Lyons and Thompson objection on its merits, the objection should also be overruled. Lyons and Thompson objected to the Settlement because "Defendants have available information sufficient to identify all Class Members and to compute with reasonable certainty the amount that each identified Class Member will ultimately receive based on the allocation formula" but failed to disclose this information to the Class Members. (*Id.* at 3.) Without citing to any supporting authority, Lyons and Thompson aver that "[i]t is imperative to understanding whether a proposed Settlement is fair, adequate and reasonable that Class Members be able to ascertain what their actual benefit will be and how this relates to actual

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

overcharges." (*Id.*)  As discussed above, this is wrong, and the Settlement should not be rejected on this basis.  *See Petrovic*, 200 F.3d at 1153.

Lyons and Thompson also complain that the Notice does not give members of the class "sufficient information regarding the terms of the settlement and have succeeded in making the settlement so opaque and complex as to not be fully understood." (Docket Item No. 326, at 4.)  This argument is also without merit.  The Court-approved Notice provided details concerning the precise terms of Settlement, settlement calculation and distribution, and provided an email address and contact information for Representative Plaintiffs' Counsel should any member of the Class have questions concerning the proposed Settlement.  Sherwood Decl. Ex. A.  Indeed, Representative Plaintiffs' Counsel received numerous telephone and email inquiries.  Black Decl. ¶ 14.

Without providing any detail or reasoning, Lyons and Thompson object to the requested attorneys' fees "as being excessive" and to the requested representative fee "as being excessive." (Docket Item No. 326, at 4.)  These conclusory objections should also be overruled.  As explained in detail in Plaintiffs' Memorandum in support of their Motion for an Award of Attorneys' Fees and Expenses, the requested award of attorneys' fees and expenses are well within the range of reasonable fee awards, as are the incentive compensation awards for the Representative Plaintiffs.

Notably, when Representative Plaintiffs' Counsel attempted to depose Mr. Miller's clients to ascertain the basis for their objections and to determine whether they had standing to object to the Settlement, Mr. Miller refused to produce them for deposition.[6]  Representative Plaintiffs' Counsel sought to compel the depositions, but Magistrate Judge Trumbull denied the motion because the discovery period had ended, without prejudice to Plaintiffs to seek relief from the Court to reopen

---

[6] Mr. Miller thwarted efforts by Representative Plaintiffs' Counsel to ascertain whether Lyons and Thompson also entered into a fee sharing arrangement similar to the agreement Mr. Weiss testified that he entered into with his counsel.  Mr. Miller has previously received compensation for dismissing an appeal of a trial court's rejection of his objection to a class action settlement in *Reformulated Gasoline Antitrust and Patent Litigation*.  Levy Decl. ¶ 104.  In that case, Mr. Miller filed an objection to the proposed settlement on behalf of Leslie Yagar (formerly Leslie Miller).  *Id.*  After the objection was denied as meritless, Mr. Miller filed a Notice of Appeal and was paid a fee when he dismissed the appeal.  *Id.*  Mr. Miller accepted payment and dismissed his appeal even though there was no modification to the settlement.  *Id.*

**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

discovery.  (Docket Item No. 338.)  Should the Court be inclined to sustain the Lyons and Thompson objections in whole or in part, Representative Plaintiffs' Counsel request that the Court require the objectors to testify at deposition so that counsel may learn the bona fides of their objections, and to determine whether they are in fact Class Members.

### C.   The Jenkins Objection Should Be Overruled

Forrest Jenkins complains that, even after he "read the settlement notice," he "cannot tell how much I am going to receive under this settlement" because it "is far too complicated and dependent upon contingencies."  (Docket Item No. 331.)  He further objects that "the attorneys' fees and incentive awards are too high and should be reduced so the class receives more of the settlement funds." *Id.*  As discussed above, there is no requirement that a notice of settlement disclose individual recoveries, *Petrovic*, 200 F.3d at 1153, and the requested attorneys' fee and expenses award and incentive compensation award are fair and reasonable.  Mr. Jenkins's objection should therefore be overruled.

