RACHEL S. BLACK (Admitted *Pro Hac Vice*)
**SUSMAN GODREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
E-Mail: rblack@susmangodrey.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC d/b/a INDUSTRIAL PRINTING, and HOWARD STERN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. C 05-03649 JW PVT<br><br>**DECLARATION OF RACHEL S. BLACK IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION CERTIFICATION AND SETTLEMENT; PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE COMPENSATION AWARD; AND PLAINTIFFS' RESPONSE TO CLASS MEMBER OBJECTIONS**<br><br>Date: September 14, 2009<br>Time: 9:00 a.m.<br>Place: Courtroom 8 |

1

**DECLARATION OF RACHEL S. BLACK**
Case No. C 05-03649 JW
964631v1/010480

Dockets.Justia.com

I, Rachel S. Black, hereby declare and state as follows:

1. I am a partner at Susman Godfrey L.L.P., and counsel for plaintiffs CLRB Hanson Industries LLC d/b/a Industrial Printing and Howard Stern (collectively "Representative Plaintiffs"), in the above-captioned action. I am a member in good standing with the bar of the State of Washington. I am over the age of eighteen, attest to the following matters from personal knowledge, and, if called as a witness, could competently testify to the matters set forth herein.

2. I make this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Certification and Settlement; Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Class Representative Incentive Compensation Award; and Plaintiffs' Response to Class Member Objections.

3. Susman Godfrey L.L.P. and Wolf Popper LLP (collectively, "Representative Plaintiffs' Counsel") are counsel for the Representative Plaintiffs and the Class in this action. Before reaching the Settlement as reflected in the Settlement Agreement (Docket Item No. 315-2), Representative Plaintiffs' Counsel devoted thousands of hours to investigating, litigating, and analyzing the applicable law and facts of this case. As part this investigation, Representative Plaintiffs' Counsel propounded numerous interrogatories and document requests to Google, obtained hundreds of thousands of pages of documents produced by Google, conducted electronic searches of such documents and reviewed and analyzed thousands of pages of the production, reviewed documents produced by third parties, took the depositions of four key Google employees, and presented both Representative Plaintiffs for deposition. Our collective efforts on this case were thorough and diligent.

4. To determine whether the proposed settlement was fair and reasonable and was beneficial to the Class, I attempted to estimate the potential recovery available to the Class. For the pausing claims, Google's counsel informed Representative Plaintiffs' Counsel that for a world-wide class, overcharges due to paused days was less than $5 million. For the 120% claims, I conducted an analysis estimating the range of potential recovery based on publicly available information and concluded that the absolute maximum was $197 million, and that it was highly likely that overcharges were significantly lower.

1

**DECLARATION OF RACHEL S. BLACK**
Case No. C 05-03649 JW
964631v1/010480

5. That estimate was based, in part, on an SEC filing in December 2008 in which Google reported total advertisers for 2003 to be 89,000, for 2004 to be 201,000, for 2005 to be 360,000, for 2006 to be 600,000, and for 2007 to be 1 million. *See* http://bits.blogs.nytimes.com/2009/01/08/google-1-million-advertisers-in-2007-more-now/ (last visited August 17, 2009). Of that number, I concluded that not all such advertisers would be members of the class, because the class definition excludes resellers and for the 120% claim includes only those who signed up for AdWords after June 1, 2005. Thus, I estimated that there were approximately 900,000 members of the class who had 120% claims.

6. My analysis was also based in part on publicly available documents reporting that each AdWords Advertiser spends approximately $16,000 per year on Google advertising. *See* http://bits.blogs.nytimes.com/2009/01/08/google-1-million-advertisers-in-2007-more-now/ (last visited August 17, 2009). I calculated that this translates to an average daily budget of $43.83, a maximum monthly charge (for a thirty-day period) of $1,314.90, and a maximum daily charge of $52.59 (120% of $43.83). I calculated the maximum number of days that Google can charge the advertiser 120% of a $43.83 daily budget to be 25 days ($52.59 x 25 = $1314.75). This figure assumes that only $0.15 in advertising charges would be incurred over the remaining five days (for a maximum monthly charge of $1,314.90, or 30 times the daily budget of $43.83). Thus, I calculated the maximum overcharges over a thirty-day period to be $219 ($8.76 overcharge times 25 days). Assuming that 900,000 Class Members have 120% claims, that would translate to a maximum monthly overcharges of $197 million.

7. For the purpose of this analysis, I assumed that Class Members would be entitled to restitution for their first month of overcharges, because after receiving their first AdWords bill showing charges of up to 120% of their per day daily budget, Class Members presumably would have become aware of Google's 120% policy.

