**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CLRB HANSON INDUSTRIES, LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE INC.,<br><br>　　　　　Defendant. | Case No.  05-cv-03649-JW<br><br>**ORDER DIRECTING CLERK TO FILE DOCUMENTS SUBMITTED BY CLASS MEMBER JOHN GLIHA DBA DUE PROCESS LTD; REQUESTING PARTIES TO PROVIDE STATUS UPDATE AS TO CLAIM OF CLASS MEMBER JOHN GLIHA DBA DUE PROCESS LTD.; AND ORDERING SETTLEMENT ADMINISTRATOR TO RETAIN SETTLEMENT FUNDS PENDING RESOLUTION OF CLAIM**<br><br>[Re:  ECF 373, 374] |

　　　　Before the Court are two documents submitted by class member John Gliha dba Due Process LTD ("Mr. Gliha"), which were stamped and docketed as "Received" by the Court on November 4, 2015:  (1) a Notice of Appearance of Class Member and (2) a Motion to Compel.

　　　　Mr. Gliha represents that he received two checks from the settlement fund in January 2015 but that the checks already had expired.  Mr. Gliha attaches correspondence in which he requested that the checks be reissued.  According to Mr. Gliha, the checks were reissued on March 20, 2015.  Mr. Gliha attaches photocopies showing two checks issued on that date in the amounts of $443.76 and $31.62.  However, Mr. Gliha represents that when he deposited the checks, the issuer or the Settlement Administrator "disputed the presentment and caused the funds to be reversed for unknown reasons."  Motion to Compel at 1, ECF 374.  Mr. Gliha attaches a letter request dated September 19, 2015, describing those events and stating that his bank had charged him $40.00 as a result of the transaction.  Mr. Gliha requested that the checks be reissued and that he be reimbursed for the $40.00 bank fee.  He states in his motion that he did not receive a response.

Mr. Gliha now seeks an order from the Court compelling "the Settlement Administrator to again disburse the funds required and allow the undersigned to deposit those funds into his business account without further intervention." Motion to Compel at 2, ECF 374. Mr. Gliha's motion does not state expressly whether "the funds required" include the $40.00 bank fee that he incurred when the presentment of the checks was disputed.

On October 28, 2015, one week before receiving Mr. Gliha's motion, the Court granted Plaintiffs' Unopposed Motion for Approval of Final Distribution of Residual of Settlement Fund, approving distribution of the remaining settlement funds to specified charitable organizations. *See* Order Granting Unopposed Motion for Approval of Final Distribution of Residual Settlement Fund, ECF 372. Plaintiffs' motion represented that following the initial distribution of settlement funds, further rounds of distribution to class members had continued on a *pro rata* basis until the settlement fund fell below the threshold of $200,000. At that point, as provided in the settlement agreement, Plaintiffs sought to distribute the residual settlement funds to charitable organizations, and the Court ordered such distribution.

The Court now ORDERS as follows:

(1) The Clerk SHALL FILE the documents received from Mr. Gliha;

(2) On or before November 19, 2015, the parties SHALL FILE A STATUS UPDATE regarding Mr. Gliha's claim; and

(3) If all of the residual settlement funds have not yet been distributed to the specified charitable organizations pursuant to the Court's October 28, 2015 order, the Settlement Administrator SHALL RETAIN FUNDS in the settlement account sufficient to cover Mr. Gliha's claim pending resolution of that claim.

Dated: November 5, 2015

_____
BETH LABSON FREEMAN
United States District Judge