### D.   Tootle's Objection Should Be Overruled

The objection filed by "Harry Tootle d/b/a American International Commission on Peace Officers Standards and Training" states no basis for objecting.  (Docket Item No. 330.)  Mr. Tootle's sole demand is that he "be included as a Representative Plaintiff and receive a $20,000 Incentive Compensation Award plus any other compensation deemed fitting and proper by this Court."  (*Id.*)  Mr. Tootle states no reason why he should be entitled to an incentive compensation award.  He did not serve as a Representative Plaintiff and did not participate in the litigation.  He was not interviewed or deposed or required to respond to any discovery requests, nor were his bank or business records subpoenaed by Google.  Accordingly, Mr. Tootle's objection (request) should be overruled (denied).

## IV.   CONCLUSION

For the reasons set forth herein, in Plaintiffs' Motion for Final Approval of Class Action Certification and Settlement, and in Plaintiffs' Motion for Award of Attorneys' Fees and Expenses, and the facts set forth in the accompanying declarations of Rachel S. Black, Lester L. Levy, and Markham Sherwood, Plaintiffs respectfully request that the Court overrule the Objections and certify the Settlement Class, approve the Settlement together with the Plan of Allocation as fair, reasonable,

15

1  and adequate, and grant the requested attorneys' fees and expenses and Representative Plaintiffs'

2  incentive compensation awards.

3  Dated:  August 24, 2009              Respectfully submitted,

4

5                                        LESTER L. LEVY (Admitted *Pro Hac Vice*)
                                         MICHELE FRIED RAPHAEL (Admitted *Pro Hac Vice*)
6                                        WOLF POPPER LLP

7                                        MARC M. SELTZER
                                         SUSMAN GODFREY L.L.P.
8

9                                        STEPHEN D. SUSMAN (Admitted *Pro Hac Vice*)
                                         SUSMAN GODFREY L.L.P.
10                                       1000 Louisiana Street, Suite 5100
                                         Houston, TX  77002
11                                       Telephone:  (713) 651-9366
                                         Facsimile:  (713) 654-6666
12                                       E-Mail:  ssusman@susmangodfrey.com

13                                       RACHEL S. BLACK (Admitted *Pro Hac Vice*)
14                                       DANIEL J. SHIH (Admitted *Pro Hac Vice*)
                                         SUSMAN GODFREY L.L.P.
15                                       1201 Third Avenue, Suite 3800
                                         Seattle, WA  98101
16                                       Telephone:  (206) 516-3880
                                         Facsimile:  (206) 516-3883
17                                       E-Mail:  rblack@susmangodfrey.com
                                         E-Mail:  dshih@susmangodfrey.com
18

19

20
                                         By  */s/ Rachel S. Black*
21                                       Rachel S. Black

22                                       Attorneys for Plaintiffs

23

24

25

26

27

28

16
**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480

1

CERTIFICATE OF SERVICE

2

3          I hereby certify that on the date written above, that I electronically filed the foregoing

4   document with the Clerk of the Court using the CM/ECF system.  The Court or the CM/ECF system

5   will send notification of such filings to all CM/ECF participants.

6          I further certify that a true and correct copy of this document was sent via U.S. first-class

7   mail, postage pre-paid, to all non-CM/ECF participants, as follows:

8   Alan J. Sherwood                          Aaron R. Bakken
    LAW OFFICE OF ALAN J.                     Emalfarb Swan & Bain
9   SHERWOOD                                  440 Central Avenue
    1300 Clay Street, Suite 600               Highland Park, IL 60035
10  Oakland, CA 93612                         *Attorneys for National Lien & Bond*
    *Attorney for Objector Matthew Weiss*
11

12  Harry Virgil Tootle                       Sharon Mostyn
    140 West 1st Street                       Ecommerce Manager
13  Tustin, CA 92780                          MEDEX Global Group, Inc.
                                              8501 LaSalle Road, Suite 200
14                                            Baltimore, MD 21286

15

16  Sylvie D. Robinson                        Forrest Jenkins
    The Portrait Liquidating Trust            5404 Braeburn Drive
17  1855 Lakeland Drive, Suite D-20           Bellaire, TX 77041
    Jackson, MS 39216
18

19

20                                    *s/ Rachel S. Black*

21

22

23

24

25

26

27

28

1
**PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**
Case No. C 05-03649 JW

965176v1/010480