8. I believe that $197 million significantly overestimates the total overcharge for the following reasons: (1) Plaintiffs' 120% claims were strongest during a short period of time when the disclosures were inadequate—from June 2005 through October 2006—which would significantly limit the recovery; (2) few, if any, advertisers would actually achieve maximum overcharges during the first month of advertising, because it would likely require fully paused days followed by maximum

2

DECLARATION OF RACHEL S. BLACK
Case No. C 05-03649 JW
964631v1/010480

overcharges, and in September 2006 Google stopped treating fully paused days as underdelivered (and therefore would not have allowed subsequent overcharges to absorb the prior overdelivery); and (3) Representative Plaintiffs' actual overcharges were proportionately lower in comparison. Indeed, I calculated that Plaintiff CLRB Hanson LLC was overcharged by only $48.77 during its first month advertising on AdWords, although according to my calculations it spent an average of over $113,000 per year on AdWords—significantly more than the $16,000 annual average of the typical AdWords advertiser.

9. Based in part on this analysis, along with the thorough investigation we conducted of the facts and the law, I, along with the other attorneys at Susman Godfrey L.L.P. who have appeared in this case, support the Settlement Agreement as fair, adequate, and reasonable, and in the best interests of the Class as a whole. I, along with the other Representative Plaintiffs' Counsel have thoroughly analyzed this case and have determined that the Settlement achieves an excellent result for the Class in light of the real possibility of zero recovery if the case were litigated to a final resolution.

10. The attorneys from Susman Godfrey who have appeared in this action on behalf of Plaintiffs are experienced class action attorneys. My biography along with the biographies of Stephen D. Susman, Marc M. Seltzer, Daniel J. Shih can be found at www.susmangodfrey.com. Those biographies reveal that we each have significant experience in class action litigation. Messrs. Susman and Seltzer, in particular, have handled numerous class action, unfair competition, and complex commercial lawsuits over the course of decades. Together we have recovered in excess of nine figures on behalf of class members in courts throughout the country.

11. Representative Plaintiffs' Counsel received no compensation for their efforts during the course of this litigation and advanced all expenses for prosecuting this litigation. Susman Godfrey expects that it will have advanced as of the date of the final hearing total expenses of $30,670.06. This includes expenses of $28,870.06 incurred as of August 24, 2009 and an additional $1800 in expenses to attend the final hearing (this figure includes an estimate for round-trip airfare from Houston, one night hotel, airport transportation, and meals).

12. A detailed list of the expenses incurred to date is attached hereto as Exhibit A. The expenses include the costs of computerized research using services such as Lexis and Westlaw, travel

3

DECLARATION OF RACHEL S. BLACK
Case No. C 05-03649 JW
964631v1/010480

to attend hearings and depositions and mediation, court reporter, videographer fees, transcript fees, mediation fees, photocopying and printing costs, and telephone charges. These are categories normally charged by Susman Godfrey L.L.P. to hourly fee-paying clients.

13. Since November 2007, Susman Godfrey L.L.P. has devoted over 1,225 attorney hours and 374 paralegal and case assistant hours (as of August 24, 2009) to investigating and litigating this case, representing over $753,054.50 in fees at the firm's normal billable rates. Attached hereto as Exhibit B is a chart summarizing the time spent on this case as of August 21, 2009. We are continuing to accrue more time as we prepare for the Final Hearing.

14. I understand from employees at Gilardi & Co., LLC that the Class Notice was disseminated pursuant to the terms of the Court Order. After the Notice was disseminated, I received numerous inquiries from members of the class by telephone and email. I spoke to a number of individuals and answered questions to the best of my ability, as did other individuals in my law firm. To the best of my knowledge, I or someone else at Susman Godfrey returned every phone message and responded to every email inquiry we received from members of the class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this 24th day of August, 2009, at Seattle, Washington.

By _____
Rachel S. Black

**DECLARATION OF RACHEL S. BLACK**
Case No. C 05-03649 JW
964631v1/010480

CERTIFICATE OF SERVICE
---

I hereby certify that on the date written above, that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The Court or the CM/ECF system will send notification of such filings to all CM/ECF participants.

I further certify that a true and correct copy of this document was sent via U.S. first-class mail, postage pre-paid, to all non-CM/ECF participants, as follows:

Alan J. Sherwood
LAW OFFICE OF ALAN J. SHERWOOD
1300 Clay Street, Suite 600
Oakland, CA 93612
*Attorney for Objector Matthew Weiss*

Harry Virgil Tootle
140 West 1st Street
Tustin, CA 92780

Sylvie D. Robinson
The Portrait Liquidating Trust
1855 Lakeland Drive, Suite D-20
Jackson, MS 39216

Aaron R. Bakken
Emalfarb Swan & Bain
440 Central Avenue
Highland Park, IL 60035
*Attorneys for National Lien & Bond*

Sharon Mostyn
Ecommerce Manager
MEDEX Global Group, Inc.
8501 LaSalle Road, Suite 200
Baltimore, MD 21286

Forrest Jenkins
5404 Braeburn Drive
Bellaire, TX 77041

_s/ Rachel S. Black_

DECLARATION OF RACHEL S. BLACK
Case No. C 05-03649 JW
964631v1/